No. 22-6233

———————————

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

———————————

**JOHNNIE R. SIMMONS, JR.**
Plaintiff-Appellant,

**v.**

**R. WHITAKER, ET AL.,**
Defendants-Appellees.

———————————

**On Appeal from the United States District Court
for the Eastern District of Virginia**

———————————

**JOINT APPENDIX**

———————————

Steven J. Alagna
*Counsel of Record*
WASHINGTON UNIVERSITY SCHOOL OF
LAW APPELLATE CLINIC
1 Brookings Drive
MSC 1120-250-102
St. Louis, MO 63130
314-935-4689
salagna@wustl.edu

*Counsel for Appellant*

Jeff W. Rosen
Lisa Ehrich
*Counsel of Record*
PENDER & COWARD, P.C.
222 Central Park Avenue
Suite 400
Virginia Beach, VA 23462
757-490-6253
jrosen@pendercoward.com
lehrich@pendercoward.com

*Counsel for Appellees*

# TABLE OF CONTENTS

District Court Docket Sheet [1:20-cv-00464-MSN-IDD] .................. J.A. 1

Complaint
    Filed April 24, 2020 [ECF 1] .................................................. J.A. 13

Order to Issue Summons
    Filed October 22, 2020 [ECF 23]............................................ J.A. 27

Defendant Brown's Motion for Summary Judgment
    Filed December 30, 2020 [ECF 32] ........................................ J.A. 29

Defendant Brown's Memorandum of Law in Support
    Filed December 30, 2020 [ECF 34] ........................................ J.A. 31
        Exhibit 1 – Affidavit of Officer Melissa Hunter ........... J.A. 38
        Exhibit 2 – Affidavit of Officer Benjamin Hull ............ J.A. 40
        Exhibit 3 – Affidavit of Derrick Brown......................... J.A. 43
        Exhibit 4 – Placeholder for Exhibit 4 – Video .............. J.A. 46
        Exhibit 5 – Affidavit of Pamela Westbrook ................. J.A. 47
        Exhibit 6 – Medical Records ........................................ J.A. 49

Cover Letter Enclosing Exhibit 4
    Filed January 6, 2021 [ECF 36]............................................. J.A. 52

Reply to Plaintiff's Opposition to Defendant's Motion
    Filed January 15, 2021 [ECF 41]........................................... J.A. 54

Affidavit of Johnnie R. Simmons, Jr. (Part 1 of 2)
    Filed January 27, 2021 [ECF 51]........................................... J.A. 60

Affidavit of Johnnie R. Simmons, Jr. (Part 2 of 2)
    Filed February 4, 2021 [ECF 56] .......................................... J.A. 69

Amended Complaint and Attachments
    Filed March 31, 2021 [ECF 69]............................................. J.A. 78

Amended Complaint and Attachments
    Filed April 1, 2021 [ECF 71] ...................................................J.A. 204

Order to Issue Summons
    Filed June 2, 2021 [ECF 83] ...................................................J.A. 254

Change of Address for Johnnie R. Simmons, Jr.
    Filed June 24, 2021 [ECF 90] .................................................J.A. 256

Defendant Hull's Motion for Summary Judgment
    Filed July 13, 2021 [ECF 97] .................................................J.A. 257

Defendant Hull's Memorandum of Law in Support
    Filed July 13, 2021 [ECF 99] .................................................J.A. 259
        Exhibit 1 – Affidavit of Officer Melissa Hunter ..........J.A. 266
        Exhibit 2 – Affidavit of Officer Benjamin Hull ..........J.A. 268
        Exhibit 3 – Affidavit of Derrick Brown.......................J.A. 271
        Exhibit 4 – Placeholder for Exhibit 4 – Video .............J.A. 274
        Exhibit 5 – Affidavit of Pamela Westbrook ................J.A. 275
        Exhibit 6 – Medical Records ......................................J.A. 277

Cover Letter Enclosing Exhibit 4
    Filed July 13, 2021 [ECF 101] ...............................................J.A. 280

Plaintiff's Submission of Evidence
    Filed July 15, 2021 [ECF 102] ...............................................J.A. 281
        Attachment – Incident Report ...................................J.A. 285

Affidavit of Johnnie R. Simmons, Jr.
    Filed July 15, 2021 [ECF 103] ...............................................J.A. 286

Order Granting Defendant's Motion to File a Video Exhibit
    Filed July 21, 2021 [ECF 108] ...............................................J.A. 290

Change of Address for Johnnie R. Simmons, Jr.
    Filed August 5, 2021 [ECF 109]..............................................J.A. 291

Order to Prove Chain of Custody of Video Evidence
      Filed August 12, 2021 [ECF 112]..........................................J.A. 293

Defendants' Response to Plaintiff's Objection
      Filed September 3, 2021 [ECF 114]....................................J.A. 296
            Exhibit 1 – Affidavit of Terry Walker.........................J.A. 299

Order for Summons
      Filed September 28, 2021 [ECF 119]...................................J.A. 301

Change of Address for Johnnie R. Simmons, Jr.
      Filed October 4, 2021 [ECF 121]..........................................J.A. 303

Change of Address for Johnnie R. Simmons, Jr.
      Filed October 22, 2021 [ECF 123].......................................J.A. 305

Defendant Walz's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)
      Filed December 9, 2021 [ECF 130] ....................................J.A. 306

Memorandum of Law in Support of Defendant Walz's Motion to Dismiss
      Filed December 9, 2021 [ECF 131] ....................................J.A. 308

Order for Plaintiff to Provide Address or Show Cause
      Filed December 15, 2021 [ECF 134] ..................................J.A. 313

Order Returned as Undelivered
      Filed December 20, 2021 [ECF 135] ..................................J.A. 315

Memorandum Opinion
      Filed January 25, 2022 [ECF 136].....................................J.A. 318

Order
      Filed January 25, 2022 [ECF 137].....................................J.A. 333

Judgment
      Filed January 25, 2022 [ECF 138].....................................J.A. 335

Notice of Appeal
     Filed February 24, 2022 [ECF 140] ......................................J.A. 336

Order for Defendants' Counsel to Provide "Misplaced" Exhibit 4
     Filed October 31, 2023 [ECF 175].......................................J.A. 338

Certificate of Service for Filing Additional Copy of Exhibit 4
     Filed November 13, 2023 [ECF 176].....................................J.A. 339

APPEAL,CLOSED,PRO SE PRISONER

# U.S. District Court
## Eastern District of Virginia - (Alexandria)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00464-MSN-IDD

Simmons, Jr. v. Whitaker et al                          Date Filed: 04/24/2020
Assigned to: District Judge Michael S Nachmanoff          Date Terminated: 01/25/2022
Referred to: Magistrate Judge Ivan D. Davis               Jury Demand: None
Demand: $50,000,000                                       Nature of Suit: 440 Civil Rights: Other
Case in other court: 4th Circuit, 22-06233               Jurisdiction: Federal Question
Cause: 42:1983 Prisoner Civil Rights

### Plaintiff

**Johnnie R. Simmons, Jr.**                represented by   **Robert John Haddad**
1043 Luxford Lane                                          Ruloff Swain Haddad Morecock Talbert &
Virginia Beach, VA 23455                                   Woodward, PC
(757) 343-5561                                             317 30th Street
                                                           Virginia Beach, VA 23451
                                                           (757) 671-6000
                                                           Fax: (757) 671-6004
                                                           Email: rhaddad@srgslaw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

### Defendant

**R. Whitaker**
*M.J.D.*
*TERMINATED: 01/25/2022*

### Defendant

**D. Brown**                               represented by   **Jeff Wayne Rosen**
*Sergeant*                                                 Pender & Coward PC
                                                           222 Central Park Ave
                                                           Suite 400
                                                           Virginia Beach, VA 23462-3027
                                                           (757) 490-6253
                                                           Email: jrosen@pendercoward.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

### Defendant

**C. Waltz**                               represented by   **Jeff Wayne Rosen**
*Superintendent*                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

### Defendant

J.A. 1

**Benjamin Hull**          represented by  **Jeff Wayne Rosen**
*Officer B. Hull*                                      (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/24/2020 | 1 | COMPLAINT against D. Brown, C. Waltz, R. Whitaker, filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Letter, # 2 Envelope, # 3 Prisoner Database Report)(lcre, ) (Entered: 04/27/2020) |
| 04/24/2020 | 2 | MOTION for Leave to Proceed in forma pauperis by Johnnie R. Simmons, Jr.. (Attachments: # 1 Envelope)(lcre, ) (Entered: 04/27/2020) |
| 04/27/2020 | 3 | Acknowledgment of Receipt. (lcre, )(c/s) (Entered: 04/27/2020) |
| 04/30/2020 | 4 | Letter to the Court re: Copy Request by Johnnie Simmons. (Attachments: # 1 Envelope) (lcre, )(c/s) (Entered: 04/30/2020) |
| 05/05/2020 | 5 | Letter to the Court by Johnnie Simmons, Jr.. (Attachments: # 1 Envelope)(lcre, ) (Entered: 05/05/2020) |
| 06/01/2020 | 6 | Letter MOTION to Appoint Counsel by Johnnie R. Simmons, Jr.. (Attachments: # 1 Envelope)(lcre, ) (Entered: 06/01/2020) |
| 06/04/2020 | 7 | ORDERED that the complaint be and is conditionally filed pending compliance with the requirements of this Order. ORDERED that plaintiff's motion for appointment of counsel re 6 is DENIED without prejudice (See Order for Details). Signed by District Judge T. S. Ellis, III on 6/4/2020. (lcre, )(c/s) (Entered: 06/04/2020) |
| 06/11/2020 | 8 | Letter to the Court filed by Johnnie R. Simmons. (jlan) (Entered: 06/11/2020) |
| 06/15/2020 | 9 | Consent to Collection of Fees from Inmate Trust Account. (choy, ) (Entered: 06/15/2020) |
| 06/15/2020 | 10 | Consent to Collection of Fees by Johnnie R. Simmons, Jr. (pmil, ) (Entered: 06/15/2020) |
| 06/22/2020 | 11 | MOTION to Classify Case as a Tort Claim as Well as Civil Rights Violation and Excessive Force by Johnnie R. Simmons, Jr.. (rban, ) (Entered: 06/22/2020) |
| 07/09/2020 | 12 | Prisoner Trust Fund Account Statement. (lcre, ) (Entered: 07/09/2020) |
| 07/13/2020 | 13 | Docketed in Error and Removed (c/s) Modified on 7/13/2020 (lcre, ). (Main Document 13 replaced on 7/13/2020) (lcre, ). (Entered: 07/13/2020) |
| 07/22/2020 | 14 | Letter to the Court by Johnnie Simmons. (Attachments: # 1 Envelope)(lcre, ) (Entered: 07/22/2020) |
| 07/23/2020 | 15 | ORDERED that the re 11 Motion is DENIED. The re 2 Motion to Proceed IFP is GRANTED and plaintiff's complaint is deemed filed as of this date (See Order for Details). Signed by District Judge T. S. Ellis, III on 7/23/2020. (Attachments: # 1 Notice of Lawsuit and Request for Waiver of Service of Summons)(lcre, )(c/s) (Entered: 07/23/2020) |
| 08/31/2020 | 16 | Letter to the Court by Johnnie Simmons. (Attachments: # 1 Envelope)(lcre, ) (Entered: 08/31/2020) |
| 10/05/2020 | 17 | Letter to the Court by Johnnie Simmons. (Attachments: # 1 Envelope)(lcre, ) (Entered: 10/05/2020) |

J.A. 2

| 10/08/2020 | 18 | ORDERED that the Clerk issue Summons, pursuant to Fed.R.Civ.P. 4 through the United States Marshal, to defendants Superintendent Walz and Sergeant D. Brown at Hampton Roads Regional Jail (See Order for Details). Signed by District Judge T. S. Ellis, III on 10/8/2020. (lcre, )(c/s) (Entered: 10/08/2020) |
|---|---|---|
| 10/08/2020 | 19 | Summons Issued as to D. Brown, C. Waltz to be served by US Marshal. (Attachments: # 1 Brown Summons)(lcre, ) (Entered: 10/08/2020) |
| 10/16/2020 | 20 | Letter to the Court by Johnnie Simmons. (Attachments: # 1 Envelope)(lcre, ) (Entered: 10/16/2020) |
| 10/19/2020 | 21 | Letter to the Court by Johnnie Simmons. (Attachments: # 1 Envelope)(lcre, )(c/s of docket sheet) (Entered: 10/19/2020) |
| 10/21/2020 | 22 | Letter to the Court by Johnnie Simmons. (Attachments: # 1 Envelope)(lcre, ) (Entered: 10/21/2020) |
| 10/22/2020 | 23 | ORDERED that the Clerk issue summons, pursuant to Fed. R. Civ. P. 4, through the United States Marshal, to defendant R. Whitaker at Western Tidewater Regional Jail (See Order for Details). Signed by District Judge T. S. Ellis, III on 10/22/2020. (lcre, )(c/s) (Entered: 10/23/2020) |
| 10/23/2020 | 24 | Summons Issued as to R. Whitaker to be served by US Marshal. (lcre, ) (Entered: 10/23/2020) |
| 11/03/2020 | 25 | MOTION to Subpoena Evidence by Johnnie R. Simmons, Jr.. (Attachments: # 1 Envelope)(lcre, ) (Entered: 11/03/2020) |
| 11/24/2020 | 26 | NOTICE of Appearance by Jeff Wayne Rosen on behalf of D. Brown (Rosen, Jeff) (Entered: 11/24/2020) |
| 11/24/2020 | 27 | MOTION for Extension *of Time to File Responsive Pleading* by D. Brown. (Rosen, Jeff) (Entered: 11/24/2020) |
| 11/24/2020 | 28 | Memorandum in Support re 27 MOTION for Extension *of Time to File Responsive Pleading* filed by D. Brown. (Rosen, Jeff) (Entered: 11/24/2020) |
| 11/25/2020 | 29 | SUMMONS Returned Executed D. Brown served on 11/17/2020, answer due 12/8/2020 (lcre, ) (Entered: 11/25/2020) |
| 11/25/2020 | 30 | Summons Returned Unexecuted as to R. Whitaker. (lcre, ) (Entered: 11/25/2020) |
| 12/07/2020 | 31 | ORDERED that defendant Brown's motion for an extension of time 27 be and is GRANTED such that defendant Brown must file an answer or other responsive pleading on or by January 8, 2021. Signed by District Judge T. S. Ellis, III on 12/07/2020. (choy, ) (copies sent on 12/08/2020) (Entered: 12/08/2020) |
| 12/30/2020 | 32 | MOTION for Summary Judgment by D. Brown. (Rosen, Jeff) (Entered: 12/30/2020) |
| 12/30/2020 | 33 | Roseboro Notice as to Motion for Summary Judgment by D. Brown (Rosen, Jeff) (Entered: 12/30/2020) |
| 12/30/2020 | 34 | Memorandum in Support re 32 MOTION for Summary Judgment filed by D. Brown. (Attachments: # 1 Exhibit 1 - Affidavit, # 2 Exhibit 2 - Affidavit, # 3 Exhibit 3 - Affidavit, # 4 Exhibit 4 - Video, # 5 Exhibit 5 - Affidavit, # 6 Exhibit 6 - Record)(Rosen, Jeff) (Entered: 12/30/2020) |
| 12/30/2020 | 35 | Waiver of re 32 MOTION for Summary Judgment *Oral Argument* by D. Brown (Rosen, Jeff) (Entered: 12/30/2020) |

J.A. 3

| 01/06/2021 | 36 | DVD containing the video included as Exhibit *4* received from attorney Jeff W. Rosen re 34 Memorandum in Support (sent to TSE chambers) (dest, ) (Entered: 01/06/2021) |
| --- | --- | --- |
| 01/12/2021 | 37 | MOTION to Subpoena Witness Testimony by Johnnie R. Simmons, Jr.. (Attachments: # 1 Envelope)(lcre, ) (Entered: 01/12/2021) |
| 01/12/2021 | 38 | Letter to the Court by Johnnie Simmons. (Attachments: # 1 Envelope)(lcre, ) (Entered: 01/12/2021) |
| 01/14/2021 | 39 | Letter to the Court by Johnnie Simmons. (Attachments: # 1 Envelope)(lcre, ) (Entered: 01/14/2021) |
| 01/14/2021 | 40 | MOTION to Subpoena Witness Testimony by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(lcre, ) (Entered: 01/14/2021) |
| 01/15/2021 | 41 | REPLY to Response to Motion re 32 MOTION for Summary Judgment filed by D. Brown. (Attachments: # 1 Exhibit 1 - Affidavit)(Rosen, Jeff) (Entered: 01/15/2021) |
| 01/18/2021 | 42 | MOTION to Stay re 40 MOTION to Subpoena Witness Testimony by D. Brown. (Rosen, Jeff) (Entered: 01/18/2021) |
| 01/18/2021 | 43 | Memorandum in Support re 42 MOTION to Stay re 40 MOTION to Subpoena Witness Testimony filed by D. Brown. (Rosen, Jeff) (Entered: 01/18/2021) |
| 01/18/2021 | 44 | Waiver of re 42 MOTION to Stay re 40 MOTION to Subpoena Witness Testimony *Oral Argument* by D. Brown (Rosen, Jeff) (Entered: 01/18/2021) |
| 01/22/2021 | 45 | MOTION to Obtain Subpoena Duces Tecum by Johnnie R. Simmons, Jr.. (Attachments: # 1 Envelope)(lcre, ) (Main Document 45 replaced on 1/22/2021) (lcre, ). (Attachment 1 replaced on 1/22/2021) (lcre, ). (Entered: 01/22/2021) |
| 01/22/2021 | 46 | MOTION for Extension of Time to File Response/Reply by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(lcre, ) (Main Document 46 replaced on 1/22/2021) (lcre, ). (Attachment 1 replaced on 1/22/2021) (lcre, ). (Entered: 01/22/2021) |
| 01/22/2021 | 47 | MOTION for Private Investigator by Johnnie R. Simmons, Jr.. (Attachments: # 1 Envelope)(lcre, ) (Entered: 01/22/2021) |
| 01/22/2021 | 48 | MOTION for Defendants to Submit to Polygraph Test by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(lcre, ) (Entered: 01/22/2021) |
| 01/22/2021 | 49 | MOTION for Subpoena Duces Tecum by Johnnie R. Simmons, Jr. (lcre, ) (Entered: 01/22/2021) |
| 01/22/2021 | 50 | MOTION for Extension of Time to File Response/Reply by Johnnie R. Simmons, Jr.. (lcre, ) (Entered: 01/22/2021) |
| 01/27/2021 | 51 | AFFIDAVIT by Johnnie R. Simmons, Jr.. (Attachments: # 1 Letter, # 2 Envelope)(lcre, ) (Entered: 01/27/2021) |
| 01/27/2021 | 52 | Letter to the Court by Johnnie Simmons. (Attachments: # 1 Envelope)(lcre, ) (Entered: 01/27/2021) |
| 01/29/2021 | 53 | RESPONSE in Opposition re 46 MOTION for Extension of Time to File Response/Reply, 45 MOTION for Issuance of Subpoenas filed by D. Brown. (Rosen, Jeff) (Entered: 01/29/2021) |
| 01/29/2021 | 54 | RESPONSE in Opposition re 48 MOTION for Declaration of Mistrial, 47 MOTION for Private Investigator filed by D. Brown. (Rosen, Jeff) (Entered: 01/29/2021) |

J.A. 4

| 01/29/2021 | 55 | RESPONSE in Opposition re 50 MOTION for Extension of Time to File Response/Reply, 49 MOTION filed by D. Brown. (Rosen, Jeff) (Entered: 01/29/2021) |
|---|---|---|
| 02/04/2021 | 56 | AFFIDAVIT (Page 7 -12) re 51 Affidavit by Johnnie R. Simmons, Jr.. (Attachments: # 1 Envelope)(klau, ) (Entered: 02/09/2021) |
| 02/08/2021 | 57 | RESPONSE in Opposition re 49 MOTION for Subpoena Duces Tecum, filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Envelope) (lber) (Entered: 02/09/2021) |
| 02/19/2021 | 58 | Letter to the Court. (Attachments: # 1 Envelope)(jlan) (Entered: 02/19/2021) |
| 02/19/2021 | 59 | Letter to the Court. (Attachments: # 1 Exhibit, # 2 Envelope)(jlan) (Entered: 02/19/2021) |
| 02/19/2021 | 60 | MOTION for in Court Mandatory Meeting by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(jlan) (Entered: 02/19/2021) |
| 02/19/2021 | 61 | Objection to 57 Response in Opposition to Motion filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Exhibit)(jlan) (Entered: 02/19/2021) |
| 02/22/2021 | 62 | Opposition to 60 MOTION for in Court Mandatory Meeting *and Motion to Reprimand Defendants Counsel* filed by D. Brown. (Rosen, Jeff) (Entered: 02/22/2021) |
| 03/08/2021 | 63 | MOTION for Extension of Time filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope) (lber) (Entered: 03/08/2021) |
| 03/08/2021 | 64 | Rebuttal in Response in Opposition re 62 Objection, 55 Response, 54 Response filed by Johnnie R. Simmons, Jr. (lber) (Entered: 03/09/2021) |
| 03/09/2021 | 65 | MOTION to Postpone Trial and Procedures filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope 1, # 2 Letter, # 3 Facts, # 4 Exhibit 3, # 5 Envelope 2) (lber) (Entered: 03/09/2021) |
| 03/15/2021 | 66 | MOTION for Extension to file Amended Complaint filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope) (lber) (Entered: 03/15/2021) |
| 03/15/2021 | 67 | MOTION requesting time to Retain Counsel filed by Johnnie R. Simmons, Jr. (lber) (Entered: 03/15/2021) |
| 03/22/2021 | 68 | Letter to the Court re Request for Subpoena filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Attachment-Proposed Subpoena, # 2 Envelope)(aott, ) (Entered: 03/22/2021) |
| 03/31/2021 | 69 | AMENDED COMPLAINT against D. Brown, R. Whitaker, Benjamin Hull filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Part 2 of 2, # 2 Letter, # 3 Envelope)(jlan) (Entered: 03/31/2021) |
| 03/31/2021 | 70 | Letter to the Court. (Attachments: # 1 Envelope)(jlan) (Entered: 03/31/2021) |
| 04/01/2021 | 71 | AMENDED COMPLAINT against D. Brown, Benjamin Hull, R. Whitaker, filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Exhibits 1-10, # 2 Letter, # 3 Envelope) (lber) (Entered: 04/01/2021) |
| 04/01/2021 | 72 | Exhibits A - J received on 04/01/2021 as to Filed by Johnnie Simmons. (lber) (Entered: 04/01/2021) |
| 04/01/2021 | 73 | Letter to court. (Attachments: # 1 Envelope) (lber) (Entered: 04/01/2021) |
| 04/01/2021 | 74 | Letter requesting docket sheet. (c/s) (Attachments: # 1 Envelope) (lber) (Entered: 04/01/2021) |

J.A. 5

| 04/07/2021 | 75 | MOTION to Strike 71 Amended Complaint, 69 Amended Complaint by D. Brown. (Rosen, Jeff) (Entered: 04/07/2021) |
|---|---|---|
| 04/07/2021 | 76 | Memorandum in Support re 75 MOTION to Strike 71 Amended Complaint, 69 Amended Complaint filed by D. Brown. (Rosen, Jeff) (Entered: 04/07/2021) |
| 04/07/2021 | 77 | Waiver of re 75 MOTION to Strike 71 Amended Complaint, 69 Amended Complaint *Oral Argument* by D. Brown (Rosen, Jeff) (Entered: 04/07/2021) |
| 04/09/2021 | 78 | Letter to court, correcting usage of term. (Attachments: # 1 Envelope) (lber) (Entered: 04/09/2021) |
| 04/19/2021 | 79 | Letter (Part Two). (Attachments: # 1 Cover Letter Part 2, # 2 Envelope Part 2) (lber) (Entered: 04/20/2021) |
| 05/03/2021 | 80 | Letter from Johnnie Simmons. (Attachments: # 1 Envelope)(kgall) (Entered: 05/03/2021) |
| 05/11/2021 | 81 | NOTICE of Change of Address filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope) (lber) (Entered: 05/11/2021) |
| 05/17/2021 | 82 | Letter to court regarding release date. (Attachments: # 1 Envelope) (lber) (Entered: 05/17/2021) |
| 05/24/2021 | 85 | NOTICE of Change of Address filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope) (lber) (Entered: 06/10/2021) |
| 06/02/2021 | 83 | ORDERED that the Clerk issue a Summons, pursuant to Fed. R. Civ. P. 4, through the United States Marshals Service, to each of the defendants - R. Whitaker, M.J.O; C. Waltz, Superintendent; and Benjamin Hull, Officer. See Order for details. Signed by District Judge T. S. Ellis, III on 6/2/2021. (kgall) (C/S to parties pursuant to Order) (Entered: 06/02/2021) |
| 06/02/2021 | 84 | Summons Issued as to Benjamin Hull, C. Waltz, R. Whitaker to be served by USMS. (Attachments: # 1 Notice of Lawsuit)(kgall) (Entered: 06/02/2021) |
| 06/11/2021 | 86 | NOTICE of Change of Address filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(lber) (Entered: 06/11/2021) |
| 06/14/2021 | 87 | ORDERED that plaintiff's motion [Dkt. Nos. 37 , 40 , 42 , and 45 ] are DISMISSED WITHOUT PREJUDICE; and it is further ORDERED that plaintiff's motion [Dkt. No. 25 ] is DENIED as MOOT; and it is further ORDERED that plaintiffs motions [Dkt. Nos. 47 , 48 and 60 ] are DENIED; and it is ORDERED that defendant Brown's motion to strike Amended Complaints [Dkt. Nos. 69 , 71 ] is GRANTED and said pleadings will be construed as opposition to defendant Brown's motion for summary judgment; and it is further ORDERED that plaintiff's motions for extensions of time [Dkt. Nos. 46 , 50 , 63 , 65 , 66 , 67 ] are DENIED as MOOT, but plaintiff will be allowed fourteen (14) days from the date of this Order to file any evidence (sworn statements of witnesses or properly authenticated documents) he has obtained in opposition to defendant Brown's motion for summary judgment (See Order for Details). Signed by District Judge T. S. Ellis, III on 6/14/2021. (c/s to pro se party) (lber) (Entered: 06/15/2021) |
| 06/14/2021 | 88 | Mail Returned as Undeliverable. Mail sent to Johnnie R. Simmons, Jr. (lber) (Entered: 06/15/2021) |
| 06/18/2021 | 89 | ORDERED that the Clerk resend the June 2, 2021 Order [Dkt. No. 83 ] to plaintiff. Signed by District Judge T. S. Ellis, III on 6/18/2021. (c/s per Order on 6/21/21) (lber) (Entered: 06/21/2021) |
| 06/24/2021 | 90 | NOTICE of Change of Address by Johnnie R. Simmons, Jr. (lber) (Entered: 06/25/2021) |

J.A. 6

| 06/24/2021 | 91 | MOTION/ Request for in Court Appearance filed by Johnnie R. Simmons, Jr. (lber) (Entered: 06/25/2021) |
|---|---|---|
| 06/24/2021 | 92 | MOTION / Request for Subpoena of Witness filed by Johnnie R. Simmons, Jr. (lber) (Entered: 06/25/2021) |
| 06/24/2021 | 93 | MOTION/Request to find Defendants Guilty of Submitting False Perjuring Sworn Affidavits filed by Johnnie R. Simmons, Jr. (lber) (Entered: 06/25/2021) |
| 06/24/2021 | 94 | MOTION to Impeach Witnesses and Witnesses Testimony and Charge Counsel filed by Johnnie R. Simmons, Jr. (lber) (Entered: 06/25/2021) |
| 06/28/2021 | 95 | MOTION for Extension of Time to Submit Affidavit or Electronic Evidence filed by Johnnie R. Simmons, Jr. (lber) (Entered: 06/28/2021) |
| 07/13/2021 | 96 | NOTICE of Appearance by Jeff Wayne Rosen on behalf of Benjamin Hull (Rosen, Jeff) (Entered: 07/13/2021) |
| 07/13/2021 | 97 | MOTION for Summary Judgment by Benjamin Hull. (Rosen, Jeff) (Entered: 07/13/2021) |
| 07/13/2021 | 98 | Roseboro Notice as to MFSJ by Benjamin Hull (Rosen, Jeff) (Entered: 07/13/2021) |
| 07/13/2021 | 99 | Memorandum in Support re 97 MOTION for Summary Judgment filed by Benjamin Hull. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Rosen, Jeff) (Entered: 07/13/2021) |
| 07/13/2021 | 100 | Waiver of re 97 MOTION for Summary Judgment *Waiver of Oral Argument* by Benjamin Hull (Rosen, Jeff) (Entered: 07/13/2021) |
| 07/14/2021 | 101 | DVD containing video included as Exhibit 4 received from attorney Jeff W. Rosen re 99 Memorandum in Support (holding for Staff Attorney MJ). (lber) (Entered: 07/15/2021) |
| 07/15/2021 |  | Notice of Correction re 99 Memorandum in Support; Exhibit 4. The filing user has been notified to file a Motion Requesting Leave of Court to File a Video.(lber) (Entered: 07/15/2021) |
| 07/15/2021 | 102 | NOTICE of Submission of Evidence filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Police Report)(lber) (Entered: 07/15/2021) |
| 07/15/2021 | 103 | AFFIDAVIT filed by Johnnie R. Simmons, Jr.(lber) (Entered: 07/15/2021) |
| 07/15/2021 | 104 | MOTION for Leave for Issuance of Subpoenas filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Proposed Subpoena) (lber) (Entered: 07/15/2021) |
| 07/16/2021 | 105 | MOTION for Leave to File *Video Exhibit* by Benjamin Hull. (Rosen, Jeff) (Entered: 07/16/2021) |
| 07/16/2021 | 106 | Memorandum in Support re 105 MOTION for Leave to File *Video Exhibit* filed by Benjamin Hull. (Rosen, Jeff) (Entered: 07/16/2021) |
| 07/19/2021 | 107 | NOTICE Proof of Plaintiff's Diligence to Supply the Court with Requested Proof and Filings filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Attachment, # 2 Letter/FIOA Request) (lber) (Entered: 07/20/2021) |
| 07/21/2021 | 108 | ORDER granting 105 Motion for Leave to File a Video Exhibit. Signed by District Judge T. S. Ellis, III on 7/21/2021. (c/s to pro se party 7/21/21) (lber) (Entered: 07/21/2021) |
| 08/05/2021 | 109 | NOTICE of Change of Address filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope) (lber) (Entered: 08/09/2021) |

J.A. 7

| 08/09/2021 | 110 | Response to Motion re 97 MOTION for Summary Judgment in Opposition filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Exhibits 1-3, # 2 Envelope) (lber) (Entered: 08/09/2021) |
| 08/09/2021 | 111 | Response to 96 Notice of Appearance filed by Johnnie R. Simmons, Jr. (lber) (Entered: 08/09/2021) |
| 08/12/2021 | 112 | ORDERED that the defendants shall have thirty (30) days in which to respond to the Plaintiff's objection to prove the chain of custody of the video and the authenticity of the contents of the video submitted in support of their motion for summary judgment; and it is further ORDERED that Plaintiff will have twenty-one (21) days to respond, any may include counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by defendant. See E.D. Va. Local Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Any reply by defendants must be filed within fourteen (14) days and unless plaintiff explicitly requests additional time for filing additional materials to respond to the reply, this civil action will be considered ripe for disposition twenty-one (21) days after the defendants files their reply; and it is further ORDERED that plaintiff's motions [Dkt. Nos. 91 , 92 , 93 , 94 , 95 , 104 are DISMISSED WITHOUT PREJUDICE; and it is further ORDERED that plaintiff's motion for a subpoena duces tecum [Dkt. No. 49 ] is DENIED as MOOT (See Order for Details). Signed by District Judge T. S. Ellis, III on 8/12/2021. (c/s to pro se party) (lber) (Entered: 08/12/2021) |
| 08/30/2021 | 113 | Response to 112 Court Order Entered 12th day of August 2021 filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(kgall) (Entered: 08/30/2021) |
| 09/03/2021 | 114 | Response to 112 Order on Motion for Miscellaneous Relief, Order on Motion for Leave to File,,,,,, Order on Motion for Issuance of Subpoenas, filed by D. Brown, Benjamin Hull. (Attachments: # 1 Exhibit 1)(Rosen, Jeff) (Entered: 09/03/2021) |
| 09/16/2021 | 115 | ORDER requesting the Hampton Roads Regional Jail, via Jeff Vergakis, Acting Superintendent submit the last known forwarding address for defendants C. Walz and R. Whitaker, within thirty (30) days of the date of this Order. Signed by District Judge T. S. Ellis, III on 9/17/2021. (see Order for details)(dest) (copy sent pursuant to Order) (Entered: 09/17/2021) |
| 09/27/2021 | 116 | Sealed Document re 115 Order,. (Rosen, Jeff) (Entered: 09/27/2021) |
| 09/27/2021 | 117 | Notice of Under Seal Filing LCvR5 (B) by D. Brown, Benjamin Hull re 115 Order, (Rosen, Jeff) (Entered: 09/27/2021) |
| 09/28/2021 | 118 | CERTIFICATE of Service re 106 Memorandum in Support by Jeff Wayne Rosen on behalf of Benjamin Hull (Rosen, Jeff) (Entered: 09/28/2021) |
| 09/28/2021 | 119 | ORDERED that the Clerk issue a Summons, pursuant to Fed. R. Civ. P. 4, through the United States Marshals Service, to defendant Whitaker and to defendant Walz at the addresses provide for each by HRRJ [Dkt. No. 116]; and it is further ORDERED that, in accordance with the Court's September 16, 2021 order [Dkt. No. 115], the Clerk seal the summons and any returns on those summonses. Signed by District Judge T. S. Ellis, III on 9/28/2021. (see Order for further details)(dest) (copy sent to Plaintiff pursuant to Order) (Entered: 09/29/2021) |
| 09/29/2021 | 120 | Under Seal Summons issued to be served via USMS as to C. Waltz, R. Whitaker. (dest) (Main Document 120 replaced on 9/30/2021) (dest, ). (Entered: 09/29/2021) |
| 10/04/2021 | 121 | NOTICE of Change of Address by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope) (dest) (Entered: 10/07/2021) |

J.A. 8

| 10/14/2021 | 122 | NOTICE of Change of Address by Johnnie R. Simmons, Jr. (copy of docket sheet mailed) (Attachments: # 1 Envelope)(dest) (Entered: 10/19/2021) |
| 10/22/2021 | 123 | NOTICE of Change of Address by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope) (dest) (Entered: 10/25/2021) |
| 10/29/2021 | 124 | Letter to court filed by Johnnie Simmons. (Attachments: # 1 Envelope) (lber) (Entered: 11/01/2021) |
| 11/08/2021 |     | Case Reassigned to Magistrate Judge Ivan D. Davis. Magistrate Judge Michael S. (MJ)Nachmanoff no longer assigned to the case. (jlan) (Entered: 11/08/2021) |
| 11/30/2021 | 125 | Plaintiff Motions Court to Rule Against Defendants For Not complying With Courts Demands to Produce Clear Copies Unredacted From all angles on Tape of incident Plaintiff Challenges Authenticity of Tape. Plaintiff Motions Court to Deny Defendants Motion for Dismissal and or Summary Judgment and Acknowledge That the Strangulation Did Occur Defendants are attempting to deceive the Court filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope) (lber) (Entered: 12/02/2021) |
| 11/30/2021 | 126 | MOTION denying re 97 MOTION for Summary Judgment filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope) (lber) (Entered: 12/02/2021) |
| 12/03/2021 | 127 | Sealed Document re 120 Under Seal Summons issued to be served via USMS as to C. Waltz, R. Whitaker. (lber) (Entered: 12/03/2021) |
| 12/07/2021 | 128 | Opposition to 125 MOTION, 126 MOTION re 97 MOTION for Summary Judgment *(and Reply to Opposition)* filed by D. Brown, Benjamin Hull. (Rosen, Jeff) (Entered: 12/07/2021) |
| 12/09/2021 | 129 | NOTICE of Appearance by Jeff Wayne Rosen on behalf of C. Waltz (Rosen, Jeff) (Entered: 12/09/2021) |
| 12/09/2021 | 130 | MOTION to Dismiss for Failure to State a Claim by C. Waltz. (Rosen, Jeff) (Entered: 12/09/2021) |
| 12/09/2021 | 131 | Memorandum in Support re 130 MOTION to Dismiss for Failure to State a Claim filed by C. Waltz. (Rosen, Jeff) (Entered: 12/09/2021) |
| 12/09/2021 | 132 | Roseboro Notice as to Motion to Dismiss by C. Waltz (Rosen, Jeff) (Entered: 12/09/2021) |
| 12/09/2021 | 133 | Waiver of re 130 MOTION to Dismiss for Failure to State a Claim *Oral Argument* by C. Waltz (Rosen, Jeff) (Entered: 12/09/2021) |
| 12/15/2021 | 134 | ORDERED that within twenty-one (21) days of the date of entry of this Order a pleading that provides an address at which defendant Whitaker may be served with process. It is further ORDERED that within twenty-one (21) days, Plaintiff show cause, if any, why this civil action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) with respect to defendant Whitaker. Signed by District Judge T. S. Ellis, III on 12/15/2021. (dvanm, c/m to pro se plaintiff 12/15/2021) (Entered: 12/15/2021) |
| 12/20/2021 | 135 | Mail Returned as Undeliverable. Mail sent to Johnnie R. Simmons, Jr. (lber) (Entered: 12/22/2021) |
| 01/25/2022 | 136 | MEMORANDUM OPINION (See Memorandum Opinion for further details). Signed by District Judge T. S. Ellis, III on 01/25/2022. (lber c/s) (Entered: 01/25/2022) |
| 01/25/2022 | 137 | ORDERED that defendant Waltz's motion to dismiss [Dkt. No. 130] is GRANTED; and it is further ORDERED that Plaintiff's motions to exclude Exhibit No. 4 of each motion for summary judgment [Dkt. Nos. 125, 126] are DENIED; and it is further ORDERED that Defendant R. Whitaker is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. |

J.A. 9

| | | P. 4(m) (See Order for Details). Signed by District Judge T. S. Ellis, III on 01/25/2022. (lber c/s) (Entered: 01/25/2022) |
|---|---|---|
| 01/25/2022 | 138 | CLERK'S JUDGMENT. Entered by Clerk on 01/25/2022. (lber c/s) (Entered: 01/25/2022) |
| 02/24/2022 | 139 | MOTION for Extension of Time to File Appeal filed by Johnnie R. Simmons, Jr. (lber) (Entered: 02/25/2022) |
| 02/24/2022 | 140 | NOTICE OF APPEAL as to 137 Order, filed by Johnnie R. Simmons, Jr. (lber) (Entered: 02/25/2022) |
| 02/25/2022 | 141 | Transmission of Notice of Appeal to US Court of Appeals re 140 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov). (lber) (Entered: 02/25/2022) |
| 02/25/2022 | | Assembled INITIAL Electronic Record Transmitted to 4CCA re 140 Notice of Appeal. (lber) (Entered: 02/25/2022) |
| 02/25/2022 | 142 | ORDERED that plaintiff's "Motion for an Extension of Time to File Appeal" [Dkt. No. 139] is DENIED as MOOT. Signed by District Judge T. S. Ellis, III on 2/25/2022. (lber c/s) (Entered: 02/25/2022) |
| 03/03/2022 | 143 | USCA Case Number 22-6233 4th Circuit, case manager Ashley Brownlee for 140 Notice of Appeal filed by Johnnie R. Simmons, Jr. (lber) (Entered: 03/03/2022) |
| 03/07/2022 | 144 | Mail Returned as Undeliverable. Mail sent to Johnnie R. Simmons, Jr. (lber c/s to pro se party) (Entered: 03/09/2022) |
| 03/14/2022 | 145 | Mail Returned as Undeliverable. Mail sent to Johnnie R. Simmons, Jr. (kgall) (Entered: 03/15/2022) |
| 04/14/2022 | 146 | NOTICE of Change of Address filed by Johnnie R. Simmons, Jr. (lber) (Entered: 04/19/2022) |
| 05/19/2022 | 147 | Copy Request by Johnnie R. Simmons, Jr. (kgall) (Entered: 05/20/2022) |
| 09/13/2022 | 148 | SUMMONS Returned Executed as to Benjamin Hull. (jlan) (Entered: 09/17/2022) |
| 09/13/2022 | 149 | Summons Returned Unexecuted as to R. Whitaker. (jlan) (Entered: 09/17/2022) |
| 03/23/2023 | 150 | MOTION for Release of Exhibit 4 in re 34 Memorandum in Support, filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Letter)(show) (Entered: 03/27/2023) |
| 03/23/2023 | 151 | Brief in Support to 150 MOTION for Release of Exhibit 4 in re 34 Memorandum in Support, filed by Johnnie R. Simmons, Jr. (show) (Entered: 03/27/2023) |
| 05/25/2023 | 152 | MOTION to Expedite Release of Exhibit 4 by Johnnie R. Simmons, Jr. (jlan) (Entered: 05/26/2023) |
| 05/26/2023 | | Notice of Correction: The filing user has been notified to file a notice of hearing or waiver of oral argument and to file a Rule 83.1 Ghostwriting Certification Form for this pleading and is notified that the certification form is required to be filed with all pro se filings in re 152 MOTION to Expedite Release of Exhibit 4 (jlan) (Entered: 05/26/2023) |
| 06/14/2023 | 153 | NOTICE of Change of Address filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(show) (Entered: 06/15/2023) |
| 06/20/2023 | 154 | NOTICE of Change of Address filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(show) (Entered: 06/21/2023) |

J.A. 10

| 06/28/2023 | | Notice of Correction: The filing user has been notified to file a Rule 83.1 Ghostwriting Certification Form for this pleading and is notified that the certification form is required to be filed with all pro se filings in re 154 Notice of Change of Address. (show) (Entered: 06/28/2023) |
|---|---|---|
| 07/05/2023 | 155 | Rule 83.1 Ghostwriting Certification Form in re 152 MOTION to Expedite Release of Exhibit 4 filed by Johnnie R. Simmons, Jr. (show) (Entered: 07/06/2023) |
| 07/05/2023 | 156 | Rule 83.1 Ghostwriting Certification Form in re 151 Brief in Support to (Dkt. No. 150) MOTION for Release of Exhibit 4 in re (Dkt. No. 34) Memorandum in Support filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(show) (Entered: 07/06/2023) |
| 07/05/2023 | 157 | MOTION for Discovery/Release of Exhibit 4, filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(show) (Entered: 07/06/2023) |
| 07/05/2023 | 158 | MOTION for Oral Argument to Request of Exhibit 4 in re 157 MOTION for Discovery/Release of Exhibit 4, filed by Johnnie R. Simmons, Jr. (Attachments: # 1 Envelope)(show) (Entered: 07/06/2023) |
| 07/25/2023 | 159 | Mail Returned Undeliverable as to Johnnie R. Simmons, Jr. (show) (Entered: 07/25/2023) |
| 08/09/2023 | 160 | NOTICE of Appearance by Robert John Haddad on behalf of Johnnie R. Simmons, Jr. (Haddad, Robert) (Entered: 08/09/2023) |
| 08/09/2023 | 161 | MOTION for Status Update by Johnnie R. Simmons, Jr.. (Haddad, Robert) (Entered: 08/09/2023) |
| 08/09/2023 | 162 | Brief in Support to 161 MOTION for Status Update filed by Johnnie R. Simmons, Jr.. (Haddad, Robert) (Entered: 08/09/2023) |
| 08/09/2023 | | Notice of Correction: The filing user has been notified to file a Notice of Hearing Date or a Notice of Waiver of Oral Argument in re 161 MOTION for Status Update. (wgar, ) (Entered: 08/09/2023) |
| 08/10/2023 | 163 | ORDER that Defts are **DIRECTED** to file a response to Pltf's Motions for Release of Exhibit 4 (Dkts. 150, 152, 157, and 161-62) by **Friday, August 25, 2023**. Signed by District Judge T. S. Ellis, III on 08/10/23. (pmil, ) (Entered: 08/10/2023) |
| 08/15/2023 | 164 | Response to 163 Order filed by D. Brown, Benjamin Hull, C. Waltz. (Rosen, Jeff) (Entered: 08/15/2023) |
| 08/17/2023 | 165 | Reply to 164 Response filed by Johnnie R. Simmons, Jr.. (Haddad, Robert) (Entered: 08/17/2023) |
| 08/17/2023 | 166 | NOTICE of Waiver of Oral Argument by Johnnie R. Simmons, Jr. re 161 MOTION for Status Update (Haddad, Robert) Modified on 8/18/2023 (nneb, ). (Entered: 08/17/2023) |
| 08/29/2023 | 167 | **ORDERED** that Plaintiff's Motion for Release of Exhibit 4 150 , Motion to Expedite Release of Exhibit 4 152 , Motion for Release of Exhibit 4 157 , Motion for Oral Argument 158 , and Motion for Status Update 161 , are **DENIED**. Signed by District Judge T. S. Ellis, III on 8/29/2023. (tran) (Entered: 08/29/2023) |
| 09/07/2023 | 168 | MOTION to Withdraw as Attorney by Johnnie R. Simmons, Jr.. (Haddad, Robert) (Entered: 09/07/2023) |
| 09/07/2023 | 169 | Brief in Support to 168 MOTION to Withdraw as Attorney filed by Johnnie R. Simmons, Jr.. (Haddad, Robert) (Entered: 09/07/2023) |
| 09/08/2023 | | Notice of Correction re 168 MOTION to Withdraw as Attorney .The filing user has been notified to file a Notice of Hearing Date or a Notice of Waiver of Oral Argument. (nneb) |

J.A. 11

| | | (Entered: 09/08/2023) |
|---|---|---|
| 09/11/2023 | 170 | Waiver of *Oral Argument* by Johnnie R. Simmons, Jr. (Haddad, Robert) (Entered: 09/11/2023) |
| 09/14/2023 | 171 | Mail sent to Johnnie R. Simmons, Jr. returned as undeliverable. (Dest) (Entered: 09/15/2023) |
| 09/20/2023 | | Case Reassigned to District Judge Michael S Nachmanoff. District Judge T. S. Ellis, III no longer assigned to the case. (jlan) (Entered: 09/20/2023) |
| 09/27/2023 | 172 | Letter to the Court from the USCA. Please transmit the supplemental record re 140 Notice of Appeal. (swil) (Entered: 09/27/2023) |
| 10/11/2023 | 173 | Record Follow-Up Notice re 140 Notice of Appeal (swil) (Entered: 10/11/2023) |
| 10/26/2023 | 174 | Record Follow-Up Notice requesting the transmittal of paper and sealed portion of the record [DVD's identified at docket entry numbers 36 (DVD) and 101 (DVD)] in re 140 Notice of Appeal. (Dest) (Entered: 10/31/2023) |
| 10/31/2023 | 175 | ORDER- This matter is before the Court because Defendant's Ex. No. 4, a DVD, has been misplaced and the DVD is necessary to complete the record for the pending appeal. The Court requests that counsel for the defendant, Jeff Wayne Rosen, Esquire, file an additional copy of Exhibit No. 4 with the Clerk within fourteen (14) days of the date of this Order. Signed by District Judge Michael S Nachmanoff on 10/31/2023. (Dest) (Entered: 10/31/2023) |
| 11/13/2023 | 176 | CERTIFICATE OF SERVICE by D. Brown, Benjamin Hull, C. Waltz re 175 Order, (Rosen, Jeff) (Entered: 11/13/2023) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/27/2023 13:23:47 | | | |
| **PACER Login:** | steven.alagna | **Client Code:** | Johnnie Simmons |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cv-00464-MSN-IDD |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Exempt CJA |

J.A. 12



**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

**COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983**

Action Number   1:20 CV 464   TSE/MSN
(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

## I.   PARTIES

A.   Plaintiff:

1.   (a) Johnnie R. Simmons JR.   (b) 43692
     (Name)                        (Inmate number)

     (c) P.O. Box 7609
     (Address)

     Portsmouth, VA. 23707

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.**

B.   Defendant(s):

1.   (a) R. Whitaker            (b) M.J.O
     (Name)                        (Title/Job Description)

     (c) 2640 Elmhurst lane
     (Address)

     Portsmouth, VA. 23707

2.   (a) D. BROWN          (b) Seargeant
          (Name)                (Title/Job Description)
     (c) 2690 Elmhurst lane
          (Address)
     Portsmouth VA

3.   (a) C. WALTZ          (b) Superintendent
          (Name)                (Title/Job Description)
     (c) 2690 Elhurst lane    P.o Box 7609
          (Address)            Portsmouth, VA, 23707
     Portsmouth VA, 23707

If there are additional defendants, please list them on a separate sheet of paper.  Provide all
identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve
the complaint.  If plaintiff does not provide a physical address for a defendant, that person
may be dismissed as a party to this action.**

II.   **PREVIOUS LAWSUITS**

A.   Have you ever begun other lawsuits in any state or federal court relating
     to your imprisonment?   Yes [   ]   No [✓]

B.   If your answer to "A" is Yes: You must describe any lawsuit, whether currently
     pending or closed, in the space below.  If there is more than one lawsuit, you
     must describe each lawsuit on another sheet of paper, using the same outline,
     and attach hereto.

     1.   Parties to previous lawsuit:

     Plaintiff(s)_____N | A_____

     Defendant(s)_____N | A_____


     2.   Court (if federal court, name the district; if state court, name the county):
     _____N | A_____

     3.   Date lawsuit filed:_____N | A_____

     4.   Docket number:_____N | A_____

5.  Name of Judge to whom case was assigned: _____N|A_____

_____

6.  Disposition (Was case dismissed?  Appealed?  Is it still pending?  What relief was granted, if any?) : N|A

_____

## III.  GRIEVANCE PROCEDURE

A.  At what institution did the events concerning your current complaint take place:
Hampton Roads Regional JAIl Portsmouth, VA.

B.  Does the institution listed in "A" have a grievance procedure? Yes [ ✓ ]  No [   ]

C.  If your answer to "B" is Yes:

1.  Did you file a grievance based on this complaint? Yes [ ✓ ]  No [   ]

2.  If so, where and when: Hampton Roads Regional  1/2020

3.  What was the result? Did Not Respond

_____

4.  Did you appeal?  Yes [   ]  No [   ]   N|A

5.  Result of appeal: _____

_____

D.  If there was no prison grievance procedure in the institution, did you complain to the prison authorities? Yes [   ]  No [   ]   N|A

If your answer is Yes, what steps did you take? _____

_____

E.  If your answer is No, explain why you did not submit your complaint to the prison authorities:   N|A

_____

_____

J.A. 15

## IV.    STATEMENT OF THE CLAIM

State here the facts of your case.  Describe how each defendant is involved and how you were harmed by their action.  Also include the dates, places of events, and constitutional amendments you allege were violated.

Incident occurred on 2/8/19 9-10 A.M

If you intend to allege several related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets if necessary.

On the Morning of February 8th 2019 I was Returning from Medical Getting A EKG Done By A Nurse. I told officer Brown and Whitaker (M.J.O) That I had enemies in the POD and They Were Spitting in my food and I didn't feel Safe And I asked to Be Placed Somewhere else I Stated That I feared for my Safety. I Was Hand cuffed and I Sat on the floor and Said "place me anywhere please Not in there" They (Sergeant Brown and M.J.O. Whitaker) [Defendant] [Defendant] asked Another Officer to Give them A Hand and They Picked me up And Carried me through the Air and as they were Carrying Me M.J.O. Whitaker took me down to the Ground and Began Choking me With my throat in his Biceps and forearm around my Head He Choked me Until I was Unconscious

J.A. 16

Defendant M.J.O. Whitaker Violated my 8th Amendment Right by inflicting Cruel and Unusual Punishment to me By Choking me Nearly til Death While I was handcuffed and Not posing any threat and I was Basically harmless and Defenseless. Seargeant D. Brown Also Violated my 8th amendment Right By Assisting in Carrying me through the Air and Holding me and then letting M.J.O. Whitaker Choke & Strangle me Nearly til Death While Whitaker was Under his command and Seargeant Brown Watched as I was Choked Until I was Unconscious and Urinated on myself and Made No Attempts to stop Whitaker or ask him or order him to stop. M.J.O Whitaker is Known As Seargeant Brown's Henchman And Referred to As Such So this was the way they have done inmates in the past and Had Built up a Reputation for doing So. I was Blessed For God to Breathe life Back into me I was Very close to Death and I was Told if He had Choked Me Just A TAD Bit longer I'D Have Died.

J.A. 17

As He was Choking me I was Trying to Say "I Can't Breathe" But I was Unable to utter the Words Not Even the "I". He Seemed to Know I was trying to plead For Mercy of Some Sort and he choked me harder OR applied More pRessure as I uRinated on Myself The others watched I was Still Trying to Beg him to Stop and Tell him I Can't Breathe as I thought My Kids ake gonna See this on the News and This was How I was going to Die and my Daughters Are going to Go through What ERiKa GaRNeR Went through. Then As He was Still Choking me and EveryOne Stood aRound My Eyes Became Teaky and Everything Went Black, I Don't Know How long I was Out (unconscious) But, When I Awoke I didN't Know Where I was I looked aRound Slowly and I Saw the JAil Doors and Said to myself "I'm in JAil." Then I Saw the URiNe (pool of uRiNe) on the Floor Beside me and then it Dawned on Me that I had Been Just choked NeaRly til Death and then I Could Recollect the Event that had

Just Transpired and I saw feet (sets of feet) standing over + around me. Then they picked me up and they walked me into the Cell Block and put me in the Cell. Then they came back and walked me to Medical & took me back and then moved me to Another Cell Block Which I feel defeated the purpose of the CHoKing Being that that was All I was Asking for from Them initially, was to be moved to Another Cell Block I Reported this to Internal Affairs Lt. Phillips at The Jail (HRRJ) And He sent me a felony Warrant After viewing the tape and told me to write Everything that Happened and Add paper if I have to. However, I Didn't feel safe Doing it while I was still incarcerated At Hampton Regional Jail so I Waited until I was Released and He said I had everything ready for you But Now you have to go to the Majistrate, Just tell them you Were Afraid. I Said O.K. And I went to Portsmouth police Majistrates office And The Majistrate Said She could Not Do Any Warrant on this they Don't play With this it's A Strangulation And They Are Going to Want to

Investigate the crime. The Magistrate sent me to another building to file a report, officers came and took that report and a detective from Portsmouth's criminal investigation unit named Detective Thomas was assigned to the case and he called me and had me to come to his office in Portsmouth for an interview and said that he had possession of the tape and said he viewed it and it was "Not Good" (meaning the circumstances & content of the assault) He stated that charges would be filed and that he was upset when he viewed the tape and he thought that inmates should not be treated that way and it was totally wrong and uncalled for. The Detective would not release the tape to an Attorney because he said it was a criminal situation so I decided to file the civil suit myself because the Attorney I was pursuing wanted to see the tape first. I have been traumatized by this and the injuries sustained seem permanent my neck my upper back & lower back and I suffer from PTSD as well the nightmares & phobia is very stressful. Defendants R. Whitaker And

J.A. 20

D. BROWN Are Very Violent and SHould Be Held Liable For Damages and Violating my 8th Amendment the Defendants inflicted Cruel and UnUSual Punishment Undoubtedly and With No Remorse, Thank you. I Am disable From A Seizure (Grandmal) disorder I Receive SSI But it's Cut off while I'm in JAil.

I do Receive $750.00 monthly But I CURRENtly have No money in the Bank and I'm Indigent So I cannot afford the filing fee at this time, please GRant me permission to proceed in Formal Pauperis. Johnnie Simmons

ReSpectfully Yours,

Johnnie R. Simmons Jr.

## V. RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _____J.S.,_____ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

_____ Award money damages in the amount of $ _50,000,000.00_

_____ Grant injunctive relief by_____

_____ Other_____

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

I was transported Here From Hampton City Jail on 1/15/19 Released 7/20/19 and Reindicted September of 2019 and Transported here from Norfolk City Jail.

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge: Yes [ ✓ ] No [ ].** You may consent at any time; however, an early consent is encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this ___14th___ day of ___April___, 20_20_.

Plaintiff ___Johniel, Simmons Jr.___

J.A. 22

4/14/20

Dear, U.S. District Court, Eastern District,
    God Bless you all I ask that this Complaint
please Be filed and Someone please let me know
you have Received it I look forward to hearing from
you all. I'm incarcerated for what was clearly
a Simple assault a man kicked me in the head
while I was asleep I awoke and after a
Brief struggle we fell to the floor and they say
he had a tiny shoulder fracture and Charged
me with Maliscious Wounding No Weapon No
Scratch Scrape Laceration or Abrasion and
The officer said he was fine it was simple
assault But they are trying to Railroad me
I've done 15 months Nearly. Internal Affairs
Lieutenant Whitaker took the report for this
Complaint However and his address is
2690 Elmhurst lane Hampton Regional Jail 23707
And He turned the tape over to A Detective
Thomas At Portsmouth Criminal investigation Unit
at 757-393-8536 206 High St. Portsmouth VA
23704.

                    Please Respond,
                    Thanks Respectfully,
                    Dinnie R. Simmons Jr.

J.A. 23

TO: The Clerk of the Court
Hampton Roads Regional Jail
P.O. Box 7609
Portsmouth, VA 23707

**JAIL INMATE**

United States District Court
Eastern District of Virginia
701 East Broad Street
Suite 300
Richmond, Virginia 23-219-3528



## PRISONERS DATABASE



## MAIN PAGE

### All Records for Johnnie R. Simmons

| RecordID | PrisonerID | Name | File Date | Judge | RecDate | Office | Year | CV | Num | Action | Disposition | Three Strikes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 31479 | 43692 | Johnnie R. Simmons | 2020-04-22 | Ellis | 2020-04-20 | 1 | 20 | cv | 9999 | 42:1983pr | | |
| TOTAL RECORDS:1 | | | | | | | | | | | | |

J.A. 26

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Johnnie R. Simmons, Jr.,  )
    Plaintiff,  )
      )
v.  )      1:20cv464 (TSE/MSN)
      )
R. Whitaker, et al.,  )
    Defendants.  )

## ORDER

Virginia state inmate Johnnie Simmons initiated this civil rights action under 42 U.S.C.

§ 1983, alleging that he was beaten while incarcerated at Hampton Roads Regional Jail

("HRRJ"). See Dkt. No. 1. By Order dated October 8, 2020, the United States Marshals Service

was directed to effect service on defendants Walz and Brown, two of the three defendants named

in the complaint. See Dkt. No. 18. At that time, no up-to-date address had been provided for the

third named defendant, R. Whitaker. See Dkt. No. 18.

Since October 8, plaintiff has filed a letter identifying defendant Whitaker's new place of

work and expressing concern that he has not received any correspondence from Albert Bryan.

See Dkt. No. 22. Through this Order, the United States Marshals Service shall be directed to

effect service on defendant Whitaker. Additionally, plaintiff is advised that the courthouse to

which he has been sending letters and documents is named after the Honorable Albert V. Bryan,

Jr., who served as a judge in this district for decades. Thus, moving forward, plaintiff should

address filings not to Albert Bryan, but to the Clerk's Office or to the undersigned. It is hereby

ORDERED that the Clerk issue Summons, pursuant to Fed. R. Civ. P. 4, through the

United States Marshal, to defendant R. Whitaker at Western Tidewater Regional Jail; and it is

further

ORDERED that defendant Whitaker file an answer or other responsive pleading to the amended complaint within twenty-one (21) days of service. It is normal practice in pro se prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

ORDERED that, within twenty-one (21) days of defendant Whitaker filing a responsive pleading, plaintiff file any opposition, including counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by defendants. See E.D. Va. Local Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Any reply brief from defendant must be filed within fourteen (14) days, and unless plaintiff explicitly requests additional time for filing additional materials, this civil action will be considered ripe for disposition twenty-one (21) days after defendant files a reply to plaintiff's opposition; and it is further

ORDERED that plaintiff's failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b); and it is further

ORDERED that if service on defendant through this Order is unsuccessful and defendant is not otherwise served within 90 days of this order being entered, the defendant will be dismissed from the instant action without prejudice. See Fed. R. Civ. P. 4(m).

The Clerk is directed to send a copy of this Order to plaintiff and to serve on defendant R. Whitaker, via the United States Marshal, the Summons, a copy of this Order, the complaint [Dkt. No. 1], and the service Order dated July 23, 2020 [Dkt. No. 15] at Western Tidewater Regional Jail, 2402 Godwin Blvd, Suffolk, VA 23434.

Entered this _77_ day of _October_ 2020.

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

2

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,    :
             :
     Plaintiff,   :
             :  Civil Action No. 1:20:cv464
v.            :
             :
R. WHITAKER, et al.,     :
             :
     Defendants.  :

**DEFENDANT BROWN'S MOTION FOR SUMMARY JUDGMENT**

   Defendant, Sgt. Derrick Brown, by counsel, and pursuant to Fed. R. Civ. P. 56(c), hereby

moves for the entry of summary judgment in his favor. The reasons supporting this Motion are

set forth in the accompanying Memorandum of Law.

           DERRICK BROWN


           By: _____/s/_____
                 Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar No. 22689
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax: (757) 497-1914
jrosen@pendercoward.com
*Counsel for Brown*

Lisa Ehrich, Esquire
Virginia Bar No. 32205
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax: (757) 497-1914
lehrich@pendercoward.com
*Counsel for Brown*

J.A. 29

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on this 30th day of December, 2020 I will electronically file the foregoing ***Defendant Brown's Motion for Summary Judgment*** with the Clerk of Court using the CM/ECF system and will mail the document by U.S. Mail to the following non-filing user:

      Johnnie R. Simmons, Jr.
      Inmate No. 43692
      Hampton Roads Regional Jail
      P. O. Box 7609
      Portsmouth, VA  23707
      *Pro Se*

           /s/
          Jeff W. Rosen, Esquire (VSB #22689)
          Pender & Coward, P.C.
          222 Central Park Avenue, Suite 400
          Virginia Beach, Virginia 23462
          Phone: (757) 490-6253
          Fax:   (757) 497-1914
          jrosen@pendercoward.com
          *Counsel for Brown*

*Simmons v. Whitaker, et al*    Case No. 1:20cv464    PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM

Page **2** of **2**

J.A. 30

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,     :
              :
      Plaintiff,   :
              :  Civil Action No. 1:20:cv464
v.              :
              :
R. WHITAKER, et al.,      :
              :
      Defendants.  :

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT BROWN'S MOTION FOR SUMMARY JUDGMENT

   Defendant, Derrick Brown ("Sgt. Brown"), by counsel, and pursuant to Fed. R. Civ. P. 56(c), submits this Memorandum of Law in Support of his Motion for Summary Judgment.  In this civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiff claims that Sgt. Brown failed to protect him from another officer's use of excessive force. Specifically, plaintiff alleges that he told Sgt. Brown and MJO Whitaker he was afraid of returning to his cellblock from the medical department.  He contends that Sgt. Brown and MJO Whitaker carried him through the air and that Officer Whitaker took him to the ground, choked him and nearly strangled him to death. Plaintiff maintains that Sgt. Brown watched while he was choked unconscious and made no attempt to stop Officer Whitaker. The record, however, belies plaintiff's claim. A videotape of the incident, coupled with sworn affidavits, reveals that plaintiff refused to follow orders to walk into his housing unit, was picked up, whereupon he began to kick and flail at the officers, and in just over a minute, was lowered to the ground, shackled, sat up, stood up, and then walked into the housing unit.  Plaintiff cannot establish bystander liability on this record.

I.     **STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56(B)**

1.     At all relevant times, plaintiff was incarcerated at the Hampton Roads Regional Jail ("HRRJ").

2.     At all relevant times, Sgt. Brown was a jail officer at HRRJ.

3.     On February 8, 2019, Officer Hunter and Officer Johnson were escorting plaintiff from the medical department to his housing unit, when he began to act out in front of Housing Unit 3 control, refusing to go into his pod, and intentionally sitting down on the floor.  (Ex.1, Hunter Aff; Ex.2, Hull Aff.; Ex. 3, Brown Aff.; Ex. 4, Video)

4.     Officer Hull responded to a call for assistance and directed plaintiff to get up, which he refused to do. (Ex.1, Hunter Aff.; Ex 2, Hull Aff.; Ex. 3, Brown Aff.; Ex. 4, Video)

5.     Sgt. Brown and MJO Whitaker then came to assist and gave plaintiff several directives to go to his pod.  (Ex. 1, Hunter Aff.; Ex.2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

**6.**     Sgt. Brown tried to deescalate the situation, telling plaintiff that he could not stay there and had to go to his cell.  Plaintiff refused Sgt. Brown's directives, stating, "if any of you touch me, I will bite you." (Ex.2, Hull Aff.)

7.     Plaintiff continued to refuse.  He was brought to his feet, picked up, and escorted to his pod. (Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex.4, Video)

8.     As the officers escorting him approached the door to Housing Unit 3, plaintiff
began to kick and flail, and they took him down to the floor to gain control. (Ex.
1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

**9.**     Sgt. Brown told plaintiff to stop and to chill out, but he continued to kick and
flail.  (Ex. 2, Hull Aff.)

10.     Sgt. Brown asked Officer Hunter to get leg irons, and she placed them on
plaintiff, at which point he was brought to his feet and walked to his cell.  (Ex 1,
Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

11.     None of the officers present observed Officer Whitaker choking plaintiff,
including Officer Hull who was near his shoulder when he was on the floor.  (Ex.
3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

12.     None of the officers present observed plaintiff passed out or unconscious.  (Ex.  3,
Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

13.     None of the officers presents observed urine on the floor.  (Ex.  3, Brown Aff.;
Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

14.     The video begins at 12:09:55, with plaintiff sitting on the floor refusing directives
from Officers Hunter and Johnson to go to his pod.  First Officer Hull, then Sgt.
Brown and MJO Whitaker arrive to assist. (Ex. 4, Video)

15.     At 12:11:30, the officers bring plaintiff to his feet and walk/carry him to Housing
Unit 3.  At 12:11:47, plaintiff can be seen kicking and flailing as the officers try to
gain control.  Plaintiff is lowered and on the ground at 12:11:54 and continues to
kick.  (Ex. 4, Video)

---

16.    Officer Hunter goes into the control room to get leg irons, which she is seen placing on plaintiff by 12:12:45.  (Ex. 4, Video)

17.    By 12:13:19, plaintiff sits up, and within seconds, he is brought to his feet and walking into the housing unit.  (Ex. 4, Video)

18.    Forty-nine seconds elapse from the time plaintiff is on the ground until the leg irons are on,  34 seconds later plaintiff is sat up, and mere seconds later he is on his feet and walking.  (Ex. 4, Video)

19.    The video does not show any urine on the floor or that the floor had to be cleaned; rather, Officers Hunter and Johnson are seen picking up papers after plaintiff stands up. (Ex. 4, Video)

20.    At no time was Sgt Brown aware of or did he ignore a use of excessive force by Officer Whitaker in lowering plaintiff to the ground and gaining control of a combative inmate.  (Ex. 3, Brown Aff.)

21.    There is no record of any medical treatment rendered to plaintiff on February 8, 2019, other than his visit prior to this incident.  (Ex. 5, Westbrook Aff.)

22.    On February 11, 2019, plaintiff was seen by medical for his anti-seizure medications and on-going orthopedic issues with his knee and back for which he had been prescribed naproxen. The nurse noted an area of slight swelling and tenderness on the right side of his neck related to an incident on February 8, but indicated he was not in distress and no treatment was provided.  (Ex. 6, Medical Record)

_____
*Simmons v. Whitaker, et al*          Case No. 1:20cv464          PENDER & COWARD, P.C.
WWW.PENDERCOWARD.COM
Page **4** of **7**

J.A. 34

## II.    ARGUMENT

### A.    Legal Standard

Summary judgment is appropriate in the absence of any genuine issue of material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 255 (1986).  Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party fails to make a sufficient showing on an essential element of the claims on which he bears the burden of proof, the moving party prevails.  *Id*. at 248-49; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  While the court draws all inferences in favor of the non-moving party, speculative assertions will not suffice.  *Ross v. Communications Satellite Corp*., 759 F.2d 355, 364 (4th Cir. 1989).

### A.  Plaintiff cannot establish bystander liability against Sgt. Brown.

Plaintiff alleges that Sgt. Brown stood by while Officer Whitaker choked him.  Under the theory of bystander liability, an officer may be liable if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."  *Randall v. Prince George's Cty*., 302 F.3d 188, 204 (4th Cir. 2002).  As to the second prong, "[i]f the bystander lacks such specific knowledge, he cannot be a participant in the unlawful acts, and the imposition of personal liability is impermissible."  *Id*. at 204 n. 24.  Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 US. 372, 380 (2007).  As the Fourth Circuit holds, if "the record contains an unchallenged videotape capturing the events in question, [the court] must only credit

the plaintiff's version of the facts to the extent it is not contradicted by the videotape." *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

Here, there is no evidence that Sgt. Brown knew that Officer Whitaker was violating plaintiff's rights. Neither Sgt. Brown, nor Officer Hull, who was by plaintiff's shoulder, or Hunter, observed Officer Whitaker choke plaintiff.  None of them observed plaintiff passed out or unconscious, or in a pool of urine. Plaintiff did not receive any medical treatment. The videotape of the incident reflects the short time that elapsed from plaintiff's being lowered to the ground kicking and flailing to when the leg irons were put on, he sat up, and walked. Further, plaintiff's suggestion that Officer Whitaker is Sgt. Brown's "henchman" is offensive; Sgt. Brown attests that he never directed former Officer Whitaker to hurt an inmate.  (Ex. 3, Brown Aff.)

Sgt. Brown is entitled to summary judgment on plaintiff's bystander liability claim.

**III.      CONCLUSION**

For the reasons set forth above, defendant Sgt. Derrick Brown respectfully requests the Court to enter summary judgment in his favor and to dismiss plaintiffs' claims, with prejudice.

DERRICK BROWN


By: _____/s/_____
                  Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar No. 22689
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax:   (757) 497-1914
jrosen@pendercoward.com
*Counsel for Brown*

---

J.A. 36

Lisa Ehrich, Esquire
Virginia Bar No. 32205
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax:   (757) 497-1914
lehrich@pendercoward.com
*Counsel for Brown*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2020 I will electronically file the foregoing ***Memorandum of Law in Support of Defendant Brown's Motion for Summary Judgment*** with the Clerk of Court using the CM/ECF system and will mail the document by U.S. Mail to the following non-filing user:

Johnnie R. Simmons, Jr.
Inmate No. 43692
Hampton Roads Regional Jail
P. O. Box 7609
Portsmouth, VA  23707
*Pro Se*

_____/s/_____
Jeff W. Rosen, Esquire (VSB #22689)
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax:   (757) 497-1914
jrosen@pendercoward.com
*Counsel for Brown*

J.A. 37

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,            :

                                :

               Plaintiff,     :

                                :     Civil Action No. 1:20:cv464

v.                           :

                                :

R. WHITAKER, et al.,            :

                                :

               Defendants.    :

## <u>AFFIDAVIT OF OFFICER MELISSA HUNTER</u>

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, VIRGINIA, to-wit:

Officer Melissa Hunter, being first duly sworn upon oath, deposes and states as follows:

1. At all times relevant to plaintiff's Complaint, and since 1999, I have been employed by the Hampton Roads Regional Jail Authority as a jail officer at the Hampton Roads Regional Jail ("HRRJ").

2. I received my jail officer certification from the Virginia Dept. of Criminal Justice Services in November 1999.

3. I base this affidavit on personal knowledge and on records maintained at the HRRJ in the ordinary and regular course of business.

4. On February 8, 2019, plaintiff was being escorted from main medical to his housing pod by me and Officer Johnson, when he began to act out in front of Housing Unit 3 control, refusing to go into his pod, and intentionally sitting down on the floor.

5. Officer Hull responded to a call for assistance and directed plaintiff to get up, which he repeatedly refused to do.

6. Sgt. Brown and MJO Whitaker then came to assist and gave plaintiff several directives to

go to his pod.

7. Plaintiff continued to refuse.  He was brought to his feet, picked up, and escorted to his pod.

8. As the officers escorting him approached the door, plaintiff began to kick and flail, and they took him down to the floor to gain control.

9. Once on the floor, plaintiff continued to kick and flail and was not compliant.

10. Sgt. Brown asked me to get leg irons, and I placed them on plaintiff, at which point he was brought to his feet and walked to his cell.

11. I did not observe Officer Whitaker choking plaintiff.

12. I did not observe plaintiff passed out or unconscious.

13. I did not observe a pool of urine or that plaintiff had wet his pants.

Further affiant sayeth not.

OFFICER MELISSA HUNTER

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid Officer Melissa Hunter, to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this 2 1 day of December, 2020.

Notary Public

My Commission Expires: 3 - 31 - 23
My Registration No. 7661256

APRIL LYNETTE BRUMLEY
NOTARY PUBLIC
REG. #7661256
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MARCH 31, 2023

Exhibit 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,     :
        :
     Plaintiff,     :
        :     Civil Action No. 1:20:cv464
v.     :
        :
R. WHITAKER, et al.,     :
        :
     Defendants.     :

## AFFIDAVIT OF OFFICER BENJAMIN HULL

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, VIRGINIA, to-wit:

Officer Benjamin Hull, being first duly sworn upon oath, deposes and states as follows:

1. At all times relevant to plaintiff's Complaint, and since 2015, I have been employed by the Hampton Roads Regional Jail Authority as a jail officer at the Hampton Roads Regional Jail ("HRRJ").

2. I received my jail officer certification from the Virginia Dept. of Criminal Justice Services in August 2015.

3. I base this affidavit on personal knowledge and on records maintained at the HRRJ in the ordinary and regular course of business.

4. On February 8, 2019, plaintiff was being escorted from main medical to his housing pod by Officers Johnson and Hunter, when he began to act out in front of Housing Unit 3 control, refusing to go into his pod, and intentionally sitting down on the floor.

5. I responded to a call to assist the officers and directed plaintiff to get up, which he repeatedly refused to do.

6. Sgt. Brown and MJO Whitaker then came to assist and they gave plaintiff several directives to go to his pod.

7. Sgt. Brown tried to deescalate the situation, telling plaintiff that he could not stay there and had to go to his cell. I recall plaintiff saying that he couldn't go to the pod because someone was out to get him.

8. Plaintiff refused Sgt. Brown's directives, stating, "if any of you touch me, I will bite you."

9. We got plaintiff to his feet and picked him up to escort him to the pod. As we approached the door, plaintiff began to kick and flail, and we took him down to the floor to gain control.

10. Once on the floor, I was on plaintiff's right side by his shoulder.

11. I did not observe MJO Whitaker choke plaintiff.

12. I did not observe plaintiff pass out or lose consciousness.

13. I did not observe a puddle of urine on the floor, or recall seeing that plaintiff had wet his pants.

14. Sgt. Brown told plaintiff to stop and to chill out, but he continued to kick and flail.

15. Sgt. Brown asked Officer Hunter to get leg restraints, which were put on.

16. We then brought plaintiff to his feet and walked him to his cell.

Further affiant sayeth not.

Officer Benjamin Hull

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid Officer Benjamin Hull to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this **18** day of December, 2020.



Notary Public

My Commission Expires: **Feb. 28, 2023**
My Registration No. **Feb. 28, 2023** # 7607406

J.A. 42

Exhibit 5

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,          :
                                  :
                Plaintiff,      :
                                  :     Civil Action No. 1:20:cv464
v.                             :
                                  :
R. WHITAKER, et al.,           :
                                  :
                Defendants.    :

**AFFIDAVIT OF DERRICK BROWN**

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, VIRGINIA, to-wit:

Derrick Brown, being first duly sworn upon oath, deposes and states as follows:

1. At all times relevant to plaintiff's Complaint, and for 15 years, I have been employed by the Hampton Roads Regional Jail Authority as a jail officer at the Hampton Roads Regional Jail ("HRRJ").

2. I received my jail officer certification from the Virginia Dept. of Criminal Justice Services in 2006

3. I base this affidavit on personal knowledge and on records maintained at the HRRJ in the ordinary and regular course of business.

4. The first time I met or had any contact with plaintiff was on the morning of February 8, 2018. I was assisting inmates with showers and plaintiff was speaking gibberish to himself and getting angry. I walked away.

5. Later that day, I was in the office with Officer Whitaker doing paperwork when Officer Johnson ran in, pleading for help. Officer Johnson and Officer Hunter were escorting plaintiff from the medical department to his cell, Housing Unit 3, pod 1, when he sat

down on the floor and refused to move.

6. I found plaintiff on the floor, where he refusing to comply with orders to walk and refusing to talk. He continued to refuse my orders.

7. When it was apparent the officers could not stand him up, I asked Officers Hull and Whitaker to pick him up and carry him to the pod.

8. As they approached the door to the pod, plaintiff began to kick and squirm, so the officers lowered him to the floor, and regained control.

9. I then asked Officer Hunter to get leg shackles. After they were put on, officers walked plaintiff to the pod.

10. Officer Whitaker and I then took plaintiff to the medical department, where he asked to speak with a nurse in private.

11. When the nurse released plaintiff from medical, we escorted him from the medical department to Housing Unit 1 pursuant to his new housing assignment.

12. I did not observe Officer Whitaker choke plaintiff as a means of gaining control.

13. I did not observe plaintiff pass out or lose consciousness.

14. I saw a wet spot on plaintiff's pants, but did not observe a puddle of urine on the floor.

15. I worked well with former Officer Whitaker and never directed him to hurt an inmate.

16. At no time was I aware of or did I ignore a use of excessive force by Officer Whitaker.

17. Officer Whitaker acted reasonably in lowering plaintiff to the ground and gaining control of a combative inmate.

Further affiant sayeth not.

DERRICK BROWN

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid Derrick Brown, to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this ꒰1 day of December, 2020.

April Brumley
Notary Public

My Commission Expires: 3 - 31 - 23
My Registration No. 7661256

APRIL LYNETTE BRUMLEY
NOTARY PUBLIC
REG. #7661256
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MARCH 31, 2023

J.A. 45

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,                    :
                                            :
                 Plaintiff,           :
                                            :     Civil Action No. 1:20:cv464
v.                                          :
                                            :
R. WHITAKER, et al.,                        :
                                            :
                 Defendants.          :

**PLACEHOLDER FOR Exhibit 4 - Video**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,               :
                                       :
                    Plaintiff,         :
                                       :          Civil Action No. 1:20:cv464
v.                                     :
                                       :
R. WHITAKER, et al.,                   :
                                       :
                    Defendants.        :

**AFFIDAVIT OF PAMELA WESTBROOK**

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, to-wit:

Pamela Westbrook, being first duly sworn upon oath, deposes and states as follows:

1.     At all relevant times I was employed by WellPath as a health service administrator.

2.     I base this Affidavit on personal knowledge and on records maintained in the ordinary and regular course of business.

3.     The records attached to this Motion are true, correct, and genuine copies of records created and/or maintained at the Hampton Roads Regional Jail ("HRRJ").

4.     There is no record of any medical treatment having been rendered to plaintiff on February 8, 2019, other than his visit prior to the alleged incident.

Further affiant sayeth not.

_Pamela Westmace. HSA_
PAMELA WESTBROOK

J.A. 47

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid, PAMELA WESTBROOK to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this 12 day of December, 2020.

_____
Notary Public

My Commission Expires: 09/30/2023
My Registration No.: 7833316

KELLY RENEE' JOYNER
NOTARY
PUBLIC
REG. #7833316
MY COMMISSION
EXPIRES
SEPT. 30, 2023
COMMONWEALTH OF VIRGINIA

J.A. 48

Hampton Roads Regional Jail, VA
**Hampton Roads Regional Jail**
2690 Elmhurst Lane
Portsmouth`, VA23701

**Progress Notes**



| Patient Name | Patient Number | Booking Number | Birth Date | Date Of Service |
|---|---|---|---|---|
| **JOHNNIE R SIMMONS** | **0043692** | **0043692-001** | **1966** | **2/11/2019** |

Orders:

| Medication | Dose | Schedule | Start Date | End Date |
|---|---|---|---|---|
| Keppra (Levetiracetam) 500 mg tablet | 3.00 tablet | HRRJ: BID AM & PM | 1/15/2019 8:00:00 PM | 2/14/2019 7:59:00 PM |
| naproxen 500 mg tablet | 1.00 tablet | HRRJ: BID AM & PM | 2/1/2019 11:05:15 AM | 5/2/2019 11:04:15 AM |
| Dilantin Extended (Phenytoin Sodium Extended) 100 mg capsule | 3.00 capsule | HRRJ: Q PM | 2/4/2019 8:00:00 PM | 8/3/2019 7:59:00 PM |
| Keppra (Levetiracetam) 500 mg tablet | 3.00 tablet | HRRJ: BID AM & PM | 2/14/2019 8:00:00 PM | 6/14/2019 7:59:00 PM |

*Patient Problems:*

| Observed Date | Category | Type | Problem | Confirmed By |
|---|---|---|---|---|
| 01-15-2019 | Acute | Supplementary | Personal history of traumatic brain injury | |
| 01-15-2019 | Acute | Infectious Disease | Herpesviral infection, unspecified | |
| 01-15-2019 | Chronic | Neuro | Epilepsy, unsp, not intractable, with status epilepticus | |
| 01-15-2019 | Chronic | Neuro | Migraine, unsp, not intractable, without status migrainosus | |

*Patient Allergies:*

| Observed Date | Type | Allergy | Reaction |
|---|---|---|---|
| 01-15-2019 | Allergy Items | No Known Allergies | |

☐ **Vital Signs Taken**

*Patient Vitals:*

| Observed Date | BP | Pulse | Resp | Temp | Pulse Ox | Weight | BMI | PF#1 | PF#2 | PF#3 | Waist |
|---|---|---|---|---|---|---|---|---|---|---|---|

---

**Notes / History:**     ⦿ *Free Text* ○ *SOAPE*

Added 02/11/2019 02:10 PM EST by KTabb RN

*Mr.Simmons seen in sick call in response to two sick call slips containing concerns about orthopedic issues and anti-seizure medication medications. Observed Mr.Simmons arise from bunk and walk to door. Ambulation is steady and there is no need for an assistive device. Discussed with Mr.Simmons the need to notify medication nurse if he wanted "as needed" medication. Urged to take anti-inflammatory more frequent*

**Hampton Roads Regional Jail, VA**
**Hampton Roads Regional Jail**
**2690 Elmhurst Lane**
**Portsmouth`, VA23701**

**Progress Notes**



| Patient Name | Patient Number | Booking Number | Birth Date | Date Of Service |
|---|---|---|---|---|
| JOHNNIE R SIMMONS | 0043692 | 0043692-001 | 966 | 2/11/2019 |

Orders:
Ambulation is steady and there is no need for an assistive device. Discussed with Mr. Simmons the need to notify medication nurse if he wanted "as needed" medication. Urged to take anti-inflammatory more frequent for back and knee pain. Patient reports trouble swallowing. There is a area of slight swelling and tenderness on right side of neck. According to officer log, patient had conflict on 02/08 and entered segregation. Patient is not in respiratory distress and voice has not been affected.

J.A. 50

*Thanks for helping But I Need Equipment The Walmart Beating took my Legs. You Are Still Denying me my Seizure meds Because mi Dosage is 2000 Keppra twice A Day*

*and 400mg Dilantin Now yall officers Tried to Kill me in A physical manner Yesterday.*

## CCS
**CORRECT CARE SOLUTIONS**

### HEALTHCARE REQUEST
SOLICITUD DE SERVICIO DE SALUD

**RECEIVED**
Date: 2-9-19
Initials: AB
Time: 2100

Name (Nombre): **JOHNNIE R. Simmons**   DOB (Fecha de nacimiento): **66**

*That police Beating on thanks giving and your Denia*

ID # (N° de identificación): **0043692**   Living Unit (Unidad): **C-4**

☑ Medical (Medico)   ☐ Behavioral Health (Salud Mental)   ☐ Dental (Dental)   ☐ Other

*is the worst seems yall working with them in N.*

Nature of problem or Request (be specific)   Naturaleza del problema o solicitud (sea específico)

*Neck + Throat pain and my feet and knees are Swollen and pain is getting worse I was Choked till I passed out and urinated yesterday My Adams Apple feels like it's Been Crushed and it's sore, I'm requesting to go to Hosp*

I consent to be treated by Health Care Staff for the condition described. I understand that the facility may charge me for some of these services and may deduct it from my account during this current or future stays in the facility. I understand that I will receive health care regardless of my ability to pay. *May I go to the Hospital please. Shelby police ll*

Doy mi consentimiento para ser tratado por el personal de atención de salud para las condiciones descritas. Entiendo que la instalación me puede cobrar por algunos de estos servicios y pueden descontarlo de mi cuenta durante esta o futuras estancias. Entiendo que voy a recibir atención médica, independientemente de mi capacidad de pago. *Mt B.A.B*

Patient Signature (Firma del Paciente): *Johnnie Simmons*   Date (Fecha): 1/

*This is a confidential document and should only be placed in a designated area, medical box or given directly to medical staff.*
*Este es un documento confidencial y sólo debe ser colocado en un área designada, caja médica o entregada directamente al personal médico.*

### DO NOT WRITE BELOW THIS LINE

#### (TO BE COMPLETED BY TRIAGING STAFF)

| TRIAGE: | ☐ Emergent | ☐ Urgent | ☒ Routine | Triage Date: 2/16/19 | Initials: CB | Time: 04F |

**INITIAL:** ☒ Sick Call   ☐ Nurse   ☐ HCP   ☐ Dentist   ☐ Behavioral Health   ☐ Eye Doctor   ☐ Other _____

#### (TO BE COMPLETED BY HEALTHCARE STAFF)

☑ Patient seen (if applicable)   ☐ Patient outside of facility (hospital, court, etc.), reschedule upon return
☐ Response sent to patient (if applicable)   ☐ Patient refused, Refusal Form complete
☐ Patient released from custody   Fee Charge   ☐ No   ☐ Yes, Amount $ _____

**RESPONSE TO PATIENT / COMMENTS** _____

*NOTE: Treatment information should not be noted above but should be documented on the appropriate treatment form(s)*

Staff Signature: _____   Date: 02/16/19

Form Number: SC001UN000ACCBI102413   2-Part Form   Page 1 of 1



RECEIVED
MAILROOM

JAN - 6 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA VIRGINIA

Virginia Beach        Suffolk        Chesapeake        www.pendercoward.com

December 30, 2020

Jeff W. Rosen, Esq.
jrosen@pendercoward.com
Direct dial: (757) 490-6253
Direct fax: (757) 502-7351
222 Central Park Ave., Suite 400
Virginia Beach, VA 23462

**VIA UPS**
Fernando Galindo, Clerk of Court
United States District Court
Eastern District of Virginia – Alexandria
401 Courthouse Square
Alexandria, VA  22314-5798

   RE: <u>Johnnie R. Simmons, Jr. v. R. Whitaker, et al.</u>
      Civil Action No. 1:20cv464

Dear Mr. Galindo:

   Enclosed please find a DVD containing the video included as Exhibit 4 to Defendant Derrick Brown's *Memorandum of Law in Support of Motion for Summary Judgment*.

   Thanking you, I am

         Very truly yours,

         PENDER & COWARD, P.C.

         *Jeff W. Rosen*

         Jeff W. Rosen

JWR/lmc
Enc.
cc: Johnnie R. Simmons, Jr.  (via UPS)
   Lt. Col. Jeffery Vergakis, Supt.
   Off. D. Brown
   DRM (IN73657-001) CJ

https://www.campusship.ups.com/cship/create?ActionOriginPair=default___PrintWindowPage&key=label/Window&type=html&loc=en_US&instr=A&do... 1/1

12/30/2020                                                                                          UPS CampusShip | UPS - United States

**UPS CampusShip: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.
   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   Hand the package to any UPS driver in your area.

FOLD HERE

---

LISA COX
757-4903000 456
PENDER & COWARD
222 CENTRAL PARK AVE.
VIRGINIA BEACH  VA 23462

**1 LBS**                    **1 OF 1**

**SHIP TO:**
FERNANDO GALINDO, CLERK OF COURT
703-299-2101
CLERK-UNITED STATES DISTRICT COURT
401 COURTHOUSE SQUARE
EASTERN DISTRICT OF VA - ALEXANDRIA
**ALEXANDRIA  VA  22314-5701**

**VA 222 9-30**

**UPS GROUND**
TRACKING #: 1Z 281 074 03 9027 8249

BILLING: P/P

Matter #: 201358

CS 22.0.12.    WN7.NV50 39.0A 11/2020*

---

UPS Access Point™
MICHAELS STORE # 2203
304 CONSTITUTION DR
VIRGINIA BEACH, VA 23462

UPS Access Point™
VAVAB-LOCKR-7-11 #10811
325 KELLAM RD
VIRGINIA BEACH, VA 23462

UPS Access Point™
THE UPS STORE
4001 VIRGINIA BEACH BLVD
VIRGINIA BEACH, VA 23462

J.A. 53

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,          :
                                  :
                 Plaintiff,        :
                                  :         Civil Action No. 1:20:cv464
v.                              :
                                  :
R. WHITAKER, et al.,            :
                                  :
                 Defendants.     :

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Sgt. Derrick Brown, by counsel, hereby replies to plaintiff's opposition (Doc. 37) to his Motion for Summary Judgment.

First, plaintiff has failed to deny Sgt. Brown's Statement of Undisputed Facts pursuant to the requirements of Local Rule 56 (B) of the United States District Court for the Eastern District of Virginia:

> Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

E.D. Va. Local Civ. R. 56(B).

Plaintiff's opposition does not "include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing

the parts of the record relied on to support the facts alleged to be in dispute." Rather, plaintiff claims, without an iota of support, that Lt. Phillips at Hampton Roads Regional Jail ("HRRJ"), and Det. Thomas of the Portsmouth Police Dept., reviewed a tape showing his being choked by Officer Whitaker, expressed their dismay, and that speaking with these individuals will prove his case. Because plaintiff has failed to identify which facts established by Sgt. Brown are disputed, all facts "identified by [Sgt. Brown] are, therefore, admitted" for the purpose of "determining the motion for summary judgment."

Second, as Lt. Phillips attests in his affidavit, attached hereto as Ex. 1, the videotape attached to Sgt. Brown's Memorandum of Law in Support of Motion for Summary Judgment (Doc. 34-4), is the only videotape of the subject incident that was at any time, or currently is, in the possession of HRRJ. The videotape does not show that plaintiff was choked. Rather, upon viewing, and as set forth in Sgt. Brown's summary judgment motion, the videotape shows plaintiff flailing and kicking and, in just moments, being brought to the floor, shackled, stood up, and walked into the housing pod. The record also establishes that none of the other officers present observed Officer Whitaker choking plaintiff, and that following the incident plaintiff was taken to medical and spoke with a nurse, but did not receive any medical care or treatment.

Lastly, Lt. Phillips attests that he recalls when plaintiff approached him about this incident, Lt. Phillips followed the same procedure he employs when any inmate complains about a use of force. Lt. Phillips informs the inmate that he will follow up on the complaint, retrieve any videotape available, investigate if necessary, and will send the inmate a felony warrant form to fill out if he so chooses. Lt. Phillips does not opine to the inmate regarding the merits of a complaint. *See* Ex. 1.

For these reasons and those set forth in his Motion for Summary Judgment, defendant Sgt. Derrick Brown, by counsel, respectfully requests this Honorable Court to grant summary judgment in his favor and to dismiss plaintiff's claims, with prejudice.

DERRICK BROWN

By: _____/s/_____
                    Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar No. 22689
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax:    (757) 497-1914
jrosen@pendercoward.com
*Counsel for Brown*

Lisa Ehrich, Esquire
Virginia Bar No. 32205
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax:    (757) 497-1914
lehrich@pendercoward.com
*Counsel for Brown*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2021, I will electronically file the foregoing *Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system and will mail the document by U.S. Mail to the following non-filing user:

Johnnie R. Simmons, Jr.
Inmate No. 43692
Hampton Roads Regional Jail
P. O. Box 7609
Portsmouth, VA   23707
*Pro Se*

---

J.A. 56

_____/s/_____
Jeff W. Rosen, Esquire (VSB #22689)
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax:    (757) 497-1914
jrosen@pendercoward.com
*Counsel for Brown*

J.A. 57

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,                        :
                                                :
                            Plaintiff,          :
                                                :            Civil Action No. 1:20:cv464
v.                                              :
                                                :
R. WHITAKER, et al.,                            :
                                                :
                            Defendants.          :

## AFFIDAVIT OF LT. STEPHEN PHILLIPS

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, VIRGINIA, to-wit:

Lt. Stephen Phillips being first duly sworn upon oath, deposes and states as follows:

1.      At all times relevant to plaintiff's Complaint, I have been employed by the Hampton Roads Regional Jail Authority as a jail officer at the Hampton Roads Regional Jail ("HRRJ").

2.      At all times relevant to plaintiff's Complaint, I was in charge of Internal Affairs at HRRJ.

3.      I base this affidavit on personal knowledge and on records maintained at HRRJ in the ordinary and regular course of business.

4.      The videotape attached to Sgt. Brown's Memorandum of Law in Support of Motion for Summary Judgment is the only videotape of the subject incident that was at any time, or currently is, in the possession of HRRJ.

5.      When plaintiff approached me about this alleged incident, I followed the same procedure I employ when any inmate complains about a use of force.

6.      I inform the inmate that I will follow up on the complaint, retrieve any videotape available, investigate if necessary, and will send the inmate a felony warrant form to fill out if he so chooses.

7.      I do not opine to the inmate regarding the merits of a complaint.

Further affiant sayeth not.

_LT. Steph Phillips_
Lt. Stephen Phillips

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid Lt. Stephen Phillips, to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this 15th day of January, 2021.

Notary Public

ASIA MONIQUE WYNN
NOTARY PUBLIC
REG. # 7756492
MY COMMISSION EXPIRES
July 31, 2021
COMMONWEALTH OF VIRGINIA

My Commission Expires: July 31, 2021
My Registration No. 7756492

J.A. 59

IN THE UNITED STATES DISTRICT
Eastern District of Virginia Court
Alexandria Division

FILED
MAILROOM

JAN 27 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Johnnie R. Simmons Jr.
        Plaintiff
V                           Civil Action 1:20-CV464
R. Whitaker et. al.
        Defendants


                Affidavit of Johnnie R. Simmons Jr.
Commonwealth of Virginia City of Portsmouth
    Plaintiff Johnnie Simmons Jr. Sworn Under
Oath and Penalty of Perjury States the
Following

1, I was incarcerated at Hampton Roads Regio
-nal Jail On February 8th 2019 When Officer
Johnson came to escort me to Medical to
Get an EKG,

2, Before Officer Johnson came in Officer
Brown who was Sgt. Brown Before being
Demoted Because of the Choking incident
that Defendants are Denying Occurred
and Former M.J.O. Whitaker who was forc-
ed to Resign or fired Because of The Choking
came in and Sat at the table to Give Showers.

3, I Said at that time Jokingly "Oh Lord I'm
Going To Die Today" Not Knowing that

Case 1:20-cv-00464-MSN-IDD   Document 51   Filed 01/27/21   Page 2 of 6 PageID# 228

I would almost speak my Death into Existence, But knowing they were Dangerous and didn't like me Because I had Recently told them they should Be ashamed of themselves for their actions of violence.

4. As they Began Doing showers officer Johnson (a young Brown skinned woman) came in the pod Handcuffed me and took me to medical as we walked Down the Hall I told Her That I didn't want to go Back in There they were spitting in my food The Guy said "How That spit taste" She said "OH LoRd".

5. As we were Leaving Medical walking up the Hall me and officer Johnson saw Brown and Whitaker coming toward us and they turned and started walking Back with officer Brown and I.

5. As the four of us were walking I told The Men officers Brown & Whitaker About The food server and I wanted to Be moved Anywhere else please. They said No.

6. When we got By the Booth I sat Down on the floor and I said please Don't Put me in There pick a whole anywhere

Pg 3 of 12

But there The Guys are spitting in my Food. Brown Said "You Don't Dictate Nothing Hell Help us out for a minute" He Turned To The other officer and asked Him To Help Him and R. Whitaker as The Three of them picked me up and carried me Through The air. I did not Resist and Out of The Clear Blue Sky Whitaker Took me To the floor and put me in a Choke Hold With His Huge Bicep on my Throat. I Was only 155lbs.

7. As officer Whitaker was Choking me They all Stood and Watched I tried to Say I Can't Breathe and He applied more Pressure. So much Pressure I Could Not Speak and as He Choked me He Said "Are You Going To Comply?" I Couldn't Speak I thought I'm gonna die and this is going to Be on the News I'm going to Die in Jail He Was Still Choking me as I Saw Eric Garner, Gwen Carr His mother and His Daughter Erica Garner and as He Was Still Choking me I Thought Wow! my Daughters are going To See This on the

J.A. 62

News and Go Through what Eric Garners Doughters Went through and as He was Still choking me No one Tried to Stop Him or Say anything He's Huge like L.L. Cool J. I couldn't do anything I teared up and The next thing I Remember was looking arouns Waking up Wondering Where I was.

8. When I Saw the floor wet and felt myself wet I Remembered But, I first was looking around Saying to myself I'm in Jail. Then I Remembered He choked me and I Saw Them all Standing Over and around me and I Heard Brown ask Whitaker "What You Do That For" In a tone like Saying it Was No Reason For that! M.J.o. Whitaker Replied to D. Brown " When We were Carr-Ying Him He let His legs Hang Down" Not He Kicked me or He was Kicking! I Never Kicked and No one Never Ran in No office to Get Nobody, They Stood me up and Walked me to the Cell and Put me inside.

9. I Do Not Recall any leg Irons Being placed on me, I Recall The two ladie

J.A. 63

Officers laughing and JOHNSON gave the other Officer a High Five Saying He CHoked The Piss outta That Nigga! They were Very impressed By the unnecessary aBuse and Cruelty inflicted upon me and at No time Did I Kick He had No Reason to CHoke me and I was Handcuffed, defenseless.

10. As they put me in the cell I saw a Tray of Food Had Been placed in there I Didn't eat they came immediately Back and Roughly Rush walked me to medical.

11. When I got to medical The Nurse was There I asked to speak to Her in private. She Said What's up I Said They CHoked me I want to get an X-Ray ON my Neck please. She Refused and Denied me Treatment She Said "He's alright" I Said "No I'm Not my Neck and my Back Hurt they Just Tried to Kill me". She Said "ain't Nothing Wrong with You He look fine to me"

11. They walked me Back to the cell Put me in. I Said yall Gonna pay for that you Could Have Killed me.

12. They came Back 5 minutes later and

Pg.
6 of 12

Moved me To another unit Which Was All I was asking initially and it Defeated the Purpose of The unnecessary CHoking, I Imagine They Wanted to get me away from anyone who Had seen What Transpired, To make sure There weren't Any Witnesses.

12. They all lied in Their Sworn Statements They all stood and watched Him Choke me as I saw my life Flash Before me and I foun-D out That it Was A luxury in Being ABle To utter The Words "I can't Breathe" Because it Was Totally impossible for me To Get even the "I" out of my mouth.

13. M.J.O. WHitaker is Very Muscular like a Wrestler Tony Atlas or Ric Flair. SGT. Brown immediately asked for an explanation asking Whitaker when I Awoke why did He do that.

14. A couple months Ago I told Officer Brown That I Know That CHoking Was Whitakers Doing and He didn't Tell Him To Do it and I Would Hate To see Him Prosecuted So I told Him if it ever Goes To court for Criminal CHarges

RECEIVED
MAILROOM

JAN 2 7 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA VIRGINIA

Pages 1-6 is part 1 of affidavit
Notarized copy. To ensure it
exceed weight limit it's been sent
in two separate envelopes to try to
make sure it's not sent back. apologies
for any inconveniences. Thank you, J.S.

Johnnie R. Simmons
Pro se
Hampton Regional Jail
P.O. Box 7609
Portsmouth, VA. 23707

P.S. The Notary/Programs Dept. Made my
copies sideways and damaged printed
slanted. and promised to come back and
Disappeared for a week and of course
forwarded defendants a copy of my
intended response sparking them to
Rush their motion Quickly. on 1-15-
-21. Notice please Lt. Phillips Didn't say He
didn't see choking. He     Johnnie Simmons
gave the tape to police and was mad
when He saw me strangled nearly till
Death. Integrity is Everything. But, peop
-e Have to feed their families I guess.



John Wane
U.S.P. Big Sandy
PO Box 2068
Inez, Kentucky 41224

RICHMOND VA 230

22 JAN 2021   PM 1  L

US DISTRICT Court
United States District Court
For Eastern District of Virginia
Albert V. Bryan Courthouse
401 Courthouse Square
Alexandria, Virginia 22314

22314-599999

JAIL INMATE

Confidential legal mail

**HAMPTON ROADS REGIONAL JAIL**
**CONTENTS HAVE NOT BEEN**
**CENSORED OR INSPECTED**

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2019

FSC
MIX
Envelope
FSC® C137153

RECEIVED
MAILROOM

FEB -4 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Pages 7-12 is part 2 of Affidavit
Notarized copy To ensure it Doesn't
exceed weight limit It's Been Sent
in Two envelopes, apologies, J.S.

Johnnie Simmons
Pro Se
Hampton Regional Jail
P.O. Box 7669
Portsmouth, VA, 23707

Judge Ellis, The People in this case your
Honor Has Their Jobs on the line and I
Guess it's Tell a lie OR feed your kids
Integrity is Everything. They were Coerced
and Backs are against the wall. They Saw
this Happen. I Can't view The tape But I
Know I was Strangled & They were Demoted
and Resigned and Lt.Phillips gave it (The Tape)
to police. Det. Thomas is The Best Witness
and as I Told magistrate Mandy Owens
last week Now we get To see if Detective
Thomas is A man of Integrity Like He Told
me He was. I See Lt. Phillips only lied about
what he told me He knows He Said write every-
Ything that Happen This was Att. murder John Simmons

J.A. 69

That I Would Speak up For Him or I might not go to court Because I Heard Him ask Whitaker "What Did you Do that For" I asked "They can't make me come to court can they?" He Said "No" And He Thanked me in Response To understanding it was Not Him and vowing To tell the court if it ever went to criminal court.

14. I Didn't see it Coming That they Would Try to Deny The Choking even took place.

15. I Reported the incident to Lieutenant Phillips Of Hampton Roads Regional Jails' Internal Affairs and He pulled The tape Viewed it and appeared to Be very Angry He Said "it was totally unnecessary" I "Didn't do anything But sit on the floor"

15. Lt. Phillips Of Internal Affairs Sent me a Felony Warrant and told me to write on it Everything that Happened and attach extra paper If I Needed to.

16. I was afraid People Were Saying I wouldN't make it out Alive. Some officers made Threats like yeah I'll choke Your A Like Whitaker and That He'd

(Whitaker) Be Back and I needed to let that shit go, M.J.O. Whitaker must Have Been Suspended or Something Before he Resigned or Relocated Because of the Choking incident that Nearly ended my life and in Unicinie Sgt. D. Brown was Demoted to Officer Brown as He Still is today He Just Came By 2 days ago and Changed the laundry and gave me a New Towel and A Washcloth.

17. Defendants Counsel are using the Conflicting Stories strategy to Try to Get it to apply to the law of Summary Judgement. There are two different Stories But the defendants are lying intentionally and all Have identical Coerced Stories and are afraid of losing Their Jobs and are catering to their Employer and Counsel, I am Unable to see the defendants doctored Version of the tape.

18. The Video Tape of the incident/Choking Was Obtained By portsmouths police Dept. and The Detective Thomas Called me in for An interview after my Release About and specifically about the Choking

Case 1:20-cv-00464-MSN-IDD   Document 56   Filed 02/04/21   Page 4 of 7 PageID# 254

incident that He Saw on Tape which He
Received From Hampton Roads Regional Jails
Internal Affairs Department and Detective
Thomas Was Very Upset about the Viewing of
The Choking incident That Did Occur.

19. Portsmouth's Magistrate Mandy Owens
Had me file a Report about the Strangulat
-ion as she calls it and Portsmouths police
took that Report after my July 20 or 22nd
Release in 2019.

20. Detective Thomas Told Mandy Owens last
Week The case of the Strangulation is still
Under investigation But He did Review it
It Did Happen and He Vowed They all Were
Going To Be Charged With Attempted
Murder Saying "OH Yes! OH Yes! They
are Going To Be Charged No one Should
Be Done That Way Just Because They Are
An Inmate.

21. The interview Was At Portsmouths
Criminal Investigators Unit.

22. Defendants Tell Their Story But Never
Say anything about the Choking But Say They
We Re There From Beginning until I Was

Walked into The cell,

23, MRS, Pamela westBRook of wellpath Has
No Record of me having medical Services
Rendered on the day of the Choking incident
Because when Brown and Whitaker Took me to
Medical I was Brushed off and denied medical
Treatment/Care,

24, Defendants State that On FeBRuary 11th I
Was Seen by medical and The Nurse Noted
Slight swelling and Tenderness on the Right
Side of my Neck Related to the incident on
February 8th But I was Not in Distress an No
Treatment was Provided, This is in fact an adm-
ission of Guilt and a Contradictory Statement
Which acknowledges That there was a Neck
injury on FeBRuary 8, 2019,

25, I asked for an X-Ray on FeB 8, 2019
I was Denied and Every Time I Went to
Medical after the incident or was Seen
By a Nurse They would Not Treat me for
my Neck or would Change The Subject
or BRush me off any Time I Brought up
the Choking incident Which Hurt my neck
Throat and upper Back,

26. I had a PRIOR injury in N.C. For my lower Back when I was Beaten at Wal-mart For falsely Being accused and they were friled mistaken me for Stealing, On the medical Sheet The "C" is Not There But I was speaking of 2 incidents the Choking in H.R.R.J. And Shelby Police @ Wal-mart in N.C.

27. I was in medical one Day and Toll a Super-Visor mrs. Greene about my Neck and Being Choked and my adams apple I Wanted an X-Ray She said "Sure" She got me an X-Ray But they Never called me for the Results or Viewing They claimed it was Because it must Have Been O.K. That's why they didn't call me Back But anytime I Brought it up they'd ignore me OR Change the Subject or say "You're alright."

28. This is the Truth They Have Rehearsed Coerced lies fearing their Jobs Security and They all witnessed The Choking and Everyone at the Jail Knew About it and This is what Created The Officers demise Somewhat at the same time, That is Not Coincidental.

29. Plaintiff asks The Court that this Survives The motion For Summary Judgement and This Claim is Not Dismissed.

Pg,
1 2of 12   Detective Thomas of Portsmouth P.D. is
the Neutral and most    Robbie R. Richmond Jr.
ValuaBle witNess that    Pro Se litigaNt
Saw The choking onTape. Lt. pHillips Saw it too.
This day personally appeared Before me, the
uNdersiged Notary PaBlic in and for the County/
City and State aforesaid ProSe litigaNt JohNNie
R. Simmons Jr, To me KNowN to Be the persoN
Named Herein, who after Being duly Sworn,
deposed and said that the facts Contained iN
the foregoing instrument are True and CorreCt

Sworn and SubscriBed to Before me this 15
day of JaNuary, 2021.

J.A. 75

John Minni
H.R.R.J. P.O. Box 7609
Portsmouth, VA, 23707

22 JAN 2021 PM 5 L

RICHMOND VA 230

United States District Court
Eastern District of Virginia
Alexandria, Virginia 22314
Hon. Judge _____

Confidential Legal Mail

HAMPTON ROADS REGIONAL JAIL
CONTENTS HAVE NOT BEEN
CENSORED OR INSPECTED

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT.   © USPS 2019

*Amended Complaint*



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**COMPLAINT UNDER 28 U.S.C. § 1331 or
BIVENS V. SIX UNKNOWN NAMED AGENTS**

**Action Number** *Civ. 1:20cv 464*
*(To be supplied by the Clerk, U.S. District Court)*

*$450,000*

Please fill out this Complaint completely.   The Court needs the information requested in order to assure that your Complaint is processed as quickly as possible and that all your claims are addressed.   Please print/write legibly or type.

*Jury Trial Demanded*

**I.   PARTIES**

A.   Plaintiff:

1.   (a) *JoHNNiE R. Simmons JR,*   (b) *43692*
     *(Name)*                        *(Inmate Number)*

     (c) *P.O. Box 7609*
     *(Address)*
     *PoRtsmouth, ViRginia 23707*
     *(City, State, Zip)*

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release.  If Plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under color of federal law are proper defendants under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Private parties such as attorneys and other inmates may not be sued under Bivens. In addition, liability under Bivens requires personal action by the defendant that caused you harm.  Normally, the Director of the Bureau of Prisons and wardens are not liable just because they supervise persons who may have violated your rights.  In addition, prisons and departments within an institution are not persons under Bivens.**

B.   Defendant(s):

1.   (a) *DeRRiCK BROWN*   (b) *OFFicer BRown*
     *(Name)*                *(Title/Job Description)*

     (c) *2690 Elmhurst Lane*
     *(Address)*
     *PoRtsmouth, VA. 23704*
     *(City, State, Zip)*

Page **2** of **6**

J.A. 78

2.      (a) Benjamin Hull          (b) OFFiceR B. Hull
            *(Name)*                     *(Title/Job Description)*

        (c) 2690 ElmHurst Lane
            *(Address)*
            Portsmouth, VA, 23707
            *(City, State, Zip)*

3.      (a) R. Whitaker            (b) FORMER OFF. R. Whitaker
            *(Name)*                     *(Title/Job Description)*

        (c) UNKNOWN
            *(Address)*
            UNKNOWN
            *(City, State, Zip)*

If there are additional defendants, please list them on a separate sheet of paper.   Provide all
identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve
the complaint. If plaintiff does not provide a physical address for a defendant, that person
may be dismissed as a party to this action.**

## II.   PREVIOUS LAWSUITS

A.   Have you ever begun other lawsuits in any state or federal court relating to your
     imprisonment?

                                          Yes ☑    No ☐

B.   If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or
     closed, in the space below.   If there is more than one lawsuit, you must describe each lawsuit on
     another sheet of paper, using the same outline, and attach hereto.

     1.   Parties to previous lawsuit:

          Plaintiff(s) DR. DAle MORENO, N.P. JeNNifeR Hodge
          JOHNNIE R. SiMMONS JR.

          Defendant(s) DR. DAle MORENO, N.P. JeNNifeR Hodge


     2.   Court (if federal court, name the district; if state court, name the county):
          U.S. DiStRict COURt / EASteRN Alexandria Div.

     3.   Date lawsuit filed: Amended Complaint 3/8/21
                              ORiginal Complaint 2020

                                                        Page **3** of 6

4.    Docket number: 1:20 CV 52D

5.    Name of Judge to whom case was assigned: Hon. Judge T.S. Ellis III

6.    Disposition (Was case dismissed? Appealed? Is it still pending?  What relief was granted, if any?): Pending

7.    Date of disposition: N/A

## III.  GRIEVANCE PROCEDURE

A.  At what institution did the events concerning your current complaint take place?
Hampton Roads Regional Jail

B.  Does the institution listed in "A" have a grievance procedure?
Inadequate Grievance procedure, Refuses to give Yes ☑   No ☐
forms,

C.  If your answer to "B" is YES:

1.    Did you file a grievance based on this complaint?    Yes ☐   No ☑

2.    If so, where and when: Wouldn't give forms only complaint forms.

3.    What was the result? I was Released 2 weeks after Incident.

4.    Did you appeal? Only Reported to Internal affairs Yes ☐   No ☑
and filed complaints then was Released

5.    Result of appeal: N/A

D.  If there was no prison grievance procedure in the institution, did you complain to the prison authorities?
Yes ☑   No ☐

1.    If your answer is "Yes", what steps did you take? I Reported to Internal affairs who told me to wait until Release and I filed Jail Complaint forms awaiting Grievances that were not given.

2.    If your answer is "No", explain why you did not submit your complaint to the prison authorities: I'm now Hearing That officer D. Brown Was Not demoted He's Just Not wearing a Sgt. Uniform, Changed duties, until this is over, In that case if they have not even reprimanded him maybe R. Whitaker will "Be Back", I should sue H.R.R.J. in official capacity I guess.

Page 4 of 6

① IN THE UNITED STATES OF VIRGINIA FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
MAILROOM
MAR 31 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

JOHNNIE R. SIMMONS JR.
        Plaintiff

VS.

R. WHITAKER et. al.
        Defendants.

Civil Action No. 1:20 CV 464 (TSE/MSN)
Jury Trial Demanded

## I. AMENDED COMPLAINT FROM PLAINTIFF

Plaintiff JOHNNIE R. SIMMONS JR. PRO'se Litigant For His Amend
= ed Complaint against Defendants R. Whitaker, Derrick Brown,
And Benjamin Hull. These Officers Are or/Was At the Time of
The incident All CORRECTIONAL Officers At/of Hampton Roads
Regional Jail located in the City of PORTSmouth in the State of
Virginia at 2690 Elmhurst Lane 23704. JOHNNIE R. Simmons Had
The Courts U.S. Marshalls Serve H.R.R.J. employee Officer Brown
Who Was Demoted From Sgt. D. BROWN after the incident in UNICINE
With FORMER M.J.O. R. Whitaker Co-defendant Who Was Forced
into Resignation to Save His 401K plan after The incident who
U.S. Marshalls Were Unable To locate for Service and is in
Hiding. Plaintiff ASKS That Officer Benjamin Hull of Hampton
Roads Regional Jail Who Directly participated in the incident
Be Served and Co-defendant R. Whitaker Be located and Serv-
ed.

J.A. 81

Plaintiff amends the complaint and adds more Realism as well as Constitutional Rights That Were Violated By Defendants DeRRick BRO-WN, R. WHiTaKer, and Benjamin Hull among Others, Plaintiff in this amended complaint Unlike the Original Complaint States Damages With more understanding, as Well as capacities, Plaintiff States A pRayer For Relief Of monetary damages For No less than $450,000. Also, Plaint-iff Seeks Relief From Defendants in their individual Capacities and Does Not Have Original Complaint asks The Court to Serve Benjamin Hull at His place of WORK at Hampton Roads Regional Jail 2690 Elmhurst lane PoRtsmouth, VA. 23707. Plaintiff Would like to Notify COURt Of Defendant Hull's Retaliatory Behavior Not letting A Nurse CHeck My Temperature On 3/3/21 Saying I was making too much Noise As I Was asking Defendant BROWN Why did He lie ON A SWORN Affidavit Saying That he didn't See defendant R. Whitaker CHOke me? Officer Hull Did Not Seem to like my Questioning His Former Supervisor So made me SHow him documents to be cuffed From the FRONt Because of my Scre-ws in my Shoulders and He Still Skipped me and CHecked everyone's Temperature But my as The Nurse continued. In The amended Com-Plaint Plaintiff Will ask the Court to use logic and presumption as evidence Has Been Compromised. Defendant's Counsel Has acces-s To it's Client's Recording System and internal affairs So, if it's The Same Tape Why Did Defendant's Counsel Need To Get A Copy Of The Tape From The PortSmouth police Department instead of

From The Original and immediate Source it's Clients H.R.R.J.? and Internal Affairs Lt. Steven Phillips. If There Was No Evidence of or Recording Of A Crime or A Choking Why Was There evidence ever even Submitted To Portsmouth's Criminal Investigators Units Detective Thomas to Begin With? If all Defendants did Was Walk The Plaintiff in the Cell Why Did They take Him to medical? and Why did He have Neck injuries Reported in the log From an Altercation Entering -g Segregation on 2/8/19? See Exhibit 1+2 From Wellpath Healthcare. If Defendants counsel Didn't Need to Redact or Blacken Out Tape Why Seek evidence From Portsmouth Police? Why Didn't Defense Attorneys Release all information From the police Dept. or let police Release the information and make it's own Report? Why Didn't Defense Release and Reveal The interview With plaintiff and Det. Thomas? Finally, Why Would Have police Called plaintiff to Come and Be interviewed and open an investigation and enter Tape into evidence and Refuse to Release it labelling it as Portsmouth Polices' Property if There Was No Crime on The tape? Why Would Det. Thomas vow To File Charges? See Woodard V. Hardenfelder, 845, Supp. 960, 968 (E.d. N.Y. 1994) [Holding That leave to File an amended Complaint is only appropriate When based on the plaintiff's First Complaint, it is conceivable That An amended Complaint could State a cause of action For a violation of Civil Rights) Taken Together, These Cases mean that you should Be given the Chance to amend your Complaint With additional facts That Support Your legal claim) Plaintiff Also Alleges as follows:

## II Jurisdiction and Venue

This Court Has Jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343(3) and (4) The matter in controvery Arises under 42 U.S.C.

2. Venue properly lies in this District pursuant to 28 U.S.C. 1391(b)
   (2) because the events giving rise to this cause of action occur-
   red at Hampton Roads Regional Jail (H.R.R.J.) in Portsmouth, VA.
   which is located within the Eastern District of Virginia.

3. Plaintiff Johnnie Simmons was at H.R.R.J. from January 15, 2019
   until April, 2019 and by court order and assessment was Diagnos-
   sed and sent to Eastern State Hospital with Treatment was Releas-
   ed and Referred to mental Health with mental Disorders sent Back
   To Hampton Regional Jail on May 16, 2019 until Release on July, 2019.
   Then Re-indicted in September 2019 and Has remained until prese-
   nt time and is currently confined at H.R.R.J. Plaintiff Johnnie
   R. Simmons Jr. is and was at all times a citizen of the United Stat-
   es and A resident of Virginia born in Harlem, New York.

4. Defendant R. Whitaker was At times Relevant A Correctional Offic-
   er at Hampton Roads Regional Jail in Portsmouth VA.

5. Defendant D. Brown at Relevant time was C.O. At H.R.R.J. in Portsmouth, VA.

6. Defendant Benjamin Hull at Relevant times was a C.O. at H.R.R.J. in Ports-
   mouth Virginia.

7. Superintendent at the Time was David Hackworth assumably and
   was dismissed from H.R.R.J. Therefore Plaintiff is unsure on liability
   of superintendent as Defendant

8. The incident is mirror to The George Floyd case All Defendants are liable

9. This action arises under and is brought pursuant to 42 U.S.C.
   Section 1983 to Remedy the deprivation under the color of law,
   of Rights guaranteed under the Fifth Eighth precisely

J.A. 84

and Fourteenth Amendments to the United States Constitut
~ion, This court has Jurisdiction over this action pursuant to
28 U.S.C. Section 1331 and 1335.

10. Plaintiff JOHNNIE R. SIMMONS JR. claims for Compensatory
Relief money damages, Punitive damages, and injunctive
Relief.

11. Plaintiff's injunctive Relief are authorized by Rule 65
of The federal Rules of Civil Procedure.

12. The Cause of action arose under the Eastern District
of Virginia Therefore, Venue is proper under 28 U.S.C.
Section 1391(b).

### III Previous Lawsuits By Plaintiff

13. Plaintiff has filed no other lawsuits dealing with the same
facts, Plaintiff is Amending the same Complaint Stating New
Constitutional Violations, and Stating more Damages and Types
of Constitutional Violations that were not in the original
complaint. Plaintiff has one Other lawsuit Relating to His
imprisonment Against The Jails (H.R.R.J.) Medical Provider
Wellpath for Denial of medical attention and Cruel and unu
~ Sual Punishment. That case is Pending in U.S. District Court
Eastern District of Virginia / Alexandria Division.

### IV Exhaustion of Remedies

14. Hampton Roads Regional Jail officers were very retaliato
~ Ry after the Strangulation incident and Threats were

made as well as "mockings" Regulary. Officers like Officer Shirley a male Officer would make Comments like "I will choke your ass like Whitaker and Yeah He'll Be Back too" Telling me That defendant R. Whitaker Who Strangled me and was Being Disciplined for it at that time By The Jail along With FORMER Sgt. BROWN and Other Defendants Would Be Back to WORK after the choking. Officer Taylor Would also Say Things like "I'll Fuck you up I would choke you out like Whitaker But I'm not that Strong But, He'll Be Back though you need to let that go." They would Handcuff me tight From the Back when Transporting me Sometimes in the Jail to medical When they know I Have a Screw in each Shoulder and I'm Suppose to Be handcuffed to the FRONT and Everyone Who goes to medical is Normally Cuffed From the FRONT. They Stopped giving me Pain medication and let me Suffer and I'D Beg and Cry Because I Need a Shoulder Replacement and I had Been Just injured at Wal-mart in Shelby, N.C. Where they Slammed me on Shopping carts injuring me Because They mistakenly Thought I was Shoplifting. I was With Pat Houston Brother Ray Watson Whitney Houston's Body Guard I was Travelling Back to Virginia and Stopped to get a Money Transfer. They Would do Other Retaliatory Things like See me Having a Seizure and leave me in the Cell

J.A. 86

Or at other times they'd delay treatment and stall because of the potential lawsuit for the strangulation. An officer Freeman saw me have a seizure before and left me and I luckily came out of it. They would deny me my seizure meds for weeks until I seize and let my neck, back, shoulders, and knee pain persist so I was hurting so bad I was delu-sional and wrote medical telling them it seems like they are working with the Shelby, N.C. police they beat me at Wal-Mart I'm in pain and your officers tried to kill me in a physical manner yesterday. Your denial is the worst. Neck & throat pain. I was choked till I passed out yesterday my adams apple feels crushed and it's sore. I'm requesting to go to the hospital may I go to the hosp-ital please Shelby police hurt me bad. Shelby police hurt my lower back, knees, head, and H.R.R.J. hurt my upper back, neck and throat and caused alot of mental and emotional pain, distress, and damages. See Exhibit 1 where I wrote to CCS healthcare request at the Hampton Regional Jail and it was signed received on 2/9/19 and the triage date is 2/10/19 the incident at H.R.R.J. (choking) involving defendants R. Whitaker, D. Brown, Benjamin Hull, Melissa Hunter, and officer

JOHNSON OCCURRED ON FEBRUARY 8, 2019 (2/8/19). So, I Was ~~Basically~~ denied Medical Treatment after the incident when Defendants R. Whitaker and D. Brown TOOK me To the cell When I Became Conscious They came Back and walked me To medical Where I asked For An X-Ray Explaining OR Complai- Ning I'D Been Choked. The nurse looked at me and Said "He's O.K, He's alright" She Refused and I told Her my Throat felt crushed. See Exhibit 2 WellPath is H.R.R.J.'s Health Care Provider for inmates. Exhibit 2 shows Progress Notes Dated 3 days after the Strangulation while I Was a PreTrial Detainee. Dated 2/11/2019 Reports From Medical State Patient has Trouble swallowing, Swelling, Tenderness ON Right Side of Neck Officer log States Conflict on 2/8/19 and Entered Segregation. Exhibit 3 shows on 7/3/2019 I Was in Hospital and Medication Was administered Because the Dilantin medicine Was denied due to Retaliatory Behavior along with the threats I Was Receiving I Was Fighting for my life and in fear For my life Daily. I aRRived at Mary - View Hospital with a 0% Dilantin in my Blood as Doctors WeRe Furious Stating "They'Re TRying to Kill you" Stated By Doctor Jean-Marie Kaniyinda. SHe gave me The medic - ine Through an I.V. as I Was UNResponsive inches From Death Being Found in cell at 9:20 and Not taken to the

Hospital until Nearly 12 Noon while I was seizing and unre-sponsive in medical as they continued the Retaliatory Behavior not Doing Protocol and watching me have seizure and not even starting an I.V. an I.V. wasn't started until I was Triaged By RN Natasha Hill at approximately 12:17 as a seizure patient is combative sometimes and unaware I pulled I.V. out from pain at site while being given meds. I.V. was not available on arrival. see (NO) exhibit 4. They were mean and Vindictive at Hampton Regional cuffing me from the Back often causing pain When I was medically excused It lists screws seen it Right shoulder But I have screws in both see exhibit 5. The Intern-al Affairs Lieutenant Steven Phillips of H.R.R.J. sent me a Felony warrant to fill out on Defendants and I was afraid to do it I was afraid for my life from Threats By officers and the Retaliatory Treatment Trying to let me expire as They Did When The Hospital saved my life and I Returned To H.R.R.J. They would only Dispense Half of my meds going against Doctors orders and I collapsed on my face from a seizu-re on the way to court and was luckily Released Before Anything Bad Happened. But, I was Re-indicted after my July Release in September of 2019. While Incarcerated after the 2/8/19 incident I Remember internal affairs Telling me to handle everything When I get out it I was Afraid. Which I was Very Afraid. The Jail However Had

J.A. 89

Denied me Grievance Forms when I Tried to Exhaust my Remed-
-ies They were Strict and Combative when inmates inquired
about or Requested Grievance forms. They Would ask why
you wanted it and if they were Not Satisfied with your
Explanation to why you wanted it they wouldn't give it, They
Would Tell you you'd Have to fill out a Normal Complaint Form
First and wait For a Reply Then if you didn't get a Reply or
like The Reply you Have to fill out another and give them
another two weeks To Respond and Then if they don't Respond
or You're Not Satisfied You Can then get A grievance
Form. Alot of times They would Just ignore you or say O.K.
And Just Don't come Back or say "I told you I got you" and
Still Don't give it. I filled out complaint Forms and Complain
-ed to Medical and Got No Response From administration
But, The Mental Health Lady Supervisor MRS. Greene got
me an X-Ray on My Neck But I was Never called Back to
Review or discuss Results They claim that means it's O.K. I
felt crushed and My Neck Still pops when I turn My
Head. The H.R.R.J. Has an inadequate Grievance Procedu
-Re; They Intimidate, Bully, and Threaten people and Vindictively
do alot of Retaliatory things To put you in Fear. This Viola
-tes and deprives inmates Of their 14th Amendment Rights
and does Not Enable you to Exhaust your Remedies.

J.A. 90

See Rodriguez V. Westchester County Jail Corr Dept, No. 02 0325 (Order denying Petition for Rehearing) (Stating that the plaintiff's prior understanding of the (P.L.R.A.), even though ultimately determined to be incorrect, was a justification for not pur - suing available remedies' (internal citation omitted).

In addition, today, in Ortiz V. McBride we hold that exhausted claims Filed alongside unexhausted ones may proceed even though the unexhausted claims must be dismissed, in Abney V. New York Dept. of Corr. Serv, We conclude that in some circumstan -ces the behavior of the defendants may render administrative remedies unavailable, for the purposes of the PLRA. And in Hemphill V. State of New York we read our holding in Ziemba, Supra, to signify that the threats prison officials alledgedly made against the plaintiff may in some instances be sufficient to estop the gov - ernment from asserting the affirmative defense of Nonexhaust -ion. As a result in Hemphill we deem dismissal of the plaint -iff's complaint at the summary judgement stage, inappropr -iate and remand for further factual consideration. Finally, in Johnson V. Testman We hold (a) That the government waived it's defense of Non exhaustion as to one defendant, and (b) That while in some situations the raising of a pris - oner complaint in a disciplinary hearing may amount to exhaustion of administrative remedies, in others it may not.

IN January of 2020 I got my Hands on A Grievance form and and
Filled it out about the Strangulation to Then Superintendent
David HackWorth Telling Him I was Strangled Nearly to Death
and Portsmouths Detective Thomas has the Tape, I told him I
also Spoke With Wavy 10 news and I'D Be Filing Suit if I'm

Not Contacted and This injury Related incident is not address
- ed. The Officer took it But Would Not Sign it. It's Dated
1-27-202 To David HackWorth. I tried to Get Him To Sign He
Said They will get With you and give you a Signed Copy and He deB
ated about the Procedure Refusing to Sign. Another Trick They
Pull.(See Exhibit 6) Then Again In February of 2020 Again
The Officer did Not Sign. I can't twist their arms and make
Them Sign OR Respond NOR Can I Force them to have an Adeq
- uate Grievance Procedure Where One Can Exhaust Remedies.
(See exhibit 7)(See Exhibit 8) Retaliatory Plaintiff found at 9:20AM
Unresponsive and Still Unresponsive at 10:05 A.M. Ambulance Called 11:05,?
Triage 12NOON. Maryview      Facts Hospital 10 minutes away.   S.M.H.

15. ON February 8, 2019 Plaintiff JOHNNIE Simmons was in A cell
IN C-4 OF H.R.R.J. When Officer JOHNSON (Defendant) came
to take him to medical to Get An EKG. M.J.O. Whitaker who
were Known To Beat people up came in and Began To take
people to Showers in the POD. When I Saw them Coming
In the Unit I Said JOKingly "OH LORD I'm Going to Die
Today." Then Officer JOHNSON and I Proceeded to medical
- I as We Were walking I told Her people Serving the

Food claimed They were Spitting in my food I didn't want to go Back anywhere in there I said "Put me anywhere But in There please" She said "OH LORD" We left medical when we were Done and as we Began up the hall to go Back I was Surprised to see Defendant R. Whitaker Who U.S. Marshals Couldn't find to Serve and Defendant D. BROWN Came to meet us and Had Stopped giving Showers. As we walked up The Hall I told Them the inmates said How Does That Spit taste and I didn't want to Be in there please put me Any where else and I Sat On the Floor. I was Handcuffed They Said You don't Tell us what to do and Defendant D. BROWN Said To Defendant Benjamin Hall "Help us out For a minute". The Defendants as officers Melissa Hunter and officer JOHNSON (female Jane Doe) watched All 3 Men Defendants picked me up and carried me Through the air and Out of the Blue M.J.O. R. Whitaker FOR NO apparent Reason took me Down to the Floor Put me in a Headlock Eric Garner Style Choke Hold and Began Choking me and He Said "Are You Gonna Comply"? I attempted to say I Can't Breathe and as I gagged Trying to Speak He Tightened His Choke Hold Up More. R. Whitaker is the Size of L.L.Cool J, So His Biceps are Huge. I Saw my life Flash Before me and I thought I'm gonna Die in Jail and

⑪

My Children are going to See this on the News and my Daughters Are going to go through what Erica Garner went Through when N.Y.C. Police killed Her Father. Then my Eyes Teared up as He was Still applying Pressure and everyone else all Defendants were Behind us to my Right as I Was on the Floor and I went out. UNCONSCIOUS. (Tears) I woke up (Pause what A Horrible memory). God Breathed life Back into me I Didn't Know where I was I looked around I Said to myself I'm in Jail as I looked around I Didn't Know why I was There Then I saw urine on the Floor and People Standing over me and I said "OM This Nig - ga Just choked me that's what Happened" (Excuse my French Just Being Totally Honest) Then Defendant Derrick Brown Said To Defendant R. Whitaker " What you Do That For?" Defendant R. Whitaker Replied " While we were carr ying Him Through the air He let his legs Hang Down" I did Not Kick anyone I Just Don't Know Ballet they Could Have Just walked Me in they never attempted to they Picked me up to carry me which was unnecessary. So, After They all watched me get choked Nearly Till Death with no one even saying Stop or That's Enough They stood me up my Pants was wet They walked me To the cell Defendant Off. JOHNSON Gave Defendant off. Hunter

A High five and said "as they were escorting me to the cell "He Choked The piss out that Nigga" Officer Johnson was excited and laughing Officer Hunter Seemed more in Shock though in agreement Because There Was Urine On the Floor. Defendants R.Whitaker and D. Brown placed me in the cell Removed Handcuffs and Came immediately Back and Roughly Rush walked me to medical infirmary where I was Denied medical attention as I told the Nurse they Choked me my adam -s apple feels crushed, my Neck and Back Hurts, and my Neck. She Said He's alright I said I'm not She insisted as they intimidatingly Hovered over us in the middle of the infirmary and I was Never Taken to a Room or allowed to Speak with the doctor/Nurse private -ly as She displayed Prejudiced Behavior and Said "He looks alri -ght Nothings Wrong with you you'll Be O.K." They Then took me to the pod and cell and came immediately Back and moved me to Ano -ther Unit which defeated The purpose Of The punishment/ Choking Because all I initially asked Was to Be moved to another Unit. Their motive Was So I Would have No Witnesses To the Crime. See Stanback V. State The plaintiff's expert testified that an X-Ray of the plaintiff's Knee Would have Revealed his Torn ligament, However, Prison Doctors Only Offered ace bandages, braces, and painkillers and did Not X-Ray the Knee For Over three Years. Expert testimony is Not Always Necessary, In Rivers V. State The Court held that (a) medical experts testimony is Not Requi -Red where a lay Person, Relying On Common Knowledge and experience, Can find that the harm Would Not have Occurred

J.A. 95

In the absence Of Negligence. In Other WoRDs, if an ORDiNaRy PeRSON Could have USed Common SeNse To find out that Negligence must have OCCuRRed, You do Not Need aN ExpeRt WitNess. BReach Of Duty was the diRect cause of Plaintiff's iNJuRy As defendaNts Goal was To PRimaRily PuNish and iNflict SeRious HaRm OR Death,

## COuNt ONE   BReaCH of DuTy

16. DefeNdaNt D. BROwN (officeR) Who Was Sgt. D. BROwN BefoRe He Was RepRimaNded and Demoted as DiscipliNe and penalties FOR His PeRsoNal INvolvemeNt and lack of Diligence iN RespoNding and TRying To Stop The 'GeoRge floyd' OR ERic GaRNeR Style CHoking incident inflicted oN the plaintiff as He Watched By His ASSistaNt FoRMeR M.J.O. R. WhitakeR who was Discipline iN UNICINE With His CO-DefeN dant D. BROwN and H.R.R.J.'s FoRMeR Employee DefeNdaNt R. WhitakeR SuffeRed MoRe HaRsh DISCipliNaRy actions as He was FoRced into ResigNatioN aS A Result of His STRaNgliNg The plaintiff NeaRly till Death.

17. U.S. MaRShalls weRe UNaBle to locate M.J.O. R. WhitakeR who is iN a HidiNg and eluded BeiNg SeRved With the CompaiNt filed By The PlaiNtiff. DefeNdaNt D. BROwN Was SupeRvISOR FOR DefeNdaNt R. WhitakeR aNd aSSisted By peRsoNal iNvolvemeNt CaRRyiNg me and WatchiNg DefeNdaNt WhitakeR Take me TO the gRouNd PuttiNg me iN a FieRce Headlock aNd CHoke Me UNtil I waS UNcoNscious aNd I URiNated ON My Self aNd the flooR While all DefeNdaNts BeNJamiN Mull, iNcluded Watched aNd NeveR ask him OR TRied to Get Defe NdaNt R. WhitakeR TO Stop The excesSive foRce WHile He Choked me and asked "ARe you GoiNg To comply" INflictiNg INteNtioNal

Punishment Violating my Constitutional Rights as A pretrial detainee, Defendant D. Brown and all Defendants Violated my Constitutional Rights to Be Free From assault By prison officials, to Be Free From Cruel and Unusual Punishment and Wanton infliction of pain and Torture. Officer Brown who is Still employed at H.R.R.J. Knew about the wrong, Witnessed the wrong, participated in the wrong, and did Nothing to try to Stop it or Fix the wrong and let the wrong cont-inue Under His Supervision, Defendant D. Brown and Defendant Benjamin Hull Knew this was a Constitutional Violation and also Knew of the Substantial Risk of Harm and possibility of death and as co/Fellow Officers and Defendant D. Brown in their actio-ns as Supervisor and Fellow Officers failed to act, and Remained Silent and let the act of Violence continue as they Witnessed the malice and Vicious attack under the Color of the law while Defendant R. Whitaker was in the Frame of mind of A Killer on the Street, The plaintiff was Handcuffed Weighed 150 lbs and was totally defenseless Needed Shoulder Replacements a Knew Replacement and was disable Had A Traumatic Brain injury, Grandmal Seizures, and A mental Disorder The actions were Totally Unnecessary Violating the plaintiffs Fifth, Eighth, and Fourteenth Amend-ments Rights. This was An act That Can't Be allowed Summary Judgement or A Victory. This was Excessive Force That was

Repugnant to the conscience of mankind. The Defendant R. Whitaker had a certain state of mind when he created these conditions and that was a killer mentality. This was deliberate indifference as they all watched knowing this excessive force and cruel and unusual punishment that was being inflicted and administered was immoral, inhumane, unjustified, and physical torture a violent barbarous act that could have caused death. There was no resistance the plaintiff was hand-cuffed and that is why this violent cruel and unusual punishment, excessive force, and constitutional rights violations exercised and demonstrated by these defendants who all are guilty and participated acting or not acting cannot be condoned and the honorable courts cannot grant a justifiable summary judgement for plaintiffs oppositions in this case. The defendants are guilty and are blessed to not be in jail for this George Floyd mirror type incident in which Portsmouth criminal investigator units detective Thomas vowed they would all be charged with attempted murder after he viewed the tape given to him by H.R.R.J.'s Internal Affairs Lieutenant Steven Phillips. The ~~~~~~~~~~~ style of the defendants counsel is conspiring and based on covering up a crime, coaching and intimidating witnesses and tampering with evidence

Trying To get Everyone To Perjur Themselves, Worried About (Threatened) Job Security, Commit Time after Time Crime after Crime Signing Sworn Affidavits claiming the Strangulation Never occurred as The Defenses' Counsel Have evidentially eras -ed and Edited The Tape. The Defendants Counsel is Trying To Stop the Courts From Allowing Vital material facts From the Plaintiff and Witnesses To Prevent Summary Judgement.

18. The exhibits Shed light on The Truth and How I/Plaintiff was Treated with Retaliatory Treatment and Reported The incident, was denied medical Treatment and due process Preventing me From Exhausting my Remedies, Then Superintendent (Former) David Hackworth was Fired But had Not answered my Grievances if Officers Turned Them in, Then another Superintendent Came and was Fired OR Quit too,    COUNT TWO
                                            Failure to Administer medical Help
19. MRS Pamela Westbrook signed an Affidavit and gave a State- ment That I was Not Treated For Injuries, On February 8, 2019. She is Absolutely Correct. God Bless Her Soul Someone Told The Truth! Yaaa!! ☺. Because I was Denied Medical Treatment and Turned away By A Nurse as Defendants R. Whitaker and D. Brown intimidatingly Hovered Over The Nurse and I as I Stepped into the infirmary By The desk Then She Scandalously Said "He's alright Nothings wrong with Him" "They choked me I want an X-Ray on my Neck" "You'll Be alright He's O.K."

As A Result of the Denial of Care Plaintiff Suffered More Because He Was NOT Treated For A few days and Had to deal With the Pain and emotional Suffering Without pain medicine which Was Rarely given Though I pleaded. I am disabled I Receive SSI for my Traumatic Brain Injury and I Suffer From pain From Rotator Cuff Surgeries on Both Shoulders that Have WORN DOWN From The Shucking and Jerking From Seizures So Bad That I can't Have Reconstructive Surgery again I can only Get Replacem -ent Shoulders. So, I Was At The mercy Of Heartless people. As A Result of Pamela Westbrook and wellpaths Staff I continued to Suffer in pain. They exercised Deliberate indifference Bold and Blatantly. Once in a While I'd get a Nurse who Wouldn't Say "I can't Give it to you it's Not ordered it's Not in the Compu -ter." There WERE A few Sympathetic and Empathetic Women. I Have mental Health issues Caused Emotional distress too (See Exhibit 9)

## Count Three

20, Defendants oppose mandatory meeting, Depositions, Subpoeana Of Witnesses, Court Proceedings in Court and Claim Plaintiffs Evidence Sought is Not material Productive From Discovery That Will prevent Summary Judgement.

Plaintiff is Receiving Objections and Oppositions From Defenda -nts Counsel Concerning exculpatory evidence. This is Similar to A Brady claim and The law Relating though this is A Civil Case. The Revelancy Of evidence depends upon Proof Of Connecting the Facts, The Court may admit the Evidence upon or, in the

COURTS DISCRETION, Subject to, The introduction of PROOF Sufficient to Support a finding of the facts. THE BURDEN OF PROOF is indeed on the plaintiff, where The BURDEN is on The plaintiff on any issue in this case, the plaintiff may open and close. The party With the overall BURDEN of PROOF will NORMALLY have the initial Burden of Producing evidence, and hence has the Right to duty and open the evidence. See §§ 9:1 et seq. The party holding the affirmative of the issue joined in the pleading, who is NORMALLY (But Not Always) the plaintiff, and who would be defeated if NO evidence were given on Either side, generally Has the Right to open and close the evidence and the argument. Young V. Highland 50 Va. 16, 9 GRatt 16, 1852 WL 2830 (1852).

21. Any favorable evidence is material especially when it is Key evidence That Can Be a determining factor like a witness to a crime who is A police officer or law Enforcement person who conducted or is conducting an investigation. Whether evidence is material does not depend on whether defendant would more likely than not have received a different verdict With the evidence, But whether in its Absence There Was A Fair Trial, worthy of A verdict of Confidence. THE doctrine of Harmless ERROR does not apply once the court has found a Brady ERROR violation, Because a Brady Analysis Necessarily includes a determination of whether The evidence at issue might Have affected the Verdict. Finally, Courts should Evaluate the Material affect of exculpatory evidence by examining

The evidence Collectively, Not item-by-item. Kyles V. Whitley, 514 U.S. 419, 115 S. Ct. 1565, 131 L Ed. 2d 490 (1995); U.S. Vs FROST, 125 F 3d 346, 1997 FED App. 0274P (6th Cir 1997) Va. Sup Ct. Rules, R 2:611, Of Virginia Rules of Evidence, Vests The Trial court with broad discretion to control the mode and Order of interrogating Witnesses:

23 Rule 2:611, MODE AND ORDER OF INTERROGation And PRESENT
~ ATION (Rule 2:611 (c) derived From Code § 8, 01-401 (A)
(a) PRESENTation of evidence. The mode and Order of interrogati
~ Ng Witnesses and PRESENTing evidence May Be determined
by The Court So as to (1) Facilitate the ascertainment of th-
~ e TRuth, (2) avoid needless consumption of Time, and (3)
PRotect Witnesses FRom HaRassment OR undue Embarassment
Considerable discretion is allowed TO THe Court Provided
Neither party is PREJudiced. Am.JuR.2d TRial § 285. IF

24 The Admissibility of evidence depends on evidence Not in
The RecoRd But Counsel Vows Will BeFORthcoming, The Court
May PeRmit its admission SubJect to PRoducing the evidence
UPon Which it dePends, But it Should Be StRicken if Such
PRomised evidence is Not FORthcoming, and the JuRy Should Be
Cautioned to disregard the evidence Conditionally Admitted,
FaRds + BoudouRis V. E.I. Du Pont de NemouRs + Co. 123 Va. 89,
96 S.E. 164 (1918) See Va. Sup. Ct. Rules; R 2:104 (b) disc
~ ussed in § 13.3. Revelancy Conditioned on PRoof of Connectin
~ g Facts. (Discussed EaRlier) above].

26 Plaintiff asks CcuRt to Consider OPen mindedly That PRo se

litigant Being inexperienced is doing This independently No JailHou
-se lawyer Just References and The TRuth, SO, Plaintiff Therefore
Was Naive to the fact of When Prison Officials provide Docume
-nts in discovery they often "Redact" or "Blacken out", they
think is Secret or Sensitive. I'm Convinced my Opponent/Defe
-nse Counsel is Hiding information that was on the tape and I
Was entitled to. That's why They Submitted The tape they took out
The Choking Part that Sent me To medical and made The Def-
endant Officer D. Brown lose His Rank as Seargeant and
Former M.J.O. Whitaker is no longer employed By H.R.R.J.    c
Was Forced To Resign to Save his 401K. A female Deputy/
Officer Told plaintiff/me I Don't Know I Came to work one
Day and We Was Chilling Then The next day I asked Where
M.J.O. Whitaker Was and They Just Said He didn't work here
anymore They didn't Say Why OH! That's What happened No wonder
He's Gone." "Yes Darling He almost killed me" "Sorry That
Happened To you." Some Claims Say D. Browns Demotion Was a Hoax.

### Injunctive Relief

26. Plaintiff asks Injunctive Relief of H.R.R.J. To Stop the mail
Tampering and Be put on notice and investigated These are Fede
ral Crimes. They Bold and Blantanly Open Certified mail Not in Your
Presence and Throw away and Read Outgoing mail at will and lega
-l mail Sometimes Doesn't Show up on the Outgoing Mail Report
Because They Throw it Away. A Seargeant Admitted that they
Have Not Been Sending Peoples mail out.

# ARGUMENT 1

Defendants and Counsel in this case Johnnie R. Simmons Jr. V R. Whitaker et. al. Civil action No.1:20cv464 Are Seeking Summary Judgement and Plaintiff opposes this action and Requests that Summary Judgement Not Be Granted For the Reasons Herein as follows.

1. Defendants claim that tape fails to show choking While the Tape has Been Redacted, Compromised, and Counsel Has Submitted a recording To their likings, and Not of Everything that Occurred in the Altercation

2. Defendants are afraid of a lie detector test So they Rely on the law that States and holds (inmate in civil Rights action Cannot Obtain a criminal investi-gation, including Polyghaph Examinations). So, Defendants oppose, and object to Plaintiff Seeking an investigator

3. Plaintiff Will No longer Be incarcerated and Will Have Rights Restored in a few weeks and will Be able to Have a fair Trial, and equal protection.

4. Defendants constantly oppose Plaintiffs motion For in Court Mandatory meetings, and attempt to Evade the Rule, and any deposition or proceeding to try to Rush the Court to Judgem-ent Because of Guilty defendants, and Unrelias-le witnesses as well as, witnesses who may Not Perjur themselves in fear of Job Security.

5. There is Substantial need for factual information that Plaintiff cannot get anywhere else that is not Privileged material But, it is discovery that is very relevant to the case.

6. The defendants opposed and objected to Plaintiff's motion seeking a Subpoena Duces Tecum to the Portsmouth Police Department ("PPD") seeking the Video Tape of the incident and seeking Subpoena of Lt. Steven Phillips of Internal Affairs at Hampton Regional Jail Regarding the videotape and his direction to me.

7. Defendants oppose and object to this motion by Plaintiff for Discovery that they asked for a Subpoena for themselves (See Attachment A).

8. Defendants Subpoenaed Copies of all records from Portsmouth Police including interviews But, Defendants Did Not Release the interview of Plaintiff and Portsmouth Detective Thomas Because the interview was about the Choking That was on the tape. (See Exhibit 10)

9. Defendants Attempted to Seize information and Tapes or Recording From Portsmouth Police in attempt to cover up the crime. (Attachment A)

10. The Defendants Counsel are representing H.R.R.J. employees and received affidavits from Them but claim the police had the only

Tape that exists when the incident is in the Jail camera system and Lt. Steven Phillips who supplied the police with a copy could easily cut the Defendants counsel a copy of the incident which is not supposed to be erased surveillance material by law.

10. Defendants did not release any telephone calls, interviews, or interview notes, or field notes of the report of the strangulation to police or any findings by the interviewer Detective Thomas of Portsmouths Criminal Investigators Unit because the findings and interview were about Attempted murder charges being filed against all officers involved similar to the George Floyd, and Eric Garner Chokings.

11. The Rule Protecting Attorney Work product is also called the "Hickman Taylor rule" because it is based upon the Supreme Court Case Hickman v Taylor. 329 U.S, 495, 500-14, 67 S. Ct. 385-97 L. Ed. 451, 456-66 (1947).

12. See, e.g. In re Grand Jury Subpoena dated July 6, 2005, 510 F 3d, 180, 188 (2d 2nd Cir 2007) (finding "substantial need" for the documents requested for they were unique evidence that could not be obtained through other means.

Page 4 of 9

13. There is No Other Way Plaintiff Can Get a Sworn Affidavit From Detective Thomas OR an In Court appearance, and Testimony By Det. Thomas and Lt. Steven Phillips about What they Saw on the tape, and if they Saw the Strangulation Under Oath.

14. Plaintiff Would Be enabled to Have a Fair Trial, and Exercise Rule 26(f), and Create a Proper Discovery Plan. Plaintiffs May 11th Release Will enable plaintiff to Be Entitled to Rule 26(a).(i)(A) Mandatory Discovery Rule.

15. Defendants Counsel Have alot to Hide, and are Trying To Bully The Courts to Rush to Judgement and Violate plaintiffs Constitutional Rights With a Premature dismissal Without material facts Being Presented So A Fair determination Can Be made By the Courts.

16. The Affidavit of Pamela Westbrook States that There is No Record of any medical Treatment having being Rendered to Plaintiff on February 8, 2019 Other Than His visit Prior to the Alleged incident.

17. Plaintiff is Unable to See Tape While incarcerated Tape doesn't Give plaintiff Fair Trial With No access To View While Representing Himself Pro Se But Release Date is Confirmed For a few Weeks.

18. While Mrs. Pamela Westbrook Director Of Well -Path medical at H.R.R.J. Contends That there is No Record of any Treatment Rendered to plaintiff

Pg. 5 of 9

On February 8th But, Defendants contradict her statement in their affidavit as Counsel contends that on February 11, 2019 plaintiff was seen and the Nurse noticed an area of swelling and tenderness on the neck related to an incident on February 8th as plaintiff's opposition tries to say that (in Number 22 of Exhibit B) That my visit was totally anti seizure medicine and orthopedic issues my sick call slip shows in Exhibit 1 that I was called for my neck complaints as well and they indicated trouble swallowing and gave me pain meds and an ice pack to reduce swelling. But in Exhibit A Pamela Westbrook the Director of Medical who has access to these Records did not state that I was Treated But Said I Wasn't.

19. When a patient as the plaintiff is denied Medical Treatment for an injury that does not make the injury absent it's the denial of Treatment and the attempt to not acknowledge the injury to avoid Responsibility due to the injured party. (See Exhibit "C")

20. Everytime after the incident I would bring up my neck injury and the choking the medical staff would ignore me change the subject and would not give me an X-Ray on my neck until

Weeks later and it was A Mental Health Work
-er who got Radiology to do the X-Ray and I
was never called to view it or Discuss Results.
21. Plaintiff also Brings this action pursuant to
U.S.C. § 1985. Section 1985 Prohibits Conspiracies
to interfere with civil rights, and Prohibits Conspi
-racies to deprive persons of equal protection of
the Laws.
22. Plaintiff's Right to equal Protection of laws are
being attempted to Be Violated By plaintiffs Counsel
plaintiff has been injured and has Rights of a
United States Citizen.
23. Plaintiff is Being Discriminated against and conspir
-ed against By Defendants Counsel Because he is an
imate and is indigent and is Not Represented By
an attorney and Has To Represent himself PRO se
so They are Trying to conspire and Capitalize on this
By Redacting a Tape he can't view, and prevent him
From having equal Protection and Rights to witness
-es and other material that is Relevant and
Vital, decisive, discovery that Could decide The Out
-come of The Verdict and Make this a Fair Trial
24. Plaintiff would like To Hire a Stenographer
and Hold a deposition Rule 29. Plaintiff needs to
Question deponents to have a Fair Trial in this
case.

Pg. 7 of 9

25. Plaintiff Knows Facts may Be Proved By Circumstantial Evidence, See § 31:1 et seq, but a fact Cannot be regarded a Proved Unless Such Evidence tends in Some Proximate and Reasonable degree to Convince the mind of the Conclusion claimed and th-us Produce belief Am. Jur. 2d Evidence § 1390

26. The Honorable Courts Are familiar With Todays Counsels Tampering With evidence and Only Showing Portions of Evidence that Will Get the Verdict They Want for Their Defendants. (See Exhibit E)

27. Plaintiff Would like Judge to issue Subpoena duces Tecum if defendants have Nothing to Hide they Would Not Object to Lt. Steven Phillips and (PPD's) Detective Thomas' Testimony in a deposition.

28. Subpoena's Would Require A Notice of at leas 30 or 20 days in advance Plaintiff Will Be Release in approximately 40 days. (Please See Exhibit F)

29. Defendants Counsel Stated Sgt. Brown or Officer Hull Had No Evidence that B. Whitaker Was Violat-ng Plaintiffs Rights. Then claims Neither Saw the Chok-ing But Sgt. D. Brown asked Whitaker Why did He do i

30. Defendants Sgt. Brown and Officer Hull Claim I Did Not Follow Orders But did Not Charge me With disobeying a direct Order, Claimed I Kicked But did Not charge me With assault or Creati

Pg. 8 of 9

-g a disturbance and Told me they were Not going To move me But moved me to Another unit after the CHoking So I would have No witnesses to the CHoking. All I was asking for was to Be moved So why The Sudden change of Heart. No delaying Hinder

31. Plaintiff's Showed guilt By Taking me to medi -Cal if Nothing happen why did They Take me to medical immediately then move me immediately.

32. Upon Plaintiff's Release plaintiff can View the Vide -O Tape and describe The changes made and Be availa -Ble for depositions to Question deponents About th -e Evidence. Including Why Mr. Phillips Didn't Comment.

32. Defendants Counsel is behaving Suspiciously and Trying To Out maneuver plaintiff and outwit The Courts of Alexandria, With Constant lies. (See E, H, I)

33. Defendants claim Plaintiffs discovery Requests are premature While Defendants made and were granted Same Requests.

34. Defendants Modus Operandi is obviously a description of their character and Morals.

35. If the Prima facie Case is Revealed it would Be Justice Because The Preponderance of Evid -ence is Something that Res ipsa loquitur. Lieutenant Steven Phillips would Not Commit Fully To Counsels Crimes of Aiding and Abeting Perjury. (Please See Exhibit I)

Pg. 9 of 9

36. AS I'm Concluding Arguments I talked To A Seargeant And Tels Him I think it is Wrong What they did to me and that D.Brown and HRRJ. Are Trying To Sweep it Under A Rug and Deny That the choking EVER occurred. I Then said They Don't Even Have THE Decency To Apologize. THe Seargeant Sais "Well, I apologize For them and Don't let this Ruin you and Your Mind"

37. I Did NOT Have The Women SERVED EVEN THough it angered me That They WERE lau -ghing WHEN I Regained ConsciousNess and Was Being Walked to the Cell By D.Brown and R. WHitaker.

38. I Do Not Recall Having leg iRons at All.

39. I think About WOMENS CHILDREN Having To Suffer and How They SHouldn't.

40. I intend to Seek CRIMINAl Charg -es Against R. WHitaker AND Spare D. Brown Although I Do Not Appreciate Him Not Acknowledging THe Strangulation occurred. D. Brown is Trying to Save His Human -ity As R. WHitaker's Actions Placed Him IN THE HOT SEAT FOR NOT SAYING STOP!

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHHNIE R. SIMMONS, JR.,                          :

                Plaintiff,                    :          Civil Action No. 1:20cv464

                               :

v.                                                :

R. WHITAKER, et al.,                              :

                Defendants.                   :

## ATTACHMENT A

1.     Copies of all records relating to any complaint brought by Johnnie R. Simmons, Jr., regarding any Hampton Roads Regional Jail Authority employees;

2.     A full and complete copy of any Portsmouth Police Dept. investigation conducted concerning Johnnie R. Simmons, Jr. (Inmate No. 43692) and any Hampton Roads Regional Jail Authority employee(s), including telephone calls, interviews, interview notes, field notes, photographs, findings, and any and all other writings whatsoever in any way related to Johnnie R. Simmons, Jr. and any such employee(s).

the order, you can make a motion asking the court to sanction your opponent under Rule 37(b). A "sanction" is a penalty or coercive measure that results from failing to comply with a law, rule, or order (usually, sanctions are monetary fines, but they can also be imprisonment or dismissal of the lawsuit).[30]

A request for production must describe the name and date of each document or object as specifically as possible. You should try to find out as much as you can about the documents or objects your opponent has that might be useful to you. Note that when prison officials provide documents in discovery, they often "redact," or blacken out, information they think is secret or sensitive. If you think your opponent is hiding information that you need and are entitled to see, you can move for an order compelling discovery under Rule 37(a)(3)(B).

Remember that Rule 34 does not limit you to requesting documents that might be found in an official file; you can ask for books, accounts, memoranda, letters, photographs, charts, physical evidence, or any other object you can describe specifically.[31] If you request a large volume of material such that your opponent has no choice other than sending you copies, you should be prepared to pay copying costs or ask the court to pay them under a "poor person's order." A "poor person's order" is a statement signed under oath and submitted to the court that requests a waiver of court costs and states that the applicant is financially unable to pay.[32]

(iv)   Subpoenas: Rule 45

Subpoenas under Rule 45 allow you to compel (force) witnesses who are not parties to attend a deposition or trial. You can also ask the witness to bring documents or other discoverable materials that fall under Rule 34. A subpoena to a third party requesting such documents is often called a "subpoena *duces tecum*." If you serve a subpoena on a third party—either to testify or to produce documents—and the party refuses, the court may hold that party in contempt for failure to comply. In order to file a subpoena, you must obtain a form by writing to the clerk of the court.[33]

(v)   Admissions: Rule 36

Rule 36 allows you to serve a written "request for admission" to your opponent. Requests for admission are primarily intended to resolve issues that are not central to the lawsuit, such as the facts of your case, how the law applies, and whether any documents that have been provided are genuine. If you ask your opponent to admit a fact that presents a "genuine issue for trial," he must respond. However, he may deny that the admission is true until evidence is presented. A "genuine issue for trial" is a fact which your claim relies on to succeed. If you and your opponent disagree about a fact that can determine the success of your case, it will need to be decided by the court. For example, if you ask your opponent to admit that you were not carrying anything when you were arrested, there would be a genuine issue for trial if your opponent has evidence or witnesses stating that you were carrying something.

You do not need the court's permission to serve this request, but you must wait until after you attend the Rule 26(f) meeting with your opponent. A request for admission is similar to an interrogatory, except that you must prepare a list of statements for your opponent to either admit or

---

30. *See* Part B(2)(f) of this Chapter for more detail.

31. Fed. R. Civ. P. 34(a).

32. *See* N.Y. C.P.L.R. 1101 (McKinney 2013) (Stating that the motion for poor person's relief may be filed through a form affidavit available in the clerk's office. This affidavit should be filed with the summons and complaint. If you are an inmate, the affidavit should include "the name and mailing address of the facility at which [you are] confined along with the name and mailing address of any other federal, state or local facility at which [you were] confined during the preceding six month period." Your case will be given an index or case number. After a judge receives your case, the court will receive your trust fund account statement from the institution holding you. § f(1). When filing as an inmate, poor person's relief only entitles you to a reduced filing fee rather than a complete exemption. § f(2).)

33. Fed. R. Civ. P. 45(a). An attorney may also issue and sign a subpoena in some instances. Fed. R. Civ. P. 45(a)(3).

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,                    :
                                            :
                    Plaintiff,              :
                                            :       Civil Action No. 1:20:cv464
v.                                          :
                                            :
R. WHITAKER, et al.,                        :
                                            :
                    Defendants.             :

## AFFIDAVIT OF PAMELA WESTBROOK

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, to-wit:

Pamela Westbrook, being first duly sworn upon oath, deposes and states as follows:

1.      At all relevant times I was employed by WellPath as a health service administrator.

2.      I base this Affidavit on personal knowledge and on records maintained in the ordinary and regular course of business.

3.      The records attached to this Motion are true, correct, and genuine copies of records created and/or maintained at the Hampton Roads Regional Jail ("HRRJ").

4.      There is no record of any medical treatment having been rendered to plaintiff on February 8, 2019, other than his visit prior to the alleged incident.

        Further affiant sayeth not.

                                    _____
                                    PAMELA WESTBROOK

*Exhibit E*

*Plaintiff was not Charged with Threatening Staff for claims of saying I'll bite you (untrue) No disobeying a direct order.*

8.   As the officers escorting him approached the door to Housing Unit 3, plaintiff began to kick and flail, and they took him down to the floor to gain control. (Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

9.   Sgt. Brown told plaintiff to stop and to chill out, but he continued to kick and flail. (Ex. 2, Hull Aff.)

10.   Sgt. Brown asked Officer Hunter to get leg irons, and she placed them on plaintiff, at which point he was brought to his feet and walked to his cell. (Ex 1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

11.   None of the officers present observed Officer Whitaker choking plaintiff, including Officer Hull who was near his shoulder when he was on the floor. (Ex. 3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

12.   None of the officers present observed plaintiff passed out or unconscious. (Ex. 3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

13.   None of the officers presents observed urine on the floor. (Ex. 3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

14.   The video begins at 12:09:55, with plaintiff sitting on the floor refusing directives from Officers Hunter and Johnson to go to his pod. First Officer Hull, then Sgt. Brown and MJO Whitaker arrive to assist. (Ex. 4, Video)

15.   At 12:11:30, the officers bring plaintiff to his feet and walk/carry him to Housing Unit 3. At 12:11:47, plaintiff can be seen kicking and flailing as the officers try to gain control. Plaintiff is lowered and on the ground at 12:11:54 and continues to kick. (Ex. 4, Video)

*\* No charge for creating a disturbance. It may not be plaintiff on part of tape.*

*It's protocol to give an institutional charge for these alleged offense but they tried to commit murder1.*

16.   Officer Hunter goes into the control room to get leg irons, which she is seen placing on plaintiff by 12:12:45.  (Ex. 4, Video)

17.   By 12:13:19, plaintiff sits up, and within seconds, he is brought to his feet and walking into the housing unit.  (Ex. 4, Video)

18.   Forty-nine seconds elapse from the time plaintiff is on the ground until the leg irons are on,  34 seconds later plaintiff is sat up, and mere seconds later he is on his feet and walking.  (Ex. 4, Video)

19.   The video does not show any urine on the floor or that the floor had to be cleaned; rather, Officers Hunter and Johnson are seen picking up papers after plaintiff stands up. (Ex. 4, Video)

20.   At no time was Sgt Brown aware of or did he ignore a use of excessive force by Officer Whitaker in lowering plaintiff to the ground and gaining control of a combative inmate.  (Ex. 3, Brown Aff.)

21.   There is no record of any medical treatment rendered to plaintiff on February 8, 2019, other than his visit prior to this incident. (Ex. 5, Westbrook Aff.)

22.   On February 11, 2019, plaintiff was seen by medical for his anti-seizure medications and on-going orthopedic issues with his knee and back for which he had been prescribed naproxen. The nurse noted an area of slight swelling and tenderness on the right side of his neck related to an incident on February 8, but indicated he was not in distress and no treatment was provided.  (Ex. 6, Medical Record)

---

J.A. 117

EXHIBIT F



# COMMONWEALTH of VIRGINIA
### *Department of Corrections*

HAROLD W. CLARKE
DIRECTOR

P. O BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

February 11, 2021

**To:**   Johnnie Simmons , DOC # 1485983
Hampton Roads Regional Jail

**From:**   Correspondence Unit/ss

**Subject:**   Legal Update Request

☐   Your file is awaiting processing. Due to the workload, offender release dates are being processed in priority order. We will complete this process as soon as we can, however, we are unable to provide an exact date. Once the file has been processed, a Legal Update with a projected release date will be sent directly to your location.

☒   You must request a copy of your Legal Update from staff in accordance with your facility's procedures. If your facility is unsure of how to provide you one, they may call Court and Legal Services for direction. A projected release date of 05/11/2021 has been posted to your record.

☐   Jail and EGT credits stop on your Custody Responsibility Date (CRD) when you become a state responsible offender. On your CRD, you begin earning good time per your Class Level. Your CRD is _____.

☐   EGT and JGT credit must be submitted by the jail directly to Court & Legal Services in order to be applied. You will need to contact the jail regarding any EGT or JGT credit not yet reflected.

☐   The <u>credit you request</u> has been applied to your sentence and is reflected on the Legal Update dated _____. You can request a copy of that Legal Update from facility staff.

☐   The <u>credit you request</u> has been received is currently being reviewed. If the item is applicable to your record, it will be applied and your record will be recalculated. You will be notified of changes to your release date with a Legal Update.

☐   The credits you are requesting are not in our records. As the VADOC does not have access to the jail's records, you may contact the jail directly with this inquiry for further assistance. As a note, jails are only required to maintain records for three years.

☐   You have failed to provide specific information regarding jail credits not reflected, or concerns as they relate to the calculation of your projected release date. You may resubmit your correspondence indicating the dates not reflected and/or the location where you were held. Without specific information, we are unable to research your concerns.

☐

Log # 00168752

HAMPTON ROADS
REGIONAL JAIL
MAR 11 2020
RECEIVED

Rev. 9/2019

J.A. 118

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,           :

                           :

              Plaintiff,      :

                           :          Civil Action No. 1:20:cv464

v.                          :

                           :

R. WHITAKER, et al.,          :

                           :

             Defendants.    :

**OPPOSITION TO PLAINTIFF'S MOTIONS RE:
POLYGRAPH EXAMINATION**

Defendant, Sgt. Derrick Brown, by counsel, hereby opposes plaintiff's Motions seeking the appointment of a private investigator to conduct polygraph tests of the defendants. (Docs. 47 and 48).

Plaintiff has no legal authority to compel polygraph examinations of Sgt. Brown or his co-defendants in this matter. To wit, other district courts in the Fourth Circuit have denied such requests made by inmates in civil rights actions. *See Chestnut v. Singleton*, No. 1:13-2250-RBH-SVH, 2014 U.S. Dist. LEXIS 107002, *3 (D.S.C. Aug. 4, 2014) (denying inmate's motion to compel all parties in civil rights action to submit to polygraph examinations action absent supporting authority); *Cox v. Ozmint*, No. 3:11-3404-TMC-JRM, 2012 U.S. Dist. LEXIS 69238, *5 (D.S.C. Apr. 24, 2012) (holding inmate in civil rights action cannot obtain a criminal investigation, including polygraph examinations); *Chase v. Warden*, No. CCB-09-1523, 2009 U.S. Dist. LEXIS 68821, *2, n. 1 (D.Md. Aug. 5, 2009) (declining to order corrections employees to undergo lie detector tests in civil rights action alleging unconstitutional conditions of confinement).

the plaintiff's version of the facts to the extent it is not contradicted by the videotape." *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

Here, there is no evidence that Sgt. Brown knew that Officer Whitaker was violating plaintiff's rights. Neither Sgt. Brown, nor Officer Hull, who was by plaintiff's shoulder, or Hunter, observed Officer Whitaker choke plaintiff. None of them observed plaintiff passed out or unconscious, or in a pool of urine. Plaintiff did not receive any medical treatment. The videotape of the incident reflects the short time that elapsed from plaintiff's being lowered to the ground kicking and flailing to when the leg irons were put on, he sat up, and walked. Further, plaintiff's suggestion that Officer Whitaker is Sgt. Brown's "henchman" is offensive; Sgt. Brown attests that he never directed former Officer Whitaker to hurt an inmate. (Ex. 3, Brown Aff.)

Sgt. Brown is entitled to summary judgment on plaintiff's bystander liability claim.

## III.    CONCLUSION

For the reasons set forth above, defendant Sgt. Derrick Brown respectfully requests the Court to enter summary judgment in his favor and to dismiss plaintiffs' claims, with prejudice.

DERRICK BROWN

By: _____/s/_____
                    Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar No. 22689
Pender & Coward, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
Phone: (757) 490-6253
Fax:   (757) 497-1914
jrosen@pendercoward.com
*Counsel for Brown*

EXHIBIT I

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,

              Plaintiff,

v.

                                  Civil Action No. 1:20:cv464

R. WHITAKER, et al.,

              Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO STAY DISCOVERY

COMES NOW Defendant Sgt. Derrick Brown, by counsel, and objects to Plaintiff's Motion to Subpoena Witness Testimony and Sworn Affidavits (Doc. 40) and moves this Court for entry of an Order staying discovery. In support thereof, Defendant states the following:

1.     Plaintiff filed a *pro se* action pursuant to 42 U.S.C. § 1983 (Doc. 1), claiming that MJO Whitaker used excessive force in violation of the Fourth Amendment and seeking to hold Sgt. Brown responsible via the doctrine of bystander liability. Plaintiff also named then Hampton Roads Regional Jail ("HRRJ") Superintendent Walz.

2.     Only Sgt. Brown has been served with the Complaint.

3.     On December 30, 2020, in response to plaintiff's Complaint, Sgt. Brown filed a Motion for Summary Judgment and accompanying Memorandum of Law pursuant to Fed. R. Civ. P. 56 (Docs. 32, 34).

4.     Sgt. Brown supported his summary judgment motion with an HRRJ videotape, his own affidavit, the affidavits of other officers who were present during the incident, and plaintiff's medical record (Docs. 34-1 through 34-6).

EXHIBIT J

Be Treated That Way, I ask The Court of The late MR, Albert V, Bryan in Alexandria VA, To Please uphold The law and Make all Parties in this case Be accountable For their actions And Not play The Courts For A Fool and Be Disrespectful. Because I myself Find it Disrespectful To Knowingly and Willingfully Lie under the Penalty of Perjury, Are They Above The law or Something? They Just Don't Care Honorable Judge T.S. Ellis II Please Be Fair Sir and ask the Courts clerks to Be Fair and Not let these People think They can Sweet talk, and Swindle the Courts of the U.S. District of Court [ Eastern Alexandria Division To Be Crooked and Criminals so They can Brag to their Friends, They Don't Respect Integrity At All Right Now. I Submit this under the Penalty of Perjury and It's Maximum PENALTY!!

Respectfully & Truthfully Yours,
Johanie R. Simmons Jr.
Pro-Se Litigant

J.A. 122

<u>Jury Trial Demanded</u>

27. Plaintiff Requests Jury Trial and Denial of Summary Jud-gement/dismissal That was Requested By opposition who Claimed That plaintiff Seeks Discovery that is Not Productive to material fact to the extent of preventing Summary Judgement, Plaintiff Begs To differ and Contends evidence is exculpatory, Key & STAR Witnesses are the meat of This Case and Attempted COVER UP full of deception and PERJURED Witnesses affidavits Coached and architected By defense Counsel in an identical Structure.

28. Plaintiff asks/motions for Postponement of Trial and delay to attempt To Retain Counsel and give the Courts Time to decid-e on How We Could proceed and Have an in Court appearance or Deposition. Plaintiff's PROJECTED Release Date is May 11, 2021 and Plaintiff Seeks a fair Trial and Would like Time to consult with my Attorney MR. Benjamin CRump of memphis, TN and Florida. Plaintiff had a Case Reference Number given By Atty. CRump's office But lost Contact When Reindicted and Need Time To Provide & get Reacquainted With The firm Submit discover-y and I'D PRefer to Be free to Be able to Have a fair TRial and exercise The Rule That Applies To iN Court Proceedings and The Rights to Such. I'D Be Willing To and Want Defendants Counsel To feel free With making/visiting me with a Settleme-nt offer to Relieve us all of What Has Been Time Consumin-g and Requiring alot of Diligence. I Have Received CORRESpon-dence from HON. William Allen and Rev. AL. SHARpton of The

National Action Network as well and would like to Speak with them in person further. (If you google (Junior Simmons Tired of marching on YouTube. com also) (My work you'll See as Rev. Bernice King Thanked me for Helping Keep Her Father Dr. Martin Luther King JR's Legacy Alive I Don't Condone This Violence and I Have a Strong Network Behind Me and we will Fight Until We get Justice This will not Be Tolerated at All and I intend to Get publicity Because I'm Aware of Whitakers Evil Past as Co-defendant D. Browns Henchman.) Again The officers / Defendants are Being Sued in There individual capacities and I'm Considering municip-alities, and The City of Portsmouth, Virginia and possibly Pender and Coward law firm for Conspiracy, Defamatio-n and Tampering, with evidence and perjury Trying To Cover up A crime Coercing Witnesses To Sign Sworn Affidavits denying They Saw me Almost Murdered,

## Equal Protection

29. I Suffered from a lot of Emotional pain and Distress, PTSD, Uncontrollable crying, Physical pain With weak or no pain medicine, Suicidal Thoughts, Being placed in Below freezing Temperatures With no clothing no mattress on the Floor in a Smock, no underwear, T-Shirt, nothing, on Suicide Watch. I had 3 prior Suic-ide Attempts in life and Have Been Hospitalized in Mental Institutions. So, The physical injury from Defendants

Caused me multiple physical injuries Neck, back (upper) pain, and throat pain my adams apple was nearly crushed and they never revealed the results of X-Rays I received about a month later after healing some. Pschological and Emotional injury was part of my injuries in which I seek relief in punitive damages, and compensatory damages as well. The Defendants R. Whitaker and D. Brown had evil intent and D. Brown asked Him "Why Did He do it" But He didn't ask Him to stop. They came looking for Trouble or an excuse to assault me Because They were not called They Stopped their assignments to give 16 to 18 people showers to go to medical to walk with me and officer Johnson who transported me Alone going Just Down The Hall and we were Headed Back. They Dislike me and when I said "I'm going to die today" When They came in, I almost spoke my Death into existence. They wanted to show me they were Not to Be played with. I Had Told Them a week prior That They Should Be Ashamed of Themselves The way They assault people, The Defendants Submitted a Subpo ena to Produce Documents (see Exhibit 10) information etc. from portsmouth police department But did not include the interview with Detective Thomas and I/Plaintiff about His findings. Defendants object and Oppose my Request for a Subpoena Duces-Tecum That they were Granted Themselves.

J.A. 125

The Witnesses Are Star Witnesses in this Case and it would Be Totally Unfair to Not See where Their integrity lies and let Them as Internal Affairs and Portsmouth police Do Their Job and Tell the Truth That They Witnessed This Crime and it made Them Both So Angry to See Anyone done That Way That they admitted it was Attempted Murder and vowed To do their part in making Sure These Charges were Filed. I/Plaintiff Regret Being Fearful and letting people convince me That I would Not make it out of H.R.R.J. Alive if I Filed Those Charges On That Felony warrant from Lieutenant Steven Phillips of I.A. Defendants However Deprived me of my Constitutional Rights, Liberty, and due process of the law, and equal protect- ion under the Fifth and Fourteenth Amendments and inflicted cruel and unusual punishment in violation of the eighth amendment. They also violated The Rights of Persons With disab- ilitys as I am declared disable by the State of Virginia and I was not convicted of a crime on 2/8/19 I was a preTrial Detainee Who was wrongfully convicted and was actually kicked in the Head while asleep and charged with Body slamming a guy and got maliscious wounding claiming he had a Tiny Shoulder Fracture But No Hospital Report was ever shown and The officer called my phone (Hampton police and said The Main who initiated the attack By assaulting me was

Fine. So, of course There was no police Report, from Hampton. P.D.
By the Commonwealth. So, in Essence I Should Not Even Be in Jail
let alone Strangled Nearly Till Death. The officer Said it was Simple
assault and the Hampton Prosecutor Scammed a Felony Conviction. Now
The Defendants Counsel Have the Truth to Conceal and are Them
-Selves Conducting Themselves as Criminals and Should Be Just as
Ashamed OR MORE than their Clients. The Key evidence in this
Complaint is the Star Witnesses WHO Saw the Crime on Tape
and Are Credible Law enforcement officials. The Defense is
Trying to plainly as they have Stated capitilize on the fact
that I have NO ON Scene Witnesses as the Defendants moved
me to another location to Ensure That after They Committed
the Crime and The Defendants counsel "Endacted" Blacke
-Ned out the Tape From The incident that occurred. To try
to Cover all Bases and Outsmart the Honorable Court System.
If OR Being That no if! They move like This I'D Hate To Just
Imagine The Blood on Their Hands and Skeletons in This
Law firms closet. The Subpoena Requests and Court deposi
tions OR Appearance procedures are for the witnesses to Be
Questioned. Detective Thomas of Portsmouths Criminal
Investigator's Unit and Portsmouth P.D., and Lieutenant
Phillips (Steven) of H.R.R.J.'s Internal affairs Dept. who'
S Testimonies are vital They Both Witnessed The Crime on
Tape and Lt. phillips Viewed it first and Submitted it to

J.A. 127

Police without there being A Crime of Attempted murder and A Strangulation that occurred There Would Have Been No injuries to my Neck in Exhibits, NO Reason FOR Lt. Steven Phillips to Send me a Felony Warrant, No Reason for me To Be afraid to Fill it out, No Reason for me To go To Chief mag -istrate Mandy Owens at the Portsmouth police Departm -ent, NO Reason for Lieutenant Steven Phillips of H.R.R.J. I.A. Department to Tell me to go there, No Reason for me To File the Report as the magistrate Directed, NO Reason For Detective Thomas to Call me in For an interview and Have me Come to his office at P.C.I.U. on High Street in Portsmouth, No Reason to open an Investigation and Not Release The tape To C.L.G, my Potential Civil attorneys at the Time From Richmond, VA., NO Reason To Say There are going To Be Charges Filed For Attempted murder, But also NO Reason Why These charges Haven't Been Filed yet. NO Reason For me to Record Conversations To protect myself either I Seek Releif and Justice and For all Evidence to Be Presented my Cell phone Was picked up From Norfolk Jail in September When I was Reindicted and Transferred To Hampton my Family Has it, Please Don't Be Scammed By These Attorneys. Thanks

Truthfully Respectfully
Johnnie Simmons Jr.

Certificate of Service

I Hereby Certify that the Foregoing on this 15th Day of march, 2021 Was mailed By U.S. Postal Service to Clerk of Courts U.S. District Eastern District of VA. Alexandria Division 401 Courthouse Sq. Alexandria, VA, 22314 From Hampton Regional Jail P.o. Box 7609 Ports mouth, VA 23709 By Johnnie R. Simmons PRo Se Litigant   Respectfully

Johnnie Simmons Jr.

J.A. 128

## IV.  RELIEF

I understand that in a <u>Bivens</u> action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _____J.S._____ (please initial)

The Plaintiff wants the Court to:  (check those remedies you seek)

☑ Award money damages in the amount of $ 450,000
☑ Grant injunctive relief: _No contact with defendants and stop mail tampering_
☑ Grant declaratory relief: _Punitive damages and compensatory Damages_
☐ Other: ~~totaling~~ totalling $ 450,000
_In court procedure with subpoenaed witnesses._

## V.  PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months preceding the submission of this Complaint.   If you were transferred during this period, list the date(s) of transfer.   Provide an address for each institution.  _Hampton Roads Regional_
_Jail P.O. Box 7609 Portsmouth, VA. 23709_

_____

_____

_____

## VI.  CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE:   The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a jury or court trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:**          Yes ☑   No ☐
*You may consent at any time; however, any early consent is encouraged.*

_After survival of summary Judgement JURY Trial Requested if five,_

## VII. SIGNATURE    _Thanks. Johnnie Simmons Jr._

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this _15th_ day of _MARCH_____, 20 _21_.

Plaintiff _Johnnie R. Simmons Jr._____

_____

ExHibiT I 0410

Thanks for Helping But I Need Equipment the Walmart Beat on took my Legs. You Are Still Denying me my Seizure meds Because mi Dosage is 2000 Keppra Twice A Day and 400mg Dilantin Now Ya'll officers Tried to Kill me in A physical Manner yesterday.

**HEALTHCARE REQUEST**
SOLICITUD DE SERVICIO DE SALUD

**CCS**
CORRECT CARE SOLUTIONS

**RECEIVED**
Date: 2-9-19
Initials: AB
Time: 2100

Name (Nombre): Johnnie R. Simmons    DOB (Fecha de nacimiento): 66

ID # (N° de identificación): 0043692    Living Unit (Unidad): C-4

That Police Beating Thanks giving And your Denia

☑ Medical (Medico)  ☐ Behavioral Health (Salud Mental)  ☐ Dental (Dental)  ☐ Other

**Nature of problem or Request (be specific)  Naturaleza del problema o solicitud (sea especifico)**
is the worst Seems Ya'll working With them in N.
Neck + thRoat pain and my feet and Knees are
Swollen and pain is getting Worse. I Was Choked till I
passed out and uRinated Yesterday my Adams Apple feels
like it's Been CRushed and its Sore, I'm Requesting to go to Hosp

I consent to be treated by Health Care Staff for the condition described. I understand that the facility may charge me for some of these services and may deduct it from my account during this current or future stays in the facility. I understand that I will receive health care regardless of my ability to pay.  May I Go to the Hospital Please Shelby Police Lie
Doy mi consentimiento para ser tratado por el personal de atención de salud para las condiciones descritas. Entiendo que la  me
instalación me puede cobrar por algunos de estos servicios y pueden descontar de mi cuenta durante esta o futuras estancias.  Bac
Entiendo que voy a recibir atención médica, independientemente de mi capacidad de pago.

Patient Signature (Firma del Paciente): Johnnie Simmons    Date (Fecha): 1

*This is a confidential document and should only be placed in a designated area, medical box or given directly to medical staff.*
*Esto es un documento confidencial y sólo debe ser colocado en un área designada, caja médica o entregada directamente al personal médico.*

**DO NOT WRITE BELOW THIS LINE**

**(TO BE COMPLETED BY TRIAGING STAFF)**

| TRIAGE: | ☐ Emergent   ☐ Urgent   ☒ Routine | Triage Date: 2/16/19   Initials: CB   Time: 2245 |
|---|---|---|

INITIAL:  ☒ Sick Call  ☐ Nurse  ☐ HCP  ☐ Dentist  ☐ Behavioral Health  ☐ Eye Doctor  ☐ Other _____

**(TO BE COMPLETED BY HEALTHCARE STAFF)**

☑ Patient seen (if applicable)           ☐ Patient outside of facility (hospital, court, etc.), reschedule upon return
☐ Response sent to patient (if applicable)   ☐ Patient refused, Refusal Form complete
☐ Patient released from custody     Fee Charge    ☐ No   ☐ Yes, Amount $ _____

**RESPONSE TO PATIENT / COMMENTS** _____

_____

*NOTE: Treatment information should not be noted above but should be documented on the appropriate treatment form(s)*

_____KTown_____                    02/16/19
**Staff Signature**                      **Date**

Form Number: SC001UN000ACCBI102413     2-Part Form     Page 1 of 1

| Hampton Roads Regional Jail, VA<br>*Hampton Roads Regional Jail*<br>*2690 Elmhurst Lane*<br>*Portsmouth`, VA23701* | | **Progress Notes** | |  | |
|---|---|---|---|---|---|
| *Patient Name*<br>JOHNNIE R SIMMONS | *Patient Number*<br>0043692 | *Booking Number*<br>0043692-001 | *Birth Date*<br>1966 | *Date Of Service*<br>2/11/2019 | |

Orders:

*Ambulation is steady and there is no need for an assistive device. Discussed with Mr.Simmons the need to notify medication nurse if he wanted "as needed" medication. Urged to take anti-inflammatory more frequent for back and knee pain. Patient reports trouble swallowing. There is a area of slight swelling and tenderness on right side of neck. According to officer log, patient had conflict on 02/08 and entered segregation. Patient is not in respiratory distress and voice has not been affected.*

E-Signed by Kathleen Tabb, RN  on 02/11/2019 02:10 PM EST

Page 2 of 2



MARYVIEW MEDICAL
CENTER
3636 HIGH STREET

Simmons, Johnnie
MRN: 223215706, DOB: 1/18/1966, Sex: M
Acct #: 21191840358
PORTSMOUTH VA 23707-3236 Arrived 7/3/2019, D/C: 7/3/2019

**ED Medication Administration from 07/03/2019 1153 to 10/30/2020 1425 (continued)**

| Date/Time | Order | Dose | Route | Action | Action by |
|---|---|---|---|---|---|
| 07/03/2019 1615 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 0 mg | IntraVENous | IV Stopped | Hill, Natasha, RN |
| 07/03/2019 1605 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 1,000 mg | IntraVENous | IV Restarted | Hill, Natasha, RN |
| 07/03/2019 1410 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 0 mg | IntraVENous | Transfusion Held | Hill, Natasha, RN |
| 07/03/2019 1355 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 1,000 mg | IntraVENous | Given | Hill, Natasha, RN |
| 07/03/2019 1724 | phenytoin ER (DILANTIN ER) ER capsule 400 mg | 400 mg | Oral | Given | Hill, Natasha, RN |
| 07/03/2019 1724 | LORazepam (ATIVAN) injection 1 mg | 1 mg | IntraMUScular | Given | Hill, Natasha, RN |

**Medication Comments**

** No Medication Comments Found **

**ED Current Prescriptions**

None

**All Meds and Administration**

**All Meds and Administrations**

Exhibit 3

J.A. 132



Exhibit 4 of 10

MARYVIEW MEDICAL
CENTER
3636 HIGH STREET
PORTSMOUTH VA 23707-3236

Simmons, Johnnie
MRN: 223215706, DOB: 1/18/1966, Sex: M
Acct #: 21191840358
Arrived 7/3/2019, D/C: 7/3/2019

## Flowsheets (all recorded) (continued)

| Row Name | 07/03/19 1736 |
|---|---|
| **Discharge Instructions** | |
| Discharge Instructions | Simple -NH |
| Recorded by | [NH] Hill, Natasha, RN 07/03/19 1736 |

### Triage Start

| Row Name | 07/03/19 1217 |
|---|---|
| **Triage Start** | |
| Triage Start | Triage Start -NH |
| Recorded by | [NH] Hill, Natasha, RN 07/03/19 1217 |

### Discharge Planning

| Row Name | 07/03/19 1600 | 07/03/19 1200 |
|---|---|---|
| **OTHER** | | |
| RRAT Total Score | 0 -AB | 4 -AB |
| Recorded by | [AB] Batch, Autoreporting 07/03/19 1603 | [AB] Batch, Autoreporting 07/03/19 1203 |

### Immunizations

| Row Name | 07/03/19 1239 |
|---|---|
| **Immunizations** | |
| Immunizations Up-To-Date | Yes -NH |
| Recorded by | [NH] Hill, Natasha, RN 07/03/19 1239 |

### LDA

| Row Name | 07/03/19 1600 | 07/03/19 1500 | 07/03/19 12:20:57 |
|---|---|---|---|
| **[REMOVED] Peripheral IV 07/03/19 Right Antecubital** | | | |
| IV Properties | Placement Date: 07/03/19 [NH] Placement Time: 1220 [NH] Number of Attempts: 1 [NH] Inserted By: Natasha, RN [NH] Present on Admission/Arrival: No [NH] Size: 20 G [NH] Orientation: Right [NH] Location: Antecubital [NH] Removal Date: 07/03/19 [NH2] Removal Time: 1435 [NH2] Removal Reason: Discharged [NH2] Cath Tip Intact: Yes [NH2] Recorded by: [NH] Hill, Natasha, RN 07/03/19 1220 [NH2] Hill, Natasha, RN 07/03/19 1435 | | |
| Site Assessment | — | — | Clean, dry, & intact -NH |
| Phlebitis Assessment | — | — | 0 -NH |
| Infiltration Assessment | — | — | 0 -NH |
| Dressing Status | — | — | Clean, dry, & intact -NH |
| Dressing Type | — | — | Transparent -NH |
| Hub Color/Line Status | — | — | Patent;Flushed -NH |
| Recorded by | | | [NH] Hill, Natasha, RN 07/03/19 1221 |

**[REMOVED] Peripheral IV 07/03/19 Left Hand**

| | | |
|---|---|---|
| IV Properties | Placement Date: 07/03/19 [NH] Placement Time: 1500 [NH] Number of Attempts: 1 [NH] Inserted By: Natasha, RN [NH] Present on Admission/Arrival: No [NH] Size: 24 G [NH] Orientation: Left [NH] Location: Hand [NH] Removal Date: 07/03/19 [NH2] Removal Time: 1515 [NH2] Removal Reason: Patient pulled out line [NH2] Cath Tip Intact: Yes [NH2] Recorded by:  [NH] Hill, Natasha, RN 07/03/19 1515 [NH2] Hill, Natasha, RN 07/03/19 1616 | | |
| Site Assessment | — | Clean, dry, & intact -NH | — |

J.A. 133



Exhibit 5 of 10

MARYVIEW MEDICAL CENTER
3636 HIGH STREET
PORTSMOUTH VA 23707-3236

Simmons, Johnnie
MRN: 223215706, DOB: 1/18/1966, Sex: M
Acct #: 21191840358
Arrived 7/3/2019, D/C: 7/3/2019

## CLINICAL LAB RESULTS (continued)

### Lab Results (continued)

| Procedure | Component | Value | Ref Range | Lab | Date/Time |
|---|---|---|---|---|---|
| | MONOCYTES | 5 | 3 - 10 % | | |
| | EOSINOPHILS | 1 | 0 - 5 % | | |
| | BASOPHILS | 0 | 0 - 2 % | | |
| | ABS. NEUTROPHILS | 3.1 | 1.8 - 8.0 K/UL | | |
| | ABS. LYMPHOCYTES | 0.9 | 0.9 - 3.6 K/UL | | |
| | ABS. MONOCYTES | 0.2 | 0.05 - 1.2 K/UL | | |
| | ABS. EOSINOPHILS | 0.1 | 0.0 - 0.4 K/UL | | |
| | ABS. BASOPHILS | 0.0 | 0.0 - 0.1 K/UL | | |
| | DF | AUTOMATED | | | |

**LEVETIRACETAM (KEPPRA) [552380197]**
Order Status: Canceled                          Specimen: Blood

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 19 - MMC | HR MMC SUNQUEST LAB | Cummings, David A, MD | Dr. David A. Cummings, Lab Director 3636 High St. Portsmouth VA 23707 | 06/02/16 1603 - Present |

### Radiology Results

**XR CHEST PORT [552382470]**                          Resulted: 07/03/19 1248, Result status: Final result

Ordering provider: Stull, Michael E, MD 07/03/19 1202        Resulted by: Kaye, Marc D, MD
Performed: 07/03/19 1152 - 07/03/19 1222                     Accession number: 106583808
Resulting lab: HR MMC RADIANT
Narrative:
Portable chest: 7/3/2019 12:08 PM

COMPARISON: May 14, 2016

The lungs appear clear. The heart and mediastinal silhouette are normal. No
pleural effusions are evident.

Old fracture deformity with instrumentation and screws is seen in the right
humeral head.

Impression:
IMPRESSION: Stable chest, no acute disease

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 25 - MMC | HR MMC RADIANT | Unknown | Unknown | 08/03/12 1325 - Present |

### EKG Results

None

### ED Current OP Medications

| Medication | Sig | Dispense | Start Date | End Date | Doc. Provider |
|---|---|---|---|---|---|
| divalproex ER (DEPAKOTE ER) 500 mg ER tablet | Take 500 mg by mouth nightly. | | | | Provider, Historical |
| lacosamide (VIMPAT) 100 mg tab tablet | Take 100 mg by mouth two (2) times a day. | | | | Provider, Historical |
| cholecalciferol, VITAMIN D3, (VITAMIN D3) 5,000 unit tab tablet | Take 1 Tab by mouth daily. | 30 Tab | 8/31/2019 | | Taylor, Devon M, MD |

### ED Medication Administration from 07/03/2019 1153 to 10/30/2020 1425

J.A. 134

OFFICER RECEIVING FORM_____

(SIGNATURE / DATE/ TIME)

Exhibit 6 of 10

## HAMPTON ROADS REGIONAL JAIL

### GRIEVANCE FORM

ROUTING #: _____
____  HOUSING UNIT
____  KITCHEN
____  MEDICAL
____  OTHER
STAFF USE ONLY

**From:** *Johnnie R. Simmons Jr.*  **Pod / Cell:** *#300 408*

**Date:** *1-11-2020*

(Inmate's Name and JCA #)

*Johnnie R. Simmons Jr. 0043692*

*Supt. Butts and Det. David Hackworth*

**TO: Officer responding to Grievance**

**Instructions:** Complete parts I, II, and III of this form using clear specific statements. Part IV is for staff use only.

*Detective Has Video all on body my life was 2/8/19, 10-11 Ma.*

**Part I:** State your grievance clearly. If you need more space attach another grievance.

*Mr. Hackworth I was choked nearly till Death by your officers at Portsmouth City Jail Feb. 8th 2019 I will be filing a lawsuit.*

**Part II:** What step have you taken to solve this complaint informally?

*I reported to internal affairs. I also has jailed Medical Portsmouth criminal investigations unit. Det. ___ ___ ___ Inv. Hickson. Why? is news this story*

**Part III:** Action or relief requested.

*I am still suffering to this day from PTSD etc. and Back injury left arm injured I am so Sorry I did this but I will Not ___ ___ ___ ___ this to settle. Not to win.*

**CERTIFICATION:** I have read the Inmate Handbook and submit this grievance in good faith without the intent to harass. <u>I swear that all statements are true and correct.</u> I understand that the grievance will be returned unanswered if I submit it with the intent to harass, used vulgar language, or any false statements.

*Johnnie R. Simmons Jr.*                    *Johnnie R. Simmons*

**(Submitted by: Name printed)**              **(Submitted by: Signature)**

-------------------------------- **DO NOT WRITE BELOW THIS LINE** --------------------------------

**Part IV:** Response to your grievance by jail staff.

_____
_____
_____
_____
_____

_____      _____      _____
**(Answered by: Print Name)**      **(Answered by: Signature)**      **Date**

**If not satisfied with staff response you may file an appeal within three (3) days of decision. Appeal form must be attached with original grievance form.**

HRRJ – (91)

WHITE COPY – ORIGINAL          YELLOW COPY – FILE          PINK COPY - TRACKING          Gold - INMATE

OFFICER RECEIVING FORM_____

(SIGNATURE / DATE/ TIME)

*Exhibit 7 of 10*

## HAMPTON ROADS REGIONAL JAIL

## GRIEVANCE FORM

| ROUTING #: _____ |
|---|
| _____ HOUSING UNIT |
| _____ KITCHEN |
| _____ MEDICAL |
| _____ OTHER |
| STAFF USE ONLY |

**From:** Johnnie Simmons **Pod / Cell:** H300 cell 408

**Date:** 1-15-20

(Inmate's Name and JCA #)

**TO: Officer responding to Grievance**

**Instructions: Complete parts I, II, and III of this form using clear specific statements. Part IV is for staff use only.**

**Part I: State your grievance clearly. If you need more space attach another grievance.**

I was assaulted by M.J.O while recently locked until I was unconscious while Handcuffed on the floor with my hands behind my back. My back is injured.

**Part II: What step have you taken to solve this complaint informally?**

I have reported this to Internal Affairs and I am filing this grievance. I sent David Hackworth, January of 2020 This is to ensure

**Part III: Action or relief requested.**

He Received He. A lawsuit will be filed and I report this and filed a complaint with Portsmouth Police.

**CERTIFICATION: I have read the Inmate Handbook and submit this grievance in good faith without the intent to harass. I swear that all statements are true and correct. I understand that the grievance will be returned unanswered if I submit it with the intent to harass, used vulgar language, or any false statements.**

Johnnie Simmons                          Johnnie R. Simmons

(Submitted by: Name printed)                   (Submitted by: Signature)

-------------------------------------- DO NOT WRITE BELOW THIS LINE -------------------------------------

**Part IV: Response to your grievance by jail staff.**

_____
_____
_____
_____
_____

_____        _____        _____
(Answered by: Print Name)          (Answered by: Signature)              Date

**If not satisfied with staff response you may file an appeal within three (3) days of decision. Appeal form must be attached with original grievance form.**

HRRJ – (91)

WHITE COPY – ORIGINAL          YELLOW COPY – FILE          PINK COPY - TRACKING          Gold - INMATE

Exhibit 8 of 10



# Emergency Response Worksheet
Page 2 of 2

Hampton Roads Regional Jail, VA
*Hampton Roads Regional Jail*
*2690 Elmhurst Lane*
*Portsmouth', VA 23701*
*757-217-2628*



| Patient Name | Patient Number | Date of Birth | Today's Date |
|---|---|---|---|
| SIMMONS, JOHNNIE R | | | 7/3/2019 |

## Treatment

☐None provided

| ☐O2 @ | 8 | L/min via | ☐Nasal Cannula | ☒NRB | ☐Oral Airway | ☐Nasal Airway |
|---|---|---|---|---|---|---|

CPR:   ☐AED used   ☐Chest Compressions   ☐BVM

☐Bandaging Applied Specify:

Medications Administered:

Other Treatments applied:

## Narrative Of Code Event

| Time | Comments: |
|---|---|
| 0920 | 1052 Code Called. Medical Responded |
| 0922 | Pt found in Cell laying on B eyes closed |
| | respond to sternum rub, and verbal stimulation |
| | when stable pt was brought to main medical |
| | for further evaluation. |
| 0945 | Pt Alert and oriented X 3; O LOC. |
| 1005 | Pt received morning meds Seizure Meds. |
| | Pt unresponsive to sternum rub. |
| | Pt in observation room being monit. |
| | Pt is now having Seizure episode. Pt |
| | response to verbal and tactile stimuli |
| | Assessed by MD - 911 protocol initiated |
| | 911 dispatch/called. Continue to monitor pt |
| | eyes opens when name is called, responds |
| | to tactile stimulation. |
| | 911 arrived assumed care of Pt to MUVA- |
| Time | ambulance called // 05   ambulance arrived  /   ambulance left unit |
| | Phone Number from which the 911 call was placed |

| Responders | | | | | | Signature | |
|---|---|---|---|---|---|---|---|
| Medical | Security | | | | | | |
| N. Jo Souza RN | Sgt Epperson | | | | | | |
| Westbrook HSA | | | | | | | _____ PN |
| Burke NP | | | | | | Signature | |
| Johnson Cpr | | | | | | 7/3/19 | |
| Townsend Lpr | | | | | • | Date | |

© 2005 Correct Care Solutions, LLC
Revised 09.24.2013

*D 1 5 4 8 1 6 0 1 4 2 0 6 7 2 7 1 C 9 0 5 7 4 2 6 C P 5 3 8 0 3 P*

SA 000101

Exhibit 9 of 10



| Hampton Roads Regional Jail, VA<br>**Hampton Roads Regional Jail**<br>*2690 Elmhurst Lane*<br>*Portsmouth`, VA23701* | | **Receiving Screening** | | wellpath |
|---|---|---|---|---|
| Patient Name<br>JOHNNIE R SIMMONS | Patient Number | Booking Number | Birth Date | Date Of Service<br>1/15/2019 |

| **Immediate Action:** | *responses shall result in notification of Shift Commander and immediate referral to MH evaluation. If after hours, initiate suicide watch IMMEDIATELY until MH can evaluate.* |
|---|---|
| **Routine Referral:** | *Notify MH of any positive response to suicide screen that did not meet above criteria for immediate referral.* |

## Psychiatric Screening

| | |
|---|---|
| 1. History of or current psychotropic meds? | ○ Yes ◉ No |
| 2. History of psychiatric hospitalization? | ◉ Yes ○ No |

When?   *2010 and 2016*
Where?   *Va Beach Psych, Riverside*

| | |
|---|---|
| 3. History of outpatient mental health treatment? | ○ Yes ◉ No |

Explain Discrepancy:

## PREA Questions

| | |
|---|---|
| 1. Has the patient ever been a victim of sexual abuse? | ○ Yes ◉ No |
| 2. Does the patient feel vulnerable? | ○ Yes ◉ No |
| 3. Has the patient ever been arrested for a sex offense against an adult or a child? | ○ Yes ◉ No |
| 4. Does the patient identify or be perceived as gay, lesbian, bisexual, transgender, intersex, or gender non-conforming? | ○ Yes ◉ No |
| 5. Is the patient detained for any civil immigration purposes? | ○ Yes ◉ No |
| 6. Does the patient have a physical disability or developmental delay/disability? | ○ Yes ◉ No |
| 7. Is this the patient's first time being arrested? | ○ Yes ◉ No |
| 8. Is the patient of small stature or small physical build? | ○ Yes ◉ No |

*If any "yes" answers, notify classifications and refer to MH to be seen within 14 days.*

Referred for Evaluation?                                                                    ◉ Yes ○ No

## Current Mental Status (Check all that apply)

| | |
|---|---|
| ORIENTATION | ☑ *Alert, Oriented* ☐ *Disoriented* |
| AFFECT | ☑ *Appropriate* ☐ *Flat* ☐ *Inappropriate* |
| THOUGHT PROCESS | ☑ *Logical* ☐ *Paranoid* ☐ *Does not make sense* |

Page 5 of 6

SA 000323

J.A. 138

EXHIBIT 9 A

| LAST, FIRST MI (PRINT): | DISCHARGE DATE: 5-16-19 |
|---|---|
| Simmons-Jr., Johnnie | |

**SECTION II: PHYSICIAN CONT'D**

**Drug & Food Allergy/Intolerance (include reactions):**

**If antipsychotics are prescribed, then metabolic screenings must be completed for CMS facilities:**

☑Yes ☐No  Metabolic Screening Lipids     ☑Yes ☐No  Metabolic Screening Blood Pressure
☑Yes ☐No  Metabolic Screening BMI        ☐Yes ☐No  Metabolic Screening HgbA1C or Glucose Levels

**Primary Diagnosis at Discharge:**

F 31.9  Bipolar D/O Manic

**Secondary Diagnoses:**

Boo Personality D/O

**Medical Diagnoses:**

Alle Seers D/O   vit D def
+ Back discomfort   Anemia
so shoulder / hand dis comfort
gingivitis , ↓ Mg

**Other Relevant or Related Diagnoses and Environmental Factors:**

1. Monitor adherence to treatment.
2. Ref. to mental health for follow up.

Discharge Information & Instruction Form
DMH-9241-226 (M-495)
Revised 1/31/2017          Page 4 of 8

Label or Addressograph
Simmons-Jr., Johnnie
███████ /

* D C 0 0 7 0 *

SA 000042

J.A. 139

Exhibit 10 of 10

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Virginia

| Johnnie R. Simmons, Jr., | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20cv464 |
| R. Whitaker, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records, Portsmouth Police Department, 206 High Street, Portsmouth, VA  23704

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| Place: Pender & Coward, ATTN:  Jeff W. Rosen, Esq.<br>222 Central Park Avenue, #400<br>Virginia Beach, VA 23462-3026 | Date and Time:<br><br>12/11/2020 10:00 am |
|---|---|

· ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/24/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Jeff W. Rosen* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Sgt. Derrick Brown
, who issues or requests this subpoena, are:

Jeff W. Rosen, Esq., Pender & Coward, 222 Central Park Avenue, Suite 400, Virginia Beach, VA 23462-3026;
(757) 490-6253; jrosen@pendercoward.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

RECEIVED
MAILROOM

MAR 31 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA VIRGINIA

3/30/21

Dear Clerk of Courts:

I Have Mailed A Copy of this Amended Complaint to Jeff Rosen Esq. at 222 Central Park Avenue # 400, VA. Beach, VA 23462-3026

Best Regards,
JOHNNIE SIMMONS
H.R.RJ. P.O. Box 7609
PORTSMOUTH, VA 23707
PRO se

J.A. 141

*Amended Complaint*



NOTARY PUBLIC
REG. # 7723903
MY COMMISSION
EXPIRES
Nov. 30, 2021

4 Jan Jean
3/15/2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### COMPLAINT UNDER 28 U.S.C. § 1331 or
### BIVENS V. SIX UNKNOWN NAMED AGENTS

**Action Number**  Civ. 1:20cv 464
*(To be supplied by the Clerk, U.S. District Court)*
$450,000

Please fill out this Complaint completely.   The Court needs the information requested in order to assure that your Complaint is processed as quickly as possible and that all your claims are addressed.   Please print/write legibly or type.

*Jury Trial Demanded*

### I.   PARTIES

A.   Plaintiff:

1.     (a) JOHNNIE R. SIMMONS JR.  (b) 43692
*(Name)*  *(Inmate Number)*

       (c) P.O. BOX 7609
*(Address)*
       PORTSMOUTH, VIRGINIA 23707
*(City, State, Zip)*

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release.   If Plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under color of federal law are proper defendants under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).   Private parties such as attorneys and other inmates may not be sued under Bivens. In addition, liability under Bivens requires personal action by the defendant that caused you harm.   Normally, the Director of the Bureau of Prisons and wardens are not liable just because they supervise persons who may have violated your rights.   In addition, prisons and departments within an institution are not persons under Bivens.**

B.   Defendant(s):

1.     (a) DERRICK BROWN  (b) OFFicer BROWN
*(Name)*  *(Title/Job Description)*

       (c) 2690 Elmhurst Lane
*(Address)*
       PortSmouth, VA. 23704
*(City, State, Zip)*

CC PENDER & COWARD

Page 2 of 6

2.      (a) _Benjamin Hull_               (b) _Officer B. Hull_
            *(Name)*                          *(Title/Job Description)*

        (c) _2690 Elmhurst Lane_
            *(Address)*
            _Portsmouth, VA, 23707_
            *(City, State, Zip)*

3.      (a) _R. Whitaker_                 (b) _Former Off. R. Whitaker_
            *(Name)*                          *(Title/Job Description)*

        (c) _Unknown_
            *(Address)*
                _Unknown_
            *(City, State, Zip)*

If there are additional defendants, please list them on a separate sheet of paper.   Provide all identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.**

## II.   PREVIOUS LAWSUITS

A.   **Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?**

                                          Yes ☑   No ☐

B.   **If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below.   If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.**

        1.   **Parties to previous lawsuit:**

             Plaintiff(s) _Dr. Dale Moreno, N.P. Jennifer Hodge_
             _Johnnie R. Simmons Jr._

             Defendant(s) _Dr. Dale Moreno, N.P. Jennifer Hodge_

        2.   **Court (if federal court, name the district; if state court, name the county):**
             _U.S. District Court/ Eastern Alexandria Div._

        3.   **Date lawsuit filed:** _Amended Complaint 3/8/21_
             _Original Complaint 2020_

                                          **Page 3 of 6**

J.A. 144

4.   Docket number: 1:20 cv 520

5.   Name of Judge to whom case was assigned: Hon. Judge T.S. Ellis III.

6.   Disposition (Was case dismissed? Appealed? Is it still pending?   What relief was granted, if any?): Pending

7.   Date of disposition: N/A

## III. GRIEVANCE PROCEDURE

A.   At what institution did the events concerning your current complaint take place?
     Hampton Roads Regional Jail

B.   Does the institution listed in "A" have a grievance procedure?
     Inadequate Grievance procedure, Refuses to give  Yes ☑   No ☐
     forms,

C.   If your answer to "B" is YES:

1.   Did you file a grievance based on this complaint?        Yes ☐   No ☑

2.   If so, where and when: Wouldn't give forms only complaint forms.

3.   What was the result? I was Released 2weeks after incident.

4.   Did you appeal? Only Reported to Internal affairs  Yes ☐   No ☑
     and filed complaints then was Released

5.   Result of appeal: N/A

D.   If there was no prison grievance procedure in the institution, did you complain to the prison authorities?
                                                      Yes ☑   No ☐

1.   If your answer is "Yes", what steps did you take? I Reported to Internal
     affairs who told me to wait until release and I filed Jail
     Complaint forms awaiting Grievances that were not given.

2.   If your answer is "No", explain why you did not submit your complaint to the prison authorities: I'm now Hearing That Officer D. Brown
     Was Not demoted He's Just Not Wearing a Sgt, uniform,
     Changed duties, until this is over, In that case if they
     have not even Reprimanded him maybe R. Whitaker Will
     Be Back," I Should Sue H.R.R.J. In Official capacity I guess.

Page 4 of 6

J.A. 145

① IN THE UNITED STATES OF VIRGINIA FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



FILED
MAILROOM

MAR 3 1 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

JOHNNIE R. SIMMONS JR.
        Plaintiff

VS.                           Civil Action No. 1:20cv 464 (TSE/MSN)
                              Jury Trial Demanded
R. WHITAKER et. al.
        Defendants.

## I. AMENDED COMPLAINT FROM PLAINTIFF

Plaintiff JOHNNIE R. SIMMONS JR. Pro'se Litigant For His Amend
-ed Complaint against Defendants R. Whitaker, Derrick Brown,
And Benjamin Hull. These Officers Are Or/Was At the Time Of
The Incident All Correctional Officers At/Of Hampton Roads
Regional Jail located in the City of Portsmouth in the State Of
Virginia at 2690 Elm Hurst Lane 23704. JOHNNIE R. Simmons Had
The Courts U.S. Marshalls Serve H.R.R.J. employee Officer Brown
Who Was Demoted From Sgt. D. Brown after the incident in Unicine
With Former M.J.O. R. Whitaker Co-defendant Who Was Forced
into Resignation to Save His 401K plan after The incident who
U.S. Marshalls Were Unable To locate for Service and is in
Hiding. Plaintiff asks That Officer Benjamin Hull Of Hampton
Roads Regional Jail Who Directly participated in the incident
Be Served and Co-defendant R. Whitaker Be located and Serv-
ed.

Plaintiff amends the Complaint and adds more Realism as Well as Constitutional Rights That were Violated By Defendants DERRICK BROWN, R. WHITAKER, and Ben Jamin Hull among Others, Plaintiff in this amended complaint Unlike the Original Complaint States Damages With more Understanding, as Well as capacities, Plaintiff States A PRAYER FOR Relief OF monetary damages FOR NO less than $450,000, Also, Plaintiff Seeks Relief FROM Defendants in their individual capacities and Does not Have Original Complaint asks The court to Serve Benjamin Hu at His place of Work at Hampton Roads Regional Jail 2690 Elm hurst lane Portsmouth, VA. 23707. Plaintiff Would like to Notify COURT OF Defendant Hull's Retaliatory Behavior Not letting A NURSE Check my Tempature on 3/3/21 Saying I Was making too much Noise As I Was asking Defendant BROWN Why did He lie ON A SWORN Affidavit Sayin That he didn't See defendant R. Whitaker CHOKE me? OFFICER Hull Did Not Seem to like my Questioning His FORMER SUPERVISOR So made me Show him documents to be Cuffed FROM the FRONT Because of my Sore -Ws in my Shoulders and He Still Skipped me and Checked everyone's Temperature But my as The Nurse continued. IN The amended Complaint Plaintiff Will ask the Court to use logic and presumption as evidence Has Been Compromised. Defendant's Counsel Has access -s To it's Client's Recording System and Internal affairs So, if it's The Same Tape Why Did Defendant's Counsel Need To Get A copy Of The Tape FROM The PORTSmouth police Department instead of

From The Original and immediate Source it's Clients H.R.R.J. and Internal Affairs it, Steven Phillips, If There Was No Evidence of or Recording Of A Crime OR A Choking Why Was There evidence Ever even Submitted To Portsmouth's Criminal Investigators Units Detective Thomas to begin with? If all Defendants did Was Walk The Plaintiff in the Cell Why Did They take Him to medical? and Why did te have neck inJuries Reported in the log From an Altercation Enterin g Segregation on 2/8/19? See Exhibit 1+2 From Wellpath Healthcare If Defendants counsel Didn't Need to Redact OR Blacken Out Tape Why Seek evidence From Portsmouth police? Why Didn't Defense Attorneys Release all information From the police Dept. OR let police Release the information and make it's own Report? Why Didn't Defense Release and Reveal The interview with Plaintiff and Det. Thomas? Finally, Why Would Have police Called Plaintiff to come and Be interviewe and open an investigation and enter Tape into evidence and Refuse to Release it labelling it as Portsmouth polices' Property if There Was No Crime on The tape? Why Would Det. Thomas Vow To File Charges. See Woodard V. Hardenfelder, 845, Supp. 960, 968 (E.d. N.Y. 1994) [Holding That leave to File an amended Complaint is only appropriate When based on the plaintiff's First Complaint, it is conceivable That An amended Complaint Could State a Cause of action For a Violation of civil Rights) Taken Together, These Cases mean that you should Be given the chance to amend your Complaint With additional Facts That Support Your legal Claim) Plaintiff Also Alleges as follows:

## II Jurisdiction and Venue

This Court Has Jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343 (3) and (4) The matter in controversy Arises under 42 U.S.C.

2. Venue properly lies in this District pursuant to 28 U.S.C. 1391(B)
(2) because the events giving rise to this cause of action occur
~red at Hampton Roads Regional Jail (H.R.R.J.) in Portsmouth, VA.
Which is located within the Eastern District of Virginia.

3. Plaintiff Johnnie Simmons was at H.R.R.J. from January 15, 2019
until April, 2019 and by court order and assessment was Diagnos
~sed and sent to Eastern State Hospital with Treatment was Releas
~ed and referred to mental Health with mental Disorders sent Back
To Hampton Regional Jail on May 16, 2019 until Release on July, 2019
Then Re-indicted in September 2019 and Has remained until prese
~nt time and is currently confined at H.R.R.J. Plaintiff Johnnie
R. Simmons Jr. is and was at all times a Citizen of the United Stat
~es and A resident of Virginia born in Harlem, New York.

4. Defendant R. Whitaker was At times Relevant A Correctional Offic
~er at Hampton Roads Regional Jail in Portsmouth, VA.

5. Defendant D. Brown at Relevant time was C.O. At H.R.R.J. in Portsmouth, VA.

6. Defendant Benjamin Hull at Relevant times Was a CO. at H.R.R.J. in Ports-
mouth Virginia.

7. Superintendent at the Time was David Hackworth assumably and
Was dismissed from H.R.R.J. Therefore Plaintiff is unsure on liability
Of Superintendent as Defendant

8. The incident is mirror to The George Floyd case All Defendants are liable

9. This action arises under and is brought pursuant to 42 U.S.C.
Section 1983 to Remedy the deprivation under the color of law
Of Rights guaranteed under the Fifth Eighth Precisely

and Fourteenth Amendments to the United States Constitut-ion, This court has Jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 1335.

10. Plaintiff JOHNNIE R. Simmons JR. claims for compensatory Relief money damages, punitive damages, and injunctive Relief.

11. Plaintiff's injunctive Relief are authorized by Rule 65 of The federal Rules of Civil Procedure.

12. The Cause of action arose under the Eastern District of Virginia Therefore, Venue is proper under 28 U.S.C. Section 1391(b).

## III Previous Lawsuits By Plaintiff

13. Plaintiff has filed no other lawsuits dealing with the Same Facts, Plaintiff is Amending the Same Complaint stating New Constitutional Violations, and stating more Damages and Types of Constitutional Violations that were Not in the Original Complaint. Plaintiff has one other lawsuit Relating to His imprisonment Against The Jails (H.R.R.J.) Medical Provider Wellpath for Denial of medical attention and Cruel and Unu-sual Punishment. That case is Pending in U.S. District Court Eastern District of Virginia / Alexandria Division.

## IV Exhaustion of Remedies

14. Hampton Roads Regional Jail Officers were very Retaliate-Ry after the Strangulation incident and Threats were .

made as well as mockings. Regulary. Officers like officer Shirley a male officer would make Comments Like "I will choke your ass like Whitaker and Yeah He'll Be Back too" Telling me That defendant R. Whitaker Who Strangled me and was Being Disciplined for it at that time By The Jail along with Former Sgt, Brown and Other Defendants would Be Back to work after the Choking, Officer Taylor would also say Things like "I'll Fuck you up I would Choke you Out like Whitaker But I'm not that Strong But, He'll Be Back though you need to let that go." They would Handcuff me tight from the Back when Transporting me sometimes in the Jail to medical when they know I Have a screw in each Shoulder and I'm suppo-se to Be handcuffed to the front and Everyone who goes to medical is normally cuffed from the front. They stopped Giving me pain medication and let me suffer and I'd Beg and Cry Because I Need a Shoulder Replacement and I had Been Just injured at Wal-mart in Shelby, N.C. where they Slammed me on Shopping Carts injuring me Because They Mistakenly Thought I was shoplifting. I was with Pat Houston Brother Ray Watson Whitney Houston's Body guard I was Travelling Back to Virginia and stopped to get a Money Transfer. They would do other Retaliatory Things like see me Having a Seizure and leave me in the Cell

J.A. 151

(6)

OR at other times they'd delay Treatment and stall Because of the potential lawsuit for the strangulation. An officer Freeman saw me have a seizure before and left me and I luckily came out of it. They would deny me my seizure meds for weeks until I seize and let my neck, back, shoulders, and knee pain persist so I was hurting so bad I was deli- sional and wrote medical telling them it seems like they are working with the Shelby, N.C. police they beat me at Wal-Mart I'm in pain and your officers tried to kill me in a physical manner yesterday. Your denial is the worst neck & throat pain. I was choked till I passed out yesterday my adams apple feels crushed and it's sore. I'm requesting to go to the hospital may I go to the hosp- ital please Shelby police hurt me bad, Shelby police hurt my lower back, knees, head, and H.R.R.J. hurt my upper back, neck and throat and caused alot of mental and emotional pain, distress, and damages. See exhibit 1 where I wrote to CCS healthcare request at the Hampton Regional Jail and it was signed received on 2/9/19 and the triage date is 2/10/19 the incident at H.R.R.J. (choking) involving defendants R. Whitaker, D. Brown, Benjamin Hull, Melissa Hunter, and officer

JOHNSON occurred on February 8, 2019 (2/8/19). So, I was basically denied medical treatment after the incident when Defendants R. Whitaker and D. Brown took me to the cell when I became conscious they came back and walked me to medical where I asked for an X-Ray explaining or complai-ning I'd been choked. The nurse looked at me and said "He's O.K. He's alright" She refused and I told her my throat felt crushed. See Exhibit 2 Wellpath is H.R. R.J.'s Health Care Provider for inmates. Exhibit 2 shows Progress Notes Dated 3 days after the Strangulation while I was a Pretrial Detainee. Dated 2/11/2019 Reports from medical State Patient has Trouble Swallowing, Swelling, Tenderness on Right Side of Neck Officer log states conflict on 2/8/19 and Entered Segregation. Exhibit 3 Shows on 7/3/2019 I was in Hospital and Medication Was administered Because the Dilantin medicine Was denied due to Retaliatory Behavior along with the threats I was Receiving I was fighting for my life and in fear for my life Daily. I arrived at Mary -View Hospital with a 0% Dilantin in my Blood as Doctors Were furious Stating "They're Trying to Kill you" Stated By Doctor Jean-Marie Kaniyinda. She gave me the medic--ine through an I.V. as I Was Unresponsive inches from Death Being found in cell at 9:20 and not taken to the

Hospital until nearly 12 noon while I was seizing and unre
- sponsive in medical as they continued the retaliatory behavior
Not doing protocol and watching me have seizure and not
even starting an I.V. an I.V. wasn't started until I was triaged
by RN Natasha Hill at approximately 12:17 as a seizure
patient is combative sometimes and unaware I pulled I.V. out
from pain at site while being given meds. I.V. was not available
on arrival. see (NO) Exhibit 4. They were mean and Vindictive
at Hampton Regional cuffing me from the back often causing pain
when I was medically excused It lists Screws seen it Right
Shoulder But I have Screws in both see exhibit 5. The Intern
- al Affairs Lieutenant Steven Phillips of H.R.R.J. Sent me a
Felony Warrant to Fill out on Defendants and I was afraid
to do it I was afraid for my life from threats by officers
and the Retaliatory Treatment Trying to let me expire as they
Did when the Hospital Saved my life and I Returned to H.R.R.J
They would only Dispense Half of my meds going against
Doctors Orders and I collapsed on my Face from a Seizu
- re on the way to court and was luckily Released before
Anything Bad Happened. But, I was Re-indicted after my
July Release in September of 2019. While Incarcerated
after the 2/8/19 incident I Remember internal affairs
Telling me to handle everything when I get out it I was
Afraid. which I was Very Afraid. The Jail However Had

Denied me Grievance forms when I Tried to Exhaust my Remed -es They were Strict and Combative When inmates inquired about or Requested Grievance forms, They Would ask Why You Wanted it and if they were not Satisfied with your Explanation to why you Wanted it they wouldn't give it, They Would Tell you you'd Have to fill out a normal Complaint form first and wait for a Reply Then if you didn't get a Reply or like The Reply you Have to fill out another and give them another two weeks To Respond and Then if they don't Respon. or you're not Satisfied you can then get A grievance form, Alot of times They Would Just ignore you or Say O.K. And Just Don't come back or Say "I told you I got you" and Still Don't give it, I filled out Complaint forms and Complain -ed to Medical and Got no Response from administration But, The Mental Health Lady Supervisor Mrs. Greene got me an X-Ray on my Neck But I was Never Called Back to Review or discuss Results They Claim that means it's O.K. I felt Crushed and my Neck Still Pops When I turn my Head. The H.R.R.J. Has an inadequate Grievance Procedu -Re; They intimidate, Bully, and Threaten people and Vindictively do alot of Retaliatory things To put you in fear, This Viola -tes and deprives inmates of their 14th Amendment Rights and does not Enable you to Exhaust your Remedies.

See Rodriguez v. Westchester County Jail Corr Dept, No. 02 0325 (Order denying petition for Rehearing) (stating that the plaintiff's prior understanding of the (P.L.R.A.), even though ultimately determined to be incorrect, was a justification for not pursuing available remedies' (internal citation omitted).

In addition, today, in Ortiz v. McBride we hold that exhausted claims filed alongside unexhausted ones may proceed even though the unexhausted claims must be dismissed, in Abney v. New York Dept. of Corr. Serv, we conclude that in some circumstances the behavior of the defendants may render administrative remedies unavailable for the purposes of the PLRA. And in Hemphill v. State of New York we read our holding in Ziemba, supra, to signify that the threats prison officials alledgedly made against the plaintiff may in some instances be sufficient to estop the government from asserting the affirmative defense of nonexhaustion. As a result in Hemphill we deem dismissal of the plaintiff's complaint at the summary Judgement Stage, inappropriate and Remand for further factual consideration. Finally in Johnson v. Testman we hold (a) That the government waived it's defense of Nonexhaustion as to one defendant, and (b) That while in some situations the raising of a prisoner complaint in a disciplinary hearing may amount to exhaustion of administrative remedies, in others it may not.

(4) In February of 2020 I got the complaint and Filled it out about the Strangulation to Then Superintendent David Hackworth Telling Him I was Strangled Nearly to Death and Portsmouths Detective Thomas has the Tape, I told him I also Spoke With Wavy 10 News and I'D Be Filing Suit if I'm Not Contacted and This injury Related incident is not addressed. The Officer took it But Would Not Sign it. It's Dated 1-27-202 To David Hackworth. I tried to Get Him To Sign He Said They will get With you and give you a Signed Copy and He debated about the procedure Refusing to Sign, Another Trick They Pull. (See Exhibit 6) Then Again In February of 2020 Again The officer did Not Sign. I can't twist their arms and make Them Sign Or Respond Nor Can I Force them to have an Adequate Grievance Procedure Where One Can Exhaust Remedies. (See Exhibit 7) (See Exhibit 8) Retaliatory Plaintiff found at 9:20 Am Unresponsive and Still Unresponsive at 10:05 A.M. Ambulance Called 11:05. Triage 12 Noon. Maryview  **Facts** Hospital 10 minutes away.  SMH.

15. On February 8, 2019 Plaintiff Johnnie Simmons was in A cell In C-4 of H.R.R.J. When Officer Johnson (Defendant) came to take him to medical to Get An EKG. M.J.O. Whitaker who were Known To Beat people up came in and Began To take people to Showers in the POD. When I Saw them Coming In the Unit I Said Jokingly "Oh Lord I'm Going to Die Today." Then Officer Johnson and I proceeded to medic as We Were Walking I told Her people Serving the

Food claimed they were spitting in my food I didn't want to go Back anywhere in there I said "Put me anywhere But in There please" She Said "OH LORD" We left medical when we were Done and as we Began up the hall to go Back I was Surprised to see Defendant R. Whitaker who U.S. Marshals couldn't find to serve and Defendant D. Brown came to meet us and Had Stopped giving Showers. As we walked up The Hall I told Them the inmates said How Does That spit taste and I didn't want to Be in there please put me any Where else and I sat on the Floor. I was Handcuffed They Said You don't tell us what to do and Defendant D. Brown said To Defendant Benjamin Hall "Help us out For a minute". The Defendants as Officers Melissa Hunter and Officer Johnson (Female Jane Doe) Watched All 3 Men Defendants picked me up and carried me Through the air and out of the Blue M.J.O. R. Whitaker For No apparent Reason took me Down to the Floor put me in a Headlock Eric Garner Style Choke Hold and Began Choking me and He Said "Are you Gonna Comply"? I attempted to Say I can't Breathe and as I gagged Trying to Speak He Tightened His Choke Hold up More. R. Whitaker is the Size of L.L. Cool J, So His Biceps are Huge. I saw my life Flash Before me and I thought I'm gonna Die in Jail and

J.A. 158

My children are going to see this on the news and my Daughters Are going to go through what Erica Garner went Through when N.Y.C. Police killed Her Father. Then my eyes Teared up as He was still applying Pressure and everyone else all Defendants were Behind us to my Right as I was on the Floor and I went out. Unconscious. (Tears) I woke up (Pause what A Horrible memory). God Breathed life Back into me I Didn't know where I was I looked around I Said to myself I'm in Jail as I looked around I Didn't know why I was there Then I Saw urine on the Floor and People Standing over me and I Said "OH This Nig - ga Just choked me that's what Happened" (Excuse my French Just Being Totally Honest) Then Defendant Derrick Brown Said To Defendant R. Whitaker "What You Do That For?" Defendant R. Whitaker Replied "While We were carr ying Him Through the air He let his legs Hang Down". I did Not Kick anyone I Just Don't know Ballet they Could Have Just walked me in they never attempted to they Picked me up to carry me which was unnecessary. So, After They all watched me get choked Nearly Till Death with No one even Saying Stop or That's Enough They Stood me up my Pants was wet They walked me To the cell Defendant Off. Johnson Gave Defendant Off. Hunter

(12)

A High Five and said as they were escorting me to the cell "He Choked the piss out that Nigga" Officer Johnson was excited and laughing Officer Hunter Seemed more in Shock though in agreement Because There was urine on the floor. Defendants R.Whitaker and D. Brown placed me in the cell Removed Handcuffs and came immediately Back and Roughly Rush walked me to medical infirmary where I was Denied medical attention as I told the Nurse they choked me my adam -S apple feels crushed, my Neck and Back Hurts, and my Neck. She Said He's alright I said I'm not She insisted as they intimidatingly Hovered over us in the middle of the infirmary and I was Never Taken to a Room or allowed to Speak with the doctor/Nurse private -ly as She displayed Prejudiced Behavior and Said "He looks alr -ght Nothings wrong with you you'll Be O.K." They Then took me to the pod and cell and came immediately Back and Moved me to Ano -ther Unit which defeated The purpose of The punishment/Choking Because all I initially asked was to Be moved to another Unit. Their motive was So I would have No Witnesses To the Crime. See Stanback V. State The plaintiff's expert testified that an X-Ray of the plaintiff's Knee Would have Revealed his Torn ligament, However, Prison Doctors Only Offered ace bandages, braces, and painkillers and did Not X-Ray the Knee For Over three Years Expert testimony is Not Always Necessary, In Rivers V. State The Court held that (a) medical experts testimony is Not Requi -Red where a lay Person, Relying On Common Knowledge and Experience, Can find that the harm Would Not have Occurred

In the absence of Negligence. In other words, if an ordinary Person could have used common sense to find out that Negligence must have occurred, you do not need an Expert Witness. Breach of Duty was the direct cause of Plaintiff's injury as Defendants Goal was to Primarily Punish and inflict Serious Harm or Death.

## COUNT ONE   Breach of Duty

6. Defendant D. Brown (officer) who was Sgt. D. Brown before he was Reprimanded and Demoted as Discipline and penalties for his Personal Involvement and lack of Diligence in Responding and Trying to stop the 'George Floyd' or Eric Garner Style Choking incident inflicted on the Plaintiff as he watched by his Assistant former M.J.O. R. Whitaker who was Discipline in Unicine with his Co-Defendant D. Brown and H.R.R.J.'s former Employee Defendant R. Whitaker Suffered More Harsh Disciplinary actions as He was forced into Resignation as a Result of his Strangling the Plaintiff nearly till Death

17. U.S. Marshalls were Unable to locate M.J.O. R. Whitaker who is in a Hiding and eluded Being Served with the Complaint filed by the Plaintiff. Defendant D. Brown was Supervisor for Defendant R. Whitaker and assisted by Personal Involvement carrying me and Watching Defendant Whitaker Take me to the ground Putting me in a Fierce Headlock and Choke me Until I was Unconscious and I Urinated on my Self and the floor While all Defendants Benjamin Hull, included Watched and Never ask him or Tried to Get Defendant R. Whitaker to stop the Excessive force While He choke me and asked "Are you Going to comply" Inflicting Intentiona

Punishment Violating my Constitutional Rights as A pretrial detainee, Defendant D. Brown and all Defendants Violated my Constitutional Rights to Be Free From assault By prison officials, to Be Free From Cruel and Unusual Punishment and Wanton infliction of pain and Torture. Officer Brown who is still employed at H.R.R.J, Knew about the Wrong, Witnessed the Wrong, Participated in the Wrong, and did Nothing to Try to Stop it or Fix the Wrong and let the Wrong Cont ~inue Under His Supervision, Defendant D. Brown and Defendant Benjamin Hull Knew this was a Constitutional Violation and also Knew of the Substantial Risk of Harm and possibility of death and as co/ Fellow officers and Defendant D. Brown in their actio ~ns as Supervisor and Fellow officers Failed to act, and Remained Silent and let the act of Violence Continue as they Witnessed the Malice and Vicious attack under the Color of the law while Defe Ndant R. Whitaker was in the Frame of mind of A Killer on the Street. The plaintiff was Handcuffed weighed 150 lbs and was totally defenseless needed Shoulder Replacements a Knew Replacement and was disable Had A Traumatic Brain injury, Grandmal Seizures, and A mental Disorder The actions were Totally unnecessary Violating the plaintiffs Fifth, Eighth, and Fourteenth Amend ~ments Rights. This was An act That Can't Be allowed Summary Judgement or A Victory. This was Excessive Force That was

Repugnant To the conscience of mankind. THE Defendant R. Whitaker Had a Certain state of mind When He created These Conditions and That was A Killer mentality, This was Deliberate indifference as They all watched Knowing This excessive force and cruel and unusual punishment that was Being inflicted, and administered was immoral, inHumane, unJustified, and physical Torture a Violent Barbarous Act that Could Have Caused Death. There was No Resistance The plaintiff was Hand-Cuffed And That is Why This Violent Cruel and unusual punishment, Excessive force, and Constitutional Rights Violations exercised and Demonstrated By These Defendants who all are Guilty and participated acting OR Not acting Cannot Be Condoned and The Honorable Courts Cannot Grant A Justifiable Summary Judgement for plaintiff's Oppositions in this Case, The Defendants are Guilty and are Blessed to Not Be in Jail For this George floyd Mirror Type incident in which Portsmouth Criminal Investigator Units Detective Thomas Vowed They Would all Be Charged with attempted murder after He viewed The tape Given to Him By H.RR J.'s Internal Affairs Lieutenant Steven Phillips, The ⬛⬛⬛⬛⬛ Style Of The Defendants Counsel is Conspiring and Based On Covering up a Crime, Coaching and intimidating Witnesses and Tampering with Evidence

Trying to get everyone to perjur themselves, Worried About (Threatened) Job security, commit Time after Time crime after crime signing sworn affidavits claiming the strangulation never occurred as the Defenses' counsel Have evidentially erased and edited the Tape. The Defendants counsel is trying to stop the Courts from allowing vital material facts from the plaintiff and witnesses to prevent Summary Judgement.

18. The exhibits shed light on the Truth and How I, Plaintiff was Treated with retaliatory Treatment and reported the incident, was denied medical Treatment and due process preventing me from Exhausting my Remedies. Then Superintendent (former) David Hackworth was fired But had not answered my Grievances if officers Turned Them in, Then another Superintendent came and was fired or Quit too.    COUNT TWO

Failure to Administer medical Help

19. MRS Pamela Westbrook signed an Affidavit and gave a statement That I was Not Treated for injuries, on February 8, 2019. She is Absolutely Correct, God Bless Her Soul Someone Told The Truth! Yaaa!! ☺ Because I was Denied Medical Treatment and Turned away By A Nurse as Defendants R. Whitaker and D. Brown intimidatingly Hovered over The Nurse and I as I Stepped into the infirmary By The desk Then She Scandalously Said "He's alright Nothings Wrong with Him" "They Choked me I want an X-Ray on my Neck" "You'll Be alright He's O.K."

As A Result of the Denial of Care Plaintiff Suffered More Because He Was Not Treated For A few days and Had to deal With the Pain and emotional Suffering Without pain medicine Which Was Rarely given Though I pleaded. I am disabled I Receive SSI For my Traumatic Brain Injury and I Suffer From pain From Rotator Cuff Surgeries on Both Shoulders that Have Worn Down From The Shucking and Jerking From Seizures So Bad That I can't Have Reconstructive Surgery again I can only Get Replacement Shoulders. So, I Was At The mercy of Heartless People. As A Result of Pamela Westbrook and Wellpath's Staff I continued to Suffer in Pain. They exercised Deliberate indifference Bold and Blatantly. Once in a While I'd get a Nurse Who Wouldn't Say "I can't give it to you it's Not ordered it's Not in the Compu -ter." There Were A few Sympathetic and Empathetic Women. I Have mental Health issues Caused Emotional distress too. (See Exhibit 9)

Count Three

20, Defendants Oppose mandatory meeting, Depositions, Subpoeana of Witnesses, Court Proceedings in Court and Claim Plaintiffs Evidence Sought is Not material Productive From Discovery That Will Prevent Summary Judgement.

Plaintiff is Receiving Objections and Oppositions From Defenda -Nts Counsel Concerning exculpatory evidence. This is Similar to A Brady claim and The law Relating though this is A Civil Case. The Revelancy of evidence depends upon Proof of Connecting the facts, The Court may admit the Evidence upon OR, in the

Courts Discretion, Subject to, the introduction of proof sufficie
-nt to support a finding of the facts. The Burden of Proof is inde
-ed on the plaintiff, where The Burden is on The plaintiff on any
issue in this case, the plaintiff may open and close. The party
with the overall Burden of Proof will Normally have the initial
Burden of Producing evidence, and hence has the Right to duty
and Open the evidence. See §§ 9:1 et seq. The party holding
the affirmative of the issue Joined in the pleading, who is
Normally (But Not Always) the plaintiff, and who would Be defeat
-ed if No evidence were given on Either Side, generally Has
the Right to Open and close the evidence and the argument.
Young v. Highland 50 Va. 16, 9 Gratt 16, 1852 WL 2830 (1852).

21. Any Favorable evidence is material especially when it is Key
evidence That can Be a determining factor like a Witness to a
crime who is A Police Officer or law Enforcement Person who
Conducted or is Conducting an investigation. Whether evidence
is material does not depend on Whether defendant would
More Likely than Not have Received a different Verdict
With the evidence, But whether in its Absence There was A
Fair Trial, Worthy of A Verdict of Confidence. The doctrine
of Harmless Error does not apply once the court has found
a Brady Error/Violation, because a Brady Analysis Necessarily
includes a determination of whether The evidence at issue
might Have affected the Verdict. Finally, Courts Should Evaluate
the material affect of exculpatory evidence by examining

Litigant being inexperienced is doing this independently No Said He - Se lawyer Just References and The Truth, So, Plaintiff Therefor was Naive to the fact of When prison officials provide Docume -nts in discovery they often "Redact" or "Blacken out," they think is Secret or Sensitive. I'm convinced my opponent/Defe -nse counsel is Hiding information that was on the tape and I was entitled to. That's why They Submitted the tape they took out The Choking part that Sent me To medical and made the Def- endant Officer D. Brown lose His Rank as Seargeant and Former M.J.O. Whitaker is no longer employed by H.R.R.J. was Forced To Resign to Save his 401K. A female Deputy/ officer Told plaintiff/me I Don't know I Came to work one Day and We Was chilling Then The Next day I asked where M.J.O. Whitaker was and They Just Said He didn't work here anymore They didn't Say Why OH! That's what happened No wonder He's Gone." "Yes Darling He almost Killed me" "Sorry That Happened To you." Some Claims Say D. Browns Demotion was a Hoax

<u>Injunctive Relief</u>

26. Plaintiff asks Injunctive Relief of H.R.R.J. To Stop the mail Tampering and Be put on notice and investigated These are Fede Ral Crimes. They Bold and Blantanly open certified mail Not in you presence and Throw away and Read outgoing mail at will and lega -l mail Sometimes Doesn't Show up on the Outgoing Mail Report Because They THROW it Away. A Seargeant Admitted that they Have Not Been Sending peoples mail out.

# ARGUMENT 1

Defendants and Counsel in this case Johnnie R. Simmons Jr. V R. Whitaker et. al. Civil action no. 1:20cv464 Are Seeking Summary Judgement and Plaintiff opposes this action and Requests that Summary Judgement Not Be Granted for the Reasons Herein as follows.

1. Defendants claim that tape fails to show choking While The Tape has Been Redacted, Compromised, and Counsel Has Submitted a Recording To their likings, and Not of Everything that Occurred in the Altercation

2. Defendants are afraid of a lie detector test so they Rely on the law that States, and holds (inmate In Civil Rights action Cannot Obtain a Criminal investi -gation, including Polygraph Examinations). So, Defendants Oppose, and Object to Plaintiff Seeking an investigator

3. Plaintiff will no longer Be incarcerated and Will Have Rights Restored in a few weeks and will Be able to Have a fair Trial, and equal protection.

4. Defendants constantly oppose plaintiffs Motion for in Court Mandatory meetings, and attempt to evade the Rule, and any deposition or proceeding to Try to Rush the court to Judgem -ent Because of Guilty defendants, and Unrelia -le witnesses as well as, witnesses who may not Perjur themselves in fear of Job Security.

5. There is substancial need for factual information That Plaintiff Cannot get anywhere else That is not privleged material But, it is discovery that is very relevant to the case.

6. The defendants opposed and objected to plaintiff's motion Seeking a Subpoena Duces Tecum to the Portsmouth Police Department ("PPD") Seeking the video Tape of the incident and Seeking Subpoena of Lt. Steven Phillips of Internal Affairs at Hampton Regional Jail Regarding the videotape and his direction to me.

7. Defendants oppose and object to this motion by Plaintiff for Discovery That they asked for a Subp- pena for themselves (See Attachment A).

8. Defendants Subpoenaed Copies of all records from Portsmouth police including interviews But Defendants Did not Release the interview of Plaintiff and Portsmouth Detective Thomas Because The interview was about the Choking That was on the tape. (See Exhibit 1C)

9. Defendants Attempted to Seize information and Tapes or Recording from Portsmouth police in attempt To Cover up the Crime- (Attachment A)

10. The Defendants Counsel Are Representing H.R.R.J. employees and received affidavits fro- m Them but claim the police had The Only

Tape that exists when the incident is in the Jail camera system and Lt. Steven Phillips who supplied the police with a copy could easily cut the defendants counsel a copy of the incident which is not supposed to be erased surveillance material by law.

10.   Defendants did not release any telephone calls, interviews, or interview notes, or field notes of the report of the strangulation to police or any findings by the interviewer Detective Thomas of Portsmouths criminal investigators unit because the findings and interview were about attempted murder charges being filed against all officers involved similar to the George Floyd, and Eric Garner chokings.

11. The rule protecting attorney work product is also called the "Hickman Taylor rule" because it is based upon the Supreme Court case Hickman v Taylor. 329 U.S, 495, 500-14, 67 S. Ct. 385-97 L.Ed. 451, 456-66 (1947).

12. See, e.g. In re Grand Jury Subpoena dated July 6, 2005, 510 F 3d, 180, 188 (2d 2nd Cir 2007)(finding "Substantial need" for the documents requested for they were unique evidence that could not be obtained through other means.

Plaintiff

13. There is No Other Way Plaintiff Can get a Sworn Affidavit From Detective Thomas OR an In Court appearance, and Testimony By Det. Thomas and Lt. Steven Phillips about What they Saw on the tape, and if they Saw the Strangulation Under Oath.

14. Plaintiff Would Be enabled to Have a fair Trial, and Exercise Rule 26(F), and Create a Proper Discovery Plan. Plaintiffs May 11th Release Will enable plaintiff to Be entitled to Rule 26(a)(i)(A) Mandatory Discovery Rule.

15. Defendants Counsel Have alot to Hide, and are Trying To Bully The Courts to Rush to Judgement and Violate Plaintiffs Constitutional Rights With a Premature dismissal Without material facts Being Presented So A fair determination Can Be made By the Courts.

16. The Affidavit of Pamela Westbrook States that There is No Record of any medical Treatment having being Rendered to Plaintiff on February 8, 2019 Other Than His ⬛⬛⬛⬛ Visit Prior to the Alleged incident.

17. Plaintiff is unable to See Tape While incarcerated Tape doesn't Give Plaintiff Fair Trial With No access To View While Representing Himself Pro se But Release Date is Confirmed for a few weeks.

18. While MRS. Pamela Westbrook Director Of Well-Path medical at H.R.RJ. Contends That there is No Record of any Treatment Rendered to Plaintiff

J.A. 171

Pg. 5 of 9

ON FEBRUARY 8th But, DEFENDANTS Contradict her Statement in their affidavit as Counsel Contends that on FEBRUARY 11, 2019 Plaintiff Was Seen and The Nurse Noticed an area of Swelling and Tender Ness on the Neck Related to an incident on FEB -Ruary 8th as Plaintiff's Opposition tries to Say that (in Number 22 of Exhibit B) That my Visit Was Totally anti Seizure medicine and Orthopedic Issue -S my Sick Call Slip Shows in Exhibit 1 that I Was called FOR my Neck complaints as Well and They indicated Trouble Swallowing and gave me pain meds and an ice pack to Reduce Swelling. But in Ex -hibit A Pamela WESTBROOK The Director of Medic -al who has access to These Records did Not State that I Was Treated But Said I WASN'T.

14. When a patient as The Plaintiff is Denied Medical Treatment FOR an injury THat does No make The injury Absent it's The Denial of Treatm -ent and The attempt to Not acknowledge the injury to Avoid Responsibility due to the injured party. (See Exhibit "C")

20. Everytime After The incident I Would Bring up my Neck injury and The Choking The medical Staff Would ignore me Change The Subject and Would Not give me an X-Ray on my Neck Until

Weeks later and it was A mental Health Work -er who got Radiology to do the X-Ray and I was never called to view it or Discuss Results.

21. Plaintiff also Brings this action pursuant to U.S.C. § 1985. Section 1985 Prohibits conspiracies to interfere with civil rights, and Prohibits conspi -racies to deprive persons of equal protection of the laws.

22. Plaintiff's Right to equal protection of laws are being attempted to Be Violated By plaintiffs Counsel plaintiff has been injured and has Rights of a United States Citizen.

23. Plaintiff is Being Discriminated against and conspir -ed against By Defendants Counsel Because he is an imate and is indigent and is Not Represented By an attorney and Has To Represent himself PRO se so They are Trying to conspire and capitalize on this By Redacting a Tape he can't view, and prevent him from having equal protection and Rights to Witness -es and other material that is Relevant and Vital, decisive, discovery that Could decide The Out -come of The Verdict and make this a Fair Tria

24. Plaintiff would like To Hire a Stenographer and Hold a deposition Rule 29. Plaintiff needs to Question deponents to have a Fair Trial in this case.

Pg. 7 of 9

25. Plaintiff knows facts may be proved by circumstantial Evidence, See § 31:1 et seq, but a fact cannot be regarded a proved unless such Evidence tends in some proximate and Reasonable degree to convince the mind of the conclusion claimed and th-Els produce belief Am. Jur. 2d Evidence § 1390

26. The honorable courts are familiar with todays counsels tampering with Evidence and only showing portions of Evidence that will Get the verdict they want for their defendants. (see Exhibit E)

27. Plaintiff would like Judge to issue subpoena duces Tecum if defendants have nothing to hide they would not object to Lt. Steven Phillips and (PPD's) Detective Thomas' Testimony in a deposition.

28. Subpoena's would require a notice of at leas 30 or 20 days in advance Plaintiff will be release in approximately 40 days. (Please see Exhibit F)

29. Defendants counsel stated Sgt. Brown or Officer Hull had no evidence that R. Whitaker was violat-ng Plaintiffs Rights. Then claims neither saw the chok-ing but Sgt. D. Brown asked Whitaker why did he do?

30. Defendants Sgt. Brown and Officer Hull claim I did not follow orders but did not charge me with disobeying a direct order, claimed I kicked but did not charge me with assault or creati

Pg. 8 of 9

- a disturbance and Told me they were Not going To move me But moved me to Another unit after the Choking So I Would have No Witnesses to the Choking. All I was asking for was to Be moved so Why The Sudden Change of Heart No delaying Hinder

31. Plaintiffs Showed guilt By Taking me to medical it Nothing happen Why did They Take me to medical immediately Then move me Immediately.

32. Upon Plaintiff's Release plaintiff can View the Video Tape and describe The Changes made and Be available for depositions to Question deponents About the Evidence. Including WHY MR. PHILLIPS Didn't Comment.

32. Defendants Counsel is behaving Suspiciously and Trying To Out maneuver plaintiff and outwit The Courts of Alexandria with Constant lies. (See E,H,I)

33. Defendants claim Plaintiffs discovery Requests are Premature While Defendants made and Were Granted Same Requests.

34. Defendants Modus OfeRawdi is Obviously a description Of their Character and Morals.

35. If the Prima Facie case is Revealed it Would Be Justice Because The Preponderance of Evidence is Something that Res ipsa loquitur. Lieutenant Steven Phillips Would not Commit Fully To Counsels Crimes of Aiding and Abetting PerJury. (Please SEE EXHIBIT I)

Pg.9 of 9

36. As I'm Concluding Arguments I talked To A Seargeant and Tell Him I think It is Wrong What they did to me and that D. Brown and HRRJ. Are Trying To Sweep it Under A Rug and Deny That the Choking EVER Occurred. I Then Said They Don't Even Have THE Decency To Apologize. The Seargeant Said "Well, I apologize For them" and Don't let this Ruin you and Your Mind"

37. I Did NOT Have The Women Served Even Though it angered me That They Were Lau-ghing When I Regained Consciousness and Was Being Walked to the Cell By DBrown and R. Whitaker.

38. I Do Not Recall Having leg Irons at All.

39. I think About Womens Children Having To Suffer and How They Shouldn't.

40. I Intend to SEEK Criminal Charg-es Against R. Whitaker AND Spare D. Brown Although I Do Not Appreciate Him Not Acknowledging THE Strangulation Occurred. D. Brown is Trying to Save His Human -ity As R. Whitaker's Actions Placed Him IN THE Hot Seat For Not Saying Stop!

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHHNIE R. SIMMONS, JR.,                  :

                  Plaintiff,       :        Civil Action No. 1:20cv464

                          :

v.                                         :

R. WHITAKER, et al.,                       :

               Defendants.      :

## ATTACHMENT A

1.     Copies of all records relating to any complaint brought by Johnnie R. Simmons, Jr., regarding any Hampton Roads Regional Jail Authority employees;

2.     A full and complete copy of any Portsmouth Police Dept. investigation conducted concerning Johnnie R. Simmons, Jr. (Inmate No. 43692) and any Hampton Roads Regional Jail Authority employee(s), including telephone calls, interviews, interview notes, field notes, photographs, findings, and any and all other writings whatsoever in any way related to Johnnie R. Simmons, Jr. and any such employee(s).

Case 1:20-cv-00464-MSN-IDD   Document 59-2   Filed 03/31/21   Page 38 of 62 PageID# 428

*EXHIBIT E*

the order, you can make a motion asking the court to sanction your opponent under Rule 37(b). A "sanction" is a penalty or coercive measure that results from failing to comply with a law, rule, or order (usually, sanctions are monetary fines, but they can also be imprisonment or dismissal of the lawsuit).[30]

A request for production must describe the name and date of each document or object as specifically as possible. You should try to find out as much as you can about the documents or objects your opponent has that might be useful to you. Note that when prison officials provide documents in discovery, they often "redact," or blacken out, information they think is secret or sensitive. If you think your opponent is hiding information that you need and are entitled to see, you can move for an order compelling discovery under Rule 37(a)(3)(B).

Remember that Rule 34 does not limit you to requesting documents that might be found in an official file; you can ask for books, accounts, memoranda, letters, photographs, charts, physical evidence, or any other object you can describe specifically.[31] If you request a large volume of material such that your opponent has no choice other than sending you copies, you should be prepared to pay copying costs or ask the court to pay them under a "poor person's order." A "poor person's order" is a statement signed under oath and submitted to the court that requests a waiver of court costs and states that the applicant is financially unable to pay.[32]

### (iv)  Subpoenas: Rule 45

*Amended Complaint*

Subpoenas under Rule 45 allow you to compel (force) witnesses who are not parties to attend a deposition or trial. You can also ask the witness to bring documents or other discoverable materials that fall under Rule 34. A subpoena to a third party requesting such documents is often called a "subpoena *duces tecum*." If you serve a subpoena on a third party—either to testify or to produce documents—and the party refuses, the court may hold that party in contempt for failure to comply. In order to file a subpoena, you must obtain a form by writing to the clerk of the court.[33]

### (v)  Admissions: Rule 36

Rule 36 allows you to serve a written "request for admission" to your opponent. Requests for admission are primarily intended to resolve issues that are not central to the lawsuit, such as the facts of your case, how the law applies, and whether any documents that have been provided are genuine. If you ask your opponent to admit a fact that presents a "genuine issue for trial," he must respond. However, he may deny that the admission is true until evidence is presented. A "genuine issue for trial" is a fact which your claim relies on to succeed. If you and your opponent disagree about a fact that can determine the success of your case, it will need to be decided by the court. For example, if you ask your opponent to admit that you were not carrying anything when you were arrested, there would be a genuine issue for trial if your opponent has evidence or witnesses stating that you were carrying something.

You do not need the court's permission to serve this request, but you must wait until after you attend the Rule 26(f) meeting with your opponent. A request for admission is similar to an interrogatory, except that you must prepare a list of statements for your opponent to either admit or

---

30. *See* Part B(2)(f) of this Chapter for more detail.
31. Fed. R. Civ. P. 34(a).
32. *See* N.Y. C.P.L.R. 1101 (McKinney 2013) (Stating that the motion for poor person's relief may be filed through a form affidavit available in the clerk's office. This affidavit should be filed with the summons and complaint. If you are an inmate, the affidavit should include "the name and mailing address of the facility at which [you are] confined along with the name and mailing address of any other federal, state or local facility at which [you were] confined during the preceding six month period." Your case will be given an index or case number. After a judge receives your case, the court will receive your trust fund account statement from the institution holding you. § f(1). When filing as an inmate, poor person's relief only entitles you to a reduced filing fee rather than a complete exemption. § f(2).)
33. Fed. R. Civ. P. 45(a).  An attorney may also issue and sign a subpoena in some instances. Fed. R. Civ. P. 45(a)(3).

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,       :
                                   :
             Plaintiff,       :
                                   :      Civil Action No. 1:20:cv464
v.                               :
                                   :
R. WHITAKER, et al.,           :
                                 :
             Defendants.    :

## AFFIDAVIT OF PAMELA WESTBROOK

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, to-wit:

Pamela Westbrook, being first duly sworn upon oath, deposes and states as follows:

1.    At all relevant times I was employed by WellPath as a health service administrator.

2.    I base this Affidavit on personal knowledge and on records maintained in the ordinary and regular course of business.

3.    The records attached to this Motion are true, correct, and genuine copies of records created and/or maintained at the Hampton Roads Regional Jail ("HRRJ").

4.    There is no record of any medical treatment having been rendered to plaintiff on February 8, 2019, other than his visit prior to the alleged incident.

Further affiant sayeth not.

_Pamela Westbrook, HSA_
PAMELA WESTBROOK

*EXHIBIT*

*Plaintiff was not charged with threatning staff for claims of saying I'll bite you (untrue) No disobeying a direct order*

8.  As the officers escorting him approached the door to Housing Unit 3, plaintiff

began to kick and flail, and they took him down to the floor to gain control. (Ex.

1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

9.  Sgt. Brown told plaintiff to stop and to chill out, but he continued to kick and

flail. (Ex. 2, Hull Aff.)

10.  Sgt. Brown asked Officer Hunter to get leg irons, and she placed them on

plaintiff, at which point he was brought to his feet and walked to his cell. (Ex 1,

Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

11.  None of the officers present observed Officer Whitaker choking plaintiff,

including Officer Hull who was near his shoulder when he was on the floor. (Ex.

3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

12.  None of the officers present observed plaintiff passed out or unconscious. (Ex. 3,

Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

13.  None of the officers presents observed urine on the floor. (Ex. 3, Brown Aff.;

Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

14.  The video begins at 12:09:55, with plaintiff sitting on the floor refusing directives

from Officers Hunter and Johnson to go to his pod. First Officer Hull, then Sgt.

Brown and MJO Whitaker arrive to assist. (Ex. 4, Video)

15.  At 12:11:30, the officers bring plaintiff to his feet and walk/carry him to Housing

Unit 3. At 12:11:47, plaintiff can be seen kicking and flailing as the officers try to

gain control. Plaintiff is lowered and on the ground at 12:11:54 and continues to

kick. (Ex. 4, Video)

*No charge for creating a disturbance. It may not be plaintiff on part of tape.*

*It's protocol to give an institutional charge for these alleged offense, but they tried to commit murder.*

16.   Officer Hunter goes into the control room to get leg irons, which she is seen placing on plaintiff by 12:12:45. (Ex. 4, Video)

17.   By 12:13:19, plaintiff sits up, and within seconds, he is brought to his feet and walking into the housing unit. (Ex. 4, Video)

18.   Forty-nine seconds elapse from the time plaintiff is on the ground until the leg irons are on, 34 seconds later plaintiff is sat up, and mere seconds later he is on his feet and walking. (Ex. 4, Video)

19.   The video does not show any urine on the floor or that the floor had to be cleaned; rather, Officers Hunter and Johnson are seen picking up papers after plaintiff stands up. (Ex. 4, Video)

20.   At no time was Sgt Brown aware of or did he ignore a use of excessive force by Officer Whitaker in lowering plaintiff to the ground and gaining control of a combative inmate. (Ex. 3, Brown Aff.)

21.   There is no record of any medical treatment rendered to plaintiff on February 8, 2019, other than his visit prior to this incident. (Ex. 5, Westbrook Aff.)

22.   On February 11, 2019, plaintiff was seen by medical for his anti-seizure medications and on-going orthopedic issues with his knee and back for which he had been prescribed naproxen. The nurse noted an area of slight swelling and tenderness on the right side of his neck related to an incident on February 8, but indicated he was not in distress and no treatment was provided. (Ex. 6, Medical Record)

---

EXHIBIT F

# COMMONWEALTH of VIRGINIA

### *Department of Corrections*

HAROLD W. CLARKE
DIRECTOR

P. O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

February 11, 2021

**To:**   Johnnie Simmons , DOC # 1485983
Hampton Roads Regional Jail

**From:**   Correspondence Unit/ss

**Subject:**   Legal Update Request

☐   Your file is awaiting processing. Due to the workload, offender release dates are being processed in priority order. We will complete this process as soon as we can, however, we are unable to provide an exact date. Once the file has been processed, a Legal Update with a projected release date will be sent directly to your location.

☒   You must request a copy of your Legal Update from staff in accordance with your facility's procedures. If your facility is unsure of how to provide you one, they may call Court and Legal Services for direction. A projected release date of 05/11/2021 has been posted to your record.

☐   Jail and EGT credits stop on your Custody Responsibility Date (CRD) when you become a state responsible offender. On your CRD, you begin earning good time per your Class Level. Your CRD is _____.

☐   EGT and JGT credit must be submitted by the jail directly to Court & Legal Services in order to be applied. You will need to contact the jail regarding any EGT or JGT credit not yet reflected.

☐   The credit you request has been applied to your sentence and is reflected on the Legal Update dated _____. You can request a copy of that Legal Update from facility staff.

☐   The credit you request has been received is currently being reviewed. If the item is applicable to your record, it will be applied and your record will be recalculated. You will be notified of changes to your release date with a Legal Update.

☐   The credits you are requesting are not in our records. As the VADOC does not have access to the jail's records, you may contact the jail directly with this inquiry for further assistance. As a note, jails are only required to maintain records for three years.

☐   You have failed to provide specific information regarding jail credits not reflected, or concerns as they relate to the calculation of your projected release date. You may resubmit your correspondence indicating the dates not reflected and/or the location where you were held. Without specific information, we are unable to research your concerns.

☐

Log # 00168752

HAMPTON ROADS
REGIONAL JAIL
MAR 11 2020
RECEIVED

Rev. 9/2019

J.A. 182

EXHIBIT G

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,          :
                                  :
                    Plaintiff,    :
                                  :        Civil Action No. 1:20:cv464
v.                                :
                                  :
R. WHITAKER, et al.,              :
                                  :
                    Defendants.   :

## OPPOSITION TO PLAINTIFF'S MOTIONS RE:
## POLYGRAPH EXAMINATION

Defendant, Sgt. Derrick Brown, by counsel, hereby opposes plaintiff's Motions seeking

the appointment of a private investigator to conduct polygraph tests of the defendants. (Docs. 47

and 48).

Plaintiff has no legal authority to compel polygraph examinations of Sgt. Brown or his co-

defendants in this matter.  To wit, other district courts in the Fourth Circuit have denied such

requests made by inmates in civil rights actions. *See Chestnut v. Singleton*, No. 1:13-2250-RBH-

SVH, 2014 U.S. Dist. LEXIS 107002, *3 (D.S.C. Aug. 4, 2014) (denying inmate's motion to

compel all parties in civil rights action to submit to polygraph examinations action absent

supporting authority); *Cox v. Ozmint*, No. 3:11-3404-TMC-JRM, 2012 U.S. Dist. LEXIS 69238,

*5 (D.S.C. Apr. 24, 2012) (holding inmate in civil rights action cannot obtain a criminal

investigation, including polygraph examinations); *Chase v. Warden*, No. CCB-09-1523, 2009 U.S.

Dist. LEXIS 68821, *2, n. 1 (D.Md. Aug. 5, 2009) (declining to order corrections employees to

undergo lie detector tests in civil rights action alleging unconstitutional conditions of

confinement).

J.A. 183

EXHIBIT J

Be Treated That Way. I ask The Court of The late MR. Albert V. Bryan in Alexandria VA. To please uphold The law and Make all parties in this case Be accountable For their actions And Not play The Courts FOR A Fool and Be Disrespectful. Because I myself Find it Disrespectful To knowingly and willingfully lie under the penalty of perjury. Are They Above The law or Something? They Just Don't care Honorable Judge T.S. Ellis II. Please Be Fair Sir and ask the Courts clerks to Be fair and Not let these People think they can Sweet talk. and Swindle the Courts of the U.S. District of Court (Eastern Alexandria Division To Be Crooked and Criminals so They can Brag to their Friends. They Don't Respect Integrity At All Right Now. I Submit this under the penalty of Perjury and It's Maximum PENALTY!!!

Respectfully+Truthfully Yours,
Johonie R. Simmons Jr.
Pro-Se Litigant

## Jury Trial Demanded

27. Plaintiff Requests Jury Trial and Denial of Summary Judgement/dismissal That was Requested By opposition who Claimes That plaintiff Seeks Discovery that is not Productive to material fact to the extent of preventing Summary Judgement, Plaintiff Begs To differ and contends evidence is exculpatory, Key & STAR Witnesses are the meat of This case and Attempted COVERUP Full of deception and PERJURED Witnesses affidavits Coached and architected By defense Counsel in an identical Structure.

28. Plaintiff asks/motions for Postponement of Trial and delay to attempt To Retain Counsel and give the Courts Time to decide on How we Could proceed and Have an in Court appearance or Deposition. Plaintiff's PROjected Release Date is May 11, 2021 and Plaintiff seeks a fair Trial and Would like Time to consult With my Attorney MR. Benjamin Crump of memphis, TN and Florida. Plaintiff had a Case Reference Number given By Atty, Crump's office But lost contact When Reindicted and need Time To Provide & get Reacquainted With The firm Submit discovery and I'D PREfer to Befree to Be able to Have a fair Trial and Exercise The Rule That Applies To in Court Proceedings and The Rights to Such. I'D Be willing To and Want Defendants Counsel To feel free With making/visiting me with a Settlement offer to Relieve us all of What Has Been Time Consuming and Requiring a lot of Diligence. I Have Received correspondence From Hon. William Allen and Rev. Al. Sharpton of The

National Action Network as Well and Would like to Speak with them in person further.(If you google(Junior Simmons Tired of marching on YouTube. Com also)(My Work you'll see as Rev. Bernice King Thanked me for Helping Keep Her Father Dr. Martin Luther King Jr's Legacy Alive I Don't condo - ne This Violence and I Have a Strong Network Behind me and we will Fight Until We get Justice This will not Be Tolerated at All and I intend to Get publicity Because I'm Aware of Whitakers Evil Past as Co-defendant D. Browns Henchman.)Again The Officers / Defendants are Being Sued in There individual capacities and I'm considering municip -alities, and The City of Portsmouth, Virginia and Possibly Pender and Coward law firm for conspiracy, Defamatio -n and Tampering, With evidence and perjury Trying To cover up a crime coercing Witnesses To Sign Sworn affidavits denying They Saw me Almost Murdered.

## Equal Protection

29. I Suffered From a lot of Emotional Pain and Distress, PTSD uncontrollable Crying, Physical pain With weak or no Pain medicine, Suicidal Thoughts, Being Placed in Below Freezing Temperatures With no clothing no mattress on the Floor in a Smock, no under Wear, T-shirt, Nothing, on Suicide Watch. I had 3 Prior Suic -ide Attempts in life and Have Been Hospitalized in Mental Institutions. So, The physical injury From Defendants

Caused me multiple physical injuries Neck, Back (upper) pain and Throat pain my adams apple was nearly Crushed and They never Revealed The Results of X-Rays I Received About A month later after Healing Some. PSChological and Emotional injury was part of my injuries in which I Seek Relief in Punitive damages, and compensatory damages as well. The Defendants R. Whitaker and D. Brown Had Evil intent and D. Brown asked Him "Why Did He do it" But He didn't ask Him To stop. They came looking FOR TROUBLE OR AN excuse To assault me Because They were Not Called They Stopped Their assignments to give 16 to 18 people Showers To go To medical To Walk With me and officer JOHNSON who Transported me Alone going Just Down The Hall and we were Headed Back. They Dislike me and When I Said "I'm going to die today" When They came in. I almost spoke my Death into existence. They wanted to Show me they were Not to Be played With. I Had Told Them A week PRIOR That They Should Be Ashamed of Themselves The way They assault people, The Defendants Submitted a Subpoena to Produce Documents (See Exhibit 10) information etc. From Portsmouth police department But did Not include the interview with Detective Thomas and I/Plaintiff about His findings. Defendants OBJect and Oppose my Request for A Subpoena Duces-Tecum That they were Granted Themselves.

J.A. 187



Closing Argument

The Witnesses ARe Star Witnesses in this Case and it would Be Totally unfair to Not See where Their integRity lies and let Them as InteRnal AffaiRs and PoRtsmouth police Do TheiR JoB and Tell the TRuth That They Witnessed This CRime and it made Them Both So AngRy to See Anyone done That Way That they admitted it was Attempted MuRdeR and Vowed To do theiR PaRt in making SuRe These ChaRges WeRe Filed. I/plaintiff RegRet Being FeaRful and letting people Convince me That I would Not make it out of M.R.R.J. Alive if I Filed Those ChaRges on That Felony WaRRant fRom Lieutenant Steven Phillips of I.A.  Defendants HoweveR DepRived me of my Constitutional Rights, LibeRty, and due pRocess of the law, and equal protection - pon undeR the Fifth and FouRteenth Amendments and inflicted cRuel and unusual punishment in violation of the eighth amendment. They also violated The Rights of PeRsons With disab - ilitys as I am declaRed disable By The State of ViRginia and I was not convicted of a cRime on 2/8/19 I was a pReTrial Detainee who was wRongfully Convicted and was actually Kicked in the Head while asleep and ChaRged with Body Slamming a guy and got malicious wounding Claiming he had a Tiny ShouldeR FRactuRe But No Hospital RepoRt was EveR Shown and The OfficeR Called my phone (Hampton police and Said The main who initiated the attack By assaulting me was

Fine. So, of course There was no police Report, From Hampton, P.D, By the Commonwealth. So, in Essence I Should not Even Be in Jail let alone Strangled Nearly Till Death. The officer Said it was Simple assault and the Hampton Prosecutor Scammed a Felony Conviction. Now THE Defendants Counsel Have the Truth to Conceal and are Them -Selves Conducting Themselves as Criminals and Should Be Just as Ashamed or More than their Clients. The Key Evidence in this Complaint is the Star Witnesses Who Saw the Crime on Tape and Are Credible Law Enforcement Officials. The Defense is Trying to plainly as they have Stated capitilize on the Fact that I have No on Scene Witnesses as the Defendants moved me to another location to Ensure That after They Committed the Crime and The Defendants Counsel "Endacted" Blacke -Ned Out the Tape From The incident that Occurred. To try to Cover all Bases and OutSmart The Honorable Court System If or Being That No if! They move like This I'D Hate To Just Imagine The Blood on Their Hands and Skeletons in This Law Firms closet. The Subpoena Requests and Court deposi -tions or Appearance Procedures are For the Witnesses to be Questioned. Detective Thomas of Portsmouths Criminal Investigator's Unit and Portsmouth P.D., and Lieutenant Phillips (Steven) Of H.R.R.J.'s Internal affairs Dept. who' S Testimonies are Vital They Both Witnessed The Crime on Tape and Lt. phillips Viewed it First and Submitted it to

J.A. 189

Police without there Being A Crime of Attempted murder and A strangulation that occurred There would Have Been No injuries to my Neck in Exhibits, No Reason For Lt. Steven Phillips to send me a Felony warrant, No Reason For me To Be afraid to Fill it out, No Reason For me To go To Chief mag -istrate mandy owens at the Portsmouth police Departm -ent, No Reason For Lieutenant Steven Phillips of H.R.R.J. I.A. Department to Tell me to go there, No Reason For me To File the Report as the magistrate Directed, No Reason For Detective Thomas to call me in For an interview and Have me Come to his office at P.C.I.U. on High Street in Portsmouth, No Reason to open an Investigation and Not Release The tape To C.L.G, my Potential Civil attorneys at the Time From Richmond, VA., No Reason To Say There are going To Be charges Filed For Attempted murder, But also No Reason why These charges Haven't Been Filed yet. No Reason For me to Record conversations To protect myself either I Seek Releif and Justice and For all Evidence to Be Presented my Cell phone was picked up From Norfolk Jail in September when I was Reindicted and Transferred To Hampton my Family Has it. Please Don't Be Scammed By These Attorneys. Thanks

Truthfully Respectfull
Johnnie Simmons Jr.

<u>Certificate of Service</u>

I Hereby Certify that the Foregoing on this 15th Day of march, 2021 was mailed By U.S. Postal Service to Clerk of Courts U.S. District Eastern District of VA. Alexandria Division 401 Courthouse Sq. Alexandria, VA. 22314 From Hampton Regional Jail P.O. Box 7609 Ports mouth, VA 23707 By JOHNNIE R. Simmons PRO Se Litigant Respectfully

Johnnie Simmons Jr

## IV. RELIEF

I understand that in a <u>Bivens</u> action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _____ J.S. _____ (please initial)

The Plaintiff wants the Court to:   (check those remedies you seek)

☑ Award money damages in the amount of $ 450,000
☑ Grant injunctive relief: No Contact With defendants and Stop mail Tampering
☑ Grant declaratory relief: Punitive damages and compensatory Damages
☐ Other: ~~Penalty~~ Totalling $ 450,000

In Court Procedure With Subpoenaed Witnesses.

## V. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months preceding the submission of this Complaint.   If you were transferred during this period, list the date(s) of transfer.   Provide an address for each institution. Hampton Roads Regional

Jail P.O. Box 7609 Portsmouth, VA. 23707

## VI. CONSENT

**CONSENT TO TRIAL BY A MAGISTRATE JUDGE:   The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a jury or court trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.**

**Do you consent to proceed before a U.S. Magistrate Judge:**          Yes ☑   No ☐
*You may consent at any time; however, any early consent is encouraged.*

After Survival of summary Judgement Jury Trial Requested if five.

## VII. SIGNATURE          Thanks. Johnnie Simmons Jr.

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this 15th day of MARCH , 20 21 .

Plaintiff Johnnie R. Simmons Jr.

EXHIBIT 1 of 10

Thanks for Help ing But I Need Eg uipment + The Walmart Beat in took my Legs. You Are Still Denying Me My Seizure meds Because mi Dosage is 2000 Keppra twice A Day

**HEALTHCARE REQUEST**
**SOLICITUD DE SERVICIO DE SALUD**

and 400mg Dilantin Now Yall officers Tried to kill me in A Physical Manner Yesteday.

RECEIVED
Date: 2-9-19
Initials: [illegible]
Time: 2100

**CCS CORRECT CARE SOLUTIONS**

Name (Nombre): Johnnie R Simmons     DOB (Fecha de nacimiento): 66

ID # (N° de identificación): 0043892     Living Unit (Unidad): C-4

That Police Beating On thanksgiving and your Dental

☑ Medical (Medico)  ☐ Behavioral Health (Salud Mental)  ☐ Dental (Dental)  ☐ Other

Is the worst Seems Yall working with them in N.

**Nature of problem or Request (be specific)     Naturaleza del problema o solicitud (sea específico)**

Neck + Throat pain and my feet and Knees are Swollen and pain is getting worse I was Choked till I passed out and urinated yesteday My Adams Apple feels like it's Been Crushed and its sore. I'm Requesting to go to Hos

I consent to be treated by Health Care Staff for the condition described. I understand that the facility may charge me for some of these services and may deduct it from my account during this current or future stays in the facility. I understand that I will receive health care regardless of my ability to pay.

May I go to the Hospital Please Shelby police

Doy mi consentimiento para ser tratado por el personal de atención de salud para las condiciones descritas. Entiendo que la instalación me puede cobrar por algunos de estos servicios y pueden descontarlo de mi cuenta durante esta o futuras estancias. Entiendo voy a recibir atención médica, independientemente de mi capacidad de pago.

me B

Patient Signature (Firma del Paciente): Johnnie Simmons     Date (Fecha): 1

*This is a confidential document and should only be placed in a designated area, medical box or given directly to medical staff.*
*Este es un documento confidencial y sólo debe ser colocado en un área designada, caja médica o entregada directamente al personal médico.*

**DO NOT WRITE BELOW THIS LINE**

**(TO BE COMPLETED BY TRIAGING STAFF)**

| TRIAGE: | ☐ Emergent | ☐ Urgent | ☒ Routine | Triage Date: 2/10/19 | Initials: [illegible] | Time: CMT |

INITIAL: ☒ Sick Call  ☐ Nurse  ☐ HCP  ☐ Dentist  ☐ Behavioral Health  ☐ Eye Doctor  ☐ Other

**(TO BE COMPLETED BY HEALTHCARE STAFF)**

☑ Patient seen (if applicable)          ☐ Patient outside of facility (hospital, court, etc.), reschedule upon return
☐ Response sent to patient (if applicable)    ☐ Patient refused, Refusal Form complete
☐ Patient released from custody      Fee Charge  ☐ No  ☐ Yes, Amount $

**RESPONSE TO PATIENT / COMMENTS**

*NOTE:  Treatment information should not be noted above but should be documented on the appropriate treatment form(s)*

_____ 1C tour _____          02/16/19

**Staff Signature**          **Date**

Form Number: SC001UN000ACCBI102413          2-Part Form          Page 1 of 1

**Hampton Roads Regional Jail, VA**
*Hampton Roads Regional Jail*
*2690 Elmhurst Lane*
*Portsmouth`, VA23701*

**Progress Notes**

 wellpath

| Patient Name | Patient Number | Booking Number | Birth Date | Date Of Service |
|---|---|---|---|---|
| JOHNNIE R SIMMONS | 0043692 | 0043692-001 | 1966 | 2/11/2019 |

Orders:
Ambulation is steady and there is no need for an assistive device. Discussed with Mr. Simmons the need to notify medication nurse if he wanted "as needed" medication. Urged to take anti-inflammatory more frequent for back and knee pain. Patient reports trouble swallowing. There is a area of slight swelling and tenderness on right side of neck. According to officer log, patient had conflict on 02/08 and entered segregation. Patient is not in respiratory distress and voice has not been affected.

E-Signed by Kathleen Tabb, RN  on 02/11/2019 02:10 PM EST

Page 2 of 2

J.A. 193

MARYVIEW MEDICAL CENTER
3636 HIGH STREET
PORTSMOUTH VA 23707-3236

Simmons, Johnnie
MRN: 223215706, DOB: 1/18/1966, Sex: M
Acct #: 21191840358
Arrived 7/3/2019, D/C: 7/3/2019

**ED Medication Administration from 07/03/2019 1153 to 10/30/2020 1425 (continued)**

| Date/Time | Order | Dose | Route | Action | Action by |
|-----------|-------|------|-------|--------|-----------|
| 07/03/2019 1615 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 0 mg | IntraVENous | IV Stopped | Hill, Natasha, RN |
| 07/03/2019 1605 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 1,000 mg | IntraVENous | IV Restarted | Hill, Natasha, RN |
| 07/03/2019 1410 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 0 mg | IntraVENous | Transfusion Held | Hill, Natasha, RN |
| 07/03/2019 1355 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 1,000 mg | IntraVENous | Given | Hill, Natasha, RN |
| 07/03/2019 1724 | phenytoin ER (DILANTIN ER) ER capsule 400 mg | 400 mg | Oral | Given | Hill, Natasha, RN |
| 07/03/2019 1724 | LORazepam (ATIVAN) injection 1 mg | 1 mg | IntraMUScular | Given | Hill, Natasha, RN |

**Medication Comments**

** No Medication Comments Found **

**ED Current Prescriptions**

None

**All Meds and Administration**

**All Meds and Administrations**

*Exhibit 3*

J.A. 194

MARYVIEW MEDICAL CENTER
3636 HIGH STREET
PORTSMOUTH VA 23707-3236

Simmons, Johnnie
MRN: 223215706, DOB: 1/18/1966, Sex: M
Acct #: 21191840358
Arrived 7/3/2019, D/C: 7/3/2019

## Flowsheets (all recorded) (continued)

| Row Name | 07/03/19 1736 | | |
|---|---|---|---|
| **Discharge Instructions** | | | |
| Discharge Instructions | Simple · NH | | |
| Recorded by | [NH] Hill, Natasha, RN 07/03/19 1736 | | |

**Triage Start**

| Row Name | 07/03/19 1217 | | |
|---|---|---|---|
| **Triage Start** | | | |
| Triage Start | Triage Start · NH | | |
| Recorded by | [NH] Hill, Natasha, RN 07/03/19 1217 | | |

**Discharge Planning**

| Row Name | 07/03/19 1600 | 07/03/19 1200 | |
|---|---|---|---|
| **OTHER** | | | |
| RRAT Total Score | 0 · AB | 4 · AB | |
| Recorded by | [AB] Batch, Autoreporting 07/03/19 1603 | [AB] Batch, Autoreporting 07/03/19 1203 | |

**Immunizations**

| Row Name | 07/03/19 1239 | | |
|---|---|---|---|
| **Immunizations** | | | |
| Immunizations Up-To-Date | Yes · NH | | |
| Recorded by | [NH] Hill, Natasha, RN 07/03/19 1239 | | |

**LDA**

| Row Name | 07/03/19 1600 | 07/03/19 1500 | 07/03/19 12:20:57 |
|---|---|---|---|
| **[REMOVED] Peripheral IV 07/03/19 Right Antecubital** | | | |
| IV Properties | | | Placement Date: 07/03/19 [NH] Placement Time: 1220 [NH] Number of Attempts: 1 [NH] Inserted By: Natasha, RN [NH] Present on Admission/Arrival: No [NH] Size: 20 G [NH] Orientation: Right [NH] Location: Antecubital [NH] Removal Date: 07/03/19 [NH2] Removal Time: 1435 [NH2] Removal Reason: Discharged [NH] Cath Tip Intact: Yes [NH2] Recorded by:  [NH] Hill, Natasha, RN 07/03/19 1220 [NH2] Hill, Natasha, RN 07/03/19 1435 |
| Site Assessment | — | — | Clean, dry, & intact · NH |
| Phlebitis Assessment | — | — | 0 · NH |
| Infiltration Assessment | — | — | 0 · NH |
| Dressing Status | — | — | Clean, dry, & intact · NH |
| Dressing Type | — | — | Transparent · NH |
| Hub Color/Line Status | — | — | Patent;Flushed · NH |
| Recorded by | — | — | [NH] Hill, Natasha, RN 07/03/19 1221 |
| **[REMOVED] Peripheral IV 07/03/19 Left Hand** | | | |
| IV Properties | | | Placement Date: 07/03/19 [NH] Placement Time: 1500 [NH] Number of Attempts: 1 [NH] Inserted By: Natasha, RN [NH] Present on Admission/Arrival: No [NH] Size: 24 G [NH] Orientation: Left [NH] Location: Hand [NH] Removal Date: 07/03/19 [NH2] Removal Time: 1515 [NH2] Removal Reason: Patient pulled out line [NH2] Cath Tip Intact: Yes [NH2] Recorded by:  [NH] Hill, Natasha, RN 07/03/19 1515 [NH2] Hill, Natasha, RN 07/03/19 1616 |
| Site Assessment | — | Clean, dry, & intact · NH | — |

J.A. 195

Exhibit 5 ctrl

MARYVIEW MEDICAL
CENTER
3636 HIGH STREET
PORTSMOUTH VA 23707-3236

Simmons, Johnnie
MRN: 223215706, DOB: 1/18/1966, Sex: M
Acct #: 21191840358
Arrived 7/3/2019, D/C: 7/3/2019

## CLINICAL LAB RESULTS (continued)

### Lab Results (continued)

| Procedure | Component | Value | Ref Range | Lab | Date/Time |
|---|---|---|---|---|---|
| | MONOCYTES | 5 | 3 - 10 % | | |
| | EOSINOPHILS | 1 | 0 - 5 % | | |
| | BASOPHILS | 0 | 0 - 2 % | | |
| | ABS. NEUTROPHILS | 3.1 | 1.8 - 8.0 K/UL | | |
| | ABS. LYMPHOCYTES | 0.9 | 0.9 - 3.6 K/UL | | |
| | ABS. MONOCYTES | 0.2 | 0.05 - 1.2 K/UL | | |
| | ABS. EOSINOPHILS | 0.1 | 0.0 - 0.4 K/UL | | |
| | ABS. BASOPHILS | 0.0 | 0.0 - 0.1 K/UL | | |
| | DF | | AUTOMATED | | |

LEVETIRACETAM (KEPPRA) [552380197]
Order Status: Canceled                    Specimen: Blood

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 19 - MMC | HR MMC SUNQUEST LAB | Cummings, David A, MD | Dr. David A. Cummings, Lab Director 3636 High St. Portsmouth VA 23707 | 06/02/16 1603 - Present |

## Radiology Results

**XR CHEST PORT [552382470]**                    Resulted: 07/03/19 1248, Result status: Final result

Ordering provider: Stull, Michael E, MD  07/03/19 1202          Resulted by: Kaye, Marc D, MD
Performed:  07/03/19 1152 - 07/03/19 1222                       Accession number: 106583808
Resulting lab: HR MMC RADIANT
Narrative:
Portable chest: 7/3/2019 12:08 PM

COMPARISON: May 14, 2016

The lungs appear clear. The heart and mediastinal silhouette are normal. No
pleural effusions are evident.

Old fracture deformity with instrumentation and screws is seen in the right
humeral head.

Impression:
IMPRESSION: Stable chest, no acute disease

**Testing Performed By**

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 25 - MMC | HR MMC RADIANT | Unknown | Unknown | 08/03/12 1325 - Present |

### EKG Results

None

### ED Current OP Medications

| Medication | Sig | Dispense | Start Date | End Date | Doc. Provider |
|---|---|---|---|---|---|
| divalproex ER (DEPAKOTE ER) 500 mg ER tablet | Take 500 mg by mouth nightly. | | | | Provider, Historical |
| lacosamide (VIMPAT) 100 mg tab tablet | Take 100 mg by mouth two (2) times a day. | | | | Provider, Historical |
| cholecalciferol, VITAMIN D3, (VITAMIN D3) 5,000 unit tab tablet | Take 1 Tab by mouth daily. | 30 Tab | 8/31/2019 | | Taylor, Devon M, MD |

**ED Medication Administration from 07/03/2019 1153 to 10/30/2020 1425**

J.A. 196

OFFICER RECEIVING FORM_____

(SIGNATURE / DATE/ TIME)

Exhibit 6 of 10

**HAMPTON ROADS REGIONAL JAIL**

**GRIEVANCE FORM**

ROUTING #: _____
____ HOUSING UNIT
____ KITCHEN
____ MEDICAL
____ OTHER
STAFF USE ONLY

**From:** Johnnie R. Simmons **Pod / Cell:** _____

**Date:** 1-27-_____

(Inmate's Name and JCA #)

Johnnie R. Simmons Jr. 004867____

**TO: Officer responding to Grievance**

Detective Sergeant David Huckworth

**Instructions:** Complete parts I, II, and III of this form using clear specific statements. Part IV is for staff use only.

**Part I:** State your grievance clearly. If you need more space attach another grievance.

Detective Has Videotape my compliats this 2/9/19, 10-11a

M. HuckwoRth Has clocked me arly till December York City

MJ.O what keeps me Jail Feb. 8th 2019 I will be filling a lawsuit

**Part II:** What step have you taken to solve this complaint informally?

_____ I also _____

_____ youth criminal investigations dept _____

I _____ S. Wavy 10 News his story

**Part III:** Action or relief requested.

I _____ King _____ from PTSD _____ will B _____

_____ I am Sorry Cause I _____ Will

_____ due to your ProcesS till out to be so _____

**CERTIFICATION:** I have read the Inmate Handbook and submit this grievance in good faith without the intent to harass. I swear that all statements are true and correct. I understand that the grievance will be returned unanswered if I submit it with the intent to harass, used vulgar language, or any false statements. Not Funny

Johnnie R. Simmons Jr.                     Johnnie R. Simmons

(Submitted by: Name printed)                (Submitted by: Signature)

------------------------------- **DO NOT WRITE BELOW THIS LINE** -------------------------------

**Part IV:** Response to your grievance by jail staff.

_____
_____
_____
_____
_____

_____          _____          _____
(Answered by: Print Name)          (Answered by: Signature)                    Date

If not satisfied with staff response you may file an appeal within three (3) days of decision.
Appeal form must be attached with original grievance form.

HRRJ – (91)

WHITE COPY – ORIGINAL          YELLOW COPY – FILE          PINK COPY - TRACKING          Gold - INMATE

J.A. 197

OFFICER RECEIVING FORM _____

_Exhibit 7 of 10_

(SIGNATURE / DATE/ TIME)

# HAMPTON ROADS REGIONAL JAIL

## GRIEVANCE FORM

ROUTING #: _____
____ HOUSING UNIT
____ KITCHEN
____ MEDICAL
____ OTHER
STAFF USE ONLY

**From:** _Johnnie Simmons_ Pod / Cell: _F/50s cell 408_

**Date:** _J5130_

(Inmate's Name and JCA #)

**TO: Officer responding to Grievance**

**Instructions: Complete parts I, II, and III of this form using clear specific statements. Part IV is for staff use only.**

**Part I: State your grievance clearly. If you need more space attach another grievance.**

I was assault I bein J.O William Kane clicked until I was unconscious while handcuffed on the floor and I was Then When I woke up my wrist is injured.

**Part II: What step have you taken to solve this complaint informally?**

I have posted a I55 to internal Affairs and I am filing this grievance I sent David Hackworth

**Part III: Action or relief requested:** a letter or JIngley or 2020 This is Ican Sake Remove this A Lawsuit will be filed and a copy of this will filed a complaint with portsmouth Police.

**CERTIFICATION: I have read the Inmate Handbook and submit this grievance in good faith without the intent to harass. I swear that all statements are true and correct. I understand that the grievance will be returned unanswered if I submit it with the intent to harass, used vulgar language, or any false statements.**

_Johnnie Simmons_                              _Johnnie R. Simmons_

(Submitted by: Name printed)                    (Submitted by: Signature)

------------------------------ **DO NOT WRITE BELOW THIS LINE** ------------------------------

**Part IV: Response to your grievance by jail staff.**

_____

_____

_____

_____

_____

_____        _____        _____
(Answered by: Print Name)      (Answered by: Signature)           Date

**If not satisfied with staff response you may file an appeal within three (3) days of decision. Appeal form must be attached with original grievance form.**

HRRJ – (91)

WHITE COPY – ORIGINAL          YELLOW COPY – FILE          PINK COPY - TRACKING          Gold - INMATE

Exhibit 8 of 10



## Emergency Response Worksheet
Page 2 of 2

**Hampton Roads Regional Jail, VA**
*Hampton Roads Regional Jail*
*2690 Elmhurst Lane*
*Portsmouth, VA  23701*
*757-217-2628*

**CCS**
**CORRECT CARE**
**SOLUTIONS**

| Patient Name | Patient Number | Date of Birth | Today's Date |
|---|---|---|---|
| SIMMONS, JOHNNIE R | | | 7/3/2019 |

| Treatment |
|---|
| ☐None provided |
| ☐O2 @ __8__ L/min via   ☐Nasal Cannula  ☒NRB  ☐Oral Airway  ☐Nasal Airway |
| CPR:  ☐AED used   ☐Chest Compressions   ☐BVM |
| ☐Bandaging Applied Specify: |
| Medications Administered: |
| Other Treatments applied: |

### Narrative Of Code Event

| Time | Comments: |
|---|---|
| 0920 | 1052 code called, medical responded. |
| 0922 | Pt found in cell, laying on the eyes closed respond to sternum rub and verbal stimulation, when stable pt was brought to med. medical for further evaluation. |
| 0948 | Pt alert and oriented x 3, 18 LOC. |
| 1005 | Pt received morning meds (seizure meds) Pt unresponsive to sternum rub + pt in observation room being monito. Pt is now having seizure episode, up res ponsive to verbal and tactile stimuli ordered by MD - 911 protocol initiated 911 dispatcher called. Continue to monitor pt. Eyes opens when name is called, responds to tactile stimulation. 911 arrived assumed care of pt to MVH. |

| Time | ambulance called 1105   ambulance arrived _____  ambulance left unit _____ |
|---|---|
| | Phone Number from which the 911 call was placed _____ |

| Responders | | Signature |
|---|---|---|
| **Medical** | **Security** | |
| N. D'Souza RN | Sgt Epperson | _signature_ PN |
| Westbrook HSA | | |
| Burke NP | | Signature |
| Johnson LPN | | 7/3/19 |
| Townsen LPN | | Date |

© 2006 Correct Care Solutions, LLC
Rev. sec 09.24.2013

SA 000101

*Exhibit 9 of 10*

**Hampton Roads Regional Jail, VA**
*Hampton Roads Regional Jail*
*2690 Elmhurst Lane*
*Portsmouth*, *VA23701*

**Receiving Screening**

 wellpath

| Patient Name | Patient Number | Booking Number | Birth Date | Date Of Service |
|---|---|---|---|---|
| JOHNNIE R SIMMONS | | | | 1/15/2019 |

**Immediate Action:** *responses shall result in notification of Shift Commander and immediate referral to MH evaluation. If after hours, initiate suicide watch IMMEDIATELY until MH can evaluate.*

**Routine Referral:** *Notify MH of any positive response to suicide screen that did not meet above criteria for immediate referral.*

### Psychiatric Screening

| | |
|---|---|
| 1. History of or current psychotropic meds? | ○ Yes ● No |
| 2. History of psychiatric hospitalization? | ● Yes ○ No |

When?  *2010 and 2016*
Where?  *Va Beach Psych, Riverside*

| | |
|---|---|
| 3. History of outpatient mental health treatment? | ○ Yes ● No |

Explain Discrepancy:

### PREA Questions

| | |
|---|---|
| 1. Has the patient ever been a victim of sexual abuse? | ○ Yes ● No |
| 2. Does the patient feel vulnerable? | ○ Yes ● No |
| 3. Has the patient ever been arrested for a sex offense against an adult or a child? | ○ Yes ● No |
| 4. Does the patient identify or be perceived as gay, lesbian, bisexual, transgender, intersex, or gender non-conforming? | ○ Yes ● No |
| 5. Is the patient detained for any civil immigration purposes? | ○ Yes ● No |
| 6. Does the patient have a physical disability or developmental delay/disability? | ○ Yes ● No |
| 7. Is this the patient's first time being arrested? | ○ Yes ● No |
| 8. Is the patient of small stature or small physical build? | ○ Yes ● No |

*If any "yes" answers, notify classifications and refer to MH to be seen within 14 days.*

Referred for Evaluation?                                    ● Yes ○ No

### Current Mental Status (Check all that apply)

| | |
|---|---|
| ORIENTATION | ☑ *Alert, Oriented* ☐ *Disoriented* |
| AFFECT | ☑ *Appropriate* ☐ *Flat* ☐ *Inappropriate* |
| THOUGHT PROCESS | ☑ *Logical* ☐ *Paranoid* ☐ *Does not make sense* |

Page 5 of 6

SA 000323

Exhibit 9 A

| LAST, FIRST MI (PRINT):<br>Simmons-Jr., Johnnie | DISCHARGE DATE:<br>5-16-19 |
|---|---|

**SECTION II: PHYSICIAN CONT'D**

**Drug & Food Allergy/Intolerance (include reactions):**

**If antipsychotics are prescribed, then metabolic screenings must be completed for CMS facilities:**

☑ Yes ☐ No   Metabolic Screening Lipids          ☑ Yes ☐ No   Metabolic Screening Blood Pressure
☑ Yes ☐ No   Metabolic Screening BMI             ☑ Yes ☐ No   Metabolic Screening HgbA1C or Glucose Levels

**Primary Diagnosis at Discharge:**

F 319 Bipolar D10 Manic

**Secondary Diagnoses:**

Boo Personality D10

**Medical Diagnoses:**

n10 Sean D10    vit D def
s/ Back discomfort.   Anemia
c/o shoulder / hand dis comfort
gingivitis. ↓ Mg

**Other Relevant or Related Diagnoses and Environmental Factors:**

1. Marita ??hence to treatment.
2. Ref to Mental Health for follow up.

Discharge Information & Instruction Form
DMH-9241-226 (M-495)
Revised 1/31/2017                    Page 4 of 8

Label or Addressograph
Simmons-Jr., Johnnie

*DC0070*

SA 000042

*Exhibit 10 of 10*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | |
|---|---|
| Johnnie R. Simmons, Jr., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20cv464 |
| R. Whitaker, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Custodian of Records, Portsmouth Police Department, 206 High Street, Portsmouth, VA  23704

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| Place: Pender & Coward, ATTN:  Jeff W. Rosen, Esq.<br>         222 Central Park Avenue, #400<br>         Virginia Beach, VA 23462-3026 | Date and Time:<br><br>         12/11/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/24/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Jeff W. Rosen* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Sgt. Derrick Brown
_____ , who issues or requests this subpoena, are:

Jeff W. Rosen, Esq., Pender & Coward, 222 Central Park Avenue, Suite 400, Virginia Beach, VA 23462-3026;
(757) 490-6253; jrosen@pendercoward.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



JOHNNIE R. SIMMONS
HAMPton Regional JAil
P.O. Box 7609
PORtSMOUTH, VA 23707

U.S. MARSHALS
INSPECTED

United States Di
Eastern District
401 CourtHouse
AlexandRiay VA
Clerk of Court

FILED
MAIL ROOM

APR - 1 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

*Amended Complaint*



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**COMPLAINT UNDER 28 U.S.C. § 1331 or
BIVENS V. SIX UNKNOWN NAMED AGENTS**

**Action Number** _Civ. 1:20cv 464_
*(To be supplied by the Clerk, U.S. District Court)*
$450,000

Please fill out this Complaint completely. The Court needs the information requested in order to assure that your Complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

_Jury Trial Demanded_

## I. PARTIES

A. Plaintiff:

1.    (a) _JOHNNIE R. SIMMONS JR._     (b) _43692_
     *(Name)*                                               *(Inmate Number)*

   (c) _P.O. Box 7609_
     *(Address)*
     _Portsmouth, Virginia 23707_
     *(City, State, Zip)*

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If Plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under color of federal law are proper defendants under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Private parties such as attorneys and other inmates may not be sued under <u>Bivens</u>. In addition, liability under <u>Bivens</u> requires personal action by the defendant that caused you harm. Normally, the Director of the Bureau of Prisons and wardens are not liable just because they supervise persons who may have violated your rights. In addition, prisons and departments within an institution are not persons under <u>Bivens</u>.**

B. Defendant(s):

1.    (a) _DERRICK BROWN_     (b) _OFFICER BROWN_
     *(Name)*                                             *(Title/Job Description)*

   (c) _2690 Elmhurst Lane_
     *(Address)*
     _Portsmouth, VA, 23704_
     *(City, State, Zip)*

Page **2** of **6**

2. (a) _Benjamin Hull_
   (Name)
   (b) _Officer B. Hull_
   (Title/Job Description)
   (c) _2690 Elmhurst Lane_
   (Address)
   _Portsmouth, VA, 23707_
   (City, State, Zip)

3. (a) _R. Whitaker_
   (Name)
   (b) _Former Off. R. Whitaker_
   (Title/Job Description)
   (c) _Unknown_
   (Address)
   _Unknown_
   (City, State, Zip)

If there are additional defendants, please list them on a separate sheet of paper.   Provide all identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.**

## II.    PREVIOUS LAWSUITS

A.   Have you ever begun other lawsuits in any state or federal court relating to your imprisonment?

Yes ☑   No ☐

B.   If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below.   If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

1.   Parties to previous lawsuit:

Plaintiff(s) _Dr. Dale Moreno, N.P. Jennifer Hodge_
_Johnnie R. Simmons Jr._

Defendant(s) _Dr. Dale Moreno, N.P. Jennifer Hodge_

2.   Court (if federal court, name the district; if state court, name the county):
_U.S. District Court/ Eastern Alexandria Div._

3.   Date lawsuit filed: _Amended Complaint 3/8/21_
_Original Complaint 2020_

Page 3 of 6

J.A. 205

4. Docket number: 1:20 cv 520

5. Name of Judge to whom case was assigned: Hon. Judge T.S. Ellis III.

6. Disposition (Was case dismissed? Appealed? Is it still pending?   What relief was granted, if any?): Pending

7. Date of disposition: N/A

## III. GRIEVANCE PROCEDURE

A. At what institution did the events concerning your current complaint take place?
   Hampton Roads Regional Jail

B. Does the institution listed in "A" have a grievance procedure?
   Inadequate Grievance procedure. Refuses to give Yes ☑   No ☐
   forms.

C. If your answer to "B" is YES:

   1. Did you file a grievance based on this complaint?          Yes ☐   No ☑

   2. If so, where and when: Wouldn't give Forms only complaint forms.

   3. What was the result? I was Released 2weeks after incident.

   4. Did you appeal? Only Reported to Internal affairs Yes ☐   No ☑
      and filed complaints then was Released

   5. Result of appeal: N/A

D. If there was no prison grievance procedure in the institution, did you complain to the prison authorities?
                                                              Yes ☑   No ☐

   1. If your answer is "Yes", what steps did you take? I Reported to Internal
      affairs who told me to wait until Release and I filed Jail
      Complaint Forms awaiting Grievances that were not given.

   2. If your answer is "No", explain why you did not submit your complaint to the prison authorities: I'm now Hearing That Officer D. Brown
      Was Not demoted He's Just Not Wearing a Sgt. Uniform,
      Changed duties, until this is over. In that case if they
      have not even Reprimanded him maybe R. Whitaker Will
      Be Back." I Should Sue H.R.R.J. in official capacity I guess.
                                                              Page 4 of 6

① IN THE UNITED STATES OF VIRGINIA FOR THE

EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



FILED
MAILROOM

APR - 1 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

JOHNNIE R. SIMMONS JR.
          Plaintiff

VS.                              Civil Action No. 1:20cv 464 (TSE/MSN)
R. WHITAKER et. al.              Jury Trial Demanded
          Defendants.

## I. AMENDED COMPLAINT FROM PLAINTIFF

Plaintiff JOHNNIE R. SIMMONS JR. PRO'se Litigant For His Amend
-ed Complaint against Defendants R. Whitaker, Derrick Brown,
And Benjamin Hull. These Officers Are Or/Was At the Time OF
The Incident All Correctional Officers At/Of Hampton Roads
Regional Jail located in the City of Portsmouth in the State of
Virginia at 2690 ElmHurst Lane 23704. JOHNNIE R. Simmons Had
The Courts U.S. Marshalls Serve H.R.R.J. employee Officer Brown
Who Was Demoted from Sgt. D. Brown after the Incident in Unicine
With Former M.J.O. R. Whitaker Co-defendant Who Was Forced
into Resignation to Save His 401K Plan after The Incident who
U.S. Marshalls Were Unable To locate for Service and is in
Hiding. Plaintiff asks That Officer Benjamin Hull Of Hampton
Roads Regional Jail who Directly Participated in the Incident
Be Served and Co-defendant R. Whitaker Be located and Serv-
ed.

J.A. 207

Plaintiff amends the complaint and adds more Realism as Well as Constitutional Rights That Were Violated By Defendants DeRRICK BRO-WN, R. WHITaKeR, and Benjamin Hull among Others, Plaintiff in this amended complaint Unlike the Original complaint States Damages With more Understanding, as Well as capacities, Plaintiff States A pRAYER FOR Relief OF monetary damages FOR No less than $450,000, Also, Plaint-iff Seeks Relief FROM Defendants in their Individual capacities and Does Not Have Original Complaint asks The court to Serve Benjamin Hu at His place of Work at Hampton Roads Regional Jail 2690 Elmhurst lane Portsmouth, VA. 23707, Plaintiff Would like to Notify COURT OF Defendant Hull's Retaliatory Behavior Not letting A NuRSE CHeck my Tempature On 3/3/21 Saying I Was making too much Noise AS I Was asking Defendant BROWN Whydid He lie ON A SWORN Affidavit Sayin Not Seem to like my Questioning His FORMeR SupeRVISOR So made me SHow him documents to be Cuffed FROM the FRONT Because of my SoRe -WS in my Shoulders and He Still Skipped me and Checked everyone's Temperature But my as The NuRSe continued. IN The amended Com-Plaint Plaintiff Will ask the court to use logic and presumption as evidence Has Been Compromised. Defendant's Counsel Has acces-S To it's Client's Recording System and INTERNal affairs So, if it's The Same Tape Why Did Defendant's Counsel Need To Get A copy Of The Tape FROM The PORTSmouth police Department instead of

J.A. 208

From The Original and immediate Source it's Clients H.R.R.J. and Internal Affairs lt. Steven Phillips. If There was No Evidence of or recording of A crime or A choking why was There evidence ever even submitted To Portsmouth's criminal Investigators Units Detective Thomas to Begin with? If all Defendants did was walk The Plaintiff in the cell why Did They take Him to medical? and why did te have Neck injuries Reported in the log from an Altercation Enterin -g Segregation on 2/8/19? See Exhibit 1+2 from wellpath Healthcare If Defendants counsel Didn't Need to Redact or Blacken out Tape why Seek evidence from Portsmouth Police? why Didn't Defense Attorneys Release all information from the police Dept. or let police Release the information and make it's own Report? why Didn't Defense Release and Reveal The interview with plaintiff and Det. Thomas? Finally, why would Have police called Plaintiff to come and Be interviewe -d and open an investigation and enter Tape into evidence and Refuse to Release it labelling it as Portsmouth Polices' Property if There was No crime on The tape? why would Det. Thomas vow To File charges. See Woodard v. Hardenfelder, 845, Supp. 960, 968 (E.d. N.Y. 1994) [Holding That leave to File an amended complaint is only appropriate when based on the plaintiff's First complaint, it is conceivable That An amended complaint could state a cause of action for a violation of civil Rights) Taken Together, These cases mean that you should Be given the chance to amend your complaint with additional facts That support your legal claim.) Plaintiff Also Alleges as follows:

## II Jurisdiction and Venue

This Court Has Jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343(3) and(4) The matter in controvery Arises under 42 U.S.C.

2. Venue properly lies in this District pursuant to 28 U.S.C. 1391(b)
   (2) because the events giving rise to this cause of action occur
   -red at Hampton Roads Regional Jail (H.R.R.J.) in Portsmouth, VA.
   which is located within the Eastern District of Virginia.

3. Plaintiff Johnnie Simmons was at H.R.R.J. from January 15, 2019
   until April, 2019 and by court order and assessment was Diagnos
   -sed and sent to Eastern State Hospital with Treatment was releas
   -ed and referred to mental health with mental disorders sent back
   to Hampton Regional Jail on May 16, 2019 until release on July, 2019.
   Then re-indicted in September 2019 and has remained until prese
   -nt time and is currently confined at H.R.R.J. Plaintiff Johnnie
   R. Simmons Jr. is and was at all times a citizen of the United Stat
   -es and a resident of Virginia born in Harlem, New York.

4. Defendant R. Whitaker was at times relevant a Correctional Offic
   -er at Hampton Roads Regional Jail in Portsmouth, VA.

5. Defendant D. Brown at relevant time was C.O. at H.R.R.J. in Portsmouth, VA.

6. Defendant Benjamin Hull at relevant times was a C.O. at H.R.R.J. in Ports-
   mouth Virginia.

7. Superintendent at the time was David Hackworth assumably and
   was dismissed from H.R.R.J. Therefore Plaintiff is unsure on liability
   of Superintendent as Defendant

8. The incident is mirror to the George Floyd case All Defendants are liable

9. This action arises under and is brought pursuant to 42 U.S.C.
   Section 1983 to remedy the deprivation under the color of law
   of Rights guaranteed under the Fifth Eighth precisely

3)

and fourteenth Amendments to the United States Constitut - ion, This court has Jurisdiction over this action Pursuant to 28 U.S.C. Section 1331 and 1335.

10. Plaintiff JOHNNIE R, Simmons Jr, Claims For Compensatory Relief money damages, Punitive damages, and injunctive Relief,

11. Plaintiff's injunctive Relief are authorized by Rule 65 of The Federal Rules of Civil Procedure.

12. The Cause of action arose under the Eastern District of Virginia Therefore, venue is Proper Under 28 U.S.C. Section 1391(b).

## III PREVIOUS LAWSUITS BY Plaintiff

13. Plaintiff has Filed no Other Lawsuits dealing with the Same Facts, Plaintiff is Amending the Same Complaint Stating New Constitutional Violations, and stating more Damages and Types of Constitutional Violations that were Not in the Original Complaint. Plaintiff has one other Lawsuit Relating to His imprisonment Against The Jails (H.R.R.J.) Medical Provider Wellpath For Denial of medical attention and Cruel and Unu - Sual Punishment. That case is Pending in U.S. District Court Eastern District of Virginia / Alexandria Division.

## IV Exhaustion of Remedies

14. Hampton Roads Regional Jail Officers were very retaliato - Ry after the Strangulation incident and Threats were

made as well as mockings Regularly. Officers like officer Shirley a male officer Would make Comments Like "I will Choke Your ass Like Whitaker and Yeah He'll Be Back too" Telling me That defendant R. Whitaker Who Strangled me and was Being Disciplined for it at that time By The Jail along With Former Sgt. Brown and Other Defendants Would Be Back to Work After the Choking. Officer Taylor Would also Say Things like "I'll fuck you up I Would Choke you Out like Whitaker But I'm not that Strong But, He'll Be Back though you need to let that go." They Would Handcuff me tight from the Back When Transporting me Sometimes in the Jail to medical When they Know I Have a Screw in each Shoulder and I'm Suppose to Be handcuffed to the front and Everyone Who goes to medical is Normally Cuffed from the front. They stopped giving me pain medication and let me suffer and I'd Beg and Cry Because I Need a Shoulder Replacement and I had Been Just injured at Wal-mart in Shelby, N.C. Where they Slammed me On Shopping carts injuring me Because They Mistakenly Thought I was shoplifting. I was with Pat Houston Brother Ray Watson Whitney Houston's Body guard I was Travelling Back to Virginia and Stopped to get a Money Transfer. They Would do Other Retaliatory Things like See me Having a Seizure and leave me in the Cell

(6)

or at other times they'd delay treatment and stall because of the potential lawsuit for the strangulation. An officer Freeman saw me have a seizure before and left me and I luckily came out of it. They would deny me my seizure meds for weeks until I seize and let my neck, back, shoulders, and knee pain persist so I was hurting so bad I was delu~sional and wrote medical telling them it seems like they are working with the Shelby, N.C. police they beat me at Wal-Mart I'm in pain and your officers tried to kill me in a physical manner yesterday. Your denial is the worst neck & throat pain. I was choked till I passed out yesterday my adams apple feels crushed and it's sore. I'm requesting to go to the hospital may I go to the hosp~ital please Shelby police hurt me bad. Shelby police Hurt my lower back, knees, head, and H.R.R.J. Hurt my upper back, neck and throat and caused alot of mental and emotional pain, distress, and damages. See Exhibit 1 where I wrote to CCS Healthcare request at the Hampton Regional Jail and it was signed received on 2/9/19 and the triage date is 2/10/19 the incident at H.R.R.J. (choking) involving defendants R. Whitaker, D. Brown, Benjamin Hull, Melissa Hunter, and officer

(6)

JOHNSON occurred on February 8, 2019 (2/8/19). So, I was ~~Basically~~ denied Medical Treatment after the incident when Defendants R. Whitaker and D. Brown took me To the cell when I became conscious they came back and walked me To Medical where I asked for an X-Ray explaining or complai - ning I'D been choked. The nurse looked at me and said "He's O.K., He's alright" She Refused and I told Her my throat felt crushed. See Exhibit 2 WellPath is H.R.R.J.'s Health Care provider for inmates. Exhibit 2 shows progress notes Dated 3 days after the Strangulation while I was a pretrial Detainee. Dated 2/11/2019 Reports from Medical State patient has Trouble Swallowing, Swelling, Tenderness on right Side of neck. Officer log States conflict on 2/8/19 and Entered Segregation. Exhibit 3 Shows on 7/3/2019 I was in Hospital and Medication was administered Because the Dilantin Medicine was denied due to Retaliatory Behavior along with the threats I was Receiving I was fighting for my life and in fear for my life Daily. I arrived at Mary - View Hospital With a 0% Dilantin in my blood as Doctors were furious Stating "They're Trying to Kill You" Stated By Doctor Jean-Marie Kaniyinda. She gave me the medic - ine Through an I.V. as I was unresponsive inches from Death Being found in cell at 9:20 and Not taken to the

Hospital until Nearly 12 NOON while I was Seizing and Unresponsive in Medical as they Continued the Retaliatory Behavior Not Doing Protocol and Watching me have Seizure and Not even Starting an I.V. an I.V. wasn't Started until I was Triaged By RN Natasha Hill at approximately 12:17 as a Seizure Patient is combative Sometimes and unaware I Pulled I.V. out From pain at Site while Being given Meds. I.V. was Not available on arrival. See (No) Exhibit 4. They were mean and Vindictive at Hampton Regional Cuffing me From the Back often Causing Pain When I was medically excused It lists Screws Seen it Right Shoulder But I have Screws in Both See Exhibit 5. The Internal Affairs Lieutenant Steven Phillips of H.R.R.J. Sent me A Felony Warrant to Fill out on Defendants and I was afraid to do it I was afraid For my life From Threats By Officers and the Retaliatory Treatment Trying to let me expire as They Did When The Hospital Saved my life and I Returned To H.R.R.J They Would Only Dispense Half of my meds going against DOCTORS ORDERS and I Collapsed on my Face From a Seizure on the way to Court and was luckily Released Before Anything Bad Happened. But, I was Re-indicted after my July Release in September of 2019. While Incarcerated after the 2/8/19 incident I Remember internal affairs Telling me to handle everything when I get out it I was Afraid. Which I was Very Afraid. The Jail However Had

J.A. 215

Denied me Grievance forms when I tried to exhaust my Remed -es They were Strict and Combative when inmates inquired about or Requested Grievance forms. They would ask why you wanted it and if they were not Satisfied with your explanation to why you wanted it they wouldn't give it. They would tell you you'd Have to fill out a normal Complaint form first and wait for a Reply Then if you didn't get a Reply or like The Reply you Have to fill out another and give them another two weeks To Respond and Then if they don't Respon. OR You're Not Satisfied You can then get A grievance form. Alot of times They would Just ignore you or Say O.K. And Just Don't Come Back or Say "I told you I got you" and Still Don't give it. I filled out Complaint forms and Complain -ed to medical and Got NO Response from administration But, The Mental Health Lady Supervisor MRS. Greene got me an X-Ray on my Neck But I was Never Called Back to Review or discuss Results They Claim that means it's O.K. I felt Crushed and my Neck Still Pops when I turn my Head. The H.R.R.J. Has an inadequate Grievance Procedu -Re, They intimidate, Bully, and Threaten people and Vindictively do alot of Retaliatory things To put you in fear. This Viola -tes and deprives inmates of their 14th Amendment Rights and does not Enable you to Exhaust your Remedies.

See Rodriguez V. Westchester County Jail Corr Dept, No. 02 0325 (Order denying Petition For Rehearing) (Stating that the plaintiffs prior understanding of the (P.L.R.A), even though ultimately determined to be incorrect, was a justification for not pur-suing available remedies' (internal citation omitted).

In addition, today, in Ortiz V. McBride we hold that exhausted claims filed alongside unexhausted ones may proceed even though the unexhausted claims must be dismissed, in Abney V. New York Dept. of Corr. Serv, we conclude that in some circumstan-ces the behavior of the defendants may render administrative remedies unavailable for, the purposes of the PLRA. And in Hemphill V. State of New York we read our holding in Ziemba, supra, to signify that the threats prison officials alledgedly made against the plaintiff may in some instances be sufficient to estop the gov-ernment from asserting the affirmative defense of non exhaust-ion. As a result in Hemphill we deem dismissal of the plaint-iff's complaint at the summary judgement stage, inappropr-iate and remand for further factual consideration. Finally in Johnson V. Testman we hold (a) That the government waive it's defense of non exhaustion as to one defendant, and (b) That while in some situations the raising °676 of a pris-oner complaint in a disciplinary hearing may amount to exhaustion of administrative remedies, in others it may not.

(4) IN JANUARY OF 2020 I GOT MY HANDS ON A GRIEVANCE FORM AND Filled it Out about the Strangulation to Then Superintendent David HackWORTH Telling Him I Was Strangled Nearly to Death and PORTSmouths Detective Thomas has the Tape, I told him I also Spoke With Wavy 10 News and I'D Be Filing Suit if I'm Not CONTacted and This inJURY Related incident is NOT addres-ed. The OFFICER took it But Would NOT Sign it. It's Dated 1-27-202 To David HackWORTH. I tried to Get Him To Sign He Said They Will get With you and give you a Signed COPY and He deB ated about the PROCEDURE Refusing to Sign, ANOTHER TRICK They Pull. (See Exhibit 6) Then Again IN FeBRUARY of 2020 Again The OFFICER did NOT Sign. I can't twist their aRms and make Them Sign OR RESPOND NOR CAN I FORCE them to have an ADeg uate GRievance PROCEDURE WHERE ONE Can ExHaust Remedies. (See exhibit 7)(See Exhibit 8) Retaliatory Plaintiff Found at 9:20AM UNRESPONSive and Still UNRESPONSive at 10:05 A.M. AmBulance Called 11:05. Triage 12NOON. MaRYVIeW HosPITAL 10 minutes away. SMH. FACTS

15. ON FeBRUARY 8, 2019 Plaintiff JOHNNIE Simmons Was iN A cell iN C-4 OF H.R.R.J. When OFFICER JOHNSON (DeFendant) Came to take him to medical to Get An EKG. M.J.O. WHitaker who WERE KNOWN To Beat people up Came in and Began To take people to SHowers iN the POD. When I Saw them Coming IN the UNIT I Said JOkingly "OH LORD I'm Going to Die Today." Then OFFICER JOHNSON and I PROceeded to medic -t as We WeRe walking I told HeR people SeRVing the

Food claimed they were spitting in my food I didn't want to go back anywhere in there I Said "Put me anywhere But in There please" She Said "OH LORD" We left medical When we Were Done and as We Began up the hall to go Back I was Surprised to See Defendant R. Whitaker who U.S. Marshals Couldn't find to Serve and Defendant D. BROWN Came to meet us and Had Stopped giving Showers. As We Walked up The Hall I told Them the inmates Said How Does That Spit taste and I didn't Want to Be in there please put me Any Where else and I Sat On the FLOOR. I was Handcuffed They Said You Don't Tell us What to do and Defendant D. BROWN Said To Defendant Benjamin Hull "Help us out For a minute". The DEFENDANTS as OFFICERS Melissa Hunter and OFFICER JOHNSON (female Jane Doe) Watched All 3 MEN Defendants picked me up and CARRIED me Through the air and Out of the Blue M.J.O. R. Whitaker FOR NO apparent Reason took me Down to the FLOOR put me in a Headlock ERic GARNER Style Choke Hold and Began Choking me and He Said "ARE You GONNA Comply"? I attempted to Say I Can't Breathe and as I gagged TRying to Speak He Tightened His Choke Hold up MoRe. R. Whitaker is the Size Of L.L.COOL J, So His Biceps aRe Huge. I Saw my life Flash Before me and I thought I'M GoNNa Die in Jail and

J.A. 219

My children are going to see this on the news and my daughters are going to go through what Erica Garner went through when N.Y.C. police killed her father. Then my eyes teared up as he was still applying pressure and everyone else all Defendants were behind us to my right as I was on the floor and I went out unconscious. (Tears) I woke up (pause what a horrible memory). God breathed life back into me I didn't know where I was I looked around I said to myself I'm in jail as I looked around I didn't know why I was there then I saw urine on the floor and people standing over me and I said "Oh this Nig-ga just choked me that's what happened" (excuse my French just being totally honest) then Defendant Derrick Brown said to Defendant R. Whitaker "What you do that for?" Defendant R. Whitaker replied "While we were carrying him through the air he let his legs hang down." I did not kick anyone I just don't know ballet they could have just walked me in they never attempted to they picked me up to carry me which was unnecessary. So, after they all watched me get choked nearly till death with no one even saying stop or that's enough they stood me up my pants was wet they walked me to the cell Defendant Off. Johnson gave Defendant Off. Hunter

A High five and Said as they were escorting me to the cell "He Choked The piss out that Nigga" Officer Johnson was excited and laughing Officer Hunter seemed more in Shock though in agreement because There was urine on the floor. Defendants R. Whitaker and D. Brown placed me in the cell Removed Handcuffs and Came immediately Back and Roughly Rush walked me to medical infirmary where I was Denied medical attention as I told the Nurse they Choked me my adam -s apple feels crushed, my Neck and Back Hurts, and my Neck. She Said He's alright I Said I'm Not She insisted as they intimidatingly Hovered over us in the middle of the infirmary and I was Never Taken to a Room or allowed to Speak with the doctor/ Nurse private -ly as she displayed Prejudiced Behavior and Said "He looks alri -ght Nothings wrong with you you'll Be O.K." They Then took me to the pod and cell and came immediately Back and moved me to Ano -ther unit which defeated The purpose Of The punishment/Choking Because all I initially asked was to Be moved to another unit. Their motive was So I would have No witnesses To the Crime. See Stanback V. State The plaintiff's expert testified that an X- Ray of the plaintiff's Knee would have Revealed his Torn ligament, However, Prison Doctors Only Offered ace bandages, braces, and painkillers and did Not X-Ray the Knee For over three Years Expert testimony is Not Always Necessary, In Rivers V. State The Court held that (a) medical experts testimony is Not Requi -Red where a lay Person, Relying On Common Knowledge and experience, Can Find that the harm would Not have Occurred

In the absence of negligence. In other words, if an ordinary person could have used common sense to find out that negligence must have occurred, you do not need an expert witness. Breach of duty was the direct cause of plaintiff's injury as defendants goal was to primarily punish and inflict serious harm or death.

## COUNT ONE  BREACH OF DUTY

6. Defendant D. BROWN (officer) who was Sgt. D. BROWN before he was reprimanded and demoted as discipline and penalties for his personal involvement and lack of diligence in responding and trying to stop the 'George Floyd' or Eric Garner style choking incident inflicted on the plaintiff as he watched by his assistant former M.J.O. R. Whitaker who was discipline in Unicine with his co-defendant D. BROWN and H.R.R.J.'s former employee defendant R. Whitaker suffered more harsh disciplinary actions as he was forced into resignation as a result of his strangling the plaintiff nearly till death

17. U.S. Marshalls were unable to locate M.J.O. R. Whitaker who is in a hiding and eluded being served with the complaint filed by the plaintiff. Defendant D. BROWN was supervisor for defendant R. Whitaker and assisted by personal involvement carrying me and watching defendant Whitaker take me to the ground putting me in a fierce headlock and choke me until I was unconscious and I urinated on my self and the floor while all defendants Benjamin Hull, included watched and never ask him or tried to get defendant R. Whitaker to stop the excessive force while he choke me and asked "Are you going to comply" inflicting intentiona

J.A. 222

Punishment Violating my Constitutional Rights as a Pretrial detainee, Defendant D. Brown and all Defendants Violated my Constitutional Rights to Be free from assault by prison officials, to Be free from Cruel and Unusual punishment and Wanton infliction of pain and Torture. Officer Brown who is Still employed at H.R.R.J. Knew about the wrong, Witnessed the wrong, participated in the wrong, and did nothing to try to stop it or fix the wrong and let the wrong con-inue Under His Supervision. Defendant D. Brown and Defendant Benjamin Hull Knew this was a Constitutional Violation and also Knew of the Substantial Risk of Harm and possibility of death and as co/fellow officers and Defendant D. Brown in their actio-ns as Supervisor and fellow officers failed to act, and Remained Silent and let the act of Violence Continue as they Witnessed the malice and vicious attack under the Color of the law while Defendant R. Whitaker was in the frame of mind of a killer on the street. The plaintiff was Handcuffed weighed 150 lbs and was totally defenseless needed shoulder Replacements a knee Replacement and was disable Had a Traumatic Brain injury, Grandmal Seizures, and a mental Disorder The actions were Totally Unnecessary Violating the plaintiffs Fifth, Eighth, and fourteenth Amend-ments Rights. This was an act That Cant Be allowed Summary Judgement or a Victory. This was Excessive Force That was

(13)

Repugnant to the conscience of mankind. The Defendant R. Whitaker Had a certain state of mind When He created These conditions and That Was A killer mentality. This Was Deliberate indifference as They all Watched Knowing This excessive force and cruel and unusual punishment that Was Being inflicted. and administered Was immoral, inHumane, unJustified, and physical Torture a violent Barbarous Act that Could Have caused Death. There Was No Resistance The plaintiff Was Hand -Cuffed And That is Why This Violent Cruel and unusual puni Shment, Excessive force, and Constitutional Rights Violations exercised and Demonstrated By These Defendants who all are Guilty and participated acting or not acting Cannot Be Condoned and The HonoraBle Courts Cannot Grant A Justifiable Summary Judgement for plaintiff's OppositionS in this Case. The Defendants are Guilty and are Blessed to Not Be in Jail for this George floyd Mirror Type incident in which Portsmouth Criminal investigator units Detective Thomas Vowed They Would all Be Charged With attempte -d murder after He viewed The tape Given to Him By H.RR J.'s Internal Affairs Lieutenant Steven phillips. The Style of The Defendants Counsel is consp -iring and Based On Covering up a Crime, Coaching and intimidating Witnesses and Tampering With Evidence

J.A. 224

Trying to get Everyone to perjur themselves, worried About (Threatened) Job security, Commit Time after Time Crime after Crime Signing Sworn Affidavits claiming the Strangulation Never occurred as The Defenses' Counsel Have evidentially erased and Edited The Tape. The Defendants Counsel is Trying To Stop the Courts From Allowing Vital material facts from the Plaintiff and Witnesses To Prevent Summary Judgement.

18. The Exhibits Shed light on The Truth and How I[Plaintiff was Treated With Retaliatory Treatment and Reported The incident, was denied medical Treatment and due process preventing me From Exhausting my Remedies, Then Superintendent (former) David Hackworth Was Fired But had Not answered my Grievances if officers Turned Them in, Then another Superintendent came and was Fired or Quit too,    COUNT TWO
Failure to Administer medical Help

19. MRS Pamela WestBrook signed an Affidavit and gave a statement That I was Not Treated For injuries, ON February 8, 2019. She is Absolutely Correct, God Bless Her Soul Someone Told The Truth! Yaaa!! ☺. Because I was Denied Medical Treatment and Turned Away By A Nurse as Defendants R. Whitaker and D. Brown intimidatingly Hovered Over The Nurse and I as I Stepped into the infirmary By The desk Then She Scandalously Said "He's Alright Nothings wrong with Him" They Choked me I Want an X-Ray on my neck" "You'll Be alright He's O.K."

As A Result of the Denial of Care Plaintiff Suffered more Because
He Was Not Treated For A few days and Had to deal With the
Pain and emotional Suffering Without pain medicine which was
Rarely given Though I pleaded. I am disabled I Receive SSI For my
Traumatic Brain Injury and I Suffer From pain From Rotator
Cuff Surgeries on Both Shoulders that Have Worn Down From
The Shucking and Jerking From Seizures So Bad That I cant
Have Reconstructive Surgery again I can Only Get Replacem
-ewt Shoulders. So, I Was At The mercy Of Heartless People.
As A Result of Pamela Westbrook and Wellpath's Staff I continued
to Suffer in pain. They exercised Deliberate indifference Bold
and Blatantly. Once in a While I'd get a Nurse Who Wouldn't
Say "I can't Give it to you it's Not Ordered it's Not in the Compu
-ter" There Were A few Sympathetic and Empathetic Women.
I Have mental Health issues Caused Emotional distress too.(See Exhibit
9)
                    Count Three
20, Defendants oppose mandatory meeting, Depositions, Subpoeana
      Of Witnesses, Court Proceedings in Court and Claim Plaintiffs
      Evidence Sought is Not material Productive From Discovery
      That Will Prevent Summary Judgement.

      Plaintiff is Receiving Objections and Oppositions From Defenda
 -nts Counsel Concerning exculpatory evidence. This is Similar
 to A Brady claim and The law Relating though this is A Civil Case.
 The Revelancy of evidence depends upon Proof Of Connecting
 the Facts, The Court may admit the Evidence upon OR, in the

(16)

COURTS DISCRETION, SUBJECT to, The INTRODUCTION of Proof Suffice -NT to Support a Finding of the facts. THE Burden of Proof is inde -ed on the plaintiff, Where The Burden is on The plaintiff on any issue in this case, the plaintiff may open and close. The party With the overall Burden of Proof Will Normally have the initial Burden of Producing evidence, and hence has the Right to duty and Open the evidence, See §§ 9:1 et seq. The party holding the affirmative of the issue joined in the pleading, who is Normally (But not Always) the plaintiff, and who Would Be defeat -ed if No evidence were given on Either Side, generally Has the Right to Open and close the evidence and the argument. Young V. Highland 50 Va. 16, 9 Gratt 16, 1852 WL 2830 (1852).

21. Any Favorable evidence is material especially When it is Key evidence That Can Be a determining factor like a Witness to a Crime Who is A Police officer Or law Enforcement Person Who conducted or is Conducting an investigation. Whether evidence is material does not depend on Whether defendant would more Likely than not have Received a different verdict With the evidence, But whether in its Absence There Was A Fair Trial, Worthy Of A Verdict of Confidence. THE doctrine Of Harmless Error does not apply once the Court has Found a Brady Error/Violation, Because a Brady Analysis Necessarily includes a determination Of Whether The evidence at issue might Have affected the Verdict. Finally, Courts Should Evaluate the material affect Of exculpatory evidence by examining

J.A. 227

The evidence collectively, not item-by-item. Kyles V. Whitley, 514 U.S. 419, 115 S. Ct. 1565, 131 L Ed. 2d 490 (1995); U.S. vs Frost, 125 F 3d 346, 1997 FED App. 0274P (6th Cir 1997) Va. Sup Ct. Rules, R 2:611, Of Virginia Rules of Evidence, Vests The Trial Court With broad discretion to control the mode and order of interrogating Witnesses.

3 Rule 2:611, MODE AND ORDER OF INTERROGATION AND PRESENT-ATION (Rule 2:611 (c) derived From Code § 8.01-401 (A)

(a) Presentation of evidence. The mode and order of interrogating Witnesses and presenting evidence May Be determined by The Court So as to (1) Facilitate the ascertainment of the Truth, (2) avoid needless consumption of Time, and (3) Protect Witnesses From Harassment or Undue Embarassment Considerable discretion is allowed To the Court Provided Neither Party is Prejudiced. Am. Jur. 2d Trial § 285. If

24 The Admissibility of evidence depends on evidence Not in The Record But Counsel Vows Will Be Forthcoming, The Court May Permit its admission Subject to Producing the evidence upon Which it depends, But it should Be Stricken if Such Promised evidence is Not Forthcoming, and the Jury Should Be Cautioned to disregard the evidence Conditionally Admitted. Fards & Boudouris V. E.I. Du Pont de Nemours & Co; 123 Va. 98 96 S.E. 164 (1918) See Va. Sup. Ct. Rules, R 2: 104 (b) disc-ussed in § 13.3. Revelancy Conditioned on Proof of Connecti-ng Facts. (Discussed Earlier) above].

25 Plaintiff asks Court to Consider Open mindedly That pro se

litigant being inexperienced is doing this independently no jail ho -se lawyer just references and the truth, so, plaintiff therefor was naive to the fact of when prison officials provide docume -nts in discovery they often "redact" or "blacken out," they think is secret or sensitive. I'm convinced my opponent/defe -nse counsel is hiding information that was on the tape and I was entitled to that's why they submitted the tape they took out the choking part that sent me to medical and made the defend -ant officer D. Brown lose his rank as seargeant and former M.J.O. Whitaker is no longer employed by H.R.R.J. was forced to resign to save his 401K, A female deputy/ officer told plaintiff/me I don't know I came to work one day and we was chilling then the next day I asked where M.J.O. Whitaker was and they just said he didn't work here anymore they didn't say why OH! That's what happened no wonder He's gone." "Yes darling he almost killed me" "Sorry that Happened to you." Some claims say D. Browns demotion was a Hoax

<u>Injunctive Relief</u>

26. Plaintiff asks injunctive relief of H.R.R.J. to stop the mail Tampering and be put on notice and investigated these are fede ral crimes. They bold and blantantly open certified mail not in your presence and throw away and read outgoing mail at will and lega -l mail sometimes doesn't show up on the outgoing mail report because they throw it away. A seargeant admitted that they have not been sending peoples mail out.

J.A. 229

# ARGUMENT 1

Defendants and Counsel in this case Johnnie R. Simmons JR. V R. Whitaker et. al. civil action no. 1:20cv464 Are Seeking Summary Judgement and Plaintiff opposes this action and Requests that Summary Judgement Not Be Granted for the Reasons Herein as follows.

1. Defendants claim that tape fails to show choking While The Tape has Been Redacted, Compromised, and Counsel Has Submitted a Recording To their likings, and Not of Everything that Occurred in the Altercatio

2. Defendants are afraid of a lie detector test so they Rely on the law that states, and holds (inmate In Civil Rights action Cannot Obtain a Criminal investi -gation, including Polygraph examinations). So, Defendants oppose, and object to Plaintiff Seeking an investigator

3. Plaintiff Will No longer Be Incarcerated and Will Have Rights Restored in a few weeks and will Be able to Have a fair Trial, and equal protection.

4. Defendants constantly oppose Plaintiffs Motion For in Court Mandatory meetings, and attempt to evade the Rule, and any deposition or Proceeding to Try to Rush the Court to Judgem -ent Because of Guilty defendants, and Unrelia -le Witnesses as Well as, Witnesses who may Not Perjur themselves in fear of Job Security.

5. There is substantial need for factual information that Plaintiff cannot get anywhere else that is not privileged material but, it is discovery that is very relevant to the case.

6. The defendants opposed and objected to Plaintiff's motion seeking a subpoena Duces Tecum to the Portsmouth Police Department ("PPD") seeking the video tape of the incident and seeking subpoena of Lt. Steven Phillips of Internal Affairs at Hampton Regional Jail regarding the videotape and his direction to me.

7. Defendants oppose and object to this motion by Plaintiff for discovery that they asked for a subp-poena for themselves (see Attachment A).

8. Defendants subpoenaed copies of all records from Portsmouth police including interviews but, Defendants did not release the interview of Plaintiff and Portsmouth Detective Thomas because the interview was about the choking that was on the tape. (See Exhibit 10)

9. Defendants attempted to seize information and tapes or recording from Portsmouth police in attempt to cover up the crime. (Attachment A)

10. The defendants counsel are representing H.R.R.J. employees and received affidavits fro-m them but claim the police had the only

Pg. 3 of 9

Tape that exists when the incident is in the
Jail camera System and Lt. Steven phillips who
Supplied the police with a Copy Could easily cut
The Defendants counsel a Copy of the incident
Which is Not Supposed to be erased Surveillance
material By law.

10. Defendants Did Not Release any telephone
calls, interviews, or interview Notes, or field
notes of the Report of the Strangulation to police
or any findings By the interviewer Detective
Thomas of Portsmouths Criminal investigators
Unit Because The findings and interview Were
About Attempted Murder Charges Being filed
against all officers involved Similar to the
George floyd, and Eric Garner Chokings.

11. The Rule Protecting Attorney Work product is
also called the "Hickman Taylor rule" because
it is based upon the Supreme Court Case
Hickman V Taylor. 329 US, 495, 500-14, 67 S. Ct 385-97
L. Ed. 451, 456-66 (1947).

12. See, e.g. In re Grand Jury Subpoena dated
July 6, 2005, 510 F 3d, 180, 188 (2d 2nd Cir 2007) (finding
"Substantial need" for the documents Requested
for They Were Unique evidence that Could Not
be Obtained through Other means.

13. There is No other way Plaintiff can get a Sworn affidavit from Detective Thomas or an in court appearance, and Testimony By Det. Thomas and Lt. Steven Phillips about what they saw on the tape, and if they saw the Strangulation under oath.

14. Plaintiff would Be enabled to Have a Fair Trial, and Exercise Rule 26(f), and Create a Proper Discovery Plan. Plaintiffs May 11th Release will enable plaintiff to Be entitled to Rule 26(a)(i)(A) Mandatory Discovery Rule.

15. Defendants Counsel Have alot to Hide, and are Trying To Bully The Courts to Rush to Judgement and Violate Plaintiffs Constitutional Rights with a Premature dismissal without material facts Being Presented so A Fair determination can Be made By the Courts.

16. The Affidavit of Pamela Westbrook States that There is No Record of any medical Treatment having being Rendered to Plaintiff on February 8, 2019 other Than His ~~prior~~ visit Prior to the Alleged incident.

17. Plaintiff is unable to see Tape While incarcerated Tape doesn't Give plaintiff Fair Trial With no access To View While Representing Himself Pro se But Release Date is Confirmed for a few weeks.

18. While MRS. Pamela Westbrook Director of Well -Path Medical at H.R.R.J. Contends That there is No Record of any Treatment Rendered to Plaintiff

ON FEBRUARY 8th But, DEFENDANTS Contradict her Statement in their affidavit as Counsel Contends that ON FEBRUARY 11, 2019 Plaintiff Was Seen and The Nurse Noticed an Area of Swelling and Tenderness ON the Neck Related to an incident on Feb -Ruary 8th as plaintiff's opposition tries to Say that (in Number 22 of Exhibit B) That my visit Was Totally anti seizure medicine and orthopedic issue -s my Sick call slip shows in Exhibit 1 that I Was called for my Neck complaints as well and They indicated Trouble Swallowing and gave me pain meds and an ice pack to Reduce Swelling. But in Ex -hibit A Pamela Westbrook The Director of Medic -al who has access to These Records did Not State that I Was Treated But Said I Wasn't.

19. When a Patient as The Plaintiff is Denied Medical Treatment for an injury That does No make The injury Absent it's The Denial of Treatm -ent and The attempt to Not acknowledge the injury to Avoid Responsibility due to the injure party. (See Exhibit "C")

20. Everytime After The incident I Would Bring up my Neck injury and The checking The medical Staff Would ignore me Change The subject and Would Not give me an X-Ray on my Neck Until

WEEKS later and it WAS A Mental Health WORK
-ER Who got Radiology to do the X-Ray and I
Was Never called to View it OR Discuss Results.

21. Plaintiff also BRings this action pursuant to
U.S.C. § 1985. Section 1985 PROhibits CONSPiRacies
to inteRfeRe with Civil Rights, and PROhibits CONSPi
-Racies to depRive PERSONS of Equal PROtection of
the Laws.

22. Plaintiff's Right to Equal PROtection of laws aRe
being attempted to Be Violated BY plaintiffs COUNSEl
plaintiff has been injuRed and has Rights of a
United States Citizen.

23. Plaintiff is Being Discriminated against and CONSPiR
-ed against By Defendants Counsel Because he is an
imate and is indigent and is Not RepReSented By
an attorney and Has to RepResent himseIf PRO se
so They are TRying to CONSPiRe and Capitalize on this
By Redacting a Tape he can't View, and PRevent him
From having Equal PROtection and Rights to Witness
-es and OtheR mateRial that is Relevant and
vital, decisive, discoveRy that Could decide The Out
-come of The VeRdict and make this a FaiR TRia
24. Plaintiff would like To HiRe a StenographeR
and Hold a deposition Rule 29. Plaintiff needst
Question deponents to have a FaiR TRial in this
case.

Pg. 7 of 9

25. Plaintiff Knows Facts may Be Proved By Circumstantial Evidence, See § 31:1 et seq, but a fact Cannot be regarded a proved Unless Such evidence tends in Some proximate and Reasonable degree to Convince the mind of the Conclusion Claimed and th -en Produce belief Am. Jur. 2d Evidence § 1390

26. The Honorable Courts Are familiar With Todays Counsels Tampering With evidence and only Showing Portions of Evidence that Will Get the Verdict They Want for Their defendants. (See Exhibit E)

27. Plaintiff Would like Judge to issue Subpoena duces Tecum if defendants have Nothing to Hide they Would not Object to Lt. Steven Phillips and (PPD's) Detective Thomas' Testimony in a deposition.

28. Subpoena's Would Require A Notice of at leas 30 or 20 days in advance Plaintiff Will Be Release, in approximately 40 days. (Please See Exhibit F)

29. Defendants Counsel Stated Sgt. Brown or Officer Hull Had No Evidence that R. Whitaker Was Violat- -ng Plaintiffs Rights. Then claims Neither Saw the Chok -ing But Sgt. D. Brown asked Whitaker Why did He do i

30. Defendants Sgt. Brown and Officer Hull claim I Did Not Follow Orders But did Not Charge me With disobeying a direct Order, Claimed I Kicked But did Not charge me With assault or Creati

J.A. 236

Pg. 8 of 9

- g a disturbance and Told me they were not going To move me But moved me to Another Unit after the choking so I would have No Witnesses to the choking. All I was asking For was to Be moved so Why the Sudden Change of Heart. No delaying Hinders

31. Plaintiff's Showed guilt By Taking me to medi -Cal it Nothing happen Why did They Take me to medical immediately then move me immediately.

32. Upon Plaintiff's Release plaintiff can view the vide -o Tape and describe The Changes made and Be avala -ble For depositions to question deponents About th -e Evidence. Including Why Mr. Phillips' Didn't Comment.

32. Defendants Counsel is behaving Suspiciously and Trying To Out Maneuver plaintiff and outwit The Courts of Alexandria With Constant lies. (see E, H, I)

33. Defendants claim Plaintiff's discovery Requests Are Premature While Defendants made and Were Granted Same Requests.

34. Defendants Modus Operandi is Obviously a description of their Character and Morals.

35. If the Prima facie Case is Revealed it would Be Justice Because The Prependerance of Evid -ence is Something that Res ipsa loquitur. Lieutenant Steven Phillips would not Commit fully To Counsels Crimes of Aiding and Abetting Perjury. (Please see Exhibit I)

Pg.9 of 9

36. As I'm Concluding Arguments I talked To A Seargeant and Tell Him I think It is Wrong what they did to me and that D.Brown and HRRJ. Are Trying To Sweep it Under A Rug and Deny That the Choking ever Occurred. I Then Said They Don't even Have The Decency To Apologize. The Seargeant Said "well, I apologize for them and Don't let this Ruin you and Your Mind"

37. I Did Not Have The women Served even Though it angered me That They were lau-ghing When I Regained Consciousness and was Being Walked to the Cell By D.Brown and R.Whitaker.

38. I Do Not Recall Having leg Irons at All.

39. I think About Womens Children Having To Suffer and How They Shouldn't.

40. I Intend to Seek Criminal Charg-es Against R. Whitaker and Spare D. Brown Although I Do Not Appreciate Him Not Acknowledging The Strangulation Occurred. D. Brown is Trying to Save His Human-ity As R. Whitaker's Actions Placed Him In The Hot Seat For Not Saying Stop!

*Thanks for helping But I need Equipment The Walmart Beatin took my legs. You Are still Denying me my Seizure meds Because my Dosage is 2000 Keppra twice A Day*

**CCS**
**CORRECT CARE SOLUTIONS**

## HEALTHCARE REQUEST
### SOLICITUD DE SERVICIO DE SALUD

RECEIVED
Date: 2-9-19
Initials: AHS
Time: 2000

*And 400mg Dilantin Now Yall officers Tried to Kill me in A Physical Manner Yesterday.*

Name (Nombre): **Johnnie R. Simmons** DOB (Fecha de nacimiento): **66**

ID # (N° de identificación): **0043692** Living Unit (Unidad): **C-4**

*That Police Beating on thanksgiving and your Denial is the worst seems Yall working with them in N.N.*

☑ Medical (Medico) ☐ Behavioral Health (Salud Mental) ☐ Dental (Dental) ☐ Other

Nature of problem or Request (be specific) Naturaleza del problema o solicitud (sea específico)

*Neck + throat pain and my feet and Knees are Swollen and pain is getting worse. I was Choked till I passed out and urinated Yesterday. My Adams Apple feels like it's Been Crushed and it's sore. I'm requesting to go to Hosp*

I consent to be treated by Health Care Staff for the condition described. I understand that the facility may charge me for some of these services and may deduct it from my account during this current or future stays in the facility. I understand that I will receive health care regardless of my ability to pay.

*May I go to the Hospital Please Shelby PS Use the Bag*

Doy mi consentimiento para ser tratado por el personal de atención de salud para las condiciones descritas. Entiendo que la instalación me puede cobrar por algunos de estos servicios y pueden descontar de mi cuenta durante esta o futuras estancias. Entiendo que voy a recibir atención médica, independientemente de mi capacidad de pago.

Patient Signature (Firma del Paciente): *Johnnie Simmons* Date (Fecha): *1/*

*This is a confidential document and should only be placed in a designated area, medical box or given directly to medical staff.*
*Este es un documento confidencial y sólo debe ser colocado en un área designada, caja médica o entregada directamente al personal médico.*

### DO NOT WRITE BELOW THIS LINE

(TO BE COMPLETED BY TRIAGING STAFF)

| TRIAGE: | ☐ Emergent | ☐ Urgent | ☒ Routine | Triage Date: 2/16/19 | Initials: CB | Time: 08:15 |

INITIAL: ☒ Sick Call ☐ Nurse. ☐ HCP ☐ Dentist ☐ Behavioral Health ☐ Eye Doctor ☐ Other _____

(TO BE COMPLETED BY HEALTHCARE STAFF)

☑ Patient seen (if applicable) ☐ Patient outside of facility (hospital, court, etc.), reschedule upon return
☐ Response sent to patient (if applicable) ☐ Patient refused, Refusal Form complete
☐ Patient released from custody Fee Charge ☐ No ☐ Yes, Amount $ _____

RESPONSE TO PATIENT / COMMENTS _____

*NOTE: Treatment information should not be noted above but should be documented on the appropriate treatment form(s)*

Staff Signature _____ ictour _____ Date 02/16/19

Form Number: SC001UNC000ACCBI102413 2-Part Form Page 1 of 1

Hampton Roads Regional Jail, VA
**Hampton Roads Regional Jail**
**2690 Elmhurst Lane**
**Portsmouth`, VA23701**

**Progress Notes**



| Patient Name | Patient Number | Booking Number | Birth Date | Date Of Service |
|---|---|---|---|---|
| JOHNNIE R SIMMONS | 0043692 | 0043692-001 | 1966 | 2/11/2019 |

Orders:
*Ambulation is steady and there is no need for an assistive device. Discussed with Mr. Simmons the need to notify medication nurse if he wanted "as needed" medication. Urged to take anti-inflammatory more frequent for back and knee pain. Patient reports trouble swallowing. There is a area of slight swelling and tenderness on right side of neck. According to officer log, patient had conflict on 02/08 and entered segregation. Patient is not in respiratory distress and voice has not been affected.*

J.A. 240



MARYVIEW MEDICAL
CENTER
3636 HIGH STREET
PORTSMOUTH VA 23707-3236

Simmons, Johnnie
MRN: 223215706, DOB: 1/18/1966, Sex: M
Acct #: 21191840358
Arrived 7/3/2019, D/C: 7/3/2019

**ED Medication Administration from 07/03/2019 1153 to 10/30/2020 1425 (continued)**

| Date/Time | Order | Dose | Route | Action | Action by |
|---|---|---|---|---|---|
| 07/03/2019 1615 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 0 mg | IntraVENous | IV Stopped | Hill, Natasha, RN |
| 07/03/2019 1605 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 1,000 mg | IntraVENous | IV Restarted | Hill, Natasha, RN |
| 07/03/2019 1410 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 0 mg | IntraVENous | Transfusion Held | Hill, Natasha, RN |
| 07/03/2019 1355 | phenytoin (DILANTIN) 1,000 mg in 0.9% sodium chloride 100 mL IVPB | 1,000 mg | IntraVENous | Given | Hill, Natasha, RN |
| 07/03/2019 1724 | phenytoin ER (DILANTIN ER) ER capsule 400 mg | 400 mg | Oral | Given | Hill, Natasha, RN |
| 07/03/2019 1724 | LORazepam (ATIVAN) injection 1 mg | 1 mg | IntraMUScular | Given | Hill, Natasha, RN |

**Medication Comments**

** No Medication Comments Found **

**ED Current Prescriptions**

None

**All Meds and Administration**

**All Meds and Administrations**

Exhibit 3

J.A. 241

 Exhibit 4 of 10

| MARYVIEW MEDICAL CENTER | Simmons, Johnnie |
|---|---|
| 3636 HIGH STREET | MRN: 223215706, DOB: 1/18/1966, Sex: M |
| PORTSMOUTH VA 23707-3236 | Acct #: 21191840358 |
| | Arrived 7/3/2019, D/C: 7/3/2019 |

## Flowsheets (all recorded) (continued)

| Row Name | 07/03/19 1736 |
|---|---|
| **Discharge Instructions** | |
| Discharge Instructions | Simple  -NH |
| Recorded by | [NH] Hill, Natasha, RN 07/03/19 1736 |

### Triage Start

| Row Name | 07/03/19 1217 |
|---|---|
| **Triage Start** | |
| Triage Start | Triage Start  -NH |
| Recorded by | [NH] Hill, Natasha, RN 07/03/19 1217 |

### Discharge Planning

| Row Name | 07/03/19 1600 | 07/03/19 1200 |
|---|---|---|
| **OTHER** | | |
| RRAT Total Score | 0  -AB | 4  -AB |
| Recorded by | [AB] Batch, Autoreporting 07/03/19 1603 | [AB] Batch, Autoreporting 07/03/19 1203 |

### Immunizations

| Row Name | 07/03/19 1239 |
|---|---|
| **Immunizations** | |
| Immunizations Up-To-Date | Yes -NH |
| Recorded by | [NH] Hill, Natasha, RN 07/03/19 1239 |

### LDA

| Row Name | 07/03/19 1600 | 07/03/19 1500 | 07/03/19 12:20:57 |
|---|---|---|---|
| **[REMOVED] Peripheral IV 07/03/19 Right Antecubital** | | | |
| IV Properties | Placement Date: 07/03/19 [NH] Placement Time: 1220 [NH] Number of Attempts: 1 [NH] Inserted By: Natasha, RN [NH] Present on Admission/Arrival: No [NH] Size: 20 G [NH] Orientation: Right [NH] Location: Antecubital [NH] Removal Date: 07/03/19 [NH2] Removal Time: 1435 [NH2] Removal Reason: Discharged [NH2] Cath Tip Intact: Yes [NH2] Recorded by:  [NH] Hill, Natasha, RN 07/03/19 1220 [NH2] Hill, Natasha, RN 07/03/19 1435 | | |
| Site Assessment | — | — | Clean, dry, & intact -NH |
| Phlebitis Assessment | — | — | 0  -NH |
| Infiltration Assessment | — | — | 0  -NH |
| Dressing Status | — | — | Clean, dry, & intact -NH |
| Dressing Type | — | — | Transparent  -NH |
| Hub Color/Line Status | — | — | Patent;Flushed  -NH |
| Recorded by | | | [NH] Hill, Natasha, RN 07/03/19 1221 |
| **[REMOVED] Peripheral IV 07/03/19 Left Hand** | | | |
| IV Properties | Placement Date: 07/03/19 [NH] Placement Time: 1500 [NH] Number of Attempts: 1 [NH] Inserted By: Natasha, RN [NH] Present on Admission/Arrival: No [NH] Size: 24 G [NH] Orientation: Left [NH] Location: Hand [NH] Removal Date: 07/03/19 [NH2] Removal Time: 1515 [NH2] Removal Reason: Patient pulled out line [NH2] Cath Tip Intact: Yes [NH2] Recorded by:  [NH] Hill, Natasha, RN 07/03/19 1515 [NH2] Hill, Natasha, RN 07/03/19 1616 | | |
| Site Assessment | — | Clean, dry, & intact -NH | — |



Exhibit 5 of 10

MARYVIEW MEDICAL
CENTER
3636 HIGH STREET
PORTSMOUTH VA 23707-3236

Simmons, Johnnie
MRN: 223215706, DOB: 1/18/1966, Sex: M
Acct #: 21191840358
Arrived 7/3/2019, D/C: 7/3/2019

## CLINICAL LAB RESULTS (continued)

### Lab Results (continued)

| Procedure | Component | Value | Ref Range | Lab | Date/Time |
|---|---|---|---|---|---|
| | MONOCYTES | 5 | 3 - 10 % | | |
| | EOSINOPHILS | 1 | 0 - 5 % | | |
| | BASOPHILS | 0 | 0 - 2 % | | |
| | ABS. NEUTROPHILS | 3.1 | 1.8 - 8.0 K/UL | | |
| | ABS. LYMPHOCYTES | 0.9 | 0.9 - 3.6 K/UL | | |
| | ABS. MONOCYTES | 0.2 | 0.05 - 1.2 K/UL | | |
| | ABS. EOSINOPHILS | 0.1 | 0.0 - 0.4 K/UL | | |
| | ABS. BASOPHILS | 0.0 | 0.0 - 0.1 K/UL | | |
| | DF | AUTOMATED | | | |

**LEVETIRACETAM (KEPPRA) [552380197]**
Order Status: Canceled                    Specimen: Blood

### Testing Performed By

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 19 - MMC | HR MMC SUNQUEST LAB | Cummings, David A, MD | Dr. David A. Cummings, Lab Director 3636 High St. Portsmouth VA 23707 | 06/02/16 1603 - Present |

## Radiology Results

**XR CHEST PORT [552382470]**                    Resulted: 07/03/19 1248, Result status: Final result

Ordering provider: Stull, Michael E, MD  07/03/19 1202
Performed: 07/03/19 1152 - 07/03/19 1222
Resulting lab: HR MMC RADIANT

Resulted by: Kaye, Marc D, MD
Accession number: 106583808

Narrative:
Portable chest: 7/3/2019 12:08 PM

COMPARISON: May 14, 2016

The lungs appear clear. The heart and mediastinal silhouette are normal. No
pleural effusions are evident.

Old fracture deformity with instrumentation and screws is seen in the right
humeral head.

Impression:
IMPRESSION: Stable chest, no acute disease

### Testing Performed By

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 25 - MMC | HR MMC RADIANT | Unknown | Unknown | 08/03/12 1325 - Present |

### EKG Results

None

### ED Current OP Medications

| Medication | Sig | Dispense | Start Date | End Date | Doc. Provider |
|---|---|---|---|---|---|
| divalproex ER (DEPAKOTE ER) 500 mg ER tablet | Take 500 mg by mouth nightly. | | | | Provider, Historical |
| lacosamide (VIMPAT) 100 mg tab tablet | Take 100 mg by mouth two (2) times a day. | | | | Provider, Historical |
| cholecalciferol, VITAMIN D3, (VITAMIN D3) 5,000 unit tab tablet | Take 1 Tab by mouth daily. | 30 Tab | 8/31/2019 | | Taylor, Devon M, MD |

### ED Medication Administration from 07/03/2019 1153 to 10/30/2020 1425

OFFICER RECEIVING FORM_____

_____
(SIGNATURE / DATE/ TIME)

Exhibit 6 OF 10

## HAMPTON ROADS REGIONAL JAIL

## GRIEVANCE FORM

ROUTING #:
_____ HOUSING UNIT
_____ KITCHEN
_____ MEDICAL
OTHER
STAFF USE ONLY

From: Johnnie R. Simmons Pod / Cell: F/300 408

Date: 1-27-2020

(Inmate's Name and JCA #)

Johnnie R. Simmons JR. 0043692

TO: Officer responding to Grievance

Superintendent David Hackworth

Instructions: Complete parts I, II, and III of this form using clear specific statements. Part IV is for staff use only.

Part I: State your grievance clearly. If you need more space attach another grievance.

Detective HAS Video the Att_pt on my life was 2/8/19, 10-11A,
Mr. HACKWORTH I was Choked Nearly till Death By your officer
Mr. J.D. Whitaker At the Jail Feb. 8th 2019 I will Be Filing a lawsuit
About it will Be till 2020 But this kid alie I wan't that was almost 1yr ago

Part II: What step have you taken to solve this complaint informally?

I reported to Internal affairs I also was interviewed
By portsmouth Criminal Investigations unit Detectives.
I was Choked unconcious. WAVY 10 News His Story

Part III: Action or relief requested.

I Am Still Seeking RECovery from PTSD, Neck, and Back
injuries and I Am incapacitated I Am Seeking Counsel But will
have a Council Bring a suit Against your officer still taunt + tease Me
Not funny

CERTIFICATION: I have read the Inmate Handbook and submit this grievance in good faith without the intent to harass. I swear that all statements are true and correct. I understand that the grievance will be returned unanswered if I submit it with the intent to harass, used vulgar language, or any false statements.

Johnnie R. Simmons JR.

(Submitted by: Name printed)

_Johnnie R. Simmons_

(Submitted by: Signature)

------------------------------------- DO NOT WRITE BELOW THIS LINE -------------------------------------

Part IV: Response to your grievance by jail staff.

_____
_____
_____
_____
_____

_____          _____          _____
(Answered by: Print Name)              (Answered by: Signature)                         Date

If not satisfied with staff response you may file an appeal within three (3) days of decision. Appeal form must be attached with original grievance form.

HRRJ – (91)

WHITE COPY – ORIGINAL          YELLOW COPY – FILE          PINK COPY - TRACKING          Gold - INMATE

OFFICER RECEIVING FORM _____

*Exhibit 7 of 10*

**(SIGNATURE / DATE/ TIME)**

**HAMPTON ROADS REGIONAL JAIL**

**GRIEVANCE FORM**

ROUTING #:
_____ HOUSING UNIT
_____ KITCHEN
_____ MEDICAL
_____ OTHER
STAFF USE ONLY

From: *Johnnie Simmons* Pod / Cell: *F/306 Cell 408*

Date: *2/5/20*

**(Inmate's Name and JCA #)**

TO: Officer responding to Grievance

Instructions: Complete parts I, II, and III of this form using clear specific statements. Part
IV is for staff use only.

Part I: State your grievance clearly. If you need more space attach another grievance.

*I was assaulted by M.J.O Whittaker and Choked
until I was unconscious while handcuffed on the floor
on February 8th 2018 my neck back is injured.*

Part II: What step have you taken to solve this complaint informally?

*I have reported this to internal Affairs and I
am filing this grievance. I sent David Hackworth
a letter on January 04 2020 This is to Ensure*

Part III: Action or relief requested.

*He received it. A LawSuit will be filed and I Report
ed this and filed a complaint with portsmouth
police.*

CERTIFICATION: I have read the Inmate Handbook and submit this grievance in good faith without the
intent to harass. I swear that all statements are true and correct. I understand that the grievance will be
returned unanswered if I submit it with the intent to harass, used vulgar language, or any false statements.

*Johnnie Simmons*                                    *Johnnie R. Simmons*

**(Submitted by: Name printed)**                       **(Submitted by: Signature)**

------------------------------------   **DO NOT WRITE BELOW THIS LINE**   ------------------------------------

Part IV: Response to your grievance by jail staff.

_____
_____
_____
_____
_____

**(Answered by: Print Name)**        **(Answered by: Signature)**           **Date**

If not satisfied with staff response you may file an appeal within three (3) days of decision.
Appeal form must be attached with original grievance form.

HRRJ – (91)

WHITE COPY – ORIGINAL        YELLOW COPY – FILE        PINK COPY - TRACKING        Gold - INMATE

Exhibit 8 of 10



## Emergency Response Worksheet
### Page 2 of 2

Hampton Roads Regional Jail, VA
Hampton Roads Regional Jail
2690 Elmhurst Lane
Portsmouth`, VA  23701
757-217-2628

**CCS**
CORRECT CARE
SOLUTIONS

| Patient Name | Patient Number | Date of Birth | Today's Date |
|---|---|---|---|
| SIMMONS, JOHNNIE R | ▮▮▮▮ | ▮▮▮▮ | 7/3/2019 |

### Treatment
| | |
|---|---|
| ☐None provided | |

| ☐O2 @  8  L/min via | ☐Nasal Cannula | ☒NRB | ☐Oral Airway | ☐Nasal Airway |
|---|---|---|---|---|

**CPR:**  ☐AED used    ☐Chest Compressions    ☐BVM

☐Bandaging Applied Specify:

Medications Administered:

Other Treatments applied:

### Narrative Of Code Event

| Time | Comments: |
|---|---|
| 0920 | 1053 Code Called. Medical Responded |
| 0922 | Pt found in cell, laying on B. eyes closed respond to sternum rub, and verbal stimulus when stable pt was brought to men medical for further evaluation. |
| 0945 | Pt. Alert and Oriented X3, ∅ LOC |
| 1005 | Pt. received morning meds (Seizure Meds) Pt unresponsive to Sternum rub ∅ 8 Pt in observation room being monito Pt to now having Seizure episode, un responsive to verbal and tactile stimuli observed by MD - 911 protocol initiated 911 dispatch Called. Continue to monitor pt Eyes Opens when name is called, responds to Tactile Stimulation. 911 arrived assumed care of pt to MVH/ |
| Time | ambulance called 11 05   ambulance arrived ____ ambulance left unit |
| | Phone Number from which the 911 call was placed ____ |

| Responders | | | | | | | | | | | Signature |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Medical | Security | | | | | | | | | | |
| N.D. Souza RN | Sgt Epperson | | | | | | | | | | DeSouza RN |
| Westbrook HSA | | | | | | | | | | | Signature |
| Burke NP | | | | | | | | | | | 7/3/19 |
| Johnson Lpn | | | | | | | | | | | Date |
| Townsen Lpn | | | | | | | | | | | |

© 2007 Correct Care Solutions, LLC
Revised 09.24.2013



SA 000101

J.A. 246

Exhibit 9 of 10

**Hampton Roads Regional Jail, VA**
*Hampton Roads Regional Jail*
*2690 Elmhurst Lane*
*Portsmouth`, VA23701*

**Receiving Screening**

 wellpath

| Patient Name | Patient Number | Booking Number | Birth Date | Date Of Service |
|---|---|---|---|---|
| JOHNNIE R SIMMONS | | | | 1/15/2019 |

**Immediate Action:** *responses shall result in notification of Shift Commander and immediate referral to MH evaluation. If after hours, initiate suicide watch IMMEDIATELY until MH can evaluate.*

**Routine Referral:** *Notify MH of any positive response to suicide screen that did not meet above criteria for immediate referral.*

---

### Psychiatric Screening

1. History of or current psychotropic meds? ○ Yes ● No

2. History of psychiatric hospitalization? ● Yes ○ No

When?  *2010 and 2016*
Where?  *Va Beach Psych, Riverside*

3. History of outpatient mental health treatment? ○ Yes ● No
Explain Discrepancy:

---

### PREA Questions

1. Has the patient ever been a victim of sexual abuse? ○ Yes ● No

2. Does the patient feel vulnerable? ○ Yes ● No

3. Has the patient ever been arrested for a sex offense against an adult or a child? ○ Yes ● No

4. Does the patient identify or be perceived as gay, lesbian, bisexual, transgender, intersex, or gender non-conforming? ○ Yes ● No

5. Is the patient detained for any civil immigration purposes? ○ Yes ● No

6. Does the patient have a physical disability or developmental delay/disability? ○ Yes ● No

7. Is this the patient's first time being arrested? ○ Yes ● No

8. Is the patient of small stature or small physical build? ○ Yes ● No

*If any "yes" answers, notify classifications and refer to MH to be seen within 14 days.*

Referred for Evaluation? ● Yes ○ No

---

### Current Mental Status (Check all that apply)

| ORIENTATION | ☑ *Alert, Oriented* ☐ *Disoriented* |
| AFFECT | ☑ *Appropriate* ☐ *Flat* ☐ *Inappropriate* |
| THOUGHT PROCESS | ☑ *Logical* ☐ *Paranoid* ☐ *Does not make sense* |

SA 000323

Exhibit 9 A

| LAST, FIRST MI (PRINT): | DISCHARGE DATE: 5-16-19 |
|---|---|
| Simmons-Jr., Johnnie | |

## SECTION II: PHYSICIAN CONT'D

Drug & Food Allergy/Intolerance (include reactions):

If antipsychotics are prescribed, then metabolic screenings must be completed for CMS facilities:

- [x] Yes [ ] No   Metabolic Screening Lipids
- [x] Yes [ ] No   Metabolic Screening BMI
- [x] Yes [ ] No   Metabolic Screening Blood Pressure
- [ ] Yes [ ] No   Metabolic Screening HgbA1C or Glucose Levels

Primary Diagnosis at Discharge:

F 31.9  Bipolar D10 Manic

Secondary Diagnoses:

Bео Personality D10

Medical Diagnoses:

Also Seiz. D10     vit. D def
st Back discomfort.    Anemia
Co shoulder / hand dis comfort
gingivitis.  ↓ Mg

Other Relevant or Related Diagnoses and Environmental Factors:

1. Marital resilience to treatment.
2. Ref to Mental Health for followup.

Discharge Information & Instruction Form
DMH-9241-226 (M-495)
Revised 1/31/2017          Page 4 of 8

Label or Addressograph
Simmons-Jr., Johnnie

*DC0070*

SA 000042

J.A. 248

*Exhibit 10 of 10*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

| | |
|---|---|
| Johnnie R. Simmons, Jr., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:20cv464 |
| R. Whitaker, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Custodian of Records, Portsmouth Police Department, 206 High Street, Portsmouth, VA  23704

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| Place: Pender & Coward, ATTN:  Jeff W. Rosen, Esq.<br>222 Central Park Avenue, #400<br>Virginia Beach, VA 23462-3026 | Date and Time:<br><br>12/11/2020 10:00 am |
|---|---|

•  ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/24/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Jeff W. Rosen* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Sgt. Derrick Brown
, who issues or requests this subpoena, are:

Jeff W. Rosen, Esq., Pender & Coward, 222 Central Park Avenue, Suite 400, Virginia Beach, VA 23462-3026;
(757) 490-6253; jrosen@pendercoward.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Pender & Coward VA. Beach, VA.

RECEIVED
MAILROOM
APR - 1 2021
3  30  21
CLERK, U.S. DISTRICT COURT
ALEXANDRIA VIRGINIA

Dear Clerk of Courts,

Blessings, Please find Enclosed A copy of the Amended Complaint and Exhibit -5 That I'm mailing to the Courts and I have mailed to Jeff Rosen Esq. at Pender & Coward 222 Central Park Ave #400 Virginia Beach, VA. 23462-3026. I've Also sent a copy of the Amended Complaint and Exhibits for The Service of Defendant Benjamin Hull of Hampto -n Regional Jail. I Do not Unfortunately Have a full copy of the Original Complaint. Mr./officer Benjamin Hull is employed at H.R.R.J. 2690 Elmhurst Lane Portsmouth, VA. 23704. Mr. Hull was Directly involved By assisting D. Brown and R. Whitaker Carry me before R. Whitaker Took me to the floor and Choked me until I was unconscious as they all watched and did Not Attempt to stop him or Say anything. See Wellpath exhibit That discredits the story of The defendants given In Sworn affidavits where They denied a choking occurred. Exhibits show

Otherwise. Exhibits show that it had been
documented in The Jail log that Plaintiff
had Tenderness, and Swelling to the
Neck and difficulty Swallowing from an
altercation on 2/8/19 Entering Seg Rega
-tion. The Director Mrs. Westbrook gave
Sworn Testimony in the form of an
affidavit that I had Received No care
from Wellpath about my Neck or a inci
-dent on that day. On 2/11/19 I was
Seen Because I was Denied Treatmen
-t after the Choking Which an affidavit
Shows a Sick call Slip (Ex. 1) Saying I
was Choked until I urinated and my
Adams Apple feels Crushed and I Beg to
go to the Hospital. I was Refused an
X-Ray on that date But Received on
-e at some point weeks later which
they Never let me See Results. This is
Wellpath Services in it's own words
Describing the Neck injury proving
all Defendants Perjurred Themselves
in Affidavits. This explains why Lt.
Steven Phillips of internal affairs
declined on Speaking on the Choking.

J.A. 251

This choking Did occur it almost took my life and The tape has Been Blackened out that's why I want to call the Witnesses and have a iN court procedure / Hearing or deposition after my May 11th 2021 Release. The tape was given to Police. Please see yourselves in this Situation or your family member Choked nearly till Death and people are denying That it ever occurred please. I'll Be attempting to send one more copy of the Amended complaint and affidavits. My stamps magically disappeared so I'm praying This Reaches you all, Be Safe and Blessings To the Honorable courts of Alexandria & Hon. T.S. Ellis III. The Preponderance of evidence Is with the plaintiff. Truthfully & Respectfully If I may say. Thanks  Yours/ Charles Simmons

Certificate of service

I Hereby Certify that I have mailed the foregoing to U.S. District Court Eastern District of VA. 401 Courthouse Sq. Alexandria, VA. 22314 on This 30th. day of March, 2021 By United States Postal Service. From H.R.R.J. P.o.Box 7609 Portsmouth, VA. 23707.

Charie R. Simmons R, Pro Se

J.A. 252



IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Johnnie R. Simmons, Jr., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20cv464 (TSE/MSN) |
| | ) | |
| R. Whitaker, et al., | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on routine docket review which revealed that defendants Whitaker, Waltz, and Hull have not been served.

Accordingly, it is hereby

ORDERED that the Clerk issue a Summons, pursuant to Fed. R. Civ. P. 4, through the United States Marshals Service, to each of the defendants — R. Whitaker, M.J.O; C. Waltz, Superintendent; and Benjamin Hull, Officer — at the Hampton Roads Regional Jail, 2690 Elmhurst Lane, Portsmouth, VA 23701; and it is further

ORDERED that defendants file an answer or other responsive pleading to the amended complaint within twenty-one (21) days of service. It is normal practice in pro se prisoner civil actions for a defendant to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

ORDERED that, within twenty-one (21) days of defendant filing a responsive pleading, plaintiff file any opposition, including counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by defendant. See E.D. Va. Local Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Any reply brief from the defendants must be filed within fourteen (14) days, and unless plaintiff explicitly

requests additional time for filing additional materials, this civil action will be considered ripe

for disposition twenty-one (21) days after defendant files a reply to plaintiff's opposition: and it

is further

ORDERED that plaintiff's failure to notify the Court immediately upon being transferred,

released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R.

Civ. P. 41(b); and it is further

ORDERED that if service on the defendant through this Order is unsuccessful and that

defendant is not otherwise served within 90 days of this order being entered, that defendant will

be dismissed from the instant action without prejudice. See Fed. R. Civ. P. 4(m); and it is further

The Clerk is directed to send a copy of this Order to plaintiff and to serve on defendants

R. Whitaker, M.J.O; C. Waltz, Superintendent; and Benjamin Hull, Officer, via the United States

Marshals Service, the Summonses, a copy of this Order, the complaint [Dkt. No. 1], and the

service Order dated July 23, 2020 [Dkt. No. 15], at the Hampton Roads Regional Jail, 2690

Elmhurst Lane, Portsmouth, VA 23701.

Entered this ___24___ day of _____June_____, 2021.

Alexandria, Virginia

_____/s/_____
T. S. Ellis, III
United States District Judge

2

J.A. 255

IN The United States District Court For The
Eastern District of Virginia Alexandria Division

JOHNNIE R. SimmonsJR.                    6/21/21
        Plaintiff

Dear Clerk of Courts,
        Please Change my Address I'm JOHNNIE
R. Simmons PRO'Se Litigant in the Case 1:20CV
464 and The Case 1:20 CV 520 please mail
All mail to me at 800 WilliamsBurg Ave.
Ste. B Portsmouth, Virginia 23704. Thanks
Alot God Bless you All.

                        Respectfully Yours,
                        Johnnie R. Simmons

Address Change For JOHNNIE R. Simmons JR.
                        VS.

FILED
MAILROOM

JUN 2 4 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

        Pender + Coward
      + R. Whitaker et. al.
        1:20 CV 464

      + Sands + Anderson
      + Dr. Dale Moreno et. al.
        1:20 CV 520

J.A. 256

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,          :
                                     :
                 Plaintiff,      :
                                     :          Civil Action No. 1:20:cv464
v.                                   :
                                     :
R. WHITAKER, et al.,             :
                                     :
                 Defendants.    :

## <u>DEFENDANT HULL'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant, Officer Benjamin Hull, by counsel, and pursuant to Fed. R. Civ. P. 56(c), hereby moves for the entry of summary judgment in his favor. The reasons supporting this Motion are set forth in the accompanying Memorandum of Law.

OFFICER BENJAMIN HULL


By: _____/s/_____
                        Of Counsel

Jeff W. Rosen, Esq. VSB No. 22689
Lisa Ehrich, Esq. VSB No. 32205
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Hull*

J.A. 257

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of July, 2021, I will electronically file the foregoing **_Defendant Hull's Motion for Summary Judgment_** with the Clerk of Court using the CM/ECF system and will mail the document by U.S. Mail to the following non-filing user:

Johnnie R. Simmons, Jr.
800 Williamsburg Avenue; Suite B
Portsmouth, VA  23704
*Pro Se*

_____/s/_____
Jeff W. Rosen, Esq., VSB #22689
PENDER & COWARD, P.C.
222 Central Park Avenue
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
*Counsel for Hull*

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| JOHNNIE R. SIMMONS, Jr., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:20:cv464 |
| v. | : | |
| | : | |
| R. WHITAKER, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT HULL'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Officer Benjamin Hull ("Officer Hull"), by counsel, and pursuant to Fed. R.

Civ. P. 56(c), submits this Memorandum of Law in Support of his Motion for Summary

Judgment.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiff claims that

Officer Hull failed to protect him from MJO Whitaker's use of excessive force. Specifically,

plaintiff alleges that he told Sgt. Brown and MJO Whitaker he was afraid of returning to his

cellblock from the medical department.  He contends that Sgt. Brown, MJO Whitaker, and other

officers, including Officer Hull, then carried him through the air and that Officer Whitaker took

him to the ground, choked him and nearly strangled him to death. Plaintiff maintains that Officer

Hull watched while he was choked unconscious and made no attempt to stop Officer Whitaker.

The record, however, belies plaintiff's claim. A videotape of the incident, coupled with sworn

affidavits, reveals that plaintiff refused to follow orders to walk into his housing unit, was picked

up, whereupon he began to kick and flail at the officers, and in just over a minute, was lowered

to the ground, shackled, sat up, stood up, and then walked into the housing unit.  Plaintiff cannot

establish bystander liability against Officer Hull on this record.

J.A. 259

I.      **STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56(B)**

1.      At all relevant times, plaintiff was incarcerated at the Hampton Roads Regional Jail ("HRRJ").

2.      At all relevant times, Officer Hull was employed as a jail officer at HRRJ.

3.      On February 8, 2019, Officer Hunter and Officer Johnson were escorting plaintiff from the medical department to his housing unit, when he began to act out in front of Housing Unit 3 control, refusing to go into his pod, and intentionally sitting down on the floor.  (Ex.1, Hunter Aff; Ex.2, Hull Aff.; Ex. 3, Brown Aff.; Ex. 4, Video)

4.      Officer Hull responded to a call for assistance and directed plaintiff to get up, which he refused to do. (Ex.1, Hunter Aff.; Ex 2, Hull Aff.; Ex. 3, Brown Aff.; Ex. 4, Video)

5.      Sgt. Brown and MJO Whitaker then came to assist and gave plaintiff several directives to go to his pod.  (Ex. 1, Hunter Aff.; Ex.2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

6.      Sgt. Brown tried to deescalate the situation, telling plaintiff that he could not stay there and had to go to his cell.  Plaintiff refused Sgt. Brown's directives, stating, "if any of you touch me, I will bite you." (Ex.2, Hull Aff.)

7.      Plaintiff continued to refuse.  He was brought to his feet, picked up, and escorted to his pod. (Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex.4, Video)

8.      As the officers escorting him approached the door to Housing Unit 3, plaintiff began to kick and flail, and they took him down to the floor to gain control. (Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

9.      Sgt. Brown told plaintiff to stop and to chill out, but he continued to kick and flail.  (Ex. 2, Hull Aff.)

10.     Sgt. Brown asked Officer Hunter to get leg irons, and she placed them on plaintiff, at which point he was brought to his feet and walked to his cell.  (Ex 1, Hunter Aff.; Ex. 2, Hull Aff.; Ex. 3, Brown Aff; Ex. 4, Video)

11.     None of the officers present observed Officer Whitaker choking plaintiff, including Officer Hull who was near his shoulder when he was on the floor.  (Ex. 3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

12.     None of the officers present observed plaintiff passed out or unconscious.  (Ex. 3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

13.     None of the officers presents observed urine on the floor.  (Ex. 3, Brown Aff.; Ex. 1, Hunter Aff.; Ex. 2, Hull Aff.)

14.     The video begins at 12:09:55, with plaintiff sitting on the floor refusing directives from Officers Hunter and Johnson to go to his pod.  First Officer Hull, then Sgt. Brown and MJO Whitaker arrive to assist. (Ex. 4, Video)

15.     At 12:11:30, the officers bring plaintiff to his feet and walk/carry him to Housing Unit 3.  At 12:11:47, plaintiff can be seen kicking and flailing as the officers try to gain control.  Plaintiff is lowered and on the ground at 12:11:54 and continues to kick.  (Ex. 4, Video)

16.     Officer Hunter goes into the control room to get leg irons, which she is seen placing on plaintiff by 12:12:45.  (Ex. 4, Video)

17.     By 12:13:19, plaintiff sits up, and within seconds, he is brought to his feet and walking into the housing unit.  (Ex. 4, Video)

18.     Forty-nine seconds elapse from the time plaintiff is on the ground until the leg irons are on, 34 seconds later plaintiff is sat up, and mere seconds later he is on his feet and walking.  (Ex. 4, Video)

19.     The video does not show any urine on the floor or that the floor had to be cleaned; rather, Officers Hunter and Johnson are seen picking up papers after plaintiff stands up. (Ex. 4, Video)

20.     There is no record of any medical treatment rendered to plaintiff on February 8, 2019, other than his visit prior to this incident.  (Ex. 5, Westbrook Aff.)

21.     On February 11, 2019, plaintiff was seen by medical for his anti-seizure medications and on-going orthopedic issues with his knee and back for which he had been prescribed naproxen. The nurse noted an area of slight swelling and tenderness on the right side of his neck related to an incident on February 8, but indicated he was not in distress and no treatment was provided.  (Ex. 6, Medical Record)

## II.     ARGUMENT

### A.     Legal Standard

Summary judgment is appropriate in the absence of any genuine issue of material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 255 (1986).  Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party fails to make a sufficient showing on an essential element of the claims on which he bears the burden of proof, the moving party prevails.  *Id*. at 248-49; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  While the court draws all inferences in favor of the non-moving party, speculative assertions will not suffice.  *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1989).

J.A. 262

### A.  Plaintiff cannot establish bystander liability against Officer Hull.

Plaintiff alleges that Officer Hull stood by while Officer Whitaker choked him.  Under the theory of bystander liability, an officer may be liable if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."  *Randall v. Prince George's Cty.*, 302 F.3d 188, 204 (4th Cir. 2002).  As to the second prong, "[i]f the bystander lacks such specific knowledge, he cannot be a participant in the unlawful acts, and the imposition of personal liability is impermissible." *Id.* at 204 n. 24.  Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 US. 372, 380 (2007).  As the Fourth Circuit holds, if "the record contains an unchallenged videotape capturing the events in question, [the court] must only credit the plaintiff's version of the facts to the extent it is not contradicted by the videotape."  *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

Here, there is no evidence that Officer Hull knew that Officer Whitaker was violating plaintiff's rights. Neither Officer Hull, who was by plaintiff's shoulder, nor the other officers, observed Officer Whitaker choke plaintiff.  None of them observed plaintiff passed out or unconscious, or in a pool of urine. Plaintiff did not receive any medical treatment. The videotape of the incident reflects the short time that elapsed from plaintiff's being lowered to the ground kicking and flailing to when the leg irons were put on, he sat up, and walked.

Officer Hull is entitled to summary judgment on plaintiff's bystander liability claim.

### III.      CONCLUSION

For the reasons set forth above, defendant Officer Benjamin Hull respectfully requests the Court to enter summary judgment in his favor and to dismiss plaintiff's claims, with prejudice.

OFFICER BENJAMIN HULL

By: _____/s/_____
                                       Of Counsel

Jeff W. Rosen, Esq. VSB No. 22689
Lisa Ehrich, Esq. VSB No. 32205
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Hull*

J.A. 264

## CERTIFICATE OF SERVICE

       I hereby certify that on this 13th day of July, 2021, I will electronically file the foregoing *Memorandum of Law in Support of Defendant Hull's Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system and will mail the document by U.S. Mail to the following non-filing user:

Johnnie R. Simmons, Jr.
800 Williamsburg Avenue; Suite B
Portsmouth, VA  23704
*Pro Se*

                                                             /s/
                                       Jeff W. Rosen, Esq., VSB #22689
                                       PENDER & COWARD, P.C.
                                       222 Central Park Avenue
                                       Virginia Beach, VA 23462
                                       Phone: (757) 490-6293
                                       Fax:    (757) 497-1914
                                       jrosen@pendercoward.com
                                       *Counsel for Hull*

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,                          :
                                                  :
               Plaintiff,        :
                                                  :        Civil Action No. 1:20:cv464
v.                                                :
                                                  :
R. WHITAKER, et al.,                              :
                                                  :
               Defendants.       :

## AFFIDAVIT OF OFFICER MELISSA HUNTER

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, VIRGINIA, to-wit:

Officer Melissa Hunter, being first duly sworn upon oath, deposes and states as follows:

1. At all times relevant to plaintiff's Complaint, and since 1999, I have been employed by the Hampton Roads Regional Jail Authority as a jail officer at the Hampton Roads Regional Jail ("HRRJ").

2. I received my jail officer certification from the Virginia Dept. of Criminal Justice Services in November 1999.

3. I base this affidavit on personal knowledge and on records maintained at the HRRJ in the ordinary and regular course of business.

4. On February 8, 2019, plaintiff was being escorted from main medical to his housing pod by me and Officer Johnson, when he began to act out in front of Housing Unit 3 control, refusing to go into his pod, and intentionally sitting down on the floor.

5. Officer Hull responded to a call for assistance and directed plaintiff to get up, which he repeatedly refused to do.

6. Sgt. Brown and MJO Whitaker then came to assist and gave plaintiff several directives to

go to his pod.

7. Plaintiff continued to refuse.  He was brought to his feet, picked up, and escorted to his pod.

8. As the officers escorting him approached the door, plaintiff began to kick and flail, and they took him down to the floor to gain control.

9. Once on the floor, plaintiff continued to kick and flail and was not compliant.

10. Sgt. Brown asked me to get leg irons, and I placed them on plaintiff, at which point he was brought to his feet and walked to his cell.

11. I did not observe Officer Whitaker choking plaintiff.

12. I did not observe plaintiff passed out or unconscious.

13. I did not observe a pool of urine or that plaintiff had wet his pants.

Further affiant sayeth not.

_OFFICER MELISSA HUNTER_

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid Officer Melissa Hunter, to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this 21 day of December, 2020.

Notary Public

My Commission Expires: 3 - 31 - 23
My Registration No. 7661256

APRIL LYNETTE BRUMLEY
NOTARY PUBLIC
REG. #7661256
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MARCH 31, 2023

J.A. 267

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,                    :
                                            :
                        Plaintiff,          :
                                            :
                                            :        Civil Action No. 1:20:cv464
v.                                          :
                                            :
R. WHITAKER, et al.,                        :
                                            :
                        Defendants.         :

### AFFIDAVIT OF OFFICER BENJAMIN HULL

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, VIRGINIA, to-wit:

Officer Benjamin Hull, being first duly sworn upon oath, deposes and states as follows:

1. At all times relevant to plaintiff's Complaint, and since 2015, I have been employed by the Hampton Roads Regional Jail Authority as a jail officer at the Hampton Roads Regional Jail ("HRRJ").

2. I received my jail officer certification from the Virginia Dept. of Criminal Justice Services in August 2015.

3. I base this affidavit on personal knowledge and on records maintained at the HRRJ in the ordinary and regular course of business.

4. On February 8, 2019, plaintiff was being escorted from main medical to his housing pod by Officers Johnson and Hunter, when he began to act out in front of Housing Unit 3 control, refusing to go into his pod, and intentionally sitting down on the floor.

5. I responded to a call to assist the officers and directed plaintiff to get up, which he repeatedly refused to do.

6. Sgt. Brown and MJO Whitaker then came to assist and they gave plaintiff several directives to go to his pod.

7. Sgt. Brown tried to deescalate the situation, telling plaintiff that he could not stay there and had to go to his cell.  I recall plaintiff saying that he couldn't go to the pod because someone was out to get him.

8. Plaintiff refused Sgt. Brown's directives, stating, "if any of you touch me, I will bite you."

9. We got plaintiff to his feet and picked him up to escort him to the pod.  As we approached the door, plaintiff began to kick and flail, and we took him down to the floor to gain control.

10. Once on the floor, I was on plaintiff's right side by his shoulder.

11. I did not observe MJO Whitaker choke plaintiff.

12. I did not observe plaintiff pass out or lose consciousness.

13. I did not observe a puddle of urine on the floor, or recall seeing that plaintiff had wet his pants.

14. Sgt. Brown told plaintiff to stop and to chill out, but he continued to kick and flail.

15. Sgt. Brown asked Officer Hunter to get leg restraints, which were put on.

16. We then brought plaintiff to his feet and walked him to his cell.

Further affiant sayeth not.

_Officer Benjamin Hull_

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid Officer Benjamin Hull to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this _18_ day of December, 2020.

_____
Notary Public

My Commission Expires: _Feb. 28, 2023_
My Registration No. _Feb. 28, 2023_ # 7607406



Exhibit 5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,                    :
                                            :
                      Plaintiff,            :
                                            :        Civil Action No. 1:20:cv464
v.                                          :
                                            :
R. WHITAKER, et al.,                        :
                                            :
                      Defendants.           :

### AFFIDAVIT OF DERRICK BROWN

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, VIRGINIA, to-wit:

Derrick Brown, being first duly sworn upon oath, deposes and states as follows:

1.  At all times relevant to plaintiff's Complaint, and for 15 years, I have been employed by the Hampton Roads Regional Jail Authority as a jail officer at the Hampton Roads Regional Jail ("HRRJ").

2.  I received my jail officer certification from the Virginia Dept. of Criminal Justice Services in 2006

3.  I base this affidavit on personal knowledge and on records maintained at the HRRJ in the ordinary and regular course of business.

4.  The first time I met or had any contact with plaintiff was on the morning of February 8, 2018. I was assisting inmates with showers and plaintiff was speaking gibberish to himself and getting angry. I walked away.

5.  Later that day, I was in the office with Officer Whitaker doing paperwork when Officer Johnson ran in, pleading for help. Officer Johnson and Officer Hunter were escorting plaintiff from the medical department to his cell, Housing Unit 3, pod 1, when he sat

J.A. 271

down on the floor and refused to move.

6. I found plaintiff on the floor, where he refusing to comply with orders to walk and refusing to talk. He continued to refuse my orders.

7. When it was apparent the officers could not stand him up, I asked Officers Hull and Whitaker to pick him up and carry him to the pod.

8. As they approached the door to the pod, plaintiff began to kick and squirm, so the officers lowered him to the floor, and regained control.

9. I then asked Officer Hunter to get leg shackles. After they were put on, officers walked plaintiff to the pod.

10. Officer Whitaker and I then took plaintiff to the medical department, where he asked to speak with a nurse in private.

11. When the nurse released plaintiff from medical, we escorted him from the medical department to Housing Unit 1 pursuant to his new housing assignment.

12. I did not observe Officer Whitaker choke plaintiff as a means of gaining control.

13. I did not observe plaintiff pass out or lose consciousness.

14. I saw a wet spot on plaintiff's pants, but did not observe a puddle of urine on the floor.

15. I worked well with former Officer Whitaker and never directed him to hurt an inmate.

16. At no time was I aware of or did I ignore a use of excessive force by Officer Whitaker.

17. Officer Whitaker acted reasonably in lowering plaintiff to the ground and gaining control of a combative inmate.

Further affiant sayeth not.

DERRICK BROWN

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid Derrick Brown, to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this 21 day of December, 2020.

Notary Public

My Commission Expires: 3 - 31 - 23
My Registration No. 7661256

APRIL LYNETTE BRUMLEY
NOTARY PUBLIC
REG. #7661256
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES MARCH 31, 2023

J.A. 273

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,              :

                           :

                Plaintiff,        :

                           :       Civil Action No. 1:20:cv464

v.                          :

                           :

R. WHITAKER, et al.,           :

                           :

                Defendants.    :

**PLACEHOLDER FOR Exhibit 4 - Video**

J.A. 274

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, Jr.,     :
            :
     Plaintiff,    :
            :  Civil Action No. 1:20:cv464
v.             :
            :
R. WHITAKER, et al.,     :
            :
     Defendants.  :

## AFFIDAVIT OF PAMELA WESTBROOK

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, to-wit:

Pamela Westbrook, being first duly sworn upon oath, deposes and states as follows:

  1.  At all relevant times I was employed by WellPath as a health service administrator.

  2.  I base this Affidavit on personal knowledge and on records maintained in the ordinary and regular course of business.

  3.  The records attached to this Motion are true, correct, and genuine copies of records created and/or maintained at the Hampton Roads Regional Jail ("HRRJ").

  4.  There is no record of any medical treatment having been rendered to plaintiff on February 8, 2019, other than his visit prior to the alleged incident.

  Further affiant sayeth not.

*Pamela Westbrook, HSA*
PAMELA WESTBROOK

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid, PAMELA WESTBROOK to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this 12 day of December, 2020.

_____
Notary Public

My Commission Expires: 09/30/2023
My Registration No.: 7833316

KELLY RENEE' JOYNER
NOTARY
PUBLIC
REG. #7833316
MY COMMISSION
EXPIRES
SEPT. 30, 2023
COMMONWEALTH OF VIRGINIA

J.A. 276

Hampton Roads Regional Jail, VA
**Hampton Roads Regional Jail**
2690 Elmhurst Lane
Portsmouth`, VA23701

**Progress Notes**



| Patient Name | Patient Number | Booking Number | Birth Date | Date Of Service |
|---|---|---|---|---|
| JOHNNIE R SIMMONS | 0043692 | 0043692-001 | 1966 | 2/11/2019 |

Orders:

| Medication | Dose | Schedule | Start Date | End Date |
|---|---|---|---|---|
| Keppra (Levetiracetam) 500 mg tablet | 3.00 tablet | HRRJ: BID AM & PM | 1/15/2019 8:00:00 PM | 2/14/2019 7:59:00 PM |
| naproxen 500 mg tablet | 1.00 tablet | HRRJ: BID AM & PM | 2/1/2019 11:05:15 AM | 5/2/2019 11:04:15 AM |
| Dilantin Extended (Phenytoin Sodium Extended) 100 mg capsule | 3.00 capsule | HRRJ: Q PM | 2/4/2019 8:00:00 PM | 8/3/2019 7:59:00 PM |
| Keppra (Levetiracetam) 500 mg tablet | 3.00 tablet | HRRJ: BID AM & PM | 2/14/2019 8:00:00 PM | 6/14/2019 7:59:00 PM |

*Patient Problems:*

| Observed Date | Category | Type | Problem | Confirmed By |
|---|---|---|---|---|
| 01-15-2019 | Acute | Supplementary | Personal history of traumatic brain injury | |
| 01-15-2019 | Acute | Infectious Disease | Herpesviral infection, unspecified | |
| 01-15-2019 | Chronic | Neuro | Epilepsy, unsp, not intractable, with status epilepticus | |
| 01-15-2019 | Chronic | Neuro | Migraine, unsp, not intractable, without status migrainosus | |

*Patient Allergies:*

| Observed Date | Type | Allergy | Reaction |
|---|---|---|---|
| 01-15-2019 | Allergy Items | No Known Allergies | |

☐ **Vital Signs Taken**

*Patient Vitals:*

| Observed Date | BP | Pulse | Resp | Temp | Pulse Ox | Weight | BMI | PF#1 | PF#2 | PF#3 | Waist |
|---|---|---|---|---|---|---|---|---|---|---|---|

**Notes / History:**    ⦿ *Free Text* ○ *SOAPE*

Added 02/11/2019 02:10 PM EST by KTabb RN

*Mr.Simmons seen in sick call in response to two sick call slips containing concerns about orthopedic issues and anti-seizure medication medications. Observed Mr.Simmons arise from bunk and walk to door. Ambulation is steady and there is no need for an assistive device. Discussed with Mr.Simmons the need to notify medication nurse if he wanted "as needed" medication. Urged to take anti-inflammatory more frequent*

Hampton Roads Regional Jail, VA
Hampton Roads Regional Jail
2690 Elmhurst Lane
Portsmouth`, VA23701

**Progress Notes**



| Patient Name | Patient Number | Booking Number | Birth Date | Date Of Service |
|---|---|---|---|---|
| JOHNNIE R SIMMONS | 0043692 | 0043692-001 | !966 | 2/11/2019 |

Orders:
Ambulation is steady and there is no need for an assistive device. Discussed with Mr. Simmons the need to notify medication nurse if he wanted "as needed" medication. Urged to take anti-inflammatory more frequent for back and knee pain. Patient reports trouble swallowing. There is a area of slight swelling and tenderness on right side of neck. According to officer log, patient had conflict on 02/08 and entered segregation. Patient is not in respiratory distress and voice has not been affected.

E-Signed by Kathleen Tabb, RN  on 02/11/2019 02:10 PM EST

Page 2 of 2

*Thanks for help ing But I need Equipment The Walmart Beat ta took my Legs. You Are Still Denying me my Seizure meds Because mi Dosage is 2000 Keppra twice A Day*

**CCS**
**CORRECT CARE SOLUTIONS**

**HEALTHCARE REQUEST**
**SOLICITUD DE SERVICIO DE SALUD**

*and 400mg Dilantin Now Yall officers Tried to Kill me in A physical Manner Yesterday.*

RECEIVED
Date: 2-9-19
Initials: AB
Time: 2100

Name (Nombre): **JOHNNIE R. Simmons**          DOB (Fecha de nacimiento): **66**

ID # (Nº de identificación): **0043692**          Living Unit (Unidad): **C-4**

*That Police Beating on thanks giving and your Denial is the worst seems Yall working with them in N.*

☒ **Medical (Medico)**  ☐ **Behavioral Health (Salud Mental)**  ☐ **Dental (Dental)**  ☐ **Other**

**Nature of problem or Request (be specific)   Naturaleza del problema o solicitud (sea específico)**

*Neck + throat pain and my feet and knees are swollen and pain is getting worse. I was choked till I passed out and urinated yesterday My Adams Apple feels*

I consent to be treated by Health Care Staff for the condition described. I understand that the facility may charge me for some of these services and may deduct it from my account during this current or future stays in the facility. I understand that I will receive health care regardless of my ability to pay. *May I go to the hospital Please. Shelby police llc Mt B AB*

Doy mi consentimiento para ser tratado por el personal de atención de salud para las condiciones descritas. Entiendo que la instalación me puede cobrar por algunos de estos servicios y pueden descontarlo de mi cuenta durante esta o futuras estancias. Entiendo que voy a recibir atención médica, independientemente de mi capacidad de pago.

*like it's Been Crushed and it's sore. I'm requesting to go to Hosp*

**Patient Signature (Firma del Paciente):** *Johnnie Simmons*          **Date (Fecha):** 1/

*This is a confidential document and should only be placed in a designated area, medical box or given directly to medical staff.*
*Este es un documento confidencial y sólo debe ser colocado en un área designada, caja médica o entregada directamente al personal médico.*

---

## DO NOT WRITE BELOW THIS LINE

**(TO BE COMPLETED BY TRIAGING STAFF)**

| TRIAGE: | ☐ Emergent | ☐ Urgent | ☒ Routine | Triage Date: 2/10/19 | Initials: CB | Time: 0417 |

**INITIAL:** ☒ Sick Call  ☐ Nurse  ☐ HCP  ☐ Dentist  ☐ Behavioral Health  ☐ Eye Doctor  ☐ Other _____

---

**(TO BE COMPLETED BY HEALTHCARE STAFF)**

☒ Patient seen (if applicable)          ☐ Patient outside of facility (hospital, court, etc.), reschedule upon return
☐ Response sent to patient (if applicable)          ☐ Patient refused, Refusal Form complete
☐ Patient released from custody          Fee Charge  ☐ No  ☐ Yes, Amount $ _____

**RESPONSE TO PATIENT / COMMENTS** _____

---

*NOTE: Treatment information should not be noted above but should be documented on the appropriate treatment form(s)*

**Staff Signature** _____          **Date** 02/10/19

Form Number: SC001UN000ACCBI102413          2-Part Form          Page 1 of 1

J.A. 279



MAILROOM

JUL 1 4 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Virginia Beach          Suffolk          Chesapeake          www.pendercoward.com

July 13, 2021

**Jeff W. Rosen, Esq.**
jrosen@pendercoward.com
Direct dial: (757) 490-6253
Direct fax: (757) 502-7351
**222 Central Park Ave., Suite 400**
**Virginia Beach, VA 23462**

**VIA UPS**
Fernando Galindo, Clerk of Court
United States District Court
Eastern District of Virginia – Alexandria
401 Courthouse Square
Alexandria, VA  22314-5798

> RE:   Johnnie R. Simmons, Jr. v. R. Whitaker, et al.
>         Civil Action No. 1:20cv464

Dear Mr. Galindo:

Enclosed please find a DVD containing the video included as Exhibit 4 to Defendant Officer Benjamin Hull's *Memorandum of Law in Support of Motion for Summary Judgment.*

Thanking you, I am

Very truly yours,

PENDER & COWARD, P.C.

Jeff W. Rosen

JWR/p
Enc.
cc:   Johnnie R. Simmons, Jr.
        Lt. Col. Jeffery Vergakis, Supt.
        Off. B. Hull
        DRM (IN73657-001) JAC

J.A. 280

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS JR.
        Plaintiff

                                Civil action No: 1:20 cv 464
V
R. WHItaker et. al.
        Defendants


            Submission of Evidence and police Report of
Aggravated assault By Defendants, Affidavit of Plaintiff,
And Request for courts permission of leave and Order for
permission for Clerk to sign Subpoena for Original Tape
from HRRJ Database, Time for Commonwealth to File
charges and Request for Courts to Subpoena Statement
-s from Portsmouth police and Portsmouth Commonwealth

    Johnnie R. Simmons Jr. Pro Se Litigant in this case Hereby
Submits copy of police Report of the assault By the Defendants
On 2/8/2019. Internal Affairs investigator Sgt. McCoy Gave
Plaintiff the Report number and Directives to pick up the police
Report of the incident. Plaintiff has diligently Tried to Get
what the Courts Requested, Being Sworn Affidavits from Wit
- nesses and An Original unredacted tape of the incident
However, The Portsmouth police Department and Internal
Affairs as well as the Common wealth Attorneys Office
Have All Refused to give Statements or Any Material

J.A. 281

Claiming that what they are doing is criminal and they are Not Permitted to do so. The Commonwealth Attorneys Office Says they Will give me updates on their Progress and The Internal Affairs Department Told me That Detective Thomas Has Done His Job of Turning The Case over To the Commonwealth Attorneys office and They Recommended I use the F.O.I.A to obtain What the Courts Requested and The Detailed Police Report from Portsmouths Police Department. I Will Pursue the Resources Available as I am not Getting Co-operation Except limited Cooperation Because of an investigation of My Case By the F.B.I. and The Police of cases of crimes By Hampton Roads Regional Jail. This crime and assault Was Committed The tape Was edited Stalled and Put in Repeat mode to make it seem as if I Was Kicking and cut off my Body to make it look as it Was a long Conversation While I Was on the Floor at the Beginning of the altercation While I Was Sitting it was in Repeat Mode and lengthened But The Choking duration Was Edited Out and extremely Reduced and The tape does Not Show me unconscious and R. Whitaker Choking me in a Headlock For at least 5 minutes. The Police and Internal Affairs Stated That the Courts of Alexandria Has the Power To Get anything they Want as far as Subpoenas of Statements original Tapes From The Jail etc.

J.A. 282

The Courts Clerk approved defendants Subpoena Duces Tecum But denied plaintiff's Request This is Unfair. Lt. Stephen Phillips Can get I.T. and Custodian of Records To Produce The Original and Unredacted Tape if the Sub-poena is Signed By The Clerk and if Ordered the Courts Could Subpoena The Statements and Order Answer From The detective J.D. Thomas and Lt. Stephen Phillips as to if the Choking took place or it it appears on the tape as it Did When They Were motivated to File Criminal Charges For this Crime. Chief Magistrate Mandy Owens Said Again On July 9, 2021 She can't file the Charges on this Crime Until The police or Commonwealth Does Their Job. I Will Now Demand they Take action as They Promise they Will or I'll Reach Out to The Attorney General and Coun-sel for my Constitutional Rights are Being Violated By this extreme Delay. Plaintiff asks The Court for this Subpoena Duces Tecum approval and a Reasonable Time of leave for this Case and a Subpoena of Statements from Portsm-outh police and H.R.R.J. Internal affairs Stephen Phillips as I use the time if permitted to Utilize The F.O.I.A. act and Give the Courts What Was Requested as evidence. I declare Under The Penalty Of Perjury That these are facts and The foregoing is true Statements Of facts and I Request That the Honorable Judge T.S. Ellis III and The Honorable Courts of Alexandria Grant this Extension.

J.A. 283

Thank you and I'll continue to be Diligent and Keep the courts posted on the progress of The Detectives The FBI and The Commonwealth Attorneys office of Mrs. Stephanie Morales in Portsmouth, Virginia on Port Centre Pkwy.

Truthfully Yours,
Respectfully,

Johnnie R. Simmons Jr.
Pro Se Litigant
Plaintiff

## Certificate of Service

I Hereby Certify that the Foregoing on this 13th day of July, 2021 has been mailed to 401 courthouse Square By U.S. mail postal Service By Johnnie R. Simmons Jr. from 800 Williamsburg Ave. Portsmouth, Virginia, 23704 to U.S. District Court eastern Alexandria Division Alexandria, VA. 22314

Johnnie R. Simmons
800 Williamsburg Ave.
Suite B
Portsmouth, VA. 23704
(757) 343-5561

J.A. 284

# INCIDENT REPORT
## PUBLIC COPY

| | | |
|---|---|---|
| **Agency Name** _Portsmouth Law Enforcement_ | | **Case#** _2019-009808_ |
| **ORI** _VA1200000_ | | **Date / Time Reported** _07/31/2019 14:41  Wed_ |
| | | **Last Known Secure** _02/08/2019 11:00   Fri_ |

**I N C I D E N T   D A T A**

| Location of Incident _2600-BLK Elmhurst Ln, Portsmouth VA 23701_ | Gang Relat | Premise Type _Jail/penetentiary_ | Ptrl _241_ | At Found _02/08/2019 11:00   Fri_ |
|---|---|---|---|---|

| #1 | Crime Incident(s) _Assault, Aggravated_ _13A1_ | (Com) F | Weapon / Tools _Personal Weapons (hands, Etc.)_ | | Activity |
|---|---|---|---|---|---|
| | | | Entry | Exit | Security |

| #2 | Crime Incident | ( ) | Weapon / Tools | | Activity |
|---|---|---|---|---|---|
| | | | Entry | Exit | Security |

| #3 | Crime Incident | ( ) | Weapon / Tools | | Activity |
|---|---|---|---|---|---|
| | | | Entry | Exit | Security |

**MO**

**# of Victims** _1_  **Type:** INDIVIDUAL (NOT A LE OFFICER)  **Injury:** None

**V I C T I M**

| V1 | Victim/Business Name (Last, First, Middle) _SIMMONS, JOHNNIE ROBINSON JR_ | Victim of Crime # _1,_ | DOB _1966_ Age _53_ | Race _B_ | Sex _M_ | Relationship To Offender _IRU_ | Resident Status _Resident_ | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| Home Address | | | | | | | Home Phone | |
| Employer Name/Address | | | | | Business Phone | | Mobile Phone | |

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|

**O T H E R S   I N V O L V E D**

**CODES:** V- Victim (Denote V2, V3)  O = Owner (if other than victim)  R = Reporting Person (if other than victim)

| Type: | | | | Injury: | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Code | Name (Last, First, Middle) | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
| Home Address | | | | | | | Home Phone | | |
| Employer Name/Address | | | | | | Business Phone | | Mobile Phone | |

| Type: | | | | Injury: | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Code | Name (Last, First, Middle) | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
| Home Address | | | | | | | Home Phone | | |
| Employer Name/Address | | | | | | Business Phone | | Mobile Phone | |

**P R O P E R T Y**

1 = None  2 = Burned  3 = Counterfeit / Forged  4 = Damaged / Vandalized  5 = Recovered  6 = Seized  7 = Stolen  8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Officer/ID# _SHIELDS, M. E. (1647)_ | |
|---|---|
| Invest ID# _THOMAS, J. D. (1787)_ | Supervisor _MCGEE, K. T. (2022)_ |

| Status | Complainant Signature | Case Status _Active - Pending_ _08/01/2019_ | Case Disposition: | Page 1 |
|---|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



FILED
MAILROOM

JUL 15 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

JOHNNIE R. SIMMONS JR.
Plaintiff

V

R, Whitaker et. al.
Defendants

Civil Action No. 1:20 cv 464

AFFIDavit OF JOHNNIE R. Simmons JR.

CommonWealth OF ViRGiNiA
City OF portsmouth to Wit:

JOHNNIE R. Simmons JR. being First duly SWORN UPON Oath,
deposes and States as follows

1. At The time OF the incident I was an inmate and A
PRetRial Detainee at Hampton Roads Regional Jail.
2. ON July OF 2019 I was interviewed By PoRtsmouth's
CRiminal investigators Units Detective J.D. Thomas aBout
Defendant R. Whitaker's Strangle and assault OF me ON
FebRuaRy 8, 2019.
3. Defendant R. Whitaker and D. BROWN, BenJamin Hull all
CaRRied me thRough the aiR and R. Whitaker took me to the
FlooR and Began to Choke me Until I was UNCONSCious.
4. D. BROWN (defendant) asked R. Whitaker when he saw
me Regain CONSciousNess "What did he do it FOR?" and
R. Whitaker Replied "Because While We WeRe CaRRying

J.A. 286

Him through the air he let his legs hang Down.

5. Lt. Steven Phillips gave a Sworn Statement in his affidavit that he gave me No directives and That was Untrue.

6. Lt. Stephen Phillips was disgusted When he Viewed the tape of the Vicious assault and gave me a felony warrant and told me He wanted me to Write everything that Happened and Use additional paper if Required.

7. Internal affairs Sgt. McCoy of Portsmouth police gave me a Report Number and Told me I could pick up a police Report of the incident When I met With Him on July 9, 2021 at his office in Portsmouth, Virginia.

8. I picked up a Report of the incident of the Strangulation of myself by officer R. Whitaker of H.R.R.J. From the Portsmouth police Department on July 9, 2021

9. The Crime incident is Listed as a felony Aggravated Assault on 2/8/2019 at 11:00 a.m on Friday.

10. The case # is 2019-009808 and the location of the Crime was 2600-BLK Elmhurst LN, Portsmouth VA. 23701

11. The Reporting officer is listed as M.E. Shields and the Investigators ID# is J.D. Thomas (1787) shields # is (1647) The Supervisor is K.T. McGee (2022)

12. The case status was pending on 8/1/2019 and The Portsmouth police Department Claims they Gave the File to the Commonwealth Attorney's office in Portsmouth, VA.

13. The commonwealth Attorneys office claims they Did Not Receive the file on the case and That the police are Not Telling the Truth and Vice Versa.

14. I Talked to the commonwealth Attorneys (stephanie Morales) assistant Tamara Shumaker on July 9th and again on July 12th and she said charges would Be Filed and They would Contact me with updates By my cell phone as I was at Their office on July 12th 2021. I was unaBle to get a sworn affidavit From Detective Thomas or Lt. stephen phillips. I spoke To Lt. Stephen phillips on July 12th, 2021 He said He had Received my messages and Heard I'D Been Calling Him And That He is Not Allowed to and is unaBle To Give a Statement and is limited to what he can do by his supervisors.

15. Lt Stephen phillips stated if I sent a suBpoena duces Tecum He would Contact I.T. and Custodial Records to Get me a Copy of The Un Redacted Tape.

16. Detective Thomas stated That he is unaBle To give me a sworn affidavit Because he's Filing Criminal charges against the defendants For the incident and What I'm doing is civil. Detective Thomas said His supervisor would Not allow him to give the tape

OR A Statement on the facts of what we saw on the tape OR the charges that will be filed.

17. I Hereby give This Statement under oath and under the penalty of Perjury that the foregoing Statements are facts and True.

18. I Need the Court to Grant me time to show that this crime did Occur and That the defendants have Signed False Sworn affidavits, and That the FBI has called dete~ctive Thomas about Hampton Regional Jail I have RepoR~ted my Case to the FBI There will Be charges when the CommonWealth Attorneys Office gets this Case File.

19. I Need the Courts To allow a Subpoena Duces Tecum to get the Original Copy of the Tape as I have TRied and to Know I have Been diligent in doing So and I'm Being Completely TRUthful. Jose Johnnie R. Simmons Jr.

This day I personally appeared before a Notary Republic under the penalty of Perjury and Stated the facts of this case. Johnnie Simmons Jr

This day personally appeared before me, the undersigned Notary Public in and for the County/City and State aforesaid Plaintiff JOHNNIE R. Simmons, to me Known to be the person Named Herein, who after being duly Sworn, deposed and Said that the facts contained in the foregoing inStr~ument are true and Correct.

Sworn and Subscribed on this 13th day of July, 2021

Notary Public

My Commission Expires: April 30, 2025
My Registration No. 196778

J.A. 289

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Johnnie R. Simmons, Jr., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20cv464 (TSE/MSN) |
| | ) | |
| R. Whitaker, et al., | ) | |
| Defendants. | ) | |

### ORDER

This matter is before the Court on defendant's motion to file a video exhibit in this matter. [Dkt. No. 105]. The motion will be granted, and the video exhibit shall be deemed filed and is considered filed as a part of the motion for summary judgment [Dkt. No. 97] and brief in support of motion for summary [Dkt No. 99] filed on July 13, 2021. Accordingly, it is hereby

ORDERED that defendant's motion [Dkt. No. 105] be and is GRANTED.

The Clerk is directed to send a copy of this Order to plaintiff and counsel of record for the defendant.

Entered this 21st day of _____, 2021.

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

In the United States District Court for the

Eastern District of Virginia

Alexandria Division

8/3/21

Dear Clerk of Courts,

```
FILED
MAILROOM

AUG - 5 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

I would like to notify the Courts of my Change of Address. My Address is no longer 800 Williamsburg Ave. Ste. B in Portsmouth, VA. 23704. My new address is as follows The new address is JOHNNIE R. Simmons JR. 1811 King Street Portsmouth, VA. 23704. Thanks Alot. Blessings. I have 2 cases Johnnie Simmons V R. Whitaker et. al. 1:20 cv 464, Johnnie Simmons V. Dale Moreno et. al. 1:20 cv 520

JOHNNIE Simmons
1811 King Street
Portsmouth, VA. 23704

Johnnie R. Simmons Jr.
Pro Se

J.A. 291

JOHNNIE R. Simmons
1811 King Street
Portsmouth, VA.
23704

RICHMOND VA 230
3 AUG 2021 PM 3 L

USA ★ FOREVER ★

United States District Court
Eastern District of Virginia
Clerks office 401 Courthouse Square
Alexandria, Virginia 22314

22314-579899

J.A. 292

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Johnnie R. Simmons, Jr., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20cv464 (TSE/MSN) |
| | ) | |
| R. Whitaker, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has filed a civil action alleging a violation of his Eighth Amendment rights on February 8, 2019 while he was detained at the Hampton Roads Regional Jail ("HRRJ"). [Dkt. No. 1 at 4-9]. This matter is before the Court on Defendants Brown's and Hull's motions for summary judgment, which are supported by affidavits and a video of the incident in the Hampton Roads Regional Jail on February 8, 2019. [Dkt. Nos. 32, 34, 36, 97, 99, 101].[1] In response to the motions for summary judgment, Plaintiff has submitted several motions [Dkt. Nos. 91, 92, 93, 94, 95, 104], in which he challenges the accuracy of the video and alleges the video has been altered. See Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) ("Authentication is a condition precedent to admissibility."). The Court will construe the several motions as an objection to the Court's consideration of a video of the incident that gave rise to his claims against the defendants because the video has not been properly authenticated.

_____

[1] In each motion for summary judgment, the video is contained on a disc and is labeled Ex. 4. Plaintiff has a copy of the disc and has admitted he has viewed the video.

The docket sheet also shows that a motion for a subpoena duces tecum, Docket No. 49, is pending. The motion seeks medical records that are irrelevant to this civil action and concern an incident that occurred on July 3, 2019 that was the subject of a separate civil action dismissed on July 12, 2021. Simmons v. Moreno, 1:20cv520 (TSE/JFA) (E.D. Va.) ("Simmons 2"). Plaintiff suffered no prejudice by misfiling his motion in this civil action because he was released from custody well prior to the ruling in Simmons 2 and introduced numerous portions of his medical records in that action, which were considered by the Court. Accordingly, the motion will be denied as moot.

Federal Rule of Evidence 901(a) governs the standard for admission of evidence such as the video: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." A video is not self-authenticating, and the proponent must establish a proper foundation. See generally Leo v. Long Island R. Co., 307 F.R.D. 314, 323-26 (S.D.N.Y. 2015) (holding that videos are not self-authenticating and discussing various means of authenticating evidence); see also United States v. Cejas, 761 F.3d 717, 723-24 (7th Cir. 2014) (discussing authentication of a video); United States v. Edington, 526 F. App'x 584, 591 (6th Cir. 2013) (holding authentication satisfied "by offering testimony from an investigator who was present when the video was retrieved and can describe the process used to retrieve it"); United States v. Salcido, 506 F.3d 729, 733 (9th Cir. 2007) (government properly authenticated videos and images "by presenting detailed evidence as to the chain of custody, specifically how the images were retrieved from the defendant's computers"); see, e.g., Mazza v. Austin, No. 2:14cv0874, 2020 U.S. Dist. LEXIS 110905, *11 (E.D. Cal. June 23, 2020) (use of declarations to authenticate video footage and chain of custody), adopted by, 2020 U.S. Dist. LEXIS 138851 (E.D. Cal. August 3, 2020). "The ultimate question is 'whether the authentication testimony was sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with.'" United States v. Williams, 85 F. App'x 341, 350 (4th Cir. 2004) (quoting United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982)) (holding district court did not err in concluding that the government had sufficiently satisfied the requirements for establishing chain of custody for admission of drugs).[2]

---

[2] To the extent each of Plaintiff's motions seek in court hearings, subpoenas, and to hold defense counsel in contempt for submitting allegedly false evidence [Dkt. Nos. 91, 92, 93, 94, 95, 104], the several motions will be dismissed without prejudice.

Accordingly, it is hereby

ORDERED that the defendants shall have thirty (30) days in which to respond to the Plaintiff's objection to prove the chain of custody of the video and the authenticity of the contents of the video submitted in support of their motion for summary judgment; and it is further

ORDERED that Plaintiff will have twenty-one (21) days to respond, any may include counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by defendant. See E.D. Va. Local Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Any reply by defendants must be filed within fourteen (14) days and unless plaintiff explicitly requests additional time for filing additional materials to respond to the reply, this civil action will be considered ripe for disposition twenty-one (21) days after the defendants files their reply; and it is further

ORDERED that plaintiff's motions [Dkt. Nos. 91, 92, 93, 94, 95, 104] are DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that plaintiff's motion for a subpoena duces tecum [Dkt. No. 49] is DENIED as MOOT.

The Clerk is directed to send a copy of this Order to plaintiff and counsel of record for the defendants.

Entered this 12 day of Aug, 2021.

Alexandria, Virginia

/s/

_____

T. S. Ellis, III
United States District Judge

3

J.A. 295

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,                          :
                                                 :
                          Plaintiff,             :
                                                 :            Civil Action No. 1:20:cv464
v.                                               :
                                                 :
R. WHITAKER, et al.,                             :
                                                 :
                          Defendants.            :

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION
TO PROVE THE CHAIN OF CUSTODY OF THE VIDEO**

Defendants, Sgt. Derrick Brown and Officer Benjamin Hull, by counsel, and pursuant to the Court's Order of August 12, 2021 (Doc. 112), hereby respond to plaintiff's Objection to Prove the Chain of Custody of the Video.

As noted by the Court, plaintiff asserts that the videotape attached as Exhibit 4 to defendants' Memoranda of Law in Support of Motion for Summary Judgment (Docs. 34, 36, and 99), was altered. The Court construed plaintiff's challenge to the videotape as an objection to the Court's consideration of the videotape on summary judgment and thus required defendants to establish the videotape's authenticity.

As set forth in the Affidavit of Terry Walker, IT Analyst at the Hampton Roads Regional Jail, he retrieved and downloaded the video file from the jail's camera system after receiving a request from Sgt. Brown on February 12, 2019.  *See* Ex. 1, Walker Aff.  Mr. Walker then placed the video file in a folder on the jail's server and informed Sgt. Brown of its location.  Mr. Walker attests that there is no other video involving Mr. Simmons from February 8, 2019 on the system. *Id*.

Further, Mr. Walker attests that the original video file that he retrieved and downloaded remains on the server and that he compared the copy of the video file provided to the Court with the original video file and that they are identical.  *Id*. In addition,  Mr. Walker attests that the system at HRRJ is proprietary and that to the best of his knowledge, because of the type of file in which it is kept, there is no way to alter or otherwise tamper with the video file after it is downloaded.  *Id*. Based on Mr. Walker's sworn testimony, plaintiff cannot establish that the original videotape was exchanged with another, otherwise tampered with, or altered.

For these reasons, Sgt. Derrick Brown and Officer Benjamin Hull respectfully request this Court to deny plaintiff's objection to the videotape and to consider the videotape in deciding defendants' Motions for Summary Judgment.

SGT. DERRICK BROWN
OFFICER BENJAMIN HULL

By: _____/s/_____
            Of Counsel

Jeff W. Rosen, Esq. VSB No. 22689
Lisa Ehrich, Esq. VSB No. 32205
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Brown and Hull*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2021, I will electronically file the foregoing **_Defendants' Response to Plaintiff's Objection to Prove the Chain of Custody of the Video_** with the Clerk of Court using the CM/ECF system and will mail the document by U.S. Mail to the following non-filing user:

Johnnie R. Simmons, Jr.
1811 King Street
Portsmouth, VA 23704
*Pro Se*

_____/s/_____
Jeff W. Rosen, Esq., VSB #22689
PENDER & COWARD, P.C.
222 Central Park Avenue
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
*Counsel for Brown and Hull*

Exhibit 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

JOHNNIE R. SIMMONS, Jr.,                        :
                                                :
                   Plaintiff,                   :
                                                :        Civil Action No. 1:20:cv464
v.                                              :
                                                :
R. WHITAKER, et al.,                            :
                                                :
                   Defendants.                  :

### AFFIDAVIT OF TERRY WALKER

COMMONWEALTH OF VIRGINIA
CITY OF PORTSMOUTH, VIRGINIA, to-wit:

Terry Walker, being first duly sworn upon oath, deposes and states as follows:

1.      At all times relevant to plaintiff's Complaint, I have been employed by the Hampton Roads Regional Jail Authority.

2.      In June 2021, I retired from full-time employment and am currently a part-time IT Analyst at the Hampton Roads Regional Jail ("HRRJ").

3.      I base this affidavit on personal knowledge and on records maintained at HRRJ in the ordinary and regular course of business.

4.      On February 12, 2019, Sgt. Brown submitted a request to the HRRJ IT Department for videotape from Camera 178 on February 8, 2019, from 12:09:54 – 12:13:55.

5.      After receiving Sgt. Brown's request, I went onto the system to review Camera 178 for that time period.

6.      I downloaded the video requested and placed it in a folder on the server.

7.      I then emailed Sgt. Brown to let him know where to find the video, and closed his request.

8.    The original video file remains on the HRRJ server.

9.    I have checked the system, and there is no other video from February 8, 2019 involving Mr. Simmons.

10.   I have reviewed the copy of the video file provided to the Court and attached as Exhibit 4 to the Memoranda of Law in Support of Motions for Summary Judgment and compared it with the video file that is stored on the HRRJ server. The copy is identical to the original video file.

11.   Video file from the HRRJ system is retained and downloaded via secured proprietary software and in an SEC file format. To the best of my knowledge, after it is retrieved and downloaded from the HRRJ system it cannot be tampered with or otherwise altered.

Further affiant sayeth not.

_____
TERRY WALKER

This day personally appeared before me, the undersigned Notary Public in and for the county/city and state aforesaid TERRY WALKER, to me known to be the person named herein, who after being duly sworn, deposed and said that the facts contained in the foregoing instrument are true and correct.

Sworn and subscribed to before me this 31 day of August, 2021.

Tawanna Stancil Boone
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7163792
My Commission Expires
12-31-2021

_____
Notary Public

My Commission Expires: 12-31-2021
My Registration No. 7163792

J.A. 300

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **Johnnie R. Simmons, Jr.,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:20cv464 (TSE/MSN)** |
| | ) | |
| **R. Whitaker, et al.,** | ) | |
|     **Defendants.** | ) | |

ORDER

Johnnie R. Simmons, Jr., a former Virginia inmate proceeding pro se, initiated this civil

rights action pursuant to 42 U.S.C. § 1983. Service has not been perfected for two defendants: R.

Whitaker and C. Walz. In an attempt to locate an address for service, the Court directed the

Acting Superintendent of the Hampton Roads Regional Jail ("HRRJ") to provide addresses for

Whitaker and Walz, and he has complied. [Dkt. No. 116].

Accordingly, it is hereby

ORDERED that the Clerk issue a Summons, pursuant to Fed. R. Civ. P. 4, through the

United States Marshals Service, to defendant Whitaker and to defendant Walz at the addresses

provide for each by HRRJ [Dkt. No. 116]; and it is further

ORDERED that, in accordance with the Court's September 16, 2021 order [Dkt. No.

115], the Clerk seal the summons and any returns on those summonses; and it is further

ORDERED that the United States Marshals Service is allowed to view the addresses in

the summonses and note their return on the summonses in performance of their duty to effectuate

service; and it is further

ORDERED that each defendant file an answer or other responsive pleading to the

amended complaint within twenty-one (21) days of service. It is normal practice in

J.A. 301

pro se prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

ORDERED that, within twenty-one (21) days of defendant filing a responsive pleading, plaintiff file any opposition, including counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by defendant. See E.D. Va. Local Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  Any reply brief from the defendants must be filed within fourteen (14) days, and unless plaintiff explicitly requests additional time for filing additional materials, this civil action will be considered ripe for disposition twenty-one (21) days after defendant files a reply to plaintiff's opposition; and it is further

ORDERED that plaintiff's failure to notify the Court immediately upon any change in his address may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b); and it is further

ORDERED that if service on the defendant through this Order is unsuccessful and that defendant is not otherwise served within 90 days of this order being entered, that defendant will be dismissed from the instant action without prejudice. See Fed. R. Civ. P. 4(m).

The Clerk is directed to send a copy of this Order to Plaintiff and to serve on defendants Whitaker and Walz, via the United States Marshals Service, the Summonses, a copy of this Order, and the complaint [Dkt. No. 1], at the addresses for each defendant in HRRJ's response. [Dkt. No. 116].

September 28, 2021
Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

2

J.A. 302

9/28/21

Dear United States District Court Alexandria Division,

Hello, My Name is Johnnie R. Simmons Jr. From the Case Johnnie R. Simmons V R. Whitaker et. al 1:20 CV 464 my New Residence and Mailing address is 652 Sutton Street Norfolk, Virginia 23504. My address is No longer 1811 King Street Portsmouth, VA. 23704.

Again Clerk of Courts and Judge T.S. Ellis III my New Mailing address is as follows   Johnnie R. Simmons
652 Sutton Street
Norfolk, VA. 23504.

FILED
MAILROOM

OCT - 4 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Thanks Alot,
Sincerely Yours,
Johnnie R. Simmons Jr.
Pro Se Litigant
1:20 CV 464

J.A. 303

9/28/21

Dear United States District Court Alexandria Division,

Hello, My Name is Johnnie R. Simmons JR. From the Case Johnnie R. Simmons v R. Whitaker et.al 1:20 CV 464 my New Residence and Mailing address is 652 Sutton Street Norfolk, Virginia 23504. My address is No longer 1811 King Street Portsmouth, VA. 23704.

Again Clerk of Courts and Judge T.S. Ellis III my New Mailing address is as follows    Johnnie R. Simmons
652 Sutton Street
Norfolk, VA. 23504.

Thanks Alot,
Sincerely Yours,
Johnnie R. Simmons Jr.
Pro Se Litigant
1:20 CV 464

FILED
MAILROOM
OCT — 4 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

J.A. 304

10-19-21

Dear U.S. District Court #1 Eastern, Alexandria Division,

My Name is Johnnie R. Simmons Jr. of the case Johnnie Simmons V. R. Whitaker et. al. 1:20 CV 464 My address has changed again I apologize This Should Be my Final address change, My New Address is 5764 S. Ottawa Rd. Virginia Beach, VA, 23462. Again 5764 S. Ottawa Rd. VA. Beach, VA. 23462, Thanks Alot,

Johnnie R. Simmons Jr.
Pro Se Litigant
(757) 343-5561

MAILROOM
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

JOHNNIE R. SIMMONS, JR.,                :
                                             :

                      Plaintiff,       :

                                           :         Civil Action No. 1:20:cv464

v.                                      :

                                         :

R. WHITAKER, et al.,                :

                                         :

                    Defendants.     :

**<u>DEFENDANT CHRISTOPHER WALZ'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(6)</u>**

      Defendant, Christopher Walz, by counsel, and pursuant to Fed. Civ. R. P. 12(b)(6), hereby moves to dismiss plaintiff's claims. The reasons supporting this Motion are set forth in the accompanying Memorandum of Law.

                                     CHRISTOPHER WALZ

                                     By: _____/s/_____
                                           Of Counsel

Jeff W. Rosen, Esq. VSB No. 22689
Lisa Ehrich, Esq. VSB No. 32205
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:   (757) 497-1914
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Walz*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2021, I will electronically file the foregoing ***Defendant Christopher Walz's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*** with the Clerk of Court using the CM/ECF system and will mail the document by U.S. Mail to the following non-filing user:

Johnnie R. Simmons, Jr.
5764 South Ottawa Rd.
Virginia Beach, VA 23462
*Pro Se*

_____/s/_____
Jeff W. Rosen, Esq., VSB #22689
PENDER & COWARD, P.C.
222 Central Park Avenue
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
*Counsel for Walz*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JOHNNIE R. SIMMONS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:20cv464 |
| v. | : | |
| | : | |
| R. WHITAKER, et al., | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CHRISTOPHER WALZ'S MOTION TO DISMISS

Defendant, Christopher Walz, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits this Memorandum of Law in Support of his Motion to Dismiss plaintiff's Complaint.

## I.    INTRODUCTION

In this civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiff claims that Officer Hull failed to protect him from MJO Whitaker's use of excessive force. Specifically, plaintiff alleges that he told Sgt. Brown and MJO Whitaker he was afraid of returning to his cellblock from the medical department. He contends that Sgt. Brown, MJO Whitaker, and other officers, including Officer Hull, then carried him through the air and that Officer Whitaker took him to the ground, choked him and nearly strangled him to death.  Plaintiff maintains that Officers Hull and Brown watched while he was choked unconscious and made no attempt to stop Officer Whitaker.

The record, however, belies plaintiff's claim. A videotape of the incident, coupled with sworn affidavits, reveals that plaintiff refused to follow orders to walk into his housing unit, was picked up, whereupon he began to kick and flail at the officers, and in just over a minute, was lowered to the ground, shackled, sat up, stood up, and then walked into the housing unit.

While plaintiff names Defendant Walz, former HRRJ Superintendent, as a defendant, the Complaint is devoid of any factual allegations against Walz. Because plaintiff cannot base a claim on vicarious liability, under *Vinnedge v. Gibbs*, 550 F, 2d 926, 928 (4ᵗʰ Cit. 1977), plaintiff's § 1983 claim against Walz must be dismissed as a matter of law.

## II.    ARGUMENT

### A.  Standard of Review

On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b) (6); *Iqbal v. Ashcroft, 556 U.S. 662* (2009); *Adcock v. Freightliner LLC,* 550 F.3d 369, 374 (4th Cir. 2008). Legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b) (6) purposes. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255-256 (4ᵗʰ Cir. 2009) (relying on *Iqbal* and *Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007))*. Nor should the court consider "unwarranted inferences, unreasonable conclusions, or arguments." *Id*. (quoting *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n. 26 (4th Cir.209)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (internal citations omitted). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

---

Relying on *Iqbal* and *Twombly,* the Fourth Circuit has stated that a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" The "complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" *Nemet Chevrolet, 591 F.3d at 256* (citations omitted)*.* Thus, the complaint must plead sufficient facts to allow a court, drawing on "'judicial experience and common sense,' to infer "'more than the mere possibility of misconduct.'" *Id.*

### B.   Plaintiff Does Not Set Forth a Plausible Claim Against Walz

Plaintiff's complaint does not include a single factual allegation against Defendant Walz. It is axiomatic that a complaint must plead sufficient facts to allow a court to infer "more than the mere possibility of misconduct." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 256 (4th Cir. 2009). Further, a plausible §1983 claim may not arise out of vicarious lability. *Vinnedge v. Gibbs*, 550 F, 2d 926, 928 (4th Cit. 1977) (official must be personally involved in the alleged deprivation before liability may be imposed).  That is, Walz cannot be liable "simply because he supervised other individuals who may have violated" plaintiff's rights.  *Barksdale v. Piedmont Reg'l Jail*, No. 3:15CV201, 2015 U.S. Dist. LEXIS 152636, *7 (E.D.Va. Nov. 10, 2015) (dismissing *pro se* action against jail superintendent alleging that he was responsible for his officers).

In *Hawkins v. McCabe*, No. 2:13cv195,  2013 U.S. Dist. LEXIS 193689 (E.D.Va. May 28, 2013),   the *pro se* inmate sued a local sheriff and jail superintendent.  In dismissing the constitutional claims against these individuals, the Court noted that the named Defendants were not "involved in any of the alleged mistreatment Plaintiff suffered while incarcerated" and that while the plaintiff might be attempting to hold them liable in their supervisory capacity,

> [u]nder §1983, however, liability is personal in nature.  The doctrine of *respondeat superior* does not apply to hold an employer or supervisor liable for the acts of his employee…Therefore, there are only two bases on which Defendants McCabe and Simmons could be held liable for the alleged violation of Plaintiff's rights.  Plaintiff must either allege that they were personally involved in a wrongful act or that an alleged wrongful act occurred pursuant to some official policy or custom for which they are responsible.

*Id*. at *4 (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Auth*., 690 F.2d 1133, 1142-43 (4th Cir. 1982); *Vinnedge*, 550 F.2d at 918).

The same analysis applies here.  Plaintiff named Walz as a defendant, presumably because of his supervisory role, but his complaint does not include any factual allegations that remotely suggest that Walz was personally involved in the incident of which plaintiff complains or that the officers' alleged actions occurred pursuant to an official policy or custom for which Walz might be responsible.  Accordingly, the claim against Defendant Walz must be dismissed.

## III.    CONCLUSION

For the reasons set forth above, defendant Christopher Walz respectfully requests this Court to grant his Motion to Dismiss and to dismiss plaintiff's claim against him, with prejudice.

CHRISTOPHER WALZ


By: _____/s/_____
                  Of Counsel


Jeff W. Rosen, Esq. VSB No. 22689
Lisa Ehrich, Esq. VSB No. 32205
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Walz*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2021, I will electronically file the foregoing ***Memorandum of Law in Support of Defendant Christopher Walz's Motion to Dismiss*** with the Clerk of Court using the CM/ECF system and will mail the document by U.S. Mail to the following non-filing user:

Johnnie R. Simmons, Jr.
5764 South Ottawa Rd.
Virginia Beach, VA 23462
*Pro Se*

_____/s/_____
Jeff W. Rosen, Esq., VSB #22689
PENDER & COWARD, P.C.
222 Central Park Avenue
Virginia Beach, VA 23462
Phone: (757) 490-6293
Fax:    (757) 497-1914
jrosen@pendercoward.com
*Counsel for Walz*

J.A. 312

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Johnnie R. Simmons, Jr.,          )
      Plaintiff,          )
                       )
                       )
v.          )          1:20cv464 (TSE/IDD)
                       )
R. Whitaker, et al.,          )
      Defendant.          )

## ORDER

Johnnie R. Simmons, Jr., a former Virginia inmate, filed a complaint pursuant to 42 U.S.C. 1983 alleging that the four named defendants ( Whitaker, Brown, Waltz, and Hull) violated his constitutional rights. [Dkt. No. 1]. On July 23, 2020, plaintiff was granted leave to proceed in forma pauperis, and the Court directed a Notice of Lawsuit and Waiver of Service of Summons form ("Notice") be sent to the defendants at the address provided by plaintiff. [Dkt. No. 15]. There was no response and on summons were issued. [Dkt. Nos. 19, 24]. Defendant Brown filed a motion for summary judgment on December 30, 2020. [Dkt. No. 32]. Summons were issued again for the remaining three defendants on June 2, 2022. [Dkt. No. 84]. Defendant Hull filed a motion for summary judgment on July 13, 2021 [Dkt. No. 97], and following a filing under seal, summonses were issued to the remaining two defendants on September 29, 2021. [Dkt. No. 120]. Defendant Waltz filed a motion to dismiss on December 9, 2021 [Dkt. No. 130], and the summons for defendant Whitaker was returned unexecuted on December 3, 2021. [Dkt. No. 127].

Accordingly, it is hereby

ORDERED that within twenty-one (21) days of the date of entry of this Order a pleading that provides an address at which defendant Whitaker may be served with process so that the

Clerk of the Court may complete and provide the United States Marshals Service a USM 285 form and summons for service on defendant Whitaker pursuant to 28 U.S.C. § 1915(d); and it is further

ORDERED that within twenty-one (21) days, Plaintiff show cause, if any, why this civil action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) with respect to defendant Whitaker.

The Clerk is directed to forward a copy of this Order to Plaintiff, and to counsel of record for the defendants.

It is SO ORDERED.

Entered this 15th day of Dec., 2021.

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

2



OFFICE OF
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
401 COURTHOUSE SQUARE
ALEXANDRIA, VIRGINIA 22314-5798

OFFICIAL BUSINESS

Return to Sender

NOVA 220

29 SEP 2021 PM 3 L

Hasler
09/29/2021
US POSTAGE $00.53
FIRST-CLASS MAIL
ZIP 22014
011D11648117

U.S. MARSHALS

Johnnie R. Simmons, Jr.
Suite B
1811 King Street
Portsmout

NIXIE          231    FE 1          0042/15/22

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 22314579899    *1317-07123-29-41

RECEIVED
MAILROOM
DEC 20 2021
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Johnnie R. Simmons, Jr., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20cv464 (TSE/MSN) |
| | ) | |
| R. Whitaker, et al., | ) | |
|     Defendants. | ) | |

<u>ORDER</u>

Johnnie R. Simmons, Jr., a former Virginia inmate proceeding <u>pro se</u>, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Service has not been perfected for two defendants: R. Whitaker and C. Walz. In an attempt to locate an address for service, the Court directed the Acting Superintendent of the Hampton Roads Regional Jail ("HRRJ") to provide addresses for Whitaker and Walz, and he has complied. [Dkt. No. 116].

Accordingly, it is hereby

ORDERED that the Clerk issue a Summons, pursuant to Fed. R. Civ. P. 4, through the United States Marshals Service, to defendant Whitaker and to defendant Walz at the addresses provide for each by HRRJ [Dkt. No. 116]; and it is further

ORDERED that, in accordance with the Court's September 16, 2021 order [Dkt. No. 115], the Clerk seal the summons and any returns on those summonses; and it is further

ORDERED that the United States Marshals Service is allowed to view the addresses in the summonses and note their return on the summonses in performance of their duty to effectuate service; and it is further

ORDERED that each defendant file an answer or other responsive pleading to the amended complaint within twenty-one (21) days of service. It is normal practice in

J.A. 316

pro se prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

ORDERED that, within twenty-one (21) days of defendant filing a responsive pleading, plaintiff file any opposition, including counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by defendant. See E.D. Va. Local Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Any reply brief from the defendants must be filed within fourteen (14) days, and unless plaintiff explicitly requests additional time for filing additional materials, this civil action will be considered ripe for disposition twenty-one (21) days after defendant files a reply to plaintiff's opposition; and it is further

ORDERED that plaintiff's failure to notify the Court immediately upon any change in his address may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b); and it is further

ORDERED that if service on the defendant through this Order is unsuccessful and that defendant is not otherwise served within 90 days of this order being entered, that defendant will be dismissed from the instant action without prejudice. See Fed. R. Civ. P. 4(m).

The Clerk is directed to send a copy of this Order to Plaintiff and to serve on defendants Whitaker and Walz, via the United States Marshals Service, the Summonses, a copy of this Order, and the complaint [Dkt. No. 1], at the addresses for each defendant in HRRJ's response. [Dkt. No. 116].

September 28, 2021
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

2

J.A. 317

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Johnnie R. Simmons, Jr.,                    )
     Plaintiff,                            )
                                   )
v.                                          )          1:20cv464 (TSE/MSN)
                                   )
R. Whitaker, et al.,                        )
     Defendants.                           )

## MEMORANDUM OPINION

Johnnie R. Simmons, Jr. ("Plaintiff" or "Simmons"), a former[1] Virginia inmate

proceeding pro se, filed a civil-rights suit under 42 U.S.C. § 1983, alleging his rights were

violated while detained at the Hampton Roads Regional Jail ("HRRJ") on February 8, 2019

when he was choked into unconsciousness by defendants R. Whitaker[2] and Derrick Brown. [Dkt.

No. 1 at 4, 9]. Plaintiff also names Benjamin Hull, and Superintendent C. Waltz as defendants in

relation to the February 8, 2019 incident. On July 13, 2021, Defendants Brown and Hull each

filed a motion for summary judgment with supporting exhibits and affidavits. [Dkt. No. 32-34,

97-99]. Plaintiff received the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528

F.2d 309 (4th Cir. 1975) [Dkt. Nos. 33, 98], and he has responded. [Dkt. Nos. 103, 110].

Defendant Waltz has filed a motion to dismiss. [Dkt. No. 130]. Plaintiff received the notice

required by Local Rule 7(K) and Roseboro [Dkt. No. 132], but he has not responded. Thus, the

---

[1] Simmons was released from custody on May 11, 2021. [Dkt. No. 60].

[2] Defendant Whitaker has not been served. The Court listed the efforts that have been made to perfect service on
defendant Whitaker in its Order dated December 15, 2021 Order [Dkt. No. 134], and then directed plaintiff to
provide an address for service within twenty-one days of the date of that order or show cause within the same
twenty-one days "why this civil action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) with respect to
defendant Whitaker." [Id. at 2]. Despite Plaintiff having been out of custody for approximately eight months, he has
not perfected service on defendant Whitaker. Further, in response to the December 15, 2021 Order, Plaintiff has
neither provided an address nor shown cause why Whitaker should not be dismissed. Accordingly, defendant
Whitaker will be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

motions are ripe for disposition. For the reasons that follow, the defendants' motions must be granted.

### I. Exhibit No. 4, Video of Incident on February 8, 2019

Plaintiff filed numerous demands for a copy of the video of the February 8, 2019 incident be provided to him for his use in this litigation. [Dkt. Nos. 8, 25, 45]. He was provided a copy of the video (Def. Ex. No. 4) on or about January 4, 2021 as an exhibit attached to Defendant Brown's motion for summary judgment. On January 12, 2021, Plaintiff's filed a pleading with the Court stating that although he had not been able to view the video he "was sure it had been doctored." [Dkt. No. 38 at 1]. Plaintiff, however, has failed to introduce any evidence to support his speculation. Nevertheless, the Court directed the defendants to address the chain of custody for the video/Exhibit No. 4, and other concerns raised by Plaintiff.[3]

The defendants responded and have submitted sworn statements from a non-party defendant establishing that Exhibit No. 4 has not been altered or edited. [Dkt. No. 114]. The affidavit of Terry Walker, IT Analyst at the HRRJ, establishes that he retrieved and downloaded the video file from the jail's camera system after receiving a request from Sgt. Brown on February 12, 2019. Thereafter, Walker placed the downloaded video in a folder on the jail's server and informed Sgt. Brown of its location on HRRJ's server. [Dkt. No. 114-1]. Walker downloaded the video file from Camera No. 178, and he checked HRRJ's system for additional video of the incident and found "no other video from February 8, 2019 involving Mr. Simmons." [Id. at 114-1 at 2]. Walker avers that the original video file that he retrieved and downloaded onto the HRRJ server remains on the server and that he has compared the copy of the video file provided to the Court (Exhibit No. 4) with the original video file and found that they are

---

[3] Plaintiff received a second copy of the video in July 2021 after Defendant Hull had filed his motion for summary judgment.

identical. Walker further avers that HRRJ's video system is proprietary and that to the best of his knowledge, because of the type of file in which the video is stored, there is no way to alter or otherwise tamper with the video file after it is downloaded. [Id.]. Despite being provided an opportunity to respond, Plaintiff has again provided no evidence in support of his assertion that the video was altered.

In addition to Walkers affidavit, defendant Brown submitted an affidavit from a non-defendant HRRJ staff member, Lt. Stephen Phillips, who is in charge of Internal Affairs section at HRRJ. [Dkt. No. 41-1 at 1]. Plaintiff has acknowledged that Lt. Phillips investigated the February 8, 2019 incident. [Dkt. No. 56 at 2].[4] Lt. Phillips avers that Exhibit No. 4 is "the only videotape of the subject incident that was at any time, or currently is, in the possession of HRRJ." [Dkt. No. 41-1 at 2]. Even though he was provided an opportunity to respond to the defendants' submission, Plaintiff has not submitted any evidence that in any way challenges the authenticity or genuineness of Exhibit No. 4.

The Fourth Circuit has held, at the summary judgment stage, that "where … the record contains an unchallenged videotape capturing the events in question," a court need "only credit the plaintiff's version of the facts to the extent it is not contradicted by the videotape." Iko v. Shreve, 535 F.3d 225, 230 (4th Cir. 2008) (citing Scott v. Harris, 550 U.S. 372, 380 (2007)). Although the Fourth Circuit has not indicated what an unchallenged video is, it has consistently held that a party cannot create a genuine issue of material fact through speculation or a

---

[4] In his sworn statement in response to Defendant Brown's motion for summary judgment, Plaintiff avers that HRRJ supplied Detective Thomas of the Portsmouth Police Department with the video Detective Thomas viewed as part of his investigation of Plaintiff's complaint. Further, Plaintiff stated in a prior motion that Detective Thomas had obtained the copy of the video he viewed from Lt. Phillips [Dkt. No. 37 at 3], who has sworn that the video he had was the only copy/version of the video and that it was the same as Exhibit No. 4. In a more recent filing, Plaintiff again states that Detective Thomas obtained the video he viewed from Lt. Phillips. [Dkt. No. 110 at 4]. Plaintiff's averment and admissions support the Defendants' position that Exhibit No. 4 is the only version of the incident and that it has not been altered.

3

compilation of inferences. <u>Emmett v. Johnson</u>, 532 F.3d 291, 297 (4th Cir. 2008).

> "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." <u>Francis v. Booz, Allen & Hamilton, Inc.</u>, 452 F.3d 299, 308 (4th Cir. 2006); <u>see</u> <u>Ash v. UPS</u>, 800 F.2d 409, 411-12 (4th Cir. 1986) (per curiam) ("[U]nsupported speculation ... is not sufficient to defeat a summary judgment motion."). Nor can the nonmoving party "create a genuine issue of material fact through mere speculation or the building of one inference upon another." <u>Beale v. Hardy</u>, 769 F.2d 213, 214 (4th Cir. 1985). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita</u>, 475 U.S. at 586 (footnote omitted).

<u>Emmett v. Johnson</u>, 532 F.3d 291, 297 (4th Cir. 2008). Plaintiff's allegation the video has been

tampered with is conclusory and unsupported by evidence.

The Fifth Circuit addressed conclusory assertions that a video has been altered in

<u>Waddleton v. Rodriguez</u>, 750 F. App'x 248, 254 (5th Cir. 2018), and rejected that plaintiff's

argument that the video of an incident had been altered.

> Usually a court must adopt the plaintiff's version of the facts at summary judgment. However, if record evidence clearly contradicts the plaintiff's allegations, a court "should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." For example, in <u>Scott v. Harris</u>, the Supreme Court ignored the plaintiff's statement of the facts when a videotape in the record told "quite a different story." But unlike in <u>Scott</u>, Waddleton challenges the authenticity of the video, alleging it "has been altered and parts deleted, the volume of the Officers has been turned down and has raised my voice louder to slander my actions." However, this allegation is conclusory, unsupported by the record, and insufficient to show the district court erred. The video captures the use of force in its entirety and there are no sudden jumps, breaks, or other indications that the video is altered. This court will not adopt facts that are clearly contradicted by the video such as Waddleton's denial that he acted belligerently or resisted the officers.

<u>Id.</u> at 253-54; <u>see, e.g.</u>, <u>Barnes v. Harling</u>, 368 F. Supp. 3d 573, 611 (W.D.N.Y. 2019) (rejecting

plaintiff's conclusory assertion that the video was altered because "the running time on the video

demonstrates that the video was not altered" and relying on the events as depicted in the video in

granting summary judgment on the relevant claim); <u>Loving v. Roy</u>, No. 12cv551, 2013 U.S.

4

Dist. LEXIS 127175, *19-20 (D. Min. July 23, 2013) (accepting defendants' video and holding

plaintiff's allegation that the video had been altered or edited was conclusory, and that "[n]aked

assertions, unsubstantiated by the record," made in rebuttal do not amount to sufficient evidence

to preclude summary judgment.") (citation omitted), adopted by 2013 U.S. Dist. LEXIS 125293

(D. Minn., Sept. 3, 2013),[5] aff'd, 573 F. App'x 607 (8th Cir. 2014).[6] The Fifth Circuit's decision

in Waddleton is consistent with the Fourth Circuit's position that unsupported speculation cannot

defeat a motion for summary judgment.

The Court has reviewed the video and observed nothing that would indicate it had been

tampered with. The video is not choppy, and is a total of two minutes and 55 seconds in length.

The Court finds that Plaintiff's objection to Exhibit No. 4 is conclusory and based upon

speculation, and that the defendants have sufficiently established that Exhibit No. 4 is an

unaltered version of the incident recorded through Camera No. 178 involving Plaintiff and the

correctional officers at HRRJ on February 8, 2019. The Court will therefore consider Exhibit No.

---

[5] In adopting the Magistrate Judge's Report and Recommendation, the district court in Roy noted that the "U.S. Supreme Court, [had held that] '[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" 2013 U.S. Dist. LEXIS 125293, *19-20 n.8 (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). The district court also found the plaintiff's assertion the video had been altered or edited was not supported by any evidence and was "insufficient to defeat a motion for summary judgment." Id.

[6] In addition to the unsupported and conclusory nature of Plaintiff's assertion that the video has been altered, Plaintiff's assertions do not address how he can state that the video is altered when he maintains that he was unconscious during a portion of the incident on February 8, 2019. [Dkt. Nos. 1 at 4, 5; 39 at 4; 58 at 3; 103 at 1; 110 at 6]. Plaintiff fails to explain how he knows (or could know) a portion of the video near in time to when he avers that he was unconscious is in any way inaccurate when he could not possibly have any knowledge as to what transpired at that time.

Plaintiff has the additional problem of the fact that the video originated with HRRJ and any video submitted would have to begin and end with HRRJ's IT personnel regarding its chain of custody. Walker, the IT Analyst at HRRJ, downloaded the incident on February 12, 2019, and has examined Exhibit No. 4 and compared it to what he downloaded and determined the two are the same. Further, the system used by HRRJ does not allow a video to be altered or edited. [Dkt. No. 114-1]. In addition, Lt. Phillips, who viewed the video shortly after the incident has averred that Exhibit No. 4 and the video he reviewed are the same. Lastly, Detective Thomas, who has nothing to do with HRRJ, viewed a video he obtained from HRRJ and there is no evidence that the video Detective Thomas viewed is not the same as Exhibit No. 4. To the contrary, Plaintiff has repeatedly stated that the video Detective Thomas viewed was sent to him by Lt. Phillips.

4 in determining the undisputed facts for purposes of the pending motions. Plaintiff's objections are included in two motions he has filed seeking to exclude the video [Dkt. Nos. 125, 126] and those motions will be denied.

## II. Undisputed Facts

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56, set forth a statement of material facts that defendants contend are undisputed. Plaintiff's responses to both motions for summary judgment do not comply with his obligations under those Rules by submitting statements of undisputed and disputed facts. Instead, he has submitted an affidavit, in two parts [Dkt. Nos. 51, 56], an affidavit that contains primarily hearsay from non-parties or admits the general sequence of events [Dkt. No. 103], and numerous unsworn pleadings repeatedly representing facts based upon hearsay. The following are the undisputed facts based upon review of the motions for summary judgment, the unobjected to records, and Plaintiff's admissions and sworn submissions.

1. At all relevant times, plaintiff was incarcerated at the Hampton Roads Regional Jail ("HRRJ").

2. At all relevant times, Sgt. Brown was a jail officer at HRRJ.

3. On February 8, 2019, Correctional Officers Hunter and Johnson escorted Plaintiff from the medical department back to his housing unit. Before arriving at his designated housing unit, Plaintiff refused to go into his pod and intentionally sat down on the floor. [Dkt. Nos. 99-1 at 1; 99-2 at 1; 99-3 at 1-2; 2/8/19 Video at 12:09:55] (hereinafter "Video at ____").

4. Officer Hull responded to a call for assistance and directed Plaintiff to get up, which

6

J.A. 323

Plaintiff refused to do. [Dkt. Nos. 99-1 at 1; 99-2 at 1; 99-3 at 1-2].

     5. Sgt. Brown and MJO Whitaker arrived to assist and told Plaintiff to walk to his pod. Plaintiff refused to comply. [Dkt. Nos. 99-1 at 1; 99-2 at 1; 99-3 at 1-2].

     6. Plaintiff refused Sgt. Brown's directives, and stated that "if any of you touch me, I will bite you." [Dkt. No. 99-2 at 1].

     7. Plaintiff continued to refuse, and the officers brought Plaintiff to his feet, and then picked up and carried him toward his pod. [Dkt. Nos. 99-1 at 2; 99-2 at 2; 99-3 at 2; Video at 12:11:32].

     8. As the officers approached the door to his pod, Plaintiff began to kick and flail, and they lowered him down to the floor to regain control. [Dkt. Nos. 99-1 at 2; 99-2 at 2; 99-3 at 2; Video at 12:11:46].

     9. Sgt. Brown told plaintiff "to stop and to chill out," but Plaintiff continued to kick and flail. [Dkt. No. 99-2 at 2]. A Correctional Officer ("Whitaker") placed his right arm across the right side of Plaintiff's neck as the three (Hull, Whitaker, and Plaintiff) went to the floor. [Video at 12:11:51]. Once on the floor, Whitaker is near Plaintiff's head and upper left portion of Plaintiff's back while Officer Hull is kneeling on the floor next to Plaintiff's right side, towards Plaintiff's head. [Dkt. No. 34-3 at 2; Video at 12: 11:57]. Whitaker's position is over or on Plaintiff's back for about 50 seconds and then moved to a kneeling position next to Plaintiff's left shoulder. Whitaker kept his right arm on Plaintiff's back as he moved to the kneeling position. [Video at 12:12:41].

     10. After Plaintiff was taken to the floor, Officer Hunter went to get leg irons which she placed on Plaintiff after Whitaker had moved to a kneeling position. [Video at 12:12:43]. Next, Plaintiff was rolled over, sat up, and was brought to his feet. [Dkt. Nos. 99-1 at 2; 99-2 at 2; 99-3

J.A. 324

at 2; Video at 12:13:13-26]. The video shows Plaintiff standing and pointing to papers he had

dropped and then was escorted back to his cell by three officers. [Video at 12:13:27-39]. Two

Correctional Officers picked up Plaintiff's papers, as well as one of his shoes, and followed him

to his cell as the other officers escorted him. [Video at 12:13:40-50]. Plaintiff's pants were not

soiled or wet when he stood up and there was no wet spot or liquid on the floor where he had

been laying. [Video at 12:13:34-50].

11. Correctional Officers Johnson, Hull and Brown did not observe Officer Whitaker

choke plaintiff. Officer Hull was near Plaintiff's shoulder and head when Plaintiff was on the

floor. [Dkt. Nos. 99-1 at 2; 99-2 at 2; 99-3 at 2].

12. Correctional Officers Johnson, Hull and Brown did not observe Plaintiff passed out or

unconscious. [Dkt. Nos. 99-1 at 2; 99-2 at 2; 99-3 at 2].

13. Correctional Officers Johnson, Hull and Brown did not observe urine on the floor.

[Dkt. Nos. 99-1 at 2; 99-2 at 2; 99-3 at 2].

14. The video begins at 12:09:55, with plaintiff sitting on the floor refusing Officers

Hunter and Johnson's directives for him to go to his pod. Plaintiff refused and Officer Hull, Sgt.

Brown and MJO Whitaker arrived to assist. [Video at 12:09:55]. The video ends with the officers

picking up the papers Plaintiff dropped and then following him to his cell. [Video at 12:13:34-

50].

15. There is no record of any medical treatment rendered to Plaintiff on February 8, 2019,

other than his visit prior to this incident. [Dkt. No. 99-5]. Sgt. Brown indicated that Plaintiff was

taken to the medical unit on February 8, 2019 after the incident, but that Plaintiff spoke privately

with a nurse before Plaintiff was taken to his new housing assignment. [Dkt. No. 99-3 at 2].

16. On February 11, 2019, the medical unit saw Plaintiff with regard to two sick call slips

8

J.A. 325

he had submitted for his anti-seizure medications and on-going orthopedic issues. During the examination Plaintiff indicated he had trouble swallowing. The nurse noted an area of slight swelling and tenderness on the right side of his neck that was related to an incident on February 8. The nurse noted that Plaintiff was not in respiratory distress and his voice was not affected. [Dkt. No. 99-6 at 1-2].

### III. Standard of Review

It is well settled that a motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Where, as in this case, the nonmoving party has the burden of proof at trial, the moving party need only demonstrate that there is a lack of evidence to support the non-movant's claim. See Celotex, 477 U.S. at 323-25. In response to such a showing, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial. See id. at 324; Anderson, 477 U.S. at 248. The party who bears the burden of proving a particular element of a claim must "designate 'specific facts showing there is a genuine issue for trial'" with respect to that element. Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

In reviewing the record on summary judgment, the Court "must draw any inferences in

9

J.A. 326

the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

The non-moving party, however, must show more than some metaphysical doubt as to the material facts. "[T]he non-moving party 'may not rest upon mere allegation or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting Anderson, 477 U.S. at 256). Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden. See Anderson, 477 U.S. at 249-50. There must be evidence on which the jury could reasonably find for the non-moving party. Id. at 252. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the opposing party is entitled to a verdict.

When a defendant moves for summary judgment on ground that plaintiff lacks evidence of an essential element of his claim, plaintiff is required, if he wants to ward off grant of the motion, to present evidence of evidentiary quality (either admissible documents or attested testimony, such as that found in depositions or in affidavits) demonstrating existence of genuine issue of material fact; evidence need not be in admissible form, but it must be admissible in content, in sense that change in form but not in content, would make evidence admissible at trial. See Celotex, 477 U.S. at 324. Hearsay "is neither admissible at trial nor supportive of an opposition to a motion for summary judgment." Greensboro Professional Firefighters Ass'n v.

10

J.A. 327

City of Greensboro, 64 F.3d 962, 967 (4th Cir. 1995). Such "second-hand" information learned

from others fails to satisfy a plaintiff's burden "to survive a motion for summary judgment."

Monk v. Potter, 723 F. Supp. 2d 860, 875, 878 (E.D. Va. 2010) (citing Greensboro, 64 F.3d at

967; Riggs v. Airtran Airways, Inc., 497 F.3d 1108, 1121 (10th Cir. 2007) (noting statements

conveyed to plaintiff were "second-hand" and inadmissible hearsay in opposition to summary

judgment); Lemmons v. Georgetown Univ. Hosp., 431 F. Supp. 2d 76, 89-90 (D.D.C. 2006)

(purported events related by plaintiff in her own deposition were based on second-hand

information rather than personal knowledge and were therefore inadmissible hearsay for

summary judgment purposes); Fed. R. Civ. P. 56(e) (supporting or opposing summary judgment

affidavits must be based on "personal knowledge")).

     A motion to dismiss tests whether a complaint states a cause of action upon which relief

can be granted. Whether a complaint sufficiently states a claim is determined by "the familiar

standard... under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va.

1998). Accordingly, a plaintiff's alleged facts are presumed true, and the complaint should be

dismissed only when "it is clear that no relief could be granted under any set of facts that could

be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

     To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A

claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff's

allegations must "raise a right to relief above the speculative level," and "threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice" to

11

J.A. 328

meet this standard. Id.

> The court … is not bound to accept as true "conclusory allegations regarding the
> legal effect of the facts alleged." Labram v. Havel, 43 F.3d 918, 921 (4th Cir.
> 1995). Indeed, the "presence … of a few conclusory legal terms does not insulate
> a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the
> complaint cannot support a finding of [liability]." Young v. City of Mt. Ranier,
> 238 F.3d 567, 577 (4th Cir. 2001). Were this not the case, "Rule 12(b)(6) would
> serve no function, for its purpose is to provide a defendant with a mechanism for
> testing the legal sufficiency of the complaint." District 28, United Mine Workers
> of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1086 (4th Cir. 1979).

Brown v. Mitchell, 308 F. Supp. 2d 682, 691 (E.D. Va. 2004).

## IV. Analysis

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly

inflicting pain on prisoners. Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013); see also Whitley v.

Albers, 475 U.S. 312, 319 (1986). Plaintiff alleges that Whitaker's actions were not justified and

that the other defendants should have stopped him. To prove an excessive force claim, a plaintiff

must show: (1) that the prison official's use of force was objectively harmful such that it violates

contemporary standards of decency; and (2) that the prison official's use of force was not

"applied in a good-faith effort to maintain or restore discipline," but was intended to

"maliciously and sadistically ... cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). It is

the nature of the force used, and not the extent of the injury caused, that serves as the relevant

inquiry. Wilkins v. Gaddy, 559 U.S. 34, 34 (2010).

The subjective portion of an excessive force claim requires plaintiff to demonstrate that

defendants inflicted force sadistically and maliciously for the sole purpose of causing harm when

they carried him towards his cell on February 8, 2019. See Whitley v. Albers, 475 U.S. 312, 320-

21 (1986). The following factors should be balanced in determining whether defendants acted

maliciously and sadistically: (1) the need for application of force; (2) the relationship between

that need and the amount of force used; (3) the threat reasonably perceived by the responsible

12

J.A. 329

officials; and (4) any efforts made to temper the severity of a forceful response. See Williams v. Benjamin, 77 F.3d 756, 762 (4th Cir. 1996) (citing Whitley, 475 U.S. at 321; Hudson, 503 U.S. at 7). In addition, the absence of serious injury is a relevant, but not entirely dispositive, factor to be considered in this subjective analysis. Id.

*A. Defendants Brown and Hull*

Plaintiff alleges that Defendant Brown violated his Eight Amendment rights because he helped Whitaker carry Plaintiff and did not try to stop Whitaker from choking him until he was unconscious. [Dkt. No. 1 at 4-5]. Plaintiff does not allege that Defendant Hull actually used excessive force against him on February 8, 2019, but that Defendant Hull failed to prevent Officer Whitaker from doing so. The Fourth Circuit has held that "an officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall v. Prince George's County, 302 F.3d 188, 204 (4th Cir. 2002). However, as a prerequisite to establishing bystander liability, a plaintiff must prove a violation of a constitutional right by the fellow officer. Id.; see also Willis v. Oakes, 493 F.Supp.2d 776, 784 (W.D. Va. 2007).

Here, the evidence, confirmed by the video tape, indicates that Plaintiff sat down on the floor, refused to get up and return to his housing unit, and that the officers picked him up to carry him back to his housing unit. While being carried, plaintiff began to "kick and flail" his legs. The officers almost dropped Plaintiff and lowered Plaintiff to the floor in order for the officers to regain control. Leg irons were applied. The video tape shows that Plaintiff was on the floor for about fifty seconds before he stood up, conversed with the officers about the papers he had dropped, and then he walked back to his cell escorted by three officers. In sum, Defendants Brown and Hull, as well as the other officers involved, were simply trying to maintain order at

13

J.A. 330

HRRJ by getting Plaintiff back to his cell. The actions of the officers do not evince ay malice or ill will. To the contrary, the officers used minimal force to get Plaintiff back to his cell, and used reasonable force to prevent Plaintiff from in jurying himself and to regain control.

Further, the evidence does not establish Plaintiff was choked. Plaintiff relies on the red area on the right side of his neck that was observed three days after the February 8, 2019 incident. However, no marks of any sort were observed on the front or at any other portion of the Plaintiff's throat, which is inconsistent with Plaintiff having been choked. The mark on the right side of Plaintiff's neck, however, is consistent with the video, which shows force was applied to the right side of Plaintiff's neck by Whitaker's right arm as Whitaker lowers Plaintiff to the floor after Plaintiff began kicking and flailing his legs. The force used was necessitated by Plaintiff's actions and was necessary to prevent Plaintiff from falling to the floor and injuring himself. No rational trier of fact could find for Plaintiff against defendants Brown or Hull and their motions for summary judgment will be granted.

    *B. Defendant Waltz*

    Waltz was the Superintendent of HRRJ on February 8, 2019. The complaint does not allege Waltz was present at the time of the incident on February 8, 2019, or that he had any involvement in it. At best, Plaintiff seeks to hold him liable because he was a supervisor, which as a matter of law is insufficient to state a claim. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (holding that supervisory liability exists only where a supervisor was aware that his or her subordinate was acting to violate a plaintiff's rights and acted with deliberate indifference in the face of that knowledge); see also Evans v. Chalmers, 703 F.3d 636, 654 (4th Cir. 2012) (noting that a claim under § 1983 for supervisory liability may not succeed without a predicate constitutional violation). To state a claim for relief based on supervisory liability, the complaint

14

J.A. 331

must allege facts demonstrating that (1) a supervisory official "knew that [a] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) the supervisory official responded in a manner that "showed deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "there was an affirmative causal link between [the supervisor's] inaction and the constitutional injury." King v. Rubenstein, 825 F.3d 206, 224 (4th Cir. 2016) (internal quotation marks and citation omitted). The complaint fails to establish any of the requisites and defendant Waltz's motion to dismiss will be granted.

## V. Conclusion

For the foregoing reasons, defendants' motions for summary judgment [Dkt. No. 32, 97], and defendant Walz's motion to dismiss [Dkt. No. 130] must be granted. In addition, Plaintiff's motions to compel production of a "clear" and "unredacted" video and deny summary judgment [Dkt. Nos. 125, 126] will be denied. An appropriate order will issue alongside this memorandum opinion.

Entered this 25th day of ___January___, 2022.

Alexandria, Virginia

_____/s/_____

T. S. Ellis, III
United States District Judge

15

J.A. 332

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **Johnnie R. Simmons, Jr.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:20cv464 (TSE/MSN)** |
| | ) | |
| **R. Whitaker, et al.,** | ) | |
| **Defendants.** | ) | |

ORDER

For the reasons stated in the accompanying Memorandum Opinion, defendants Brown

and Hull's motions for summary judgment [Dkt. Nos. 32, 97], are GRANTED; and it is further

ORDERED that defendant Waltz's motion to dismiss [Dkt. No. 130] is GRANTED; and

it is further

ORDERED that Plaintiff's motions to exclude Exhibit No. 4 of each motion for summary

judgment [Dkt. Nos. 125, 126] are DENIED; and it is further

ORDERED that Defendant R. Whitaker is DISMISSED WITHOUT PREJUDICE

pursuant to Fed. R. Civ. P. 4(m).

This is a final Order for the purposes of appeal. To appeal this decision, plaintiff must file

a written notice of appeal with the Clerk's office within thirty (30) days of the date of this

Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a

desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file

a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of Defendants Brown, Hull, and Waltz; to send a copy of the Memorandum Opinion and this Order to plaintiff pro se and to all counsel of record for defendants; and to close this civil action.

Entered this _____25th____ day of ____January_____ 2022.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge

2

J.A. 334

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| Johnnie R. Simmons, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20cv464 (TSE/MSN) |
| | ) | |
| | ) | |
| R. Whitaker, et al., | ) | |
| | ) | |
| Defendants. | | |

## <u>JUDGMENT</u>

Pursuant to the order of this Court entered on January 25, 2022 and in accordance with

Federal Rules of Civil Procedure 58, JUDGMENT is hereby entered favor of Defendants

Brown, Hull, and Waltz and against Plaintiff, Johnnie R. Simmons, Jr.

FERNANDO GALINDO, CLERK OF COURT

By:_____/s/_____
                    L. Bergamine, Deputy Clerk

Dated: January 25, 2022
Alexandria, Virginia

J.A. 335

United States District Court For The
Eastern District Of Virginia Alexandria Division

February 22, 2022

JOHNNIE R. Simmons Jr.
        Plaintiff

V

Robert. Whitaker et. al.
        Defendants

Case No. 1:20 CV. 464



Notice of Appeal / Motion

In the Honorable Courts of Alexandria, I JOHNNIE R. Simmons JR. Appeal and would like this motion to be Conside -Red a notice of appeal in the case 1:20 CV 464 on the Decision For Reasons Being The defendant Robert Whitaker Was Not Served on the complaint and U.S. Marshalls Could not Find Defendant R. Whitaker Because he was A fugitive of Justice and was Being sought Also By Criminal Prosecutors and Portsmouth police and Portsmouths Criminal Investigators Unit For Strangulation. Hampton Roads Regional Jail's Former Employee R. Whitaker/Defendant was Recently Apprehended and was Released For this Crime of Strangulation. Defendants and Counsel in this case have Stated That this Choking Never Occurred, which is not True. The Defendants Counsel argue that the tape Released is the Same tape. Plaintiff Does Not Dispute that the tape is of the

J.A. 336

Same Incident but, Plaintiff Stands on the fact that If the choking on the tape in Defendants Counsel pender+ Cowards Possession Does Not show the plai -ntiff being choked while handcuffed for a Significant amout of Time By M.J.O. R. Whitaker The Tape has Been Redacted. The Strangulation was Witnessed By Internal Affairs who sent the tape to Portsmouth police Department, The Strangulation was Witnessed By Portsmou -ths police and This motivated them and gave them evidence and Probable Cause to secure a warrant from The magis- trate in Portsmouth, VA. For Defendant Robert Charles Whitaker. The warrant was served in late January the 28th and Defendant Robert Whitaker has been Released on A $5,000 Bond for Strangulation/ Injury Results and has a Courtdate of April, 19, 2022. The plaintiff John- Nie R. Simmons JR. has been Subpoenaé'd as A witness by the Commonwealth Attorney's office. Please Courts grant me/Plaintiff an opportunity to have this case Re-filed Now that U.S. Marshalls Should Be able to locate the Defendant. Thank you. Respectfully Yours, Truthfully Yours, Johnnie Simmons

Certificate of Service

I Hereby certify that the following Notice of Appeal has been Sent By U.S. mail on this 23rd day of February 2022 to U.S. District Court at 401 Courthouse Square Alexandria, VA, 22314 By Johnnie R. Simmons JR. 2-23-22    Johnnie R. Simmons Jr.
57645. Ottawa Rd. Virginia Beach VA 23462    Plaintiff/Pro'Se Litigant

J.A. 337

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| JOHNNIE R. SIMMONS, JR.,<br>     *Plaintiff*,<br><br>    v.<br><br>R. WHITAKER, et al.,<br>     *Defendants*. | 1:20-cv-00464-MSN-IDD |

<u>ORDER</u>

This matter is before the Court because Defendant's Ex. No. 4, a DVD, has been misplaced and the DVD is necessary to complete the record for the pending appeal. The Court requests that counsel for the defendant, Jeff Wayne Rosen, Esquire, file an additional copy of Exhibit No. 4 with the Clerk within fourteen (14) days of the date of this Order.

The Clerk is directed to send a copy of this Order to plaintiff and counsel of record for the defendants.

                                                /s/
                                    Michael S. Nachmanoff
                                    United States District Judge

October 31, 2023
Alexandria, Virginia

J.A. 338

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JOHNNIE R. SIMMONS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:20cv464 |
| v. | : | |
| | : | |
| R. WHITAKER, et al., | : | |
| | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that undersigned counsel for Defendants Christopher Walz, Sgt. Derrick Brown, and Ofc. Benjamin Hull, pursuant to the Court's Order of October 31, 2023 (Dkt. 175), is filing an additional copy of Ex. 4 with the Clerk. Undersigned counsel has also forwarded a copy of same to Plaintiff's counsel, Steven J. Alagna, Esq., at Washington University School of Law, One Brookings Drive, MSC 1120-250-102, St. Louis, MO 63130.

CHRISTOPHER WALZ
SGT. DERRICK BROWN
OFC. BENJAMIN HULL

By: _____/s/_____
                    Of Counsel

Jeff W. Rosen, Esq., VSB No. 22689
Lisa Ehrich, Esq., VSB No. 32205
PENDER & COWARD, P.C.
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone/Fax: (757) 490-6253
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Walz, Brown & Hull*

J.A. 339

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of November 2023, I will electronically file the foregoing ***Certificate of Service*** with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Steven J. Alagna, Esq. (VSB # )
Washington University School of Law
One Brookings Drive, MSC 1120-250-102
St. Louis, MO 63130
Phone: (314) 935-4689
Fax:    (314) 696-1220
salagna@wustl.edu
*Counsel for Plaintiff*

 

                               /s/
                        Jeff W. Rosen, Esq., VSB #22689
                        PENDER & COWARD, P.C.
                        222 Central Park Avenue
                        Virginia Beach, VA 23462
                        Phone/Fax: (757) 490-6253
                        jrosen@pendercoward.com
                        *Counsel for Walz, Brown, & Hull*

*Simmons v. Whitaker, et al.*          Case No. 1:20cv464          PENDER & COWARD, P.C.
                                                  WWW.PENDERCOWARD.COM
Page **2** of **2**

J.A. 340