# IN THE

# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

JOHNNIE R. SIMMONS, JR.,

*Plaintiff – Appellant,*

v.

R. WHITAKER, ET AL.,

*Defendants – Appellees,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA

**BRIEF OF APPELLEES**

Jeff W. Rosen (VSB #22689)
Lisa Ehrich (VSB # 32205)
PENDER & COWARD, PC
222 Central Park Avenue, Suite 400
Virginia Beach, VA 23462
Phone/Fax: (757) 490-6253
jrosen@pendercoward.com
lehrich@pendercoward.com
*Counsel for Appellees*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. 22-6233          Caption: Johnnie R. Simmons, Jr. v. R. Whitaker, et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Sgt. Derrick Brown, Officer Benjamin Hull, Christopher Walz
(name of party/amicus)

who is _____appellees_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                            ☐YES ☑NO
      If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                  ☐YES ☑NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
    If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.  Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
    If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ _____     Date: _____ 3/08/22 _____

Counsel for: Brown, Hull, and Walz _____

Print to PDF for Filing

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ ii

JURISDICTIONAL STATEMENT ............................................................1

STATEMENT OF THE ISSUES.................................................................1

STATEMENT OF THE CASE.....................................................................1

STATEMENT OF FACTS ...........................................................................2

SUMMARY OF ARGUMENT ...................................................................5

STANDARD OF REVIEW .........................................................................7

ARGUMENT ...............................................................................................7

    I.     The District Court Correctly Determined that No Rational Trier of Fact Could Find for Appellant on the Record Presented ...........................7

    II.    The District Court Properly Granted Summary Judgment in favor of Sgt. Brown and Ofc. Hull pursuant to Fed. R. Civ. P. 56....................10

    III.    The District Court Correctly Dismissed MJO Whitaker Pursuant to Fed. R. Civ. P. 4(m)..................................................................................14

CONCLUSION..........................................................................................16

REQUEST FOR ORAL ARGUMENT .....................................................16

# TABLE OF AUTHORITIES

## Cases

*Attkisson v. Holder*,
　919 F.3d 788 (4th Cir. 2019) ................................................................ 7

*Eisenberg v. Wachovia Bank, N.A.*,
　301 F.3d 220 (4th Cir. 2002) .......................................................... 12, 15

*Evans v. Techs. Applications & Serv. Co.*,
　80 F.3d 954 (4th Cir. 1996) ................................................................. 9

*Holland v. Washington Homes, Inc.*,
　487 F.3d 208 (4th Cir. 2007) .............................................................. 7

*Hudson v. McMillian*,
　503 U.S. 1 (1992) ............................................................................. 12

*Iko v. Shreve*,
　535 F.3d 225 (4th Cir. 2008) .............................................................. 7

*Kingsley v. Hendrickson*,
　576 U.S. 389 (2015) ........................................................ 5, 12, 13, 14

*Randall v. Prince George's Cty.*,
　302 F.3d 188 (4th Cir. 2002) ...................................................... 5-6, 10

*Scott v. Harris*,
　550 U.S. 372 (2007) ................................................................. 7, 8, 10

*SEC v. Chenery Corp.*,
　318 U.S. 80 (1943) ................................................................... 7, 11, 12

*Shaw v. Stroud*,
　13 F.3d 791 (4th Cir. 1994) ................................................................. 7

*United States v. Hudson*,
　673 F.3d 263 (4th Cir. 2012) .............................................................. 8

*Whitley v. Albers*,
　475 U.S. 312 (1986) ......................................................................... 12

*Williams v. Benjamin*,
　77 F.3d 756 (4th Cir. 1996) .............................................................. 12

## Statutes

42 U.S.C. § 1983 ................................................................................ 1

## Rules

Fed. R. Civ. P. 4 ....................................................................... 1, 7, 14

Fed. R. Civ. P. 12 ............................................................................ 1

Fed. R. Civ. P. 56 ..............................................................1, 7, 8, 9, 10

E.D. Va. Local Rule 56 ......................................................................8

# JURISDICTIONAL STATEMENT

Appellees agree with appellant's jurisdictional statement.

# STATEMENT OF THE ISSUES

1. Whether the district court correctly determined that no rational trier of fact could find for appellant on the record presented?

2. Whether the district court properly granted summary judgment in favor of Sgt. Brown and Ofc. Hull pursuant to Fed. R. Civ. P. 56?

3. Whether the district court properly dismissed the claim against MJO Whitaker pursuant to Fed. R. Civ. P. 4(m)?

# STATEMENT OF THE CASE

In Johnnie R. Simmons, Jr.'s ("appellant") action brought pursuant to 42 U.S.C. § 1983, he alleged that MJO R. Whitaker used excessive force when he and other officers, including appellees, Sgt. Brown and Ofc. Hull, attempted to return appellant to his housing unit from the medical department. Appellant seeks to impose bystander liability against Sgt. Derrick Brown and Ofc. Benjamin Hull for allegedly failing to protect him from Whitaker's purported use of excessive force.[1] Based on the record, the district court properly granted summary judgment in favor of Sgt. Brown and Ofc Hull.

---

[1] Appellant also named HRRJ Superintendent Christopher Walz as a defendant, alleging supervisory liability. Upon Walz's Rule 12(b)(6) Motion, the district court dismissed the claim against Walz. J.A. 331-332. Appellant has declined to appeal that ruling. Doc. 42, p. 18.

## STATEMENT OF FACTS

On February 8, 2019, Correctional Officers Hunter and Johnson escorted appellant from the medical department back to his housing unit within the Hampton Roads Regional Jail ("HRRJ"). J.A. 266; J.A. 268-269; Video at 12:09:55. As they approached the designated housing unit, appellant refused to go into his pod and intentionally sat down on the floor. J.A. 266; J.A. 268; Video at 12:09:55. Officer Hull responded to a call for assistance and directed appellant to get up, which he refused to do. J.A. 266; J.A. 269; J.A. 271-272.

Sgt. Brown and MJO Whitaker arrived to assist and requested that appellant walk to his pod. J.A. 266-268; J.A. 271-272. Once again, appellant refused. J.A. 266-268; J.A. 271-272. Appellant refused Sgt. Brown's directives and stated that "if any of you touch me, I will bite you." J.A. 269. As appellant continued to refuse, the officers brought him to his feet, picked him up, and carried him toward his pod. J.A. 267; J.A. 269; J.A. 272; Video at 12:11:38. As the officers approached the door to his pod, appellant began to kick and flail. J.A. 267; J.A. 269; J.A. 272; Video at 12:11:46. The officers lowered him down to the floor to regain control. J.A. 269; J.A. 272; Video at 12:11:46. Sgt. Brown told appellant "to stop and to chill out," but appellant continued to kick and flail. J.A. 269.

Correctional Officer Whitaker placed his right arm across the right side of appellant's neck as the three (Hull, Whitaker, and appellant) went to the floor.

Video at 12:11:51. Once on the floor, Whitaker is seen near appellant's head and the upper left portion of appellant's back while Officer Hull is seen kneeling on the floor next to appellant's right side, towards appellant's head. J.A. 33; Video at 12:11:57. Whitaker's position is over or on appellant's back for about 50 seconds and then moved to a kneeling position next to appellant's left shoulder. Whitaker kept his right arm on appellant's back as he moved to the kneeling position. Video at 12:12:41.

After appellant was taken to the floor, Officer Hunter went to get leg irons, which she placed on appellant after Whitaker had moved to a kneeling position. Video at 12:12:03-43. Appellant was rolled over, sat up, and brought to his feet. J.A. 267; J.A. 269; J.A. 272; Video at 12:13:13-26. The video shows appellant standing and pointing to papers he had dropped and then was escorted back to his cell by three officers. Video at 12:13:27-39. Two officers picked up appellant's papers, as well as one of his shoes, and followed him to his cell as the other officers escorted him. Appellant's pants were not soiled or wet when he stood up, and there was no wet spot or liquid on the floor where he had been laying. Video at 12:13:34-50.

Officers Johnson, Hull, and Brown did not observe Officer Whitaker choke Appellant. J.A. 267; J.A. 269; J.A. 272. Officer Hull was near appellant's shoulder and head when Appellant was on the floor. J.A. 269. Officers Johnson, Hull, and

Brown did not observe Appellant passed out or unconscious. Officers Johnson, Hull, and Brown did not observe urine on the floor. J.A. 267: J.A. 269; J.A. 272. The video begins at 12:09:55, with Appellant sitting on the floor refusing Officers Hunter and Johnson's directives for him to go to his pod. Appellant refused and Officer Hull, Sgt. Brown and MJO Whitaker arrived to assist. The video ends with the officers picking up the papers Appellant dropped and then following him to his cell.

There is no record of any medical treatment rendered to appellant on February 8, 2019, other than his visit prior to this incident. J.A. 275. Sgt. Brown indicated that appellant was taken to the medical unit on February 8, 2019 after the incident, but that appellant spoke privately with a nurse before appellant was taken to his new housing assignment. J.A. 272.

On February 11, 2019, the medical unit saw appellant with regard to two sick call slips he had submitted for his anti-seizure medications and on-going orthopedic issues. J.A. 277-278. During the examination appellant indicated that he had trouble swallowing. The nurse noted an area of slight swelling and tenderness on the right side of his neck that was related to an incident in February. J.A. 278. The nurse noted that appellant was not in respiratory distress and his voice was not affected. J.A. 278.

## SUMMARY OF ARGUMENT

The district court properly considered Sgt. Brown's and Ofc. Hull's Statements of Undisputed Facts, unobjected to records, appellant's admissions, and his sworn submissions, "contain[ing] primarily hearsay," in granting summary judgment and dismissing appellant's claims. J.A. 328. Based on those facts and the documentary record, including the videotape, the court correctly determined that appellant could not establish a case of bystander liability against Sgt. Brown or Ofc. Hull. Appellant cannot counter the district court's findings by relying on the purported "facts" contained in his sworn submissions and imposing those "facts" so as to interpret the videotape in his favor. Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.

Next, appellant's argument regarding the Eighth and Fourteenth Amendment standards for excessive force elevates form over substance. The district court considered the same factors as those espoused in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). J.A. 318-332. However, to reach its decision, the district court did not need to analyze those factors. Appellant's claim against Sgt. Brown and Ofc. Hull is premised upon bystander liability. Bystander liability requires, for an officer to be liable, that he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cty.*, 302 F.3d 188,

204 (4th Cir. 2002). The evidence fails to demonstrate that the appellees maintained the requisite knowledge to be held liable for any alleged oversight of a constitutional violation.

In any event, under the Fourteenth Amendment standard, there is still insufficient evidence of excessive force. The district court correctly found that the evidence supported that Hull and Brown were "simply trying to maintain order at HRRJ by getting plaintiff back to his cell," did not act with malice or ill will, and used minimal and reasonable force "to prevent plaintiff from injuring himself and to regain control." J.A. 335-336. Further, the district court correctly concluded that the evidence failed to support appellant's claim that Whitaker held him in a chokehold. As found by the district court, the evidence flatly contradicts appellant's oft-repeated contention, disingenuously presented as fact, that Whitaker held him in a chokehold for 48 seconds. Three days after the incident, medical documented a red area on right side of appellant's neck, consistent with Whitaker's arm applying force to appellant's right side as he was lowered to the floor kicking and flailing. J.A. 336. In sum, the district court properly concluded that no rational trier of fact could find for Appellant and, therefore, summary judgment was warranted.

## STANDARD OF REVIEW

This Court reviews the granting of summary judgment *de novo*. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007). The judgment of the district court should be affirmed if the result is correct, even if the court relied upon a wrong ground or gave a wrong reason. *Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943). This Court reviews a dismissal under Rule 4(m) for abuse of discretion. *Attkisson v. Holder*, 919 F.3d 788, 809 (4th Cir. 2019).

## ARGUMENT

### I.    The District Court Correctly Determined that No Rational Trier of Fact Could Find for Appellant on the Record Presented.

As an initial matter, this Court must use "the same standard as the district court." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). That standard is simple: "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," then it shall be granted. Fed. R. Civ. P. 56(a). "[W]here, as here, the record contains an unchallenged videotape capturing the events in question," the Court "must only credit the plaintiff's version of the facts to the extent it is not contradicted by the videotape." *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372,

380-81 (2007)).[2] Assertions contradicted by the record cannot defeat a properly supported summary judgment motion. *Scott*, 550 U.S. at 380.

The record is devoid of material facts that are genuinely in dispute. In filing their summary judgment motions, appellees adhered to Federal Rule of Civil Procedure 56 and the Eastern District of Virginia's Local Rule 56 by providing the district court with a statement of undisputed material facts. J.A. 32-34; J.A. 260-262. Appellant's response to those motions were insufficient to create dispute as to those undisputed facts. E.D. Va. Local Rule 56(B) states, in relevant part:

> A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Appellant's opposition did not "include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the

---

[2] On appeal, appellant does not renew his argument that the video footage has been altered. Therefore, that argument is now waived. *U.S. v. Hudson*, 673 F.3d 263 (holding that the failure to raise an argument in an opening brief amounts to waiver). Even if the argument had not been waived, the district court correctly determined that any such objection is conclusory and speculative. J.A. 319-323. Accordingly, the videotape capturing the incident in question is unchallenged.

facts alleged to be in dispute." Because Appellant failed to identify which facts established by Appellees are disputed, all facts identified by the appellees shall be deemed admitted. this reason, alone, Appellees are entitled to summary judgment.

Moreover, appellant's affidavit that primarily contains hearsay, his admissions of the general sequence of events, and his numerous unsworn pleadings repeatedly representing facts based upon hearsay cannot defeat summary judgment. As the Fourth Circuit admonishes, "an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). FRCP 56(c)(4) specifically requires that "affidavits set out facts that would be admissible in evidence," and made on personal knowledge. *See also Evans*, 80 F.3d at 962 (highlighting the requirement that "affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge."). In sum, a "summary judgment affidavit cannot be conclusory or based upon hearsay." *Id.*

Appellant's affidavit is riddled with hearsay statements from nonparties that would be inadmissible in court. *See, e.g.,* J.A. 60-71. For example, appellant claimed, without an iota of support, that Lt. Phillips at HRRJ and Det. Thomas of the Portsmouth Police Dept., reviewed a tape showing his being choked by Officer Whitaker, expressed their dismay, and that speaking with these individuals will

prove his case. J.A. 69-71. Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 US. at 380. In light of these principles, the district court properly based its decision on the undisputed material facts set forth in the motions, the unobjected to records (including the videotape), and appellant's admissions and sworn statements.

## II. The District Court Properly Granted Summary Judgment in favor of Sgt. Brown and Ofc. Hull pursuant to Fed. R. Civ. P. 56.

Irrespective of the excessive force analytical framework employed by the district court, summary judgment was properly granted. Appellant does not allege that Sgt. Brown and Ofc. Hull used excessive force. Rather, he attempts to hold them liable under the theory of bystander liability. An officer can only be liable, under this theory, if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cty.*, 302 F.3d 188, 204 (4th Cir. 2002). The first prong mandates that "[i]f the bystander lacks such specific knowledge, he cannot be a participant in the unlawful acts, and the imposition of personal liability is impermissible." *Id*. at 204 n. 24.

Here, there is no evidence that Sgt. Brown or Ofc. Hull knew that Officer Whitaker was violating appellant's rights. Neither they based on where they were

situated, nor the other officers, observed Officer Whitaker choke appellant. None observed appellant passed out or unconscious, or in a pool of urine. Appellant did not receive any medical treatment. The videotape of the incident reflects the short time that elapsed from appellant's being lowered to the ground, kicking and flailing to when the leg irons were put on, he sat up, and walked. Therefore, appellees lacked the "specific knowledge" required to impose personal liability on them. The district court did not err in its analysis because it did not need to address the excessive force factors in the first instance.

Even if an excessive force analysis is warranted, the district court considered the appropriate factors. "[I]n reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.'" *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (citation omitted). Here, appellant claims that the district court incorrectly utilized the Eighth Amendment excessive force analysis as opposed to the Fourteenth Amendment's analysis for pre-trial detainees. Although the district court referenced the Eighth Amendment by name, it employed the Fourteenth Amendment's factors in practice. It stated:

> The following factors should be balanced in determining whether defendants acted maliciously and sadistically: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the

severity of a forceful response. See *Williams v. Benjamin*, 77 F.3d 756, 762 (4th Cir. 1996) (citing *Whitley*, 475 U.S. at 321; *Hudson*, 503 U.S. at 7).

J.A. 329-330.

These factors are effectively the same as those outlined by the United States Supreme Court in *Kingsley* for Fourteenth Amendment pre-trial detainee situations. The court highlighted the following non-exhaustive list:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury' any effort made by the officer to temper or limit the amount of force' the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

576 U.S. at 397. Therefore, the district court's decision should be upheld because it reached the correct decision. *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 222 (4th Cir. 2002) (noting that an appellate court "can affirm on any basis fairly supported by the record."). To do otherwise would be judicially inefficient. *SEC*, 318 U.S. at 88 ("The reason for this rule is obvious. It would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate.").

In any event, the evidence demonstrates that it is not excessive force under the Fourteenth Amendment. When analyzing the *Kingsley* factors, "[a] court (judge

or jury) cannot apply this standard mechanically" because it requires a case-by-case determination. *Kingsley*, 576 U.S. at 397. A court may not review the incident through 20/20 hindsight vision but, rather, it "must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time." *Id.* As the undisputed material facts indicate, appellant sat down on the floor, refused to get up and return to his housing unit. The officers had picked him up to carry him back to his housing unit, when appellant began kicking and flailing his legs. Due to this commotion, the officers almost dropped him. After lowering appellant to the floor to regain control, leg irons were applied.

As the unchallenged video tape shows, appellant was on the floor for roughly fifty seconds before standing up, conversing with the officers, and then walking back to his cell. As the district court correctly noted, the officers utilized minimal and reasonable force to get appellant back to his cell, to prevent injury, and maintain control and order at the HRRJ. *Id.* at 397 ("A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'")

Further, as the district court properly concluded, the evidence does not establish that appellant was choked. J.A. 331. The red area on the right side of his

neck, observed three days after the February 8, 2019 incident, does not evidence choking. No marks were observed on any other portion of appellant's throat, which is inconsistent with a choking claim. The mark on the right side of appellant's neck, however, is consistent with the video, showing that force was applied to the right side of appellant's neck by Whitaker's right arm as Whitaker lowers appellant to the floor after appellant began kicking and flailing his legs. The force used was necessitated by appellant's actions and was necessary to prevent appellant from falling to the floor and injuring himself. *Id.* at 399 (citation omitted) ("Officers facing disturbances 'are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving.'").

## III. The District Court Correctly Dismissed MJO Whitaker Pursuant to Fed. R. Civ. P. 4(m).

The district court correctly dismissed MJO Whitaker. Appellant failed to respond to the court's December 15, 2021 show cause order, which was delivered to appellant's last known address.

On October 22, 2021, appellant notified the district court of what he termed a "final address change" to 5764 S. Ottawa Rd., Virginia Beach, Virginia 23462. J.A. 305. On December 15, 2021, the district court entered an order requesting appellant to "show cause, if any, why this civil action should not be dismissed pursuant to Fed. R. Civ. P. 4(m) with respect to defendant Whitaker." J.A. 313-

314. The Notice of Electronic Filing of the December 15, 2021 order sets forth that:

> Notice has been delivered by other means to:
>
> Johnnie R. Simmons, Jr.
> 5763 S. Ottawa Rd.
> Virginia Beach, VA 23462

SA 1-2.

Thus, appellant erroneously asserts that the district court did not send the December 15, 2021 show cause order to his last known address. Doc. 42 at pp. 44-45.[3] Because the district court did not commit error, it did not abuse its discretion in dismissing MFO Whitaker.

Moreover, as discussed above, the record (including the unchallenged video) does not set forth evidence of excessive force by MJO Whitaker. Once again, it would be judicially inefficient to vacate the dismissal and remand the case when this Court can affirm the decision based on the record before it. *See Eisenberg*, 301 F.3d at 222.

---

[3] Appellant cites to J.A. 315-317 as proof that the court's show cause order was returned undeliverable. Doc. 42 at 44. However, that mailing, dated September 29, 2021, included the district court's September 28, 2021 order notifying the parties, *inter alia*, that if the defendant is not served within 90 days then the defendant will be dismissed without prejudice. J.A. 317. Notably, the September 28, 2021 order was sent to the address that was on file at that time. It was not until October 4, 2021, and again on October 22, 2021, that appellant notified the district court of his address changes.

## CONCLUSION

For the foregoing reasons, appellees Sgt. Derrick Brown, and Ofc. Benjamin Hull, respectfully request this Court to affirm the district court's decision granting their Motions for Summary Judgment.

## REQUEST FOR ORAL ARGUMENT

Appellees respectfully request oral argument.

Respectfully submitted,

SGT. DERRICK BROWN
OFC. BENJAMIN HULL
CHRISTOPHER WALZ

By: */s/ Jeff W. Rosen*_____

Jeff W. Rosen
Lisa Ehrich
PENDER & COWARD, PC
222 Central Park Avenue
Suite 400
Virginia Beach, VA 23462
(757) 490-6253
jrosen@pendercoward.com
lehrich@pendercoward.com